# In the United States Court of Appeals for the Third Circuit

---

Docket No. 24-1984

---

PACE-O-MATIC, INC.

*vs.*

ECKERT, SEAMANS CHERIN & MELLOTT, LLC; MARK S. STEWART; KEVIN M. SKJOLDAL

APPEAL OF GREENWOOD GAMING AND ENTERTAINMENT, INC., d/b/a PARX CASINO

---

*On direct appeal from an opinion and order of the United States District Court for the Middle District of Pennsylvania dated April 29, 2024, reconsideration denied July 3, 2024*

---

## BRIEF OF GREENWOOD GAMING & ENTERTAINMENT, INC., d/b/a PARX CASINO, OPPOSING MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

---

### GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc.
d/b/a Parx Casino*

July 17, 2024

## TABLE OF CONTENTS

I.   INTRODUCTION ............................................................... 1

II.  BACKGROUND ................................................................ 4

III. ARGUMENT .................................................................... 6

A.   The Court has jurisdiction under the Perlman doctrine. ....... 7

B.   The Court has jurisdiction under the collateral-order doctrine. ............................................................... 9

C.   The Court should reject POM's arguments. ......................... 10

1.   Eckert is a disinterested third party for purposes of *Perlman*. .......................................................... 11

a.   Lawyers are presumptively disinterested. ......... 11

b.   Eckert is disinterested even if it raised work-product immunity. ........................................ 14

c.   Eckert is disinterested even if it is a defendant in litigation. ................................... 16

2.   There are no meaningful alternatives for Parx to challenge the privilege ruling. ................................. 17

a.   The contempt option is unavailable and impractical. ........................................... 17

b.   The mandamus option is unavailable when there are appellate remedies. ........................... 20

c.   A post-judgment appeal is inadequate to prevent irreparable harm. ................................. 22

3.   *Mohawk* does not foreclose a *non-party's* appeal under *Perlman* or the collateral order doctrine. .......... 24

IV.  CONCLUSION ................................................................. 28

# TABLE OF AUTHORITIES

**Cases**

*Christy v. Horn*, 115 F.3d 201, 205 (3d Cir.1997) .................................... 9

*Church of Scientology v. United States*, 506 U.S. 9, 18 n.11
(1992) ........................................................................................11

*Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 460-
462 (3d Cir. 1996) ....................................................................21

*In re Air Crash at Belle Harbor*, 490 F.3d 99, 106 (2d Cir.
2007) ....................................................................................... 8

*In re Grand Jury (ABC Corp.)*, 705 F.3d 133 (2012) .............................12

*In re Grand Jury Matter #3*, 847 F.3d 157, 162-63 (2017) ..................... 7

*In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798,  (3d
Cir. 1979) .............................................................................12, 17

*In re Grand Jury Subpoena (ABC Company)*, 696 F. App'x 66,
69, 2017 WL 2609225 (3d Cir. 2017) ...........................................13

*In re Grand Jury Subpoena (Corporation and Attorney)*, 745
F.3d 681, 686-87 (3d Cir. 2014) .................................................. 7

*In re Klein*, 776 F.2d 628, 630-32 (7th Cir 1985) ...................................13

*In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014) ..................................14

*In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998)...........................14

*In re Sealed Case*, 655 F.2d 1298, 1301 (D.C. Cir. 1981)......................14

*In re Search of Electronic Communications (Fattah)*, 802 F.3d
516, 529 (3d Cir. 2015)............................................................... 7

*In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983) .............................14

*Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11
(2009) .............................................................................*passim*

*Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC,*
    No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023)............1, 22

*Perlman v. United States*, 247 U.S. 7 (1918) ..................................*passim*

*Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (2020) .................................14

*Smith v. BIC Corp.*, 869 F.2d 194, 198–99 (3d Cir. 1989) ....................... 9

*U.S. v. Mitchell*, 652 F.3d 387, 392-93 (3d Cir. 2011)............................ 9

*United States v. Rahimi*, 602 U.S. ----, 144 S.Ct. 1889 (2024)................27

*Ysleta Del Sur Pueblo v. Texas*, 596 U.S. 685 (2022)............................27

## Rules

Fed. R. Civ. Pro. 26(c) ...............................................................17

Fed. R. Civ. Pro. 45 ..................................................................17

Pa.R.P.C. 1.4 ...........................................................................12

Pa.R.P.C. 1.6 ...........................................................................12

## Treatises

15B Wright & Miller, *Federal Practice & Procedure* § 3914.23
    (2d ed.)..............................................................................12

