**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

---

CASE NO. 24-1984

---

**PACE-O-MATIC, INC.,**

*Plaintiff-Appellee*,

v.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC, ET AL.,**

*Defendants*,

and

**GREENWOOD GAMING & ENTERTAINMENT, INC.,**

*Appellant*.

---

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:20-cv-00292

---

**MOTION FOR ASSIGNMENT OF MOTION TO DISMISS
TO STANDING MOTIONS PANEL**

---

**JAMES OTIS LAW GROUP LLC**
Michael Martinich-Sauter
530 Maryville Centre Dr., Suite 230
St. Louis, Missouri 63141
(314) 949-3018
michael.martinich-sauter@james-otis.com

*Additional counsel listed in signature block*

For the reasons stated below, Appellee Pace-O-Matic, Inc. ("POM") respectfully requests that the Court assign POM's pending Motion to Dismiss (Dkt. No. 5) to a standing motions panel consistent with Third Circuit IOP 10.2.3.

On May 28, 2024, Appellant Greenwood Gaming & Entertainment, Inc. ("Parx") filed a notice of appeal regarding an interlocutory discovery order issued by the District Court. Dkt. No. 1. On May 31, 2024, POM filed a Motion to Dismiss for Lack of Appellate Jurisdiction. Dkt. No. 5. In its motion, POM argued that the Court should dismiss Parx's appeal, because the Court lacks appellate jurisdiction over this interlocutory appeal. *See id.* On July 17, 2024, Parx filed its brief in opposition to the Motion to Dismiss. Dkt. No. 20. And on July 23, 2024, POM filed its reply in support of the Motion to Dismiss. Dkt. No. 21. Thus, since July 23, 2024, all briefing on the Motion to Dismiss has been complete.

Third Circuit IOP 10.2.3 provides that "[m]otions on non-emergency matters are distributed to [standing motions panels] as they are complete, i.e., when responses have been filed and any necessary briefing completed." 3d Cir. IOP 10.2.3. As noted above, all briefing on the Motion to Dismiss was complete as of July 23, 2024. *See* Dkt. Nos. 5; 20; 21. Thus, IOP 10.2.3 ordinarily would call for assignment of the Motion to Dismiss to a standing motions panel.

However, counsel for POM have been advised by the Clerk's Office that the Motion to Dismiss has not been assigned to a standing motions panel. To ensure

1

prompt resolution of the pending Motion to Dismiss, POM respectfully requests that the Motion be assigned to a standing motions panel, consistent with IOP 10.2.3. Counsel for Parx has indicated that he does not oppose this request.

WHEREFORE, POM respectfully requests that the Court assign the pending Motion to Dismiss for Lack of Appellate Jurisdiction (Dkt. No. 5) to a standing motions panel; and for such further relief as the Court deems just and proper.

Respectfully submitted,


*/s/ Michael Martinich-Sauter*
Michael Martinich-Sauter
JAMES OTIS LAW GROUP LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(314) 949-3018 (Telephone)
michael.martinich-sauter@james-otis.com

Michael Nolan
Bola Adeniran
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

Jeffrey B. Jensen
Nicholas Iacono
TORRIDON LAW PLLC
801 17th Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900 (Telephone)
jjensen@torridonlaw.com

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

**Counsel for Appellee Pace-O-Matic, Inc.**

3

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.A.R. 28.3(d), I certify that I am a member of the Bar of this Court.

I certify that, based on the word-count feature of Microsoft Word, this motion contains 335 words, excluding the items enumerated in Federal Rule of Appellate Procedure 32(f).

I certify that on December 3, 2024, I caused the foregoing to be served on all counsel of record via the Court's electronic filing system.

I certify that a virus detection program has been run on this file and that no virus was detected.

*/s/ Michael Martinich-Sauter*