## Other Authorities

Bryan Lammon, *Perlman Appeals after Mohawk*, 84 U. CIN.
    L. REV. 1, 7 (2016) .......................................................18

Cassandra Robertson, *Appellate Review of Discovery Orders
    in Federal Court: A Suggested Approach for Handling
    Privilege Claims*, 81 WASH. L. REV. 733 (2006) ............................19

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), appellant and a non-party in the proceedings below, files its brief in opposition to the motion to dismiss filed by Pace-O-Matic, Inc. ("POM") for lack of jurisdiction. The Court has jurisdiction under the *Perlman* doctrine or the collateral-order doctrine to review on direct appeal an order of the district court compelling one of Parx's law firms (Eckert Semans Cherin & Mellot LLC ("Eckert"), a defendant in the underlying case) to disclose Parx's privileged documents. The Court should deny POM's motion.

## I.    INTRODUCTION

Parx is constrained to file yet another non-party appeal from the district court's latest order calling for Eckert to disclose Parx's privileged and confidential materials in the underlying case.

As the Court will recall, the district court previously used judicial estoppel in a novel way to circumvent Parx's privilege. Noting its concerns about the district court's novel approach, this Court reversed. *See Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023) ("Parties rely on the privilege as essential to open communications with counsel. To have it

1

denied after the fact, and with little evidence of the role of Parx, the client, in the positions Eckert was taking, gives us serious pause.").

This time, the district court adopted a novel rule that the attorney-client privilege does not apply to advice on legislative matters, holding that "legislative" advice (such as advising on draft, pending, or desired legislation) is not "legal" advice for purposes of the privilege. Moreover, apparently the district court neither reviewed the documents itself, nor did the court below consider uncontradicted evidence Parx submitted by way of sworn affidavit to establish that the privilege applies. The district court then denied reconsideration, incorrectly claiming that Parx waived essentially all its arguments, and denied Parx's protective request to certify the order for immediate appeal. These and other clear errors of law and fact precipitated Parx's appeal.

POM does not want this Court anywhere near this latest ruling. To that end, POM immediately filed a motion to dismiss Parx's appeal, barely hours after the Court docketed Parx's initial notice, arguing that this Court lacks appellate jurisdiction.

As described below, POM's motion is as misguided as it is wrong on the law. This Court has jurisdiction pursuant to *Perlman v. United*

*States*, 247 U.S. 7 (1918). Alternatively, the collateral-order doctrine applies and gives this Court jurisdiction to hear the appeal. Despite POM's attempts to argue otherwise, Parx has direct-appeal rights under either or both of these doctrines as a non-party challenging an adverse privilege ruling without any meaningful recourse.

There are other considerations here as well. POM has abused the discovery process of the federal courts long enough. POM's efforts date back to June 2020. POM has used the district court in this case as a staging ground to collect discovery to use in *other* proceedings in state court and to support POM's lawsuits filed against Parx's lobbyists and its public-relations professionals in their personal capacity. As it has before, POM no doubt will use the privileged materials it seeks here in other proceedings if the Court does not hear this appeal and reverse.

This has to end. It is clear that Parx's only meaningful recourse as a non-party unwillingly stuck in a years-long dispute between Eckert and one of its other clients is this Court. Parx will lose the benefit of its privilege if forced to wait until after a final judgment between the parties to challenge the district court's ruling *even if* this Court ultimately vindicates Parx, as it has done before. By then, however, Parx will have

3

suffered irreparable harm. That is precisely why a non-party has direct-appeal rights under *Perlman* or the collateral-order doctrine.

Accordingly, the Court should reject POM's arguments and deny its motion to dismiss because this Court has jurisdiction over Parx's appeal.

## II.    BACKGROUND

Parx is not a party below.  This is a dispute between POM and Eckert.  POM alleges that Eckert breached a fiduciary duty to POM by having some of its attorneys in one office represent POM in Virginia and while separate attorneys in separate offices represented Parx with respect to state-court litigation in Pennsylvania in which the interests of Parx and POM were adverse.

POM requested documents from Eckert during discovery.  Eckert produced thousands of documents and a log identifying more than one thousand privileged documents. POM challenged the privilege log with respect to 120 documents withheld from disclosure and requested an *in camera* review. *See* Doc. 295.[1] Eckert filed a responsive letter. *See* Doc.

---

[1] The citations to the record in this brief refer the Court to the Middle District's ECF at Docket No. 20-292.

298. The Court assigned the matter to a magistrate judge to conduct an *in camera* review and render a privilege ruling.

The vast majority of the documents at issue include email communications to or from Eckert lawyers (on one hand) and to or from Parx's agents (on the other), including lobbyists and public relations professionals. The emails discuss legislative matters, including drafting, reviewing, advising, and commenting on proposed legislation; monitoring, summarizing, advising, and reporting on existing law or proposed changes to the law; and other discussions about legal matters that are intended to help counsel inform Parx of its legal rights, obligations, and interests under existing law or any proposed or desired changes to existing law.

After his *in camera* review, the magistrate judge (without Parx's input) issued an order upholding the privilege for *one* document and rejecting the privilege claim for all others. *See* Doc. 354. In his opinion, the magistrate judge concluded in *per se* fashion that the attorney-client privilege did not apply to the documents he reviewed. For the vast majority of documents, the magistrate judge reasoned that "[t]he subject matter of th[e] communication concerns legislative, political, or policy

5

advice only—not *legal* advice—and thus it is not protected by attorney-client privilege." *See generally* Doc. 353 (emphasis in original).

Parx filed a timely appeal from the magistrate judge's order under Middle District Local Rule 72.2. The court upheld the magistrate judge's opinion and order except with respect to portions of *four* documents. Parx filed a motion for a stay, reconsideration, and a protective request for certification of the appeal pursuant to 28 U.S.C. § 1292(b). Parx also timely appealed as of right to this Court on May 28, 2024.

On July 3, 2024, the district court stayed the order pending this appeal but otherwise denied the requests to reconsider and the request for certification. *See* Doc. 398. After the district court's order denying reconsideration, Parx timely filed an amended notice of appeal on July 11, 2024. *See* Doc. 399. In the interim, POM filed its motion to dismiss Parx's appeal. This Court ordered Parx to file a response within 14 days from the date of the district court's reconsideration order.

## III.  ARGUMENT

Parx appealed as a non-party privilege holder harmed by an adverse privilege order. The order compels Eckert to disclose Parx's privileged documents to POM. POM moved to dismiss this appeal. The

question is whether the Court has jurisdiction.  The answer is yes under either the *Perlman* doctrine or the collateral-order doctrine. The Court should reject POM's contrary arguments.

### A.    The Court has jurisdiction under the Perlman *doctrine.*

Under the *Perlman* doctrine, a non-party may file a direct appeal from an adverse interlocutory order directing the disclosure of its privileged materials held by a disinterested third party. *In re Grand Jury Subpoena (Corporation and Attorney)*, 745 F.3d 681, 686-87 (3d Cir. 2014) (cleaned up). *See also In re Search of Electronic Communications (Fattah)*, 802 F.3d 516, 529 (3d Cir. 2015)  (applying *Perlman* to exercise jurisdiction over order compelling disclosure of privileged communications in possession of third party).

The *Perlman* doctrine is an exception to the general rule that appellate courts only have jurisdiction over final orders that dispose of all claims and all parties. *See, e.g.*, *In re Grand Jury Matter #3*, 847 F.3d 157, 162-63 (2017). It assures meaningful appellate review of an order in civil or criminal proceedings directing someone other than the non-party privilege holder to disclose the non-party's privileged information. *See, e.g.*, *Fattah*, 802 F.3d at 526 ("The reasoning behind *Perlman* lies in the

inequity of leaving a privilege-holder 'powerless to avert the mischief of the order' and forcing him to 'accept its incidence and seek a remedy at some other time and in some other way.'") (citations omitted); *In re Air Crash at Belle Harbor*, 490 F.3d 99, 106 (2d Cir. 2007) (noting that *Perlman* "applies to appeals from orders issued in … civil actions").

Here, *Perlman* gives Parx direct-appeal rights because (a) Parx is not a party in the underlying litigation; (b) Parx is the privilege holder; (c) Eckert has the privileged documents in its possession; (d) the order compels Eckert as defendant to disclose Parx's privileged materials to POM; and (e) Eckert has no interest in Parx's privileged documents because the privilege does not belong to Eckert – it belongs to Parx – and Eckert has no say about whether or not to withhold the documents (that decision is the client's). Simply put, Parx may appeal when, as here, an order compels disclosure of privileged documents in Eckert's possession.

Accordingly, this Court has jurisdiction under the *Perlman* doctrine.

### B. The Court has jurisdiction under the collateral-order doctrine.

The Court's analysis may end here. *Perlman* applies and the Court has jurisdiction. Lest there be doubt, the Court has jurisdiction over Parx's direct appeal under the collateral-order doctrine as well.

Under the collateral-order doctrine, this Court has jurisdiction over an appeal from an order that (1) conclusively determines an issue; (2) the issue is separate from the merits of the case; and (3) will be effectively unreviewable after final judgment. *See, e.g., Smith v. BIC Corp.*, 869 F.2d 194, 198–99 (3d Cir. 1989).

The rationale behind the collateral-order doctrine is to ensure that certain rights and issues, which might be irreparably lost if parties wait until after trial, are protected and can be reviewed promptly by an appellate court. *See, e.g., U.S. v. Mitchell*, 652 F.3d 387, 392-93 (3d Cir. 2011). The doctrine aims to balance the final-order rule (which generally limits appeals to final orders to prevent piecemeal litigation) with the need to address urgent and important issues that warrant immediate attention in the jurisprudential sense. *See, e.g., Christy v. Horn*, 115 F.3d 201, 205 (3d Cir.1997).

9

Like the *Perlman* analysis, the collateral-order analysis here is straightforward and compels a conclusion that this Court has jurisdiction over Parx's non-party appeal. The district court's order (1) conclusively determines that Eckert must disclose Parx's privileged communications; (2) resolves issues totally separate from the merits of the case (*i.e.*, this Court can review the question of whether Parx's privileged documents may be disclosed in discovery without reaching the merits of POM's underlying fiduciary-duty claims against Eckert); and (3) will be effectively unreviewable because Parx is not a party in the underlying litigation and cannot appeal a final judgment.

Accordingly, the Court has jurisdiction under the collateral-order doctrine.

### C.    *The Court should reject POM's arguments.*

Notwithstanding the straightforward analyses above, POM argues in its motion that the Court does not have jurisdiction under either *Perlman* or the collateral-order doctrine. *See* POM Br. at 7-11 and 14-18. POM is wrong on all fronts.

### 1.  Eckert is a disinterested third party for purposes of *Perlman*.

POM first argues at length that the Court lacks jurisdiction over Parx's direct appeal under *Perlman* because Eckert is not "disinterested." *See* POM Br. at 7-11. The Court should reject these arguments.

### a.  Lawyers are presumptively disinterested.

Contrary to POM's argument, Eckert is a disinterested third party in possession of Parx's privileged documents. A party in possession of privileged documents is "disinterested" in the *Perlman* sense when it lacks a sufficient stake such that it is unlikely to risk contempt voluntarily in order to protect privileged documents from disclosure. *See Perlman*, 247 U.S. at 15.

In fact, courts *presume* a third party would not voluntarily submit to contempt sanctions in order to prevent a non-party's privileged documents from disclosure. *See Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992) (stating that "a discovery order directed at a disinterested third party is treated as an immediately appealable final order because *the third party* **presumably** *lacks a sufficient stake in the proceeding to risk contempt by refusing compliance*") (emphasis added).

11

The case law in this Circuit does not require that a third party custodian have zero interest or connection to the privileged materials at issue. *In re Grand Jury (ABC Corp.)*, 705 F.3d 133 (2012). For example, lawyers and law firms having possession of privileged documents are always "interested" to some extent in protecting their client's privileged documents and have duties to inform clients of the disclosure orders and raise privilege objections to preserve confidentiality. *See, e.g.*, Pa.R.P.C. 1.4; Pa.R.P.C. 1.6. But that does not mean they would risk contempt. *See, e.g.*, *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798,  (3d Cir. 1979). As a leading federal practice treatise has noted:

> Most decisions allow the client to appeal, either on a general theory that ***the client cannot expect the attorney to act in contempt in order to support an appeal*** or at times on the basis of the attorney's representation that he would not act in contempt. Appeal may be permitted to protect the attorney-client relationship as well as to protect claims of privilege.

*See* 15B Wright & Miller, *Federal Practice & Procedure* § 3914.23 (2d ed.).

This Court expressly has held that lawyers and law firms facing subpoenas or discovery orders calling for a non-party client's privileged information are "disinterested" for purposes of *Perlman. See, Corporation and Attorney*, 745 F.3d at 686–87 ("***Attorney is a disinterested third party*** controlling allegedly privileged information. As such, this Court

12

has jurisdiction to hear the appeal brought by Intervenors, the privilege holders."); *see also In re Grand Jury Subpoena (ABC Company)*, 696 F. App'x 66, 69 (3d Cir. 2017) ("***Law Firm is a disinterested third-party*** controlling ABC Company's privileged information, and the District Court ordered disclosure of that information. Under the *Perlman* exception, we therefore have appellate jurisdiction pursuant to 28 U.S.C. § 1291.") (emphases added).

The Court is not alone in that viewpoint. Other circuits go further and have held that non-party clients always have direct-appeal rights as soon as their attorneys are compelled to produce privileged documents. *See, e.g.*, *In re Klein*, 776 F.2d 628, 630-32 (7th Cir 1985). Despite research, Parx is not aware of a case in this Circuit in which the Court declined jurisdiction over a non-party's appeal solely on the basis that the third party holder of privileged documents is a lawyer or law firm. POM has cited no such case, either. If POM were correct, this Court would have reached different results in the cases cited above.  It did not.

Accordingly, the Court should reject POM's argument that Eckert is not disinterested.

### b.    Eckert is disinterested even if it raised work-product immunity.

Nevertheless, POM argues that (a) Eckert is not "disinterested" under *Perlman* because it asserted its own work-product immunity as a basis to withhold the documents; and (b) Eckert is a defendant with an interest in preventing POM from seeing Parx's privileged documents. *See* POM Br. at 7-11. Again, POM is wrong.

As a threshold matter, POM relies almost exclusively on non-binding cases from other circuits to claim that Eckert is not "disinterested" in the *Perlman* sense solely because Eckert asserted work-product immunity. *See In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014); *In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998); *In re Vargas*, 723 F.2d 1461, 1466 (10th Cir. 1983); *In re Sealed Case*, 655 F.2d 1298, 1301 (D.C. Cir. 1981).

This Court has its own *Perlman* jurisprudence. The Court need not resort to decisions of sister circuits to resolve this jurisdictional dispute. More importantly, the Court should not follow these decisions when doing so surely would create inconsistency in the jurisprudence in this Circuit. *See Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020).

14

The non-binding cases on which POM relies, moreover, directly conflict with this Court's precedent. In *FMC, supra*, this Court specifically held that the non-subpoenaed holder of the attorney-client privilege (like Parx here) had direct-appeal rights under *Perlman* to press both attorney-client privilege *and* work-product protection (the latter immunity belongs to the lawyer). *See FMC*, 604 F.2d at 801-02. In other words, lawyers holding privileged documents are still "disinterested" even if they have their own privilege to assert.

In any case, these points are academic because Parx is not claiming work-product immunity on appeal. Parx has no interest in Eckert's work product. Eckert asserted work-product immunity as an alternative basis to protect documents from disclosure. The district court declined to shield the documents based on work-product immunity, holding instead that Eckert waived the protection. *See* Doc. 382 at 6 n.4.

Most importantly, Eckert has not challenged the work-product ruling to press its own purported interests as POM claims. In fact, Eckert neither filed for reconsideration nor appealed to this Court. Parx is left alone in its challenge to the disclosure order as a non-party defending its attorney-client privilege. Parx has the only interest in the attorney-client

15

privilege that protects the documents from disclosure notwithstanding any other privilege or immunity that may or may not apply.

Accordingly, the Court should reject POM's argument that Eckert is not "disinterested" solely because it raised work-product immunity.

### c. Eckert is disinterested even if it is a defendant in litigation.

POM seems to suggest that Eckert has an interest here because, as a defendant in litigation, Eckert objected to the disclosure of the documents. Not so.

Like all other lawyers and law firms, Eckert is duty bound to assert the attorney-client privilege on Parx's behalf when litigants like POM attempt to invade that sacrosanct relationship. Eckert has no say in that. Eckert has that duty even if it desired to disclose everything to POM in the underlying litigation. Indeed, the Court surely could conceive of a situation in which Eckert may well benefit from disclosing privileged materials that tend to support its defense on liability or damages in the underlying litigation.

By definition, then, Eckert is disinterested in the *Perlman* sense. Eckert has an interest in defending against claims of breaching a fiduciary duty and protecting its financial interests in the underlying

16

litigation. As noted, Eckert is not appealing the order. If the documents are privileged, the courts cannot order their disclosure whether Eckert wants to disclose the documents or not. *See, e.g.*, Fed. R. Civ. Pro. 26(c) and Fed. R. Civ. Pro. 45 (both precluding discovery of privileged information). If the documents are relevant and not privileged, Eckert cannot complain about their disclosure, and neither could Parx.

Accordingly, the Court should reject POM's argument that Eckert is not "disinterested" merely because it is a defendant.

### 2. There are no meaningful alternatives for Parx to challenge the privilege ruling.

POM also argues that the Court lacks jurisdiction over this appeal under *Perlman* because Parx failed to exhaust the "contempt" option or file a mandamus petition to sue the district judge or request permissive appeal to prevent the district judge from compelling disclosure of Parx's privileged documents. *See* POM Br. at 11-14. The Court should reject these arguments.

#### a. The contempt option is unavailable and impractical.

This Court has applied *Perlman* without requiring that the lawyers or non-party first suffer contempt. *See, e.g., FMC*, 604 at 800. Indeed, the

non-party cannot pursue the contempt route because the third-party custodian (a lawyer or law firm), as here, is the target of the discovery and expressly bound by the disclosure order, whereas the non-party is not. As one commentator noted:

> But discovery orders aren't always directed to the privilege claimant. … ***In these circumstances, the contempt option is often off the table*** – the third-party custodian of the information can rarely be expected to risk contempt just so the privilege claimant can take an immediate appeal.

*See* Bryan Lammon, *Perlman Appeals after Mohawk*, 84 U. CIN. L. REV. 1, 7 (2016) (emphasis added).

The contempt route only works (if at all) if the privilege claimant is also the target of the subpoena or discovery order. Here, Parx is the privilege holder but not subject to the disclosure order. The district court ordered Eckert (not Parx) to disclose its privileged documents. Moreover, there is no order *in effect* to defy. The district court stayed the latest order calling for Eckert to disclose its privileged documents pending resolution of this appeal. Parx cannot suffer contempt even if it so desired. *See FMC*, 604 F.2d at 800 ("FMC, however, stands in a different posture because it has not been subpoenaed to produce the documents and therefore would not be held in contempt were they not produced.").

18

POM nevertheless would have this Court hold that Parx must engineer contempt by (a) asking the district court to lift the stay that Parx requested and the district court granted; (b) taking back privileged documents from Eckert; (c) attempting to force Eckert into contempt (which it may well decline to suffer voluntarily given its own interests as a party/defendant that is not representing Parx here); (d) requesting that the district court amend its disclosure order to apply to Parx; (e) asking the district court to find Parx in contempt; and, after all that, (f) then taking an appeal to this Court from the contempt order.

*Perlman* is designed to avoid all of this.  In other words, *Perlman* exalts function over form. If the Court agrees with POM, Parx will be litigating for many more months or years to have its rights vindicated with no guarantee that the Court here would have jurisdiction over the contempt order directed at the non-party. *See* Lammon, *supra*, at 7 ("The contempt option is hardly perfect. For one thing, being found in contempt doesn't guarantee appealability."); Cassandra Robertson, *Appellate Review of Discovery Orders in Federal Court: A Suggested Approach for Handling Privilege Claims*, 81 WASH. L. REV. 733 (2006) (discussing the hazards of the contempt route).

19

Moreover, Parx and the parties will incur additional costs and devote more resources in the contempt proceedings, all while placing additional burdens on the courts. Most importantly, neither Parx nor Eckert nor any other lawyer acting on behalf of Parx in this case wishes to endure the hazards of voluntarily submitting to contempt sanctions solely as a means to appeal the privilege issue.

Finally, POM's position results in more delays. A quicker ruling on this privilege issue will determine whether Parx's privileged information will be part of the record or not. POM should welcome that. If this appeal proceeds, that determination will be quicker than a contempt process that is sure to take many more months or years before this Court ultimately weighs in.

Accordingly, the Court should reject POM's argument regarding contempt because Parx is neither subject to subpoena, discovery request, nor a court order to produce the documents.

### b. The mandamus option is unavailable when there are appellate remedies.

POM's related argument – calling for a mandamus petition – equally falls short. Mandamus is a last-resort procedure when no other process affords a litigant an opportunity for relief, such as a direct appeal.

*See Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 460-462 (3d Cir. 1996) ("Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal.").

Here, *Perlman* and the collateral-order doctrine give Parx a direct-appeal process such that mandamus is neither necessary nor appropriate. This Court's appellate jurisdiction is necessary and proper to correct an error of law on a novel privilege issue that has engendered substantial disagreement. The Court should not issue a ruling on this motion that essentially forces a party and its lawyers to name a federal judge as defendant when two doctrines give the Court appellate jurisdiction.

In the end, there are no meaningful alternatives that Parx could pursue. Parx cannot defy the order because it is not the target of a subpoena or discovery request and not bound by the order. In any event, the district court stayed the order pending this Court's resolution of Parx's appeal. Mandamus is unavailable and inadequate given direct appeal options available to Parx. Parx pursued certification but the district court denied the request, even though it previously certified an

interlocutory appeal from a similar situation in which the court applied novel reasoning to circumvent Parx's privilege. *Pace-O-Matic, supra.*

Accordingly, the Court should reject POM's argument that mandamus is a meaningful alternative to a *Perlman* appeal.

### c.   A post-judgment appeal is inadequate to prevent irreparable harm.

Finally, the Court should reject POM's red-herring argument that all of Parx's concerns will disappear if it formally intervenes in the case below because, as intervenor, it would have standing to appeal adverse privilege orders after the district court enters a final judgment (and, conveniently for POM, long after the documents have been disclosed to POM in violation of Parx's privilege).

POM's argument misses the point. Non-party privilege holders have distinct interests that are not necessarily aligned with the third-party custodians of privileged materials. Their primary concern is the preservation of the privilege, not the outcome of the case. A direct appeal helps protect these distinct interests, ensuring that non-party privilege holders can defend their rights independently of the litigation's merits.

Here, Parx has no interest in the merits of the underlying dispute between POM and Eckert. Parx's interests are distinct from Eckert.

Parx's singular interest is to protect its privilege. Parx does not want to be involved in this case *at all*.

POM has engendered Parx's participation in this case for the last four years by insisting on pursuing Parx's privileged documents from Eckert, having unsuccessfully attempted to subpoena privileged documents directly from Parx. *See* Doc. 88 (quashing subpoena directed to Parx on basis of attorney-client privilege). The district court repeatedly has granted POM's requests, and Parx has had to seek this relief from this Court to undo erroneous orders calling for the disclosure of Parx's privileged documents. *See Pace-O-Matic, supra.*

Again, post-judgment appeal of an adverse privilege determination is inadequate. Parx will be in the untenable position of having POM potentially disclose Parx's privileged documents to the public and use them in other battles that POM has waged against Parx, Parx's agents, and even unrelated parties.

This is not conjecture. POM already has used documents in other proceedings that the district court below ordered Eckert to disclose. *See, e.g.*, Doc. 76 at 4 and exhibits; *POM of PA, LLC, d/b/a Pace-O-Matic v. Peter J. Shelly and Shelly Communications, Inc., d/b/a ShellyLyons*

23

*Public Affairs & Communications*, CV22-00305 (Lyco. Cty., filed 3/23/2022); *POM of PA, LLC, d/b/a PaceO-Matic v. Richard Gmerek and Gmerek Government Relations, Inc.*, No. CV-22-00362 (Lyco. Cty., filed 4/8/2022); *POM of PA, LLC, d/b/a Pace-O-Matic v. Sean D. Schafer and Schafer Government Affairs, Inc.*, CV22-00363 (Lyco. Cty., filed 4/8/2022).

*Perlman* avoids the untenable situation in which a non-party privilege holder faces the threat of having its privileged materials disclosed without its say and before testing the merits of the district court's disclosure order on appeal. The Court has jurisdiction now.

Accordingly, the Court should reject POM's argument that a post-judgment appeal is adequate.

### 3.   *Mohawk* does not foreclose a *non-party's* appeal under *Perlman* or the collateral order doctrine.

Finally, POM argues that the Supreme Court's decision in *Mohawk* forecloses an appeal under the collateral-order doctrine.  It does not.

Before *Mohawk*, a party subject to an adverse privilege ruling had the right to immediate appeal under the collateral-order doctrine.  In *Mohawk*, the Supreme Court clarified that an adverse privilege ruling ***directed to a party*** in litigation is not necessarily a collateral order subject to immediate review, reasoning that a party may vindicate its

24

rights by appealing after a final judgment on the merits or seeking certification and permissive appeal under 28 U.S.C. § 1292(b).

*Mohawk* did not alter the *Perlman* doctrine or other potential avenues for appeal when a *non-party* privilege holder challenges an adverse privilege ruling that compels the disclosure of privileged documents in the possession of third parties.  As this Court explained:

> We cannot say that the Supreme Court has abandoned that determination [*Perlman*] on the basis of a later case, *Mohawk*, that never cites, let alone discusses, *Perlman*. … We therefore conclude that the *Perlman* exception remains viable.

*See ABC Corp.*, 705 F.3d at 146; *see also* Lammon, *supra*, at 7 ("*Mohawk* neither discussed nor cited *Perlman*. And the two decisions are not inconsistent. The collateral order doctrine and *Perlman* appeals are distinct exceptions to the final-judgment rule.").

Here, *Mohawk* does not preclude a direct appeal. Parx is not a party to the underlying litigation attempting to appeal an adverse privilege order and cannot otherwise vindicate its rights by appealing after the district court enters a final judgment in the underlying litigation between the parties. At that point, Parx will have suffered irreparable harm even if it prevailed on any post-judgment appeal.

25

Curiously, POM argues that the collateral order doctrine does not apply because "in at least some circumstances, a non-party privilege holder may be able to seek immediate appellate review under the *Perlman* doctrine, an additional avenue of appeal beyond those available to a party." *See* POM Br. at 20.

Parx agrees that *Perlman* applies. The *Perlman* doctrine and the collateral-order doctrine are not mutually exclusive. An order may be subject to appeal under both doctrines when as here, a non-party's privilege is involved. Consequently, although POM is correct to suggest that *Perlman* may render the collateral-order doctrine unnecessary, the collateral-order doctrine may likewise render *Perlman* unnecessary. The Court here has jurisdiction under either (and both) doctrine(s). As one commentator put it, "[t]hey are different doctrinal avenues to similar destinations." *See* Lammon, *supra*, at 7.

POM lastly argues that the Supreme Court has not exercised its rulemaking authority to give non-parties appellate rights under the collateral order doctrine. *See* POM Br. at 19. But *Perlman* has been on the books since 1918. The Supreme Court is presumed to know its precedent, and so is Congress. *See, e.g.*, *Ysleta Del Sur Pueblo v. Texas*,

26

596 U.S. 685 (2022) (Congress is aware of precedent when enacting law); *United States v. Rahimi*, 602 U.S. ----, 144 S. Ct. 1889 (2024) (the Court is aware of precedent when fashioning its rulings).

If the United States Supreme Court (by judicial decision or rule) or Congress (by statute) wishes to eliminate *Perlman* or the collateral-order doctrine as a basis for *non-party* privilege holders to challenge adverse disclosure orders immediately on direct appeal, that is their prerogative. Until then, *Perlman* and collateral-order doctrine apply; *Mohawk* did not overrule *Perlman* or foreclose a non-party appeal of an adverse privilege ruling under the collateral-order doctrine; and POM cannot prevent this Court from reaching the merits of this privilege dispute.

Accordingly, the Court should reject POM's arguments and deny the motion to dismiss because the Court has jurisdiction over the appeal pursuant to the collateral-order doctrine.

## IV.   CONCLUSION

WHEREFORE, the Court should deny POM's motion to dismiss.

July 17, 2024                                        Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos (PA 91249)
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Parx Casino*

28

## CERTIFICATIONS

I certify that:

- <u>Word Count</u>. In accordance with Fed. R. App. Pro. 27(d)(2)(A), the attached contains 5,198 words (excluding exempt content) as calculated by the word-count feature of Microsoft Word.

- <u>Electronic Version</u>. The text of the electronic brief and hard copies provided to the Court (if any) are identical.

- <u>Virus Scan</u>. The electronic brief has been checked for viruses using Apple MacOS XProtect.

- <u>Bar Admission</u>. The undersigned counsel is a member of the bar of this Court.

/s George A. Bibikos
George A. Bibikos

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2024, I caused a copy of the foregoing to be served via ECF on the following counsel of record:

Robert S. Tintner, Esq.
Peter C. Buckley, Esq.
Abraham C. Reich, Esq.
Fox Rothschild LLP
2000 Market St., 10th Floor
Philadelphia, PA 19103
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
areich@foxrothschild.com
*Counsel for Eckert, Seamans, Cherin & Mellot, LLC*

George W. Westervelt, Jr., Esq.
706 Monroe St
P.O. Box 549
Stroudsburg, PA 18360-0549
geowwest@ptd.net
*Counsel for Pace-O-Matic, Inc.*

Omobolanle A. Adeniran, Esq.
Jeffrey Jensen, Esq.
Michael Nolan, Esq.
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
bola.adeniran@huschblackwell.com
jeff.jensen@huschblackwell.com
michael.nolan@huschblackwell.com
*Counsel for Pace-O-Matic, Inc.*

Michael Martinich-Sauter, Esq.
JAMES OTIS LAW GROUP LLC
530 Maryville Centre Dr., Suite 230
St. Louis, Missouri 63141
(314) 949-3018
Michael.martinich-sauter@james-otis.com
*Counsel for Pace-O-Matic, Inc.*

/s George A. Bibikos
George A. Bibikos