# In the United States Court of Appeals for the Third Circuit

---

Docket No. 24-1984

---

## PACE-O-MATIC, INC.

*vs.*

## ECKERT, SEAMANS CHERIN & MELLOTT, LLC; MARK S. STEWART; KEVIN M. SKJOLDAL

## APPEAL OF GREENWOOD GAMING AND ENTERTAINMENT, INC., d/b/a PARX CASINO

---

*On direct appeal from an opinion and order of the United States District Court for the Middle District of Pennsylvania dated April 29, 2024, reconsideration denied July 3, 2024*

---

## JOINT APPENDIX VOL. II
## JA158-JA465

---

## GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino*

May 5, 2025

# TABLE OF CONTENTS

**Volume I**

Parx Notice of Appeal to CA3 (Doc. 394 filed 5-28-2024) ................ JA001

Parx Amended Notice of Appeal to CA3 (Doc. 399 filed 7-11-2024) ................................................................................................. JA003

District Court Opinion in Support of Order Granting in Part and Denying in Part Appeals from Magistrate Judge Decision (Doc. 382 filed 4-29-2024) ...................................... JA006

District Court Order Granting in Part and Denying in Part Appeals from Magistrate Judge Decision (Doc. 383 filed 4-29-2024) ................................................................................... JA031

District Court Opinion in Support of Order Denying Parx's Motion for Reconsideration, Denying Certification, and Granting Stay of Disclosure Order Pending Appeal (Doc. 397 filed 7-3-2024) ........................................................... JA034

District Court Order Denying Parx's Motion for Reconsideration, Denying Certification, and Granting Stay of Disclosure Order Pending Appeal (Doc. 398 filed 7-3-2024) ........................................................................................ JA055

Order of Magistrate Judge on Appeal (Doc. 354 filed 12-1-2023) ..................................................................................................... JA058

Opinion of Magistrate Judge on Appeal (Doc. 353 filed 12-1-2023) ..................................................................................................... JA061

**Volume II**

Parx Appeal from Magistrate Judge Decision (Doc. 362 filed 12-15-2023) ..................................................................................... JA158

i

Eckert Appeal from Magistrate Judge Decision (Doc. 367 filed
    12-15-2023) ................................................................................... JA166

Copy of District Court Order Granting in Part and Denying in
    Part Appeals from Magistrate Judge Decision (Doc. 383
    filed 4-29-2024) ............................................................................ JA174

Copy of District Court Opinion in Support of Order Granting
    in Part and Denying in Part Appeals from Magistrate
    Judge Decision (Doc. 382 filed 4-29-2024) .............................. JA176

Parx Combined Motion for Reconsideration or Certification
    and for Stay of 4-29-2024 Order Pending Appeal (Doc.
    387 filed 5-13-2024) ..................................................................... JA200

District Court Order Staying Disclosure Order Pending
    Reconsideration (Doc. 390 filed 5-14-2024) ........................... JA215

Copy of District Court Order Denying Parx's Motion for
    Reconsideration, Denying Certification, and Granting
    Stay of Disclosure Order Pending Appeal (Doc. 398 filed
    7-3-2024) ....................................................................................... JA216

Copy of District Court Opinion in Support of Order Denying
    Parx's Motion for Reconsideration, Denying
    Certification, and Granting Stay of Disclosure Order
    Pending Appeal (Doc. 397 filed 7-3-2024) ............................... JA218

Docket Entries ........................................................................................ JA239

Declaration of Thomas Bonner (11-7-2023) (attached as Tab
    "A" to Doc. 366 filed 1-12-2024) .............................................. JA264

Declaration of Thomas Bonner (9-25-2024) (attached as Tab
    "A" to Doc. 439 filed 9-25-2025) .............................................. JA270

Order of District Court Deferring Ruling on Privilege
    Objections Pending Appeal (Doc. 451 filed 10-25-2024)......... JA275

ii

Eckert Privilege Log (not confidential – attached as Exhibit 1
　　to Doc. 295 filed under seal 5-26-2023) .................................. JA277

POM Privilege Log (not confidential – attached as Exhibit 2
　　to Doc. 367 filed 1-12-24) ...................................................... JA393

Second Amended Complaint (Doc. 243 filed 7-14-2022).................. JA396

Answer to Second Amended Complaint (Doc. 325 filed 7-26-
　　2023)...................................................................................... JA432

Order of District Court Requiring Defendants to Submit
　　Documents for *in camera* Review (Doc. 300 filed 6-8-
　　2023)...................................................................................... JA463

Order of District Court Referring *in camera* Review to
　　Magistrate Judge (Doc. 313 filed 6-28-2023)........................... JA465

**Volume III (Sealed Appendix)**

POM Discovery Letter (Doc. 295 filed under seal 5-26-2023) ......... JA466

POM Annotations to Condensed Version of Eckert Privilege
　　Log (attached to POM Discovery Letter as Exhibit 5 to
　　Doc. 295 filed under seal 5-26-2023)..................................... JA474

Documents Referenced in Eckert Annotated Privilege Log
　　(attached to POM Discovery Letter as Exhibit 6 to Doc.
　　295 filed under seal 5-26-2023).............................................. JA485

Eckert Opposition to POM Discovery Letter (Doc. 298 filed
　　under seal 6-7-2023) .............................................................. JA514

# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC. )
 )
    *Plaintiff,* ) [ELECTRONICALLY FILED]
 )
  *vs.* ) Docket No. 20-292
 )
ECKERT, SEAMANS, CHERIN ) JUDGE WILSON
& MELLOT, LLC, *et al.* )
 )
    *Defendants* )

## NOTICE OF APPEAL OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO

### (From a December 1, 2023 Non-Dispositive Order of Magistrate Judge Saporito)

Pursuant to Fed. R. Civ. P. 72(a) and L.R.72.2, non-party Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), files an appeal from and objection to the non-dispositive order and supporting opinion issued on December 1, 2023 by Magistrate Judge Saporito (Docs. 353 & 354) (collectively the "Order").

1. The Order requires that Eckert disclose documents that Parx contends is protected from disclosure by its attorney-client privilege and work-product immunity.

JA158

2.     Consequently, Parx appeals from and objects to the following portions of the Order:

a.     The portions of numbered paragraph 2 concluding, "[w]ith respect to PRIV-00366 (Control No. 304699)," that "the objection to production on attorney-client privilege grounds is OVERRULED," that "the objection to production on federal work-product is OVERRULED in part," and that "this document shall be produced, but with [only] the first three paragraphs (following the salutation 'Guys') redacted." Order at 2. For the avoidance of doubt, Defendants appeal all portions of numbered paragraph 2 concluding that any portion of PRIV-00366 (Control No. 304699) is not protected from disclosure by the attorney-client privilege and the work-product doctrine, and all portions of numbered paragraph 2 directing that any portion of PRIV-00366 (Control No. 304699) be produced without redaction.

b.     The portions of numbered paragraph 5 concluding, "[w]ith respect to all other documents challenged by POM and submitted for in camera review," that "the objections to production on attorney-client privilege and federal . . . work-product protection

JA159

grounds are OVERRULED—these documents shall be produced without redaction." Order at 3 (footnote omitted).

3.      Parx respectfully requests that the District Court reverse and vacate the aforementioned portions of the Order.

4.      The opinion supporting the Order states that Eckert should disclose the documents within 21 days "[a]bsent a timely appeal of this decision." *See* Doc. 353 at p. 97.

5.      In light of Magistrate Judge Saporito's acknowledgement and this ensuing appeal, Parx requests that, for the avoidance of doubt, the Court expressly stay the Order pending resolution of this appeal.

6.      As Parx will describe in more detail in its forthcoming brief, the aforementioned portions of the Order are clearly erroneous and contrary to law because the portions of the documents directed to be produced without redaction are protected from disclosure by Parx's attorney-client privilege and work-product immunity.

7.      In support of this statement of appeal and objection, and pursuant to the Order entered by the Court on December 14, 2023 (ECF No. 360), Parx will file a brief on or before January 12, 2024.

JA160

December 15, 2023                 Respectfully submitted,

                                 **GA BIBIKOS LLC**

                                 /s George A. Bibikos
                                 George A. Bibikos
                                 5901 Jonestown Rd. #6330
                                 Harrisburg, PA 17112
                                 (717) 580-5305
                                 gbibikos@gabibikos.com

                                 *Counsel for Parx*

- 4 -

JA161

# CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel of record and the magistrate judge will be served automatically.


/s George A. Bibikos
George A. Bibikos

JA162

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

    Plaintiff,

    v.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC,

    Defendant.

CIVIL ACTION NO. 1:20-cv-00292

(WILSON, J.)
(SAPORITO, M.J.)

## ORDER

AND NOW, this 1st day of December, 2023, upon consideration of the parties' submissions[1] and the purportedly privileged documents submitted for *in camera* review,[2] and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1. With respect to PRIV-00105 (Control No. 1900236), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **OVERULED in part and SUSTAINED in part**—

---

[1] POM discovery dispute letter (Doc. 295); Eckert discovery dispute letter (Doc. 298).

[2] Binder of purportedly privileged documents for *in camera* review (Doc. 305).

JA163

this document shall be produced, but with the email sent by William J. Downey at 11:01 a.m. on June 2, 2019, redacted;

2. With respect to PRIV-00366 (Control No. 304699), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **OVERRULED in part and SUSTAINED in part**— this document shall be produced, but with the first three paragraphs (following the salutation "Guys,") redacted;

3. With respect to PRIV-00614 (Control No. 800947), the objection to production on attorney-client privilege grounds is **OVERRULED in part and SUSTAINED in part**—this document shall be produced, but with the email sent by Mark S. Stewart at 12:56 p.m. on February 9, 2020, redacted;

4. With respect to PRIV-00925 (Control No. 1900567), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **SUSTAINED**—this document shall *not* be produced;

JA164

5.    With respect to all other documents challenged by POM[3] and submitted for *in camera* review, the objections to production on attorney-client privilege and federal or state work-product protection grounds are **OVERRULED**—these documents shall be produced *without* redaction;

6.    Absent timely appeal of this order, the defendant shall produce the documents described in the preceding paragraphs to the plaintiff, in the manner described, **within 21 days** after entry of this order; and

7.    The parties shall each bear its own costs in connection with this discovery dispute.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[3] The list of challenged documents is set forth in POM discovery dispute letter at 2, 5 (Doc. 295) and *id.* ex. 5 (Doc. 295-6).

- 3 -

JA165

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

PACE-O-MATIC, INC.,  :
  :
  Plaintiff,  :
 v.  :  Docket No. 1:20-cv-00292
  :
ECKERT SEAMANS CHERIN &  :
MELLOTT, LLC, MARK S. STEWART,  :  (Judge Jennifer P. Wilson)
and KEVIN M. SKJOLDAL,  :
  :
  Defendants.  :
_____:

## DEFENDANTS' STATEMENT OF APPEAL
## FROM AND OBJECTION TO DECEMBER 1, 2023 ORDER
## AND MEMORANDUM ISSUED BY MAGISTRATE JUDGE SAPORITO

Pursuant to Federal Rule of Civil Procedure 72 and Rule 72.2 of the Local Rules of the United States District Court for the Middle District of Pennsylvania, Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal (collectively, "Defendants"), by and through their counsel, Fox Rothschild LLP, hereby appeal from and object to the following portions of the non-dispositive Order issued on December 1, 2023 by Magistrate Judge Saporito (ECF No. 354) (the "Order"):

(i)    The portions of numbered paragraph 2 concluding, "[w]ith respect to PRIV-00366 (Control No. 304699)," that "the objection to production on attorney-client privilege grounds is **OVERRULED**," that "the objection to production on federal work-product protection grounds is

JA166

**OVERRULED in part**," and that "this document shall be produced, but with [only] the first three paragraphs (following the salutation 'Guys') redacted." Order at 2. For the avoidance of doubt, Defendants appeal all portions of numbered paragraph 2 concluding that any portion of PRIV-00366 (Control No. 304699) is not protected from disclosure by the attorney-client privilege and the work-product doctrine, and all portions of numbered paragraph 2 directing that any portion of PRIV-00366 (Control No. 304699) be produced without redaction.

(ii) The portions of numbered paragraph 5 concluding, "[w]ith respect to all other documents challenged by POM and submitted for *in camera* review," that "the objections to production on attorney-client privilege and federal . . . work-product protection grounds are **OVERRULED**— these documents shall be produced *without* redaction." Order at 3 (footnote omitted).

Defendants respectfully request that the District Court reverse and vacate the aforementioned portions of the Order. As Defendants will describe in more detail in their forthcoming brief, the aforementioned portions of the Order are clearly erroneous and contrary to law because the portions of the documents directed to be

2

produced without redaction are protected from disclosure by the attorney-client privilege and the federal work-product doctrine.

In support of this statement of appeal and objection, and pursuant to the Order entered by the Court on December 14, 2023 (ECF No. 360), Defendants will file a brief on or before January 12, 2024.

Consistent with that portion of the Order directing Defendants to produce the documents at issue "*[a]bsent timely appeal* of th[e O]rder," (Order at 3) (emphasis added), Defendants will not, pending the resolution of their appeal, produce any of the documents directed to be produced in numbered paragraphs 2 and 5 of the Order.

Respectfully submitted,

_____
ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
NATHAN HUDDELL, ESQUIRE (No. 321472)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
nhuddell@foxrothschild.com

*Counsel for Defendants Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart, and Kevin M. Skjoldal*

Date: December 15, 2023

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

---

PACE-O-MATIC, INC.,

                Plaintiff,

      v.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC,  MARK S. STEWART,
and KEVIN M. SKJOLDAL,

                Defendants.

Docket No. 1:20-cv-00292

(Judge Jennifer P. Wilson)

---

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that on this 15th day of December, 2023, I served or caused to be served a true and correct copy of the foregoing upon all counsel of record via email.

_____
ROBERT S. TINTNER, ESQUIRE

JA169

Case 1:23-cv-01092-LMB-WEF Document 361-17 Filed 12/13/23 Page 2 of 4

# EXHIBIT A

JA170

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,

      Plaintiff,

      v.

ECKERT SEAMANS CHERIN &
MELLOTT, LLC,

      Defendant.

CIVIL ACTION NO. 1:20-cv-00292

(WILSON, J.)
(SAPORITO, M.J.)

## ORDER

AND NOW, this 1st day of December, 2023, upon consideration of the parties' submissions[1] and the purportedly privileged documents submitted for *in camera* review,[2] and in accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT**:

1.    With respect to PRIV-00105 (Control No. 1900236), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **OVERULED in part and SUSTAINED in part**—

---

[1] POM discovery dispute letter (Doc. 295); Eckert discovery dispute letter (Doc. 298).

[2] Binder of purportedly privileged documents for *in camera* review (Doc. 305).

JA171

this document shall be produced, but with the email sent by William J. Downey at 11:01 a.m. on June 2, 2019, redacted;

2.    With respect to PRIV-00366 (Control No. 304699), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **OVERRULED in part and SUSTAINED in part**—this document shall be produced, but with the first three paragraphs (following the salutation "Guys,") redacted;

3.    With respect to PRIV-00614 (Control No. 800947), the objection to production on attorney-client privilege grounds is **OVERRULED in part and SUSTAINED in part**—this document shall be produced, but with the email sent by Mark S. Stewart at 12:56 p.m. on February 9, 2020, redacted;

4.    With respect to PRIV-00925 (Control No. 1900567), the objection to production on attorney-client privilege grounds is **OVERRULED**, but the objection to production on federal work-product protection grounds is **SUSTAINED**—this document shall *not* be produced;

JA172

5.     With respect to all other documents challenged by POM[3] and submitted for *in camera* review, the objections to production on attorney-client privilege and federal or state work-product protection grounds are **OVERRULED**—these documents shall be produced *without* redaction;

6.     Absent timely appeal of this order, the defendant shall produce the documents described in the preceding paragraphs to the plaintiff, in the manner described, **within 21 days** after entry of this order; and

7.     The parties shall each bear its own costs in connection with this discovery dispute.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

---

[3] The list of challenged documents is set forth in POM discovery dispute letter at 2, 5 (Doc. 295) and *id.* ex. 5 (Doc. 295-6).

- 3 -

JA173

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & MELLOTT, LLC, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 29th day of April 2024, upon consideration of the appeals filed in this case, Docs. 361, 362, and the memorandum and order of Magistrate Judge Joseph Saporito, Docs. 353, 354, and for the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT:**

1) The appeals are **GRANTED IN PART AND DENIED IN PART**. (Docs. 161, 162.)  Specifically, the appeals are **GRANTED** with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6, but **DENIED** in all other respects.

2) In Judge Saporito's memorandum, the court **REVERSES** the paragraph of Section III.D.3. in which Judge Saporito addresses PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00679.  (Doc.

JA174

353, pp. 88–89.)  In all other respects, the court **AFFIRMS** Judge

Saporito's memorandum.

3) The court **REVERSES** paragraph 5 of Judge Saporito's order, Doc.

354, with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6;

PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6.  The court

**AFFIRMS** Judge Saporito's order in all other respects.

4) **Within 21 days** of this order's entry, Defendants **SHALL**

**PRODUCE** the documents directed in Judge Saporito's order, Doc.

354, without redaction, except for PRIV-00679, PRIV-00684, PRIV-

00685, and PRIV-00679, which Defendants **SHALL PRODUCE**

with redactions in accordance with this order and the findings of the

accompanying memorandum.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

JA175

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,       :    Civil No. 1:20-CV-00292

       Plaintiff,              :

       v.                     :

ECKERT, SEAMANS CHERIN &     :
MELLOTT, LLC, *et al.*,          :

       Defendants.        :     Judge Jennifer P. Wilson

## MEMORANDUM

Before the court are two appeals from United States Magistrate Judge Joseph Saporito, Jr.'s memorandum and order resolving one of many discovery disputes in this case. (Docs. 361, 362.) Following an *in camera* review of 120 purportedly privileged documents, Judge Saporito's order determined which documents were protected by privilege and which were not. (Doc. 354.) Judge Saporito ordered the unprotected documents to be produced within 21 days unless the ruling was appealed. (*Id.*) Defendants Eckert, Seamans Cherin & Mellott, LLC; Kevin M. Skjoldal; and Mark S. Stewart (collectively, "Eckert") timely appealed the decision. (Doc. 361.) So did third-party Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"). (Doc. 362.) For the reasons that follow, the court will grant in part and deny in part the appeals.

1

JA176

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Neither party appeals the factual or procedural history stated in Judge

Saporito's memorandum. As such, the court will only restate the factual

background and procedural history necessary for clarity in this opinion. Plaintiff,

Pace-O-Matic, Inc. ("POM"), initiated this action in February 2020 against Eckert

for an alleged breach of fiduciary duties to POM. (Doc. 1.) POM alleges that this

breach stems from Eckert's representation of both POM and third-party

competitor, Parx, in matters in which POM and Parx had competing and adverse

commercial interests in the Commonwealth Court of Pennsylvania relating to

POM's development, production, and licensure of electronic "skill games" sold in

Pennsylvania. (Doc. 166, pp. 1–2.)[2]

Eckert's representation of POM began in 2016 in Virginia and was limited

to the state of Virginia despite POM's similar activity in Pennsylvania. That was

because Eckert represented Parx, a market competitor, in Pennsylvania. (*Id.* at

3–4.) In the summer of 2018, POM filed two lawsuits in the Commonwealth

Court of Pennsylvania through other counsel relating to the seizure and removal of

---

[1] Any additional factual recitation that is necessary for the discussion of each specific issue is included in the Discussion section of this Memorandum.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

JA177

some of its skill games in Pennsylvania.[3]  (*Id.* at 3.)   During this litigation in the Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon & Sniscak ("HMS") and Ballard Spahr, LLP ("Ballard"), filed amicus briefs in opposition to POM's position, as well as motions to intervene.  (*Id.* at 4–5.)  In January 2020, POM learned that Eckert was allegedly involved in some capacity with Parx's representation in the Commonwealth Court cases, assuming positions materially adverse to POM's position despite Eckert's ongoing representation of POM in Virginia.  (*Id.* at 5.)  After POM requested that Eckert withdraw from representing Parx in adverse litigation in Pennsylvania, Eckert instead withdrew from representing POM in Virginia.  (*Id.*)

In his December 1, 2023 memorandum, Judge Saporito described the procedural history of the discovery dispute underlying the instant appeals:

> This is one of a series of discovery disputes that the parties have been unable to resolve without a court ruling. *See, e.g., Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 20-cv-00292, 2021 WL 602733 (M.D. Pa. Feb. 16, 2021), *rev'd in part & remanded*, 2021 WL 1264323 (M.D. Pa. Apr. 6, 2021), *on remand*, 2021 WL 5330641 (M.D. Pa. Nov. 16, 2021), *aff'd*, 2022 WL 2441556 (M.D. Pa. July 5, 2022), *rev'd*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023).
>
> In response to Rule 34 requests for production served by POM, Eckert produced a 116-page privilege log describing 1,010 responsive email messages withheld from disclosure, including the legal basis for withholding each document. Based on the information set forth in that privilege log, POM filed a letter challenging Eckert's assertion of attorney-client privilege and work-product protection with respect to

---

[3] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018.  (Doc. 166, p. 4.)

3

120 of these documents. (Doc. 295.) Eckert filed a responsive letter. (Doc. 298.)

Upon review of these letters, the presiding United States district judge granted the plaintiff's request for an *in camera* review of the documents at issue. She directed Eckert to submit copies of the challenged documents for in camera review. She also directed POM to file a reply letter. (Doc. 300.)

As directed, POM filed its reply letter (Doc. 304), and Eckert submitted a tabbed binder containing copies of the 120 challenged documents for in camera review (see Doc. 305). Shortly thereafter, the discovery dispute was referred to the undersigned United States magistrate judge for resolution. (Doc. 313.)

(Doc. 353, pp. 2–3.)

On December 1, 2023, following an *in camera* review of the disputed documents and the parties' briefs, Judge Saporito issued a thorough, clear, and well-organized memorandum and order resolving the dispute. (Docs. 353, 354.) Judge Saporito's order resolved which documents were protected by privilege and which were not. (Doc. 354.) In his order, Judge Saporito sustained in part the assertions of privilege regarding four documents. (*Id.*) He determined that the majority of documents were not protected from production and ordered the unprotected documents to be produced within 21 days unless the ruling was appealed. (*Id.*)

On December 15, 2023, Eckert and Parx appealed Judge Saporito's decision. (Docs. 361, 362.) In their appeals, they assert that Judge Saporito's order was clearly erroneous and contrary to law in ruling that the documents were not

4

protected from disclosure by attorney-client privilege and the federal work-product doctrine. (Doc. 361, pp. 2–3; Doc. 362, p. 3.) The appeals were briefed and are ripe for disposition. (Docs. 366, 367, 373, 374.)

### STANDARD OF REVIEW

When a party appeals from a non-dispositive order issued by a United States Magistrate Judge, a district court must "modify or set aside any part of the order that is clearly erroneous or contrary to law." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting Fed. R. Civ. P. 72(a)). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.* (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)). The party appealing the non-dispositive order has the burden of proof to establish that the order was clearly erroneous or contrary to law. *See NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992) (noting that under 28 U.S.C. § 636, "a district judge may reconsider a magistrate judge's decision where it has been shown to be clearly erroneous or contrary to law"); *accord Haines*, 975 F.2d at 91 (citing 28 U.S.C. § 636(b)(1)(A)).

5

## DISCUSSION

The appeals filed by Eckert and Parx contest Judge Saporito's findings with respect to attorney-client privilege.[4] They argue both that he applied the wrong legal standard, and that he applied the standard incorrectly to the instant facts.

There is one threshold matter in which all parties agree that Judge Saporito was correct. Because this is a diversity case, Pennsylvania law governs whether attorney-client privilege attaches to a particular document. (Doc. 353, p. 10 (citing Fed. R. Evid. 501; *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 965 (3d Cir. 1988)).

The Supreme Court of Pennsylvania courts has stated that, "[b]ecause it 'has the effect of withholding relevant information from the factfinder,' courts construe the privilege narrowly to 'appl[y] only where necessary to achieve its purpose.'" *In re Estate of McAleer*, 248 A.3d 416, 425–26 (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)); *see also Twp. Of Neshannock v. Kirila Contractors, Inc.*, 181 A.3d 467, 474 (Pa. Commw. Ct. 2018) ("Our federal courts have held that [t]o sustain this burden of proof, the party asserting the privilege must show,

---

[4] In their appeals, Eckert and Parx also assert that Judge Saporito was incorrect in finding that work-product doctrine did not protect the disputed documents. (Doc. 361, pp. 2–3; Doc. 362, p. 3.) Parx did not address this at all in its supporting brief. (Doc. 366.) Eckert only raised work-product doctrine in the last sentence of its brief. (Doc. 367, pp. 26–27.) It further explained its argument in a footnote. (*Id.* at 27 n.5.) But "arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived." *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

by record evidence such as affidavits, sufficient facts as to bring the [communications at issue] within the narrow confines of the privilege.")[5] (cleaned up).

Under Pennsylvania law, "the attorney-client privilege operates in a two-way fashion to protect confidential client-to-attorney or attorney-to-client communications made for the purpose of obtaining or providing professional legal advice." *Gillard*, 15 A.3d at 59. Attorney-client privilege extends to confidential communications between lawyers and agents of a client where those agents are indispensable to or facilitate the lawyer's ability to provide legal advice. *BouSamra v. Excela Health*, 210 A.3d 967, 985 (Pa. 2019).

The issues raised on appeal generally fall into two categories. The first is whether an attorney's communication is made for the purpose of obtaining or providing legal advice. Specifically, the court addresses to what extent attorney-client privilege applies to communications that, as a matter of content, primarily contain lobbying or legislative advice, and either entirely lack or only include a relatively small portion of legal advice. The second category relates to whether a communication is sufficiently confidential for the privilege to apply.

---

[5] Of note, in their central arguments, Eckert and Parx make no reference to affidavits regarding privilege. Parx does in its reply brief. (Doc. 374, pp. 6–7.) But as a general matter, "[a]rguments raised for the first time in a reply brief are generally waived." *Loving v. FedEx Freight, Inc.*, 2020 WL 2306901, at *14 (M.D. Pa. May 8, 2020) (citation omitted).

With respect to the first category of issues, there is a dearth of factually analogous and binding case law. As a result, the parties and Judge Saporito rely heavily on persuasive authority.

Eckert raises six arguments in support of reversal of Judge Saporito's order. First, Judge Saporito assumed that legislative advice can never fall within the scope of attorney-client privilege. (Doc. 367, p. 2.) Second, Judge Saporito misapplied the standards for determining whether an inter-attorney legal memorandum is privileged. (*Id.*) Third, Judge Saporito misapplied the law when determining whether requisite confidentiality existed. (*Id.*) Fourth, the document PRIV-00949 is protected by attorney-client privilege. (*Id.*) Fifth, paragraphs three, five, and six of PRIV-00366 are protected by attorney-client privilege. (*Id.*) Sixth, documents PRIV-00493, PRIV-00495, PRIV-00496, and PRIV-00497 are protected by attorney-client privilege. (*Id.* at 3.) Parx joins in Eckert's first and second arguments. (Doc. 366, pp. 10–19.)

The court addresses each of these arguments below.

**A. Judge Saporito's ruling was not contrary to law because it did not apply an incorrect standard regarding what constitutes legal advice. Nor did he clearly err in applying the standard to the specific documents that Eckert and Parx dispute.**

Eckert and Parx argue that Judge Saporito's memorandum and order were contrary to law because he assumed that when an attorney provides legislative advice, such advice can never be legal advice within the scope of attorney-client

8

JA183

privilege. (Doc. 367, p. 15.) They argue that Judge Saporito applied a non-existent *per se* rule. (Doc. 366, p. 13.) In addition to generally asserting that Judge Saporito used the wrong legal rule,[6] they also argue that Judge Saporito misapplied the rule with respect to five documents: PRIV-00106, PRIV-00107, PRIV-00108, PRIV-00900, and PRIV-0074. (Doc. 366, p. 15; Doc. 367, p. 16.) The court will first address the rule Judge Saporito applied and will then address the specific documents argued by Eckert and Parx.

### 1. Judge Saporito applied the correct legal standard.

Contrary to the arguments of Eckert and Parx, POM argues that Judge Saporito did not apply a per se rule. Instead, he applied the correct legal standard. (Doc. 373, p. 7–15.) Judge Saporito's own language shows that POM is correct:

> It is axiomatic that "communications, even between lawyer and client, are not privileged unless they are made for the purpose of rendering legal advice or, to use another formulation, unless they related to the rendition of 'professional legal services.'" *In re Chevron Corp.*, 749 F. Supp. 2d 141, 165 (S.D.N.Y. 2010) (footnotes omitted). "Lawyers sometimes act as lobbyists, and thus the issue has arisen as to whether the attorney-client and work-product privileges protect communications made and materials prepared in the course of a lawyer's lobbying efforts." *In re Grand Jury Subpoenas*, 179 F. Supp. 2d 270, 285 (S.D.N.Y. 2001). "Lobbying conducted by attorneys does not necessarily constitute legal services for purposes of the attorney-client privilege." *United States Postal Serv. v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 164 (E.D.N.Y. 1994).

---

[6] In a footnote, Eckert provides a list of documents to which it argues Judge Saporito applied this erroneous rule. (Doc. 367, p. 14 n.2.)

JA184

Of course, the inquiry is fact-specific. The fact that a lawyer occasionally acts as a lobbyist does not preclude the lawyer from acting as a lawyer and having privileged communications with a client who is seeking legal advice. . . . On the other hand, "[i]f a lawyer happens to act as a lobbyist, matters conveyed to the attorney for the purpose of having the attorney fulfill the lobbyist role do not become privileged by virtue of the fact that the lobbyist has a law degree or may under other circumstances give legal advice to the client, lobbying efforts." *Grand Jury Subpoenas*, 179 F. Supp. 2d at 285.

"Communications that merely summarize the content of public meetings or that relate to the status of lobbying efforts have been held not to be privileged where they do not rise to the level of legal advice." *Robinson*, 214 F.R.D. at 445; *see also Phelps Dodge*, 852 F. Supp. at 164. But "[i]f a lawyer who is also a lobbyist gives advice that requires legal analysis of legislation, such as interpretation or application of the legislation to fact scenarios, that is certainly the type of communication that the privilege is meant to protect." *Robinson*, 214 F.R.D. at 446. Ultimately, we must look to see whether the primary or predominant purpose of the communication was to procure legal advice, as opposed to legislative, lobbying, or public relations services. *See Burton v. R.J. Reynolds Tobacco Co., Inc.*, 170 F.R.D. 481, 484 (D. Kan. 1997) ("Legal advice must predominate for the communication to be protected. The privilege does not apply where the legal advice is merely incidental to business advice. Lobbying services performed by an attorney on behalf of a client do not constitute legal services for purposes of the attorney-client privilege.") (citations omitted); *see also Chevron*, 749 F. Supp. 2d at 165; *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 126, 129 (N.D.N.Y. 2007); *Robinson*, 214 F.R.D. at 446.

(Doc. 353, pp. 25–27.)

Judge Saporito then applied these rules to communications concerning

proposed legislation and other legislative, lobbying, and policy communications.

(Doc. 353, pp. 30–92.) In doing so, Judge Saporito concluded that the subject

matter of the communications at issue "concern[ed] legislative, political, or policy

10

JA185

advice only—not *legal* advice—and thus . . . is not protected by attorney client privilege." (*Id.* at 30 (citing *In re Lindsey*, 148 F.3d 1100, 1106 (D.C. Cir. 1998)).)

Judge Saporito did not apply a *per se* rule. This argument, raised by Eckert and Parx, fails. It is not supported by Judge Saporito's explicit language. Nor is it supported implicitly by Judge Saporito's analysis. Instead, the court finds that Judge Saporito conducted a fact-specific inquiry to determine whether each of the communications at issue concerned legal advice. In doing so, Judge Saporito distinguished legal advice from legislative, political, or policy advice. But he did not state or imply that legal advice and the latter categories of advice are mutually exclusive. Rather, he merely found that certain at-issue communications contained various types of advice—none of them legal.

### 2. Judge Saporito did not err in finding that PRIV-00106, PRIV-00107, PRIV-00108, and PRIV-00900 are not protected by attorney-client privilege.

Eckert argues that Judge Saporito erred in not finding that attorney-client privilege protected documents in which Eckert engaged in preparing for possible testimony before a legislative body. (Doc. 367, pp. 16–17.) Specifically, he erred in not finding that PRIV-00106, PRIV-00107, PRIV-00108, and PRIV-00900 were protected on this basis. (*Id.*) Citing a treatise, which in turn cited *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978), Eckert argues that other courts have found such communications privileged. (*Id.* (quoting Paul

11

R. Rice, 1 Attorney-Client Privilege in the U.S., § 7.20 ("The work considered legal assistance by the court included preparation for possible testimony [and] analysis of the probable legal consequences and antitrust considerations of the proposed legislation.")).) Eckert also points out that the same treatise has relied on *Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1 (2016). (*Id.* (quoting Rice, 1 Attorney-Client Privilege in the U.S., § 7.20 ("If a lawyer who is also a lobbyist gives advice that requires legal analysis of legislation, such as interpretation or application of the legislation to fact scenarios, that is certainly the type of communication that the privilege is meant to protect.")).)

POM distinguishes *Westinghouse* in two important ways. (Doc. 373, pp. 11–13.) First, *Westinghouse* did not center on attorney-client privilege. Instead, it concerned an attempt to disqualify a law firm from representing a client in antitrust litigation. 580 F.2d at 1312–13. The attempt to disqualify was rooted in a conflict of interest which arose from the firm's prior legislative efforts. *Id.* at 1313–14.

Second, *Westinghouse* does not stand for the proposition that legislative or lobbying advice qualifies as legal advice. (Doc. 373, pp. 12–13.) Rather, in *Westinghouse,* in preparing for the possible testimony, the law firm was "analyzing the probable legal consequences." *Id.* at 1313. That is to say, the conflict of interest did not arise because the firm was helping a client prepare for testimony.

12

JA187

Rather, the conflict arose because the firm was providing legal advice. That advice took the form of analyzing probable legal consequences of the proposed legislation, though it may have been interwoven with the firm's preparation for possible testimony.

Eckert does not raise any specific factual error that Judge Saporito purportedly committed with respect to PRIV-00106, PRIV-00107, and PRIV-00108. It merely asserts that these documents related to the preparation of possible testimony before a legislative body. (Doc. 367, p. 16.) That alone is not the basis for attorney-client privilege. And Eckert does not raise any other argument to convince this court that Judge Saporito erred.

Eckert raises the same argument regarding PRIV-00900. But PRIV-00900 contains no legal advice, nor was it conveyed for the purpose of providing or obtaining legal advice. It is correspondence seeking feedback on proposed written testimony to be provided to a state legislative committee. The correspondence does not include, seek, or relate to legal advice. Neither does the attached proposed testimony. And, unlike in *Westinghouse*, here the preparation for testimony does not involve or contain legal advice or analysis. Although preparation for testimony before a legislative body can be protected by attorney-client privilege, such is not the case here. For these reasons, the court will deny

13

JA188

Eckert's appeal with respect to PRIV-00106, PRIV-00107, PRIV-00108, and PRIV-00900.

### 3. Judge Saporito did not err in finding that PRIV-0074 was not protected by attorney-client privilege.

Eckert argues that PRIV-0074 should be protected by attorney-client privilege because it analyzes whether proposed legislation would satisfy a particular legal standard. (Doc. 367, p. 16.) As Judge Saporito noted, PRIV-0074 consists of "email messages exchanged between Eckert attorneys Stewart, Burns, and Yocum concerning draft electronic skill game legislation." (Doc. 353, p. 33.) It also "forwards an email message from Stewart to two Parx executives and attorney-lobbyists Gmerek and Schafer describing the 'gist of the bill.' The attached draft legislation proposed amending 18 Pa. Cons. Stat. Ann. § 5513 to ban electronic skill games altogether." (*Id.*)

The court finds that the majority of this communication does not relate to legal advice or analysis. Instead, it solely "concerns legislative, political, or policy advice only—not *legal* advice—and thus [is] not protected by attorney-client privilege." (*Id.*) There is an exception to this characterization. The sixth bullet point on the first page of PRIV-0074 does pertain to a legal analysis of the proposed legislation.

However, under the standard Judge Saporito applied, it was appropriate to conclude that attorney-client privilege did not apply. Under the standard set forth

14

JA189

in *Burton v. R.J. Reynolds Tobacco Co., Inc.*, "[l]egal advice must predominate for the communication to be protected. The privilege does not apply where the legal advice is merely incidental to business advice. Lobbying services performed by an attorney on behalf of a client do not constitute legal services for purposes of the attorney-client privilege." 170 F.R.D. 481, 484 (D. Kan. 1997). Judge Saporito expressly relied on that standard. (Doc. 353, p. 26.)

Eckert and Parx have not asserted that such reliance is incorrect. Eckert relies on a case that implicitly invokes the same standard. (Doc. 367, p. 13 (citing *Vacco v. Harrah's Operating Co.*, No. CIV. A 1:07-CV-0663, 2008 WL 4703719 (N.D.N.Y. Oct. 29, 2008); *see Vacco's*, 2008 WL 4703719, at \*8 (finding that attorney-client privilege applied in part because the law firm's services to the client were primarily legal in nature).) And Parx explicitly relies on the predominant purpose standard:

> The complete lawyer may well promote and reinforce the legal advice given, weigh it, and lay out its ramifications by explaining: how the advice is feasible and can be implemented; the legal downsides, risks and costs of taking the advice or doing otherwise; what alternatives exist to present measures or the measures advised; what other persons are doing or thinking about the matter; or the collateral benefits, risks or costs in terms of expense, politics, insurance, commerce, morals, and appearances. ***So long as the predominant purpose of the communication is legal advice, these considerations and caveats are not other than legal advice or severable from it.*** . . . [I]t should be assessed dynamically and in light of the advice being sought or rendered, as well as the relationship between advice that can be

15

rendered only by consulting the legal authorities and advice that can be given by a non-lawyer.

(Doc. 366, pp. 13–14 (emphasis added by Parx) (quoting *In re Cty. Of Erie*, 473 F.3d 413, 420–21 (2d Cir. 2007)).)

Eckert and Parx have not contested the validity of the predominant purpose standard. The predominant purpose of PRIV-0074 was not legal advice. Therefore, attorney-client privilege does not apply. The court will deny the appeals with respect to PRIV-0074.

### B. Judge Saporito erred in finding that attorney-client privilege did not apply to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6.

Parx and Eckert argue that Judge Saporito missaplied the legal standard with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6. (Doc. 366, p. 15; Doc. 367, pp. 17–19.)[7] A review of these documents shows that Parx and Eckert are correct. Judge Saporito was correct in finding that these communications concerned legislative strategies for outlawing skill games. (Doc. 353, p. 66.) But he was incorrect in finding that they concerned legislative, political, or policy advice only—not legal advice. (*Id.* at 66–67.) Rather, in the context of providing legislative advice, these communications do

---

[7] Of note, the page numbers that Parx and Eckert use appear to correspond to the page numbers of the memorandum attached to the email correspondence. Parx and Eckert seek to shield the first, sixth, and occasionally second, pages of the legislative strategy memorandum.

16

provide legal analysis and advice. These communications circulate a legislative strategy memorandum. That memorandum addresses how to achieve legislative objectives within the context of existing state law. The memorandum's application of legislative objectives to the existing legal framework constitutes legal advice. Furthermore, legal advice was the predominant purpose of the specific pages that Parx and Eckert identify. No other portions of these documents consist of legal advice. Nor do Parx or Eckert explain any reason for why the other portions should be protected.

Because they have shown that Judge Saporito erred with respect to these communications, the court will grant the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6.

### C. Judge Saporito did not err in finding that PRIV-00958 and PRIV-00960 were not protected by attorney-client privilege.

Next, Eckert argues that Judge Saporito applied the wrong confidentiality standard. (Doc. 367, pp. 19–20.) As a result, when he applied this incorrect standard to PRIV-00958 and PRIV-00960, he improperly found that they were not protected by attorney-client privilege.[8] (*Id.*) Specifically, Judge Saporito found that these communications were email messages from an Eckert attorney to Parx executives and a Parx lobbyist and they related to legislative strategy. (Doc. 353,

---

[8] In a footnote, Eckert asserts that Judge Saporito applied this incorrect standard to a large number of other documents. (Doc. 367, p. 21 n.4.)

17

JA192

pp. 88–89.)  Judge Saporito concluded that, although the legislative strategy outline attached to the emails "was prepared with some client input and conveyed in confidence," the subject matter was not legal advice and therefore not protected by attorney-client privilege.  (*Id.* at 89.)  He also noted that "there is nothing in the record before us to suggest that this communication involved confidential facts disclosed by the client to the attorney."  (*Id.*)  Eckert argues that Judge Saporito erred by requiring a communication to involve "confidential facts disclosed by the client" for it to be protected by attorney-client privilege.  (Doc. 367, pp. 19–20.)

Eckert argues that attorney-client privilege "applies to *all* information conveyed by clients to their attorneys for the purpose of drafting documents to be disclosed to third persons and all documents reflecting such information, to the extent that such information is not contained in the document published and is not otherwise disclosed to third persons."  (*Id.* at 20 (quoting *U.S. Healthcare, Inc. Sec. Litig.*, 1989 WL 11068, at *2 (E.D. Pa. Feb. 7, 1989)).)  For that reason, Eckert asserts that Judge Saporito was incorrect when he found that communications were not privileged because "nothing in the record" suggested that the communications "involved confidential facts disclosed by the client to the attorney."  (Doc. 353, pp. 88–89; Doc. 367, pp. 20–21.)

18

JA193

POM argues that Eckert's arguments fail for two reasons.[9]  First, Eckert has failed to bear its burden and show that the communications at issue were confidential.  (Doc. 373, p. 20 (citing *Gillard*, 15 A.3d at 59.)  To "sustain this burden . . . [Eckert] must show, by record evidence such as affidavits, sufficient facts as to bring the communications at issue within the narrow confines of privilege."  *Twp. of Neshannock*, 181 A.3d at 474.  Second, because neither of these documents involved legal advice, they are not privileged.  (Doc. 373, p. 20 (citing *Carlino E. Brandywine, L.P. v. Brandywine Village Assocs.*, 301 A.3d 470, 479 (Pa. Super. Ct. 2023)).)

PRIV-00958 and PRIV-00960 do not concern legal advice.  And Eckert has not pointed to any binding Pennsylvania appellate court decision finding that attorney-client privilege extends to communications beyond those made for the purpose of obtaining or providing legal advice.  Rather, Pennsylvania courts apply attorney-client privilege to confidential communications "made for the purpose of obtaining or providing professional legal advice."  Gillard, 15 A.3d at 59; *Carlino*,

---

[9] More generally, POM also argues that Judge Saporito did not err in applying the confidentiality standard.  POM concedes that the "confidential facts" requirement which Judge Saporito used, although not explicitly overruled, is no longer used by Pennsylvania courts.  (Doc. 373, p. 17–18 & n.5.)  Even so, POM argues that Eckert has not shown clear error or a decision contrary to law.  The "confidential facts" phrasing that Judge Saporito used is quite similar to the "confidential information" language that comes from *U.S. Healthcare*—the only legal authority upon which Eckert relies.

19

JA194

301 A.3d at 479.  Because attorney-client privilege does not attach to PRIV-00958 and PRIV-00960, the court will deny Eckert's appeal with respect to them.

### D. Judge Saporito did not err in finding that PRIV-00949 is not protected by attorney-client privilege.

Eckert argues that Judge Saporito erred by overruling its assertion of attorney-client privilege to PRIV-00949.  (Doc. 367, pp. 21–22.)  Omitting footnotes, Judge Saporito analyzed the communication as follows:

> PRIV-00949 [] is an email exchange between Eckert attorneys Stewart and Hittinger regarding the status of the skill games ban enacted in Virginia and related implications for the casino groups' legislative efforts in Pennsylvania.  The subject matter of these communications concerns legislative, political, or policy advice only— not legal advice—and thus they are not protected by attorney-client privilege.  *See In re Lindsey*, 148 F.3d at 1106; *Martin*, 136 F.R.D. at 426.  Moreover, there is nothing in the record before us to suggest that these communications involved any confidential client information, nor any communication whatsoever to or from a client.  *See Chmiel*, 889 A.2d at 599; *Slusaw*, 861 A.2d at 273.  Accordingly, the objection to production of PRIV-00949 [] on attorney-client privilege grounds is overruled.

(Doc. 353, pp. 86–87.)

Eckert argues that Judge Saporito erred in determining that the communication was not privileged due to the absence of "any communication whatsoever from a client."  (Doc. 367, p. 22.)  It further argues that the emails in this communication were "between attorneys in the same office concerning the representation of a client, utilizing confidential information provided by that client."  (*Id.* at 24 (quoting *Cedrone v. Unity Sav. Ass'n*, 103 F.R.D. 423, 429 (E.D.

20

Pa. 1984)).) Eckert asserts that confidential client information appears in the uppermost emails of the thread. (*Id.* at 24.) According to Eckert, in those emails, Eckert attorneys pose and answer a question regarding what Eckert's clients would accept. (*Id.*) Eckert argues that "there is no plausible source of that information other than the referenced clients themselves." (*Id.*)

POM counters that Eckert's assumption about the source of the information is insufficient to show that Judge Saporito's factual findings were clearly erroneous. (Doc. 373, p. 21.) Eckert must show that the client was the source of the information, and that information was confidential. (*Id.*)

Having reviewed the communications contained in PRIV-00949, the court finds that Eckert has not met its burden. There is no indication that the emails contained in this thread include any information that came from an Eckert client. Moreover, a review of PRIV-00949 does not support Eckert's assertion that Judge Saporito erred in concluding that the communications did not concern legal advice. Because Eckert has failed to bear its burden, the court will deny Eckert's appeal insofar as it relates to PRIV-00949.

### E. Judge Saporito did not err in finding that the fourth, fifth, and sixth paragraphs of PRIV-00366 are not protected by attorney-client privilege.

Eckert argues that Judge Saporito erred in concluding that the fourth, fifth, and sixth paragraphs of PRIV-00366 were outside the scope of attorney-client

21

JA196

privilege.  (Doc. 367, pp. 24–25.)  Eckert argues that these paragraphs "discuss strategic considerations relating to proposed legislation, which . . . is not a subject matter excluded from the scope of attorney-client privilege."  (*Id.* at 24.)  Additionally, Eckert asserts that the sixth paragraph presents opinions and sets forth defense tactics, which weighs in favor of finding that privilege extends to that portion of the document.  (*Id.* at 24–25 (quoting *U.S. Fid. & Guar. v. Barron Indus., Inc.*, 809 F. Supp. 355, 364 (M.D. Pa. 1992)).)

The court finds that Judge Saporito was correct in finding that the fourth, fifth, and sixth paragraphs of PRIV-00366 do not concern legal advice.  The court denies Eckert's appeal insofar as it relates to the fourth, fifth, and sixth paragraphs of PRIV-00366.

**F. Judge Saporito did not err in finding that PRIV-00493, PRIV-00495, PRIV-00496, and PRIV-00497 are not protected by attorney-client privilege.**

Eckert argues that Judge Saporito erred in concluding that PRIV-00493, PRIV-00495, PRIV-00496, and PRIV-00497 were not protected by attorney-client privilege.  (Doc. 367, p. 25.)  Eckert asserts that Judge Saporito erred in three ways.  First, he concluded that legislative advice was categorically excluded from the scope of attorney-client privilege.  (*Id.*)  Second, he failed to appreciate that the email thread contained in this communication presented opinions and set forth defense tactics, which suggest the finding of privilege.  (*Id.* (citing *Barron*, 809 F.

22

Supp. at 364).)  Third, Judge Saporito applied a "confidential client information" standard rather than recognizing that privilege "applies to all information conveyed by clients to their attorneys for the purpose of drafting documents to be disclosed to third persons and all documents reflecting such information, to the extent that such information is not contained in the document published and is not otherwise disclosed to third persons." (*Id.* at 26 (quoting *U.S. Healthcare*, 1989 WL 11068, at *2).)

With respect to Eckert's first argument, as noted above, Judge Saporito did not exclude legislative advice from the scope of attorney-client privilege.  He merely distinguished between the two types of advice.  Nothing in Judge Saporito's memorandum or order suggested that legislative advice cannot overlap with legal advice.  And in these documents, he properly determined that their contents did not include or concern legal advice.

POM points out that Eckert does not assert that these communications contain legal advice.  (Doc. 373, p. 23.)  Rather, it asserts that they contain confidential information provided for the purpose of presenting opinions and defense tactics.  (*Id.*)  But Eckert has not presented authority applying attorney-client privilege to information unrelated to legal advice.

The court finds that these communications do not relate to legal advice. Eckert has failed to show clear error.  These communications represent updates

23

JA198

regarding legislative affairs and strategy, lobbying, and public relations. They neither contain nor implicate legal advice. The court will deny Eckert's appeal with respect to PRIV-00493, PRIV-00495, PRIV-00496, and PRIV-00497.

## CONCLUSION

For the reasons stated above, the court will grant in part and deny in part the appeals to Judge Saporito's order. Specifically, the court will grant the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6, but will otherwise deny the appeals. An appropriate order will follow.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: April 29, 2024

24

JA199

# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC.    )
           ) [ELECTRONICALLY FILED]
      *Plaintiff,* )
           ) Docket No. 20-292
    *vs.*     )
           ) JUDGE WILSON
ECKERT, SEAMANS, CHERIN )
& MELLOT, LLC    ) CHIEF MAGISTRATE JUDGE
           ) JOSEPH F. SAPORITO, JR.
      *Defendant.* )

## COMBINED MOTION OF GREENWOOD GAMING & ENTERTAINMENT, INC., D/B/A PARX CASINO FOR A STAY AND RECONSIDERATION OR CERTIFICATION OF APPEAL PURSUANT TO 28 U.S.C. § 1292

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), moves for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM.

JA200

1.     POM initiated the above matter by filing a complaint against Eckert Seamans Cherin & Mellot, LLC ("Eckert").

2.     The complaint alleges that Eckert breached a fiduciary duty to POM.

3.     POM served discovery requests on Eckert calling for, among other things, confidential and privileged communications between Parx and Eckert and the attorney work-product of lawyers and/or law firms representing Parx.

4.     Eckert lodged objections based on attorney-client privilege and attorney work product and produced a privilege log.

5.     The Court assigned the dispute to Chief Magistrate Judge Saporito.

6.     Magistrate Judge Saporito ordered that approximately 120 should be produced over Eckert's privilege objections.

7.     Parx as the non-party privilege holder appealed and supported its appeal with briefing and a declaration. *See, e.g.*, Docs. 362, 366, 366-1, and 374.

8.     On April 29, 2024, this Court affirmed in part and reversed in part, holding that the privilege applied to a few pages out of 4 legal

2

JA201

memos but otherwise upheld the magistrate judge's order to disclose the remaining documents. *See* Docs. 382 and 383.

9. At the outset, Parx requests that the Court stay the order pending resolution of reconsideration or any ensuing appeal for the reasons set forth in the accompanying brief, incorporated here by reference.

10. The Court should reconsider its decision to correct manifest errors of law or fact.

11. The Court's opinion and order affirming Chief Magistrate Judge Saporito's decision is based on manifest errors of law and fact as described in more detail in the accompanying brief, incorporated here by reference.

12. If the Court is not inclined to grant reconsideration, then Parx requests that the Court certify its order for appeal pursuant to 28 U.S.C. § 1292.

13. The Court may certify an order for immediate appeal if (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate

3

JA202

appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b).

14. As the Supreme Court explained with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009).

15. The Court's decision involves the novel question of whether "legal advice" includes "legislative advice" for purposes of the attorney-client privilege.

16. There is substantial grounds for disagreement over whether "legal advice" includes "legislative advice" for purposes of the attorney-client privilege.

17. The resolution of that issue now will determine whether and to what extent Parx's privileged information should be part of the record in this case.

4

18.    Accordingly, if the Court does not reconsider its decision to order the disclosure of Parx's privileged communications, the Court should certify the order for appeal under 28 U.S.C. § 1292 so the Third Circuit may weigh in on the issue substantially as follows:

> Lawyers frequently advise clients about legislative and public policy matters, including analysis and strategy regarding pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, preparing testimony for legislative hearings, summarizing legislative efforts, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law.

> In a case of first impression, does this type of "legislative" advice constitute "legal advice" that is protected by the attorney-client privilege?

JA204

WHEREFORE, the Court should grant Parx's motion to stay and for reconsideration or certify the order for appeal and order such other and further relief as the Court deems necessary or appropriate. Parx incorporates its brief in support filed contemporaneously with this motion. Parx has attached proposed orders for a stay and reconsideration or certification.

May 13, 2024

Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming &
Entertainment, Inc., d/b/a Parx
Casino*

6

## CERTIFICATE OF NON-CONCURRENCE

I hereby certify that the defendants concur in the motion and relief

requested, but POM does not concur in the motion or the relief requested.

/s George A. Bibikos
George A. Bibikos

JA206

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I filed and served the foregoing electronically through the Court's ECF system such that counsel will be served automatically.

/s George A. Bibikos  
George A. Bibikos

- 2 -

JA207

# In the United States District Court for the Middle District of Pennsylvania

| | |
|---|---|
| PACE-O-MATIC, INC. | ) |
| | ) [ELECTRONICALLY FILED] |
| *Plaintiff,* | ) |
| | ) Docket No. 20-292 |
| *vs.* | ) |
| | ) JUDGE WILSON |
| ECKERT, SEAMANS, CHERIN | ) |
| & MELLOT, LLC | ) CHIEF MAGISTRATE JUDGE |
| | ) JOSEPH F. SAPORITO, JR. |
| *Defendant.* | ) |

## ORDER ON MOTION FOR STAY

AND NOW, this __ day of _____, 2024, upon consideration of the motion of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM, the motion is GRANTED. The order at Doc. 383 is STAYED pending reconsideration and any ensuing appeal.

JA208

_____

Wilson, J.

# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC. )
             ) [ELECTRONICALLY FILED]
      *Plaintiff,* )
             ) Docket No. 20-292
      *vs.* )
             ) JUDGE WILSON
ECKERT, SEAMANS, CHERIN )
& MELLOT, LLC ) CHIEF MAGISTRATE JUDGE
             ) JOSEPH F. SAPORITO, JR.
      *Defendant.* )

## ORDER ON MOTION FOR RECONSIDERATION

AND NOW, this __ day of _____, 2024, upon consideration of the motion of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM, the motion is GRANTED. The opinion and order at Docs. 382 and 383 respectively are hereby VACATED.  All documents identified in

JA210

Docs. 382 and 383 for production shall not be produced in whole or in part

to POM.

 

_____

Wilson, J.

# In the United States District Court for the Middle District of Pennsylvania

PACE-O-MATIC, INC. )
) [ELECTRONICALLY FILED]
*Plaintiff,* )
) Docket No. 20-292
*vs.* )
) JUDGE WILSON
ECKERT, SEAMANS, CHERIN )
& MELLOT, LLC ) CHIEF MAGISTRATE JUDGE
) JOSEPH F. SAPORITO, JR.
*Defendant.* )

## ORDER ON MOTION FOR CERTIFICATION

AND NOW, this ___ day of _____, 2024, upon consideration of the motion of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx"), for a stay and for reconsideration or certification pursuant to 28 U.S.C. § 1292 of the Court's order and opinion affirming Chief Magistrate Judge Saporito, Jr.'s decision that Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") must produce documents in its custody that contain Parx's privileged communications and turn them over to Pace-O-Matic, Inc. ("POM") in connection with the underlying dispute between Eckert and POM, and it appearing that:

  a. the order involves (1) a "controlling question of law" regarding "legislative" advice and the attorney-client privilege; (2)

JA212

"as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation" with respect to the privilege and judicial-estoppel issues; *see* 28 U.S.C. § 1292(b); and it further appearing that:

    b.    with respect to certifying orders adversely affecting privilege, "[t]he preconditions for §1292(b) review— 'a controlling question of law,' the prompt resolution of which 'may materially advance the ultimate termination of the litigation'—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases"; *see Mohawk Industries, Inc. v. Carpenter,* 558 U.S. 100, 110-11 (2009);

the motion for certification is GRANTED as to the following issue and any issues fairly subsumed therewith:

> Lawyers frequently advise clients about legislative and public policy matters, including analysis and strategy regarding pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, preparing testimony for legislative hearings, summarizing legislative efforts, making recommendations about legislation, evaluating whether proposed legislation withstands judicial

review, and evaluating the interests of the client in the event proposed legislation becomes law.

In a case of first impression, does this type of "legislative" advice constitute "legal advice" that is protected by the attorney-client privilege?

Except with respect to the issue certified for appeal and the non-parties, this matter shall not be stayed pending the Third Circuit's review.

_____

Wilson, J.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,        :        Civil No. 1:20-CV-00292

       Plaintiff,        :

       v.        :

ECKERT, SEAMANS CHERIN &    :
MELLOTT, LLC,

       Defendant.        :        Judge Jennifer P. Wilson

## **ORDER**

**AND NOW**, on this 14th day of May 2024, upon consideration of the

motion for reconsideration or certification and for a stay filed by third-party

Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"), Doc. 387,

**IT IS ORDERED THAT**:

1) The deadline for Defendants to produce discovery, set forth in

   Paragraph 4 of this court's April 29, 2024 order, Doc. 383, is

   **STAYED** pending briefing and resolution of Parx's motion.  (Doc.

   387.)  The decision to stay the deadline does not reflect any

   consideration of the potential merit of Parx's pending motion.

                                     s/Jennifer P. Wilson
                                       JENNIFER P. WILSON
                                       United States District Judge
                                       Middle District of Pennsylvania

JA215

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

**AND NOW**, on this 3rd day of July 2024, for the reasons stated in the accompanying memorandum, **IT IS ORDERED THAT**:

1) The motion for reconsideration or certification filed by Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"), Doc. 387, is **DENIED**;

2) This court's May 14, 2024 order, staying Defendant's production of discovery documents pending resolution of Parx's motion, is **LIFTED**;

3) However, given that Parx has apparently appealed the court's order to the Third Circuit, Docs. 394 and 395, the deadlines in Paragraph 4 of this court's order dated April 29, 2024, Doc. 383, are **STAYED** pending the resolution of Parx's appeal;

JA216

4) Within **14 days** of the Third Circuit resolving the appeal, Parx

   **SHALL** file notice, no longer than three pages, with this court to (1)

   notify the court of the Circuit's resolution and (2) address any other

   reason this court should not lift the stay of production.

5) Within **14 days** of Parx filing such notice, POM and Eckert shall each

   be permitted to file a response of no longer than three pages.

<br>

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS CHERIN & | : | |
| MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion filed by third-party Greenwood Gaming &

Entertainment, Inc. d/b/a Parx Casino ("Parx") to reconsider this court's

memorandum and order affirming in part and reversing in part United States

Magistrate Judge Joseph Saporito, Jr.'s resolution of a discovery dispute.

(Doc. 387.)

Defendants Eckert, Seamans, Cherin & Mellott, LLC; Kevin M. Skjoldal;

and Mark S. Stewart (collectively, "Eckert") and Parx previously appealed Judge

Saporito's decision regarding one of many discovery disputes. Following an *in

camera* review of 120 purportedly privileged documents, Judge Saporito's order

determined which documents were protected by privilege and which were not.

(Doc. 354.) Judge Saporito ordered the unprotected documents to be produced

within 21 days unless the ruling was appealed. (*Id.*) Defendants and Parx

appealed. (Docs. 361, 362.)

1

JA218

The court granted the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6,[1] but otherwise denied the appeals.  Parx now seeks reconsideration or certification for appeal. (Doc. 387.)

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff, Pace-O-Matic, Inc. ("POM"), initiated this action in February 2020 against Eckert for an alleged breach of fiduciary duty to POM.  (Doc. 1.)  POM alleges that this breach stems from Eckert's representation of both POM and a third-party competitor, Parx, in matters in which POM and Parx had competing and adverse commercial interests in the Commonwealth Court of Pennsylvania relating to POM's development, production, and licensure of electronic "skill games" sold in Pennsylvania.  (Doc. 166, pp. 1–2.)[3]

Eckert's representation of POM began in 2016 in Virginia and was limited to the state of Virginia despite POM's similar activity in Pennsylvania.  That was because Eckert represented Parx, a market competitor, in Pennsylvania.  (*Id.* at

---

[1]  These four documents are email communications with memoranda attachments.  When pin citing to these four documents, the court utilizes the page numbers at the bottom of the memoranda attached to the emails.

[2] Any additional factual recitation that is necessary for the discussion of each specific issue is included in the Discussion section of this Memorandum.

[3] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

JA219

3–4.) In the summer of 2018, POM filed two lawsuits in the Commonwealth Court of Pennsylvania through other counsel relating to the seizure and removal of some of its skill games in Pennsylvania.[4] (*Id.* at 3.) During this litigation in the Commonwealth Court, Parx, purportedly through its counsel, Hawke McKeon & Sniscak ("HMS") and Ballard Spahr, LLP ("Ballard"), filed amicus briefs in opposition to POM's position, as well as motions to intervene. (*Id.* at 4–5.) In January 2020, POM learned that Eckert was allegedly involved in some capacity with Parx's representation in the Commonwealth Court cases, assuming positions materially adverse to POM's position despite Eckert's ongoing representation of POM in Virginia. (*Id.* at 5.) After POM requested that Eckert withdraw from representing Parx in adverse litigation in Pennsylvania, Eckert instead withdrew from representing POM in Virginia. (*Id.*)

In his December 1, 2023 memorandum, Judge Saporito described the procedural history of the discovery dispute underlying the instant motion:

> This is one of a series of discovery disputes that the parties have been unable to resolve without a court ruling. *See, e.g., Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellott, LLC*, No. 20-cv-00292, 2021 WL 602733 (M.D. Pa. Feb. 16, 2021), *rev'd in part & remanded*, 2021 WL 1264323 (M.D. Pa. Apr. 6, 2021), *on remand*, 2021 WL 5330641 (M.D. Pa. Nov. 16, 2021), *aff'd*, 2022 WL 2441556 (M.D. Pa. July 5, 2022), *rev'd*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023).
>
> In response to Rule 34 requests for production served by POM, Eckert produced a 116-page privilege log describing 1,010 responsive

---

[4] These cases are located at docket numbers 418 MD 2018 and 503 MD 2018. (Doc. 166, p. 4.)

3

email messages withheld from disclosure, including the legal basis for withholding each document. Based on the information set forth in that privilege log, POM filed a letter challenging Eckert's assertion of attorney-client privilege and work-product protection with respect to 120 of these documents. (Doc. 295.) Eckert filed a responsive letter. (Doc. 298.)

Upon review of these letters, the presiding United States district judge granted the plaintiff's request for an *in camera* review of the documents at issue. She directed Eckert to submit copies of the challenged documents for in camera review. She also directed POM to file a reply letter. (Doc. 300.)

As directed, POM filed its reply letter (Doc. 304), and Eckert submitted a tabbed binder containing copies of the 120 challenged documents for in camera review (see Doc. 305). Shortly thereafter, the discovery dispute was referred to the undersigned United States magistrate judge for resolution. (Doc. 313.)

(Doc. 353, pp. 2–3.)  The initial discovery dispute was litigated solely between POM and Eckert.  The court referred this discovery dispute to Judge Saporito on June 28, 2023.  (Doc. 313.)

On December 1, 2023, following an *in camera* review of the disputed documents and the parties' briefs, Judge Saporito issued a memorandum and order resolving which documents were protected by privilege and which were not. (Docs. 353, 354.)  In his order, Judge Saporito sustained in part the assertions of privilege regarding four documents.  (*Id.*)  He determined that the majority of documents were not protected from production and ordered the unprotected documents to be produced within 21 days unless the ruling was appealed.  (*Id.*)

4

JA221

On December 15, 2023, Eckert and Parx appealed Judge Saporito's decision.[5] (Docs. 361, 362.) In their appeals, they asserted that Judge Saporito's order was clearly erroneous and contrary to law in ruling that the documents were not protected from disclosure by attorney-client privilege and the federal work-product doctrine. (Doc. 361, pp. 2–3; Doc. 362, p. 3.)

On April 29, 2024, this court affirmed in part and reversed in part Judge Saporito's decision. (Doc. 383.) The court ordered the production of all of the documents at issue, instructing that PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 should be redacted. (*Id.*) On May 13, 2024, Parx filed the instant motion asking the court to reconsider its order or otherwise certify it for appeal to the Third Circuit. (Doc. 387.) Meanwhile, Parx requested that the court stay its order for production, which the court did on May 14, 2024. (Doc. 390.) While this motion was pending, Parx filed a notice of appeal on May 28, 2024. (Doc. 394.) The motion for reconsideration has been briefed and is ripe for disposition. (Docs. 388, 393, 396.)

### STANDARD OF REVIEW

A party seeking reconsideration of a district court's order must show either (1) "an intervening change in the controlling law"; (2) the availability of new

---

[5] Despite not having litigated the underlying discovery dispute, Parx appealed Judge Saporito's decision. No party protested Parx's appeal on this basis.

JA222

evidence that was not available when the court issued its prior order; or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration "cannot be used to reargue issues that the court has already considered and disposed of." *McSparren v. Pennsylvania*, 289 F. Supp. 3d 616, 621 (M.D. Pa. 2018) (citing *Blanchard v. Gallick*, No. 1:09-CV-01875, 2011 WL 1878226 at *1 (M.D. Pa. May 17, 2011)). Additionally, a motion for reconsideration "may not be used to present a new legal theory for the first time" or "to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. PA. 2020) (citing *Vaidya Xerox Corp.*, No. 97-CV-00547, 1997 WL 732464, *2 (E.D. Pa. Nov. 25, 1997)). A "mere disagreement" with a court's legal conclusion is not a sufficient basis for reconsideration. *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 73 F. Supp. 3d 488, 491 (M.D. Pa. 2014) (citing *Mpala v. Smith*, No. 3:06-CV-00841, 2007 WL 136750, at *2 (M.D. Pa. Jan. 16, 2007)).

Although a court may reconsider a prior order based on a party's motion, motions for reconsideration "should be granted sparingly as federal courts have a strong interest in the finality of judgments." *Kitzmiller v. Dover Area Sch. Dist.*, 388 F. Supp. 2d 484, 488 (M.D. Pa. 2005). The decision of whether to grant a

6

JA223

motion for reconsideration is left to the discretion of the district court. *Le v. Univ. of Pa.*, 321 F.3d 403, 405 (3d Cir. 2003).

## DISCUSSION

## A. Reconsideration

Parx argues that this court should reconsider for five reasons, all of which are based on purportedly manifest errors of law and fact. (Doc. 388, pp. 10–24.) The court will consider each argument in turn.

### 1. Parx's argument regarding legislative advice fails.

Parx argues that this court erred by concluding that there is a difference between legislative advice and legal advice. (Doc. 388, p. 10.) While admitting that "Pennsylvania courts have yet to weigh in," Parx insists that this court has erred in finding that legislative and legal advice are distinct.[6] (*Id.* at 11.) Parx further argues that this court was incorrect in its understanding of Judge Saporito's

---

[6] So the record is clear, Parx makes multiple arguments regarding the relationship between legislative and legal advice for purposes of attorney-client privilege. First, Parx argues that the two are not mutually exclusive. (Doc. 388, p. 6.) The court agrees. Second, Parx argues that the court effectively found that the two are mutually exclusive. (*Id.* ("[T]he Court sub silentio endorsed a per se approach to the privilege analysis that exposes far more of Parx's privileged materials to public disclosure than it should.").) The assertion that this court applied a per se approach is demonstrably incorrect. The court found that portions of PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 were protected by attorney-client privilege. (Doc. 382, pp. 16–17; Doc. 383.) The court found that these documents, which concern legislative strategy, also concern legal advice. (Doc. 382, pp. 16–17 ("These communications circulate a legislative strategy memorandum. That memorandum addresses how to achieve legislative objectives within the context of existing state law. The memorandum's application of legislative objectives to the existing legal framework constitutes legal advice.")) Third, Parx argues that advice from lawyers on legislative matters is *per se* legal advice, though it admits that no Pennsylvania court has found as such. (Doc. 388, pp. 10–11.)

JA224

ruling. (*Id.*)  Though this court apparently misapprehended his ruling, Parx asserts that Judge Saporito erroneously "created a *per se* rule" determining that legislative advice could *never* constitute legal advice. (*Id.*)

Regarding the purported factual errors, Parx merely disagrees with this court's reading of Judge Saporito's memorandum. Because the court was not persuaded by this argument the first time, Parx seeks reconsideration to air its argument a second time. But, Parx points to no error.

Parx's legal argument likewise falls flat. It argues that this court erred. But Parx concedes that no binding case law supports its assertion of error. Nor does it point to any binding or persuasive authority for the proposition that legislative advice is per se legal advice.[7]  The court will deny Parx's motion regarding legislative advice.

### 2. The court erred in overlooking Parx's declaration, but the error was harmless.

Parx next argues that this court erred by overlooking the declaration, which it provided on appeal to support its privilege claim. (*Id.* at 14.) In its reply brief in

---

[7] Indeed, for most of the cases cited by Parx, there is no explanation whatsoever as to the legal significance. (Doc. 388 (citing *Weissman v. Fruchtman*, No. 83 Civ. 8958, 1986 WL 15669, at *15 (S.D.N.Y. Oct. 31, 1986); *Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978); *Harrington v. Freedom of Info. Comm'n*, 323 Conn. 1, 24 (2016)).)  In its prior memorandum, the court addressed two of these cases. (Doc. 382, pp. 11–14 (explaining why *Westinghouse* and *Harrington* were inapplicable to certain documents that Eckert argued were protected by attorney-client privilege).)  Yet, in its current motion, Parx provides no explanation for how the court erred in its discussion of these cases.

8

support of its appeal from Judge Saporito's decision, Parx pointed to this sworn declaration, referring to it as an affidavit. (Doc. 374, p. 6.) When the court denied Parx's appeal, it stated that Parx had first raised the issue of an affidavit in its reply. (Doc. 382, p. 7 n.5.) The court concluded, therefore, that Parx had waived the issue. (*Id.*) But, in fact, Parx had raised the issue in its initial brief in support of its appeal, where it cited to a sworn declaration. (Doc. 366, p. 6 & n.1; Doc. 366-1.)

Accordingly, this court erred by not recognizing that Parx had referenced its sworn declaration with its initial supporting brief. But, upon further analysis, that error was harmless.

In support of its appeal from Judge Saporito's decision, Parx presented a declaration to support its claim of attorney-client privilege. (Doc. 366, p. 6 n.1 & Doc. 351-1.) Parx first filed the declaration on November 21, 2023, in connection with another discovery dispute in this case. (Doc. 351-1.) This declaration was docketed nearly five months after the court referred the instant dispute to Judge Saporito, on June 28, 2023. (Doc. 313.) In presenting its appeal, Parx "recognize[d] that the declaration has been submitted with another filing but note[d] for the Court's consideration that this appeal is the first opportunity for the company to weigh in on the latest discovery order and therefore must rely on the extant record to support it." (Doc. 366, p. 6 n.1.) In effect, Parx asks this court to

9

consider evidence on appeal that was not presented to Judge Saporito in the

original discovery dispute.[8]

---

[8] The court seeks to clarify one issue for the record. In opposing Parx's appeal, POM argues that the declaration is inconsequential, because this court conducted a document-by-document review of all of the documents at issue. (Doc. 393, p. 7.) To be clear, based on the arguments that Parx and Eckert presented on appeal, the court did not conduct an *in camera* review of all 120 documents. The court did not perceive that such a review was necessary based on the arguments that were presented.

On appeal, Parx effectively raised four arguments. First, it argued that all of the documents are protected based on its declaration. (Doc. 366, pp. 10–12.) Second, it argued that Judge Saporito erred by concluding that legislative advice cannot be legal advice per se. (*Id.* at 13, 19.) Third, it argued that the documents are protected because legislative advice is per se legal advice. (*Id.* at 13–15 ("The question then becomes whether 'legislative advice' – for example, advice on pending legislation, drafting proposed legislation, monitoring and reviewing legislative efforts, and related matters – constitutes 'legal advice' that is protected from disclosure.").) The court perceived this argument to hinge on the legal issue of whether legislative advice constitutes legal advice. (Doc. 366, p. 15 (Parx arguing "[a]s in these cases, the documents at issue reflect legal analysis of existing and proposed legislation at both the state and local level.").) The court did not find it necessary to conduct an in camera review of all 120 documents to address the legal question of whether the authorities Parx presented stood for the proposition that legislative advice was per se legal advice.

However, interspersed within its third argument, Parx also argued that "[f]or example, documents reflect analysis of legal consequences associated with certain pending legislation," and Parx cited nine documents as examples. (*Id.*) Parx did not specify *which* documents reflect such analysis beyond the examples it provided. (*Id.*) The court perceived this argument as a qualitatively different argument from the third explained above and addressed it as a separate argument. This separate argument did not merely implicate "advice on pending legislation" and argue that such advice was legal advice. Instead, it asserted that "documents" reflected "analysis of legal consequences" associated with consequences of pending legislation. It was not arguing that legislative advice was per se legal advice. Instead, it was asserting that certain documents contained legal advice in the form of analyzing the legal consequences of, among other things, pending legislation. The court did not perceive this argument as extending to *all* of the documents then on appeal, but rather the documents specifically referenced by Parx. Accordingly, the court reviewed the nine documents Parx cited. The court found that five were not protected by privilege and four were partially protected. Although the court conducted additional in camera review in response to Eckert's appeal, it concluded that no further review was required to adjudicate Parx's arguments.

10

Under Pennsylvania law, "[w]hether attorney-client privilege protects a particular communication is a question of law." *Yocabet v. UPMC Presbyterian*, 119 A.3d 1012, 1019 (Pa. Super. Ct. 2015) (quoting *In re Thirty-Third Statewide Investigating Grand Jury*, 86 A.3d 204, 215 (Pa. 2014)). This court reviews matters of law de novo on appeal from non-dispositive orders of a magistrate judge. *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (citing *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir. 1992)).

Parx has presented no authority for its argument that a court must consider new evidence when reviewing a matter of law being appealed from a non-dispositive order by a magistrate judge. (Doc. 366, p. 6 n.1.) The court has not found any authority directly on point. Federal Rule of Civil Procedure 72(a), governing non-dispositive pretrial orders by magistrate judges, is silent on the issue. But Rule 72(b), governing dispositive motions handled by magistrate judges, offers helpful guidance.

When reviewing a magistrate judge's opinion on dispositive motions and prisoner petitions, the "district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In addressing Rule 72(b), the Notes of Advisory Committee on Rules—1983 noted that "[t]he term 'de novo' signifies that the magistrate's findings are not protected by the clearly erroneous doctrine, but does not indicate that a second

11

JA228

evidentiary hearing is required." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. This suggests that when making de novo determinations, the district court need not include new evidence in its deliberations. If the court need not consider new evidence when reviewing dispositive motions, it seems illogical that it would be required to do so for appeals of non-dispositive orders.

Because Parx presented its declaration with its supporting brief appealing Judge Saporito's decision, the court erred in stating that Parx had only done so in its reply. But this court was not obligated to consider this new evidence in any event.

Even if the declaration had been timely filed, Parx's declaration would be insufficient to bear its burden and show privilege in the documents now at issue. That is because the declaration was submitted in a different discovery dispute and makes no reference to the specific 120 documents at issue in this dispute.

### 3. Parx cannot raise a new argument for redaction.

Parx argues that, although this court applied the correct predominant-purpose test, it misapplied this test to PRIV-0074. (Doc. 388, p. 18.) This court found that "the majority of this communication does not relate to legal advice or analysis." (Doc. 382, p. 14.) The court found that one small portion of the document, the sixth bullet point on the first page, did pertain to a legal analysis. (*Id.*) But under the relevant legal standard, which Parx concedes was correct to

12

apply, "[l]egal advice must predominate for the communication to be protected. The [attorney-client] privilege does not apply where the legal advice is merely incidental to business advice." (*Id.* at 15 (quoting *Burton v. R.J. Reynolds Tobacco Co., Inc.*, 170 F.R.D. 481, 484 (D. Kan. 1997)).)

On appeal, Parx argued that PRIV-0074 was protected by attorney-client privilege. (Doc. 366, p. 15.) It made no argument in the alternative that, if the court disagreed and found that only portions of the document pertained to legal advice, a redacted copy should be produced.[9] POM argues that Parx may not raise this new alternative argument for redaction in its motion for reconsideration. (Doc. 393, pp. 8–9.) POM is correct. A motion for reconsideration "may not be used to present a new legal theory for the first time [or] to raise new arguments that could have been made in support of the original motion." *MMG Ins. Co. v. Guiro, Inc.*, 432 F. Supp. 3d 471, 474 (M.D. Pa. 2020).[10]

---

[9] Parx argues that it did make this argument on appeal from Judge Saporito's order. (Doc. 396, p. 9 (citing Doc. 374, pp. 4, 7, 10–11).) But the cited pages do not appear to address either redaction or PRIV-0074. Moreover, Doc. 374, to which Parx cites, was its reply brief on appeal. As Parx should be aware, "[a]rguments raised for the first time in a reply brief are generally waived." *Loving v. FedEx Freight, Inc.*, 2020 WL 2306901, at *14 (M.D. Pa. May 8, 2020) (citation omitted).

[10] Had Parx raised this issue on its initial appeal, the court would have considered it. The reason the court now rejects Parx's argument is because it has waived the issue.

Parx displays a knack for untimely developing its arguments. For example, in its reply brief for the instant motion, Parx presents a clear and cogent argument as to how this court should have applied the predominant purpose test and when and how redaction should be used. (Doc. 396, pp. 9–10.) But this argument, raised on reply, is deemed waived. Had it presented this argument earlier, it may well have prevailed. But its initial brief was cursory.

#### 4. The court rejects Parx' argument regarding PRIV-00679; PRIV-00684; PRIV-00685; and PRIV-00755.

In its appeal from Judge Saporito's decision, Parx made few specific arguments regarding specific documents that concerned specific legal advice. One exception to that is the following passage from Parx's brief in support of its appeal:

> [T]he documents at issue reflect legal analysis of existing and proposed legislation at both the state and local level. *See* Doc. 351-1, Ex. A, Bonner Decl. at ¶ 8. For example, documents reflect analysis of legal consequences associated with certain pending legislation, preparing testimony, making recommendations about legislation, evaluating whether proposed legislation withstands judicial review, and evaluating the interests of the client in the event proposed legislation becomes law. *See, e.g.*, PRIV-0074, PRIV-00106, PRIV-00107, PRIV-00108, PRIV-00900, PRIV-000679 at 6, PRIV-00684 at 2, 6; PRIV-00755 at 2, 6; PRIV-00685 at 2, 6, PRIV-000679 at 1, PRIV-00684 at 1, PRIV-00755 at 1, and PRIV-00685 at 1.

(Doc. 366, p. 15.)

In doing so, Parx specifically cited to pages 1 and 6 of PRIV-00679; pages 1, 2, and 6 of PRIV-00684; pages 1, 2, and 6 of PRIV-00685; and page 1 of PRIV-00755. Parx argued that these pages reflect legal analysis and thereby advice. The court agreed. (Doc. 382, p. 16.)

---

In another untimely argument, Parx asserts in its reply brief that "[e]ven if [it] did not specifically argue for redaction in the alternative, the Court is duty bound to order redactions of privileged information and should do so even without prompting in order to protect against disclosure of privileged information as prohibited by Fed. R. Civ. Pro. 26(b)(1) and Fed. R. Civ. Pro. 45(d)(3)(A)(iii)." (Doc. 396, p. 9.) Once again, this is an argument Parx could have included in its initial brief in support of its motion, but did not.

14

The court found that "legal advice was the predominant purpose of the specific pages that Parx and Eckert identify." (*Id.* at 17.) However, "[n]o other portions of these [four] documents consist of legal advice. Nor do Parx or Eckert explain any reason for why the other portions should be protected." (*Id.*) Therefore, the court granted the appeals with respect to PRIV-00679 at 1, 6; PRIV-00684 at 1–2, 6; PRIV-00685 at 1–2, 6; and PRIV-00755 at 1–2, 6. (Doc. 383, ¶¶ 2–3.) The court ordered that Defendants produce PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755 with redactions in accordance with its order and the findings of its memorandum. (*Id.* ¶ 4.) It ordered the production of the other documents at issue without redaction. (*Id.*)

Parx argues that it did not intend to protect only the cited pages of those documents. (Doc. 388, p. 20.) Instead, it sought to protect those documents in their entirety. (*Id.*) Citing *The Bluebook*, Parx argues that its use of the signal *e.g.* did not in any way limit its assertion of privilege to the pages it cited.[11] (*Id.* (citing *The Bluebook: A Uniform System of Citation* R. 1.2 (Columbia Law Review Ass'n et al eds., 19th ed. 2012)).) While the court appreciates the significance of the use of the signal *e.g.*, that does not eliminate Parx's burden as an appellant or movant to clearly explain to the court the relief it is seeking. Where Parx specifically cited

---

[11] Apparently for the court's benefit, Parx also provides an explanatory parenthetical of *The Bluebook*'s assessment that, when using *e.g.*, additional citation is unnecessary. (Doc. 388, p. 20.)

15

certain documents purportedly containing legal advice, the court conducted an in camera review. In some instances, the court found specific portions of documents protected by attorney-client privilege and sua sponte ordered those portions to be redacted. Parx assumed that the court would somehow intuit its argument with respect to other unspecified documents or portions of documents. That is not effective advocacy in a dispute over whether specific documents are privileged, even if it involves the technically correct usage of an introductory signal pursuant to *The Bluebook*.

Parx also argues that the court erred by not finding that page 2 of PRIV-00679 was privileged. (*Id.*) According to Parx, PRIV-00679 is identical to PRIV-00684, PRIV-00685, and PIV-00755. (*Id.*) Being identical, page 2 of PRIV-00679 must be privileged because the second page of PRIV-00684, PRIV-00685, and PIV-00755 are privileged. (*Id.*) When appealing Judge Saporito's decision, Parx specifically cited the latter as examples of privilege but omitted the former. Parx asserts that its omission was not intended to waive privilege. (*Id.* at 19–20.) Because Parx is the client to whom the privilege belongs, its intent controls. (*Id.* at 19 (citing *Commonwealth v. McCullough*, 201 A.3d 221 (Pa. Super. Ct. 2018)).)[12]

---

[12] Parx provides no pin cite for this assertion or any explanation for how this case applies to its instant motion. (Doc. 388, pp. 19–20.) It does not explain how or why *McCullough* stands for the proposition that a party's subjective intent not to waive an argument impacts the analysis of that party's objective failure to raise an argument on appeal.

Parx's factual assertion that "all four documents are identical" is factually incorrect. Page 2 of PRIV-00679 is not the same as page 2 of the other documents. Rather, it is similar if not identical to portions of pages 3 and 4 of PRIV-00684, PRIV-00685, and PRIV-00755. The court found these pages did not consist of legal advice and that Parx did not explain any reason why they should be protected. (Doc. 382, p. 17.)

For the reasons stated above, the court will deny Parx's motion insofar as it is raised regarding PRIV-00679, PRIV-00684, PRIV-00685, and PRIV-00755.

**5. Parx may not raise new arguments regarding permitting and licensing on its motion for reconsideration.**

Parx argues that "[c]onfidential communications about obtaining legal authorizations such as permits and licenses are protected by attorney-client privilege." (Doc. 388, p. 21 (citing *Saxholm AS v. Dynal, Inc.*, 164 F.R.D. 331, 336, 1996 WL 50746 (E.D.N.Y. 1996)).) This is an entirely new argument. Parx did not raise this argument on appeal, though it could have. The court will deny Parx's motion with respect to this newly raised argument.

**B. Certification**

A district court may certify an order for appeal if the court finds that it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Thus,

JA234

certification under § 1292(b) is only proper when "(1) the issue involve[s] a controlling question of law; (2) as to which there are substantial grounds for difference of opinion; and (3) an immediate appeal of the order may materially advance the ultimate termination of the litigation." *Simon v. United States*, 341 F.3d 193, 199 (3d Cir. 2003). The party seeking a certificate of appealability bears the burden of showing that the certificate should issue. *Consumer Fin. Protection Bureau v. Navient Corp.*, 522 F. Supp. 3d 107, 113 (M.D. Pa. Feb. 26, 2021) (citing *Orson Inc. v. Miramax Film Corp.*, 867 F. Supp. 319, 320 (E.D. Pa. 1994)).

Rather than providing a comprehensive analysis of these three requirements, Parx relies primarily on a single quote as the legal basis for the sufficiency of its request for certification:

> The preconditions for § 1292(b) review—"a controlling question of law," the prompt resolution of which "may materially advance the ultimate termination of the litigation"—are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases.

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 110–11 (2009). Parx argues that, as this court acknowledged in its memorandum, whether legislative advice per se constitutes legal advice is a question of law. (Doc. 388, p. 23 (citing Doc. 382, pp. 7–8).) It argues, without citation, that there are substantial grounds for disagreement on whether legislative advice is per se legal advice. (*Id.*) And Parx

18

JA235

makes no argument about whether an immediate appeal of this issue would advance the ultimate termination of litigation.

While *Mohawk* may provide this court with discretion to certify the issue, Parx does not present argument to persuade the court to do so. And, other than its aforementioned quote of *Mohawk*, Parx presents nothing more than cursory conclusions as to why the first two elements of § 1292(b) are met. (*Id.*)

Although POM presents many counterarguments, the court here will only recount three of them. First, it argues that Parx has failed to show that the issue involves a controlling question of law. (Doc. 393, pp. 12–15.) The issue is not controlling, which the Third Circuit has explained to mean "serious to the conduct of the litigation, either practically or legally." (*Id.* at 13 (quoting *Katz v. Carte Blanceh Corp.*, 496 F.2d 747, 755 (3d Cir. 1974) (en banc)).) Here, POM argues, the resolution of this issue will not impact "whether a trial occurs, or what claims or theories of recovery are presented at trial."[13] (*Id.* (citing *Union Pac. R. Co. v. ConAgra Poultry Co.*, 189 F. App'x 576, 579 (8th Cir. 2006)).)

Second, POM argues that Parx has not identified substantial grounds for difference of opinion. (*Id.* at 16–18.) That requirement is met when "there is

---

[13] POM argues that, even if this court's ruling were incorrect, it would not be reversible error under Third Circuit precedent. (Doc. 393, p. 13 (quoting *Summy-Long v. Penn St. Univ.*, 715 F. App'x 179, 184 (3d Cir. 2017) ("[A] district court's discovery ruling will not be reversed without determining that it resulted in actual and substantial prejudice and was a gross abuse of discretion resulting in fundamental unfairness.").)

19

genuine doubt or conflicting precedent as to the correct legal standard to be applied in the order at issue." (*Id.* (quoting *Small v. Lower Paxton Twp.*, No. 1:22-cv-1146, 2024 WL 691360, at \*7 (M.D. Pa. Feb. 20, 2024)).) Neither are present here. (*Id.*) While Parx disagrees with the court's legal ruling, it has provided no precedent showing that legislative advice is per se legal advice. (*Id.*) But "a party's disagreement with the district court's ruling does not constitute a 'substantial ground for difference of opinion' within the meaning of the statute." (*Id.* (quoting *Small*, 2024 WL 691360, at \*7).)

In response, Parx raises a new argument: that the instant dispute is akin to this court's prior decision in which it certified a question to clarify how judicial estoppel interacts with attorney-client privilege. (Doc. 396, pp. 12–14.) Perhaps Parx should have raised that issue in its initial brief. Because it failed to do so, the issue is deemed waived. Parx raises no other meaningful argument that there are substantial ground for difference of opinion. It therefore fails to establish the second requirement for certification.

Third, POM argues that certification would not materially advance the ultimate termination of this litigation. (Doc. 393, pp. 18–22.) POM explains the theory underlying its case and how, while it expects that the documents at issue here would strengthen its case, they are not indispensable. (*Id.* & n.2.) For that

20

reason, an immediate appeal of the instant dispute would not impact termination of this litigation. (*Id.* at 21.)

In response, Parx argues that allowing an appeal of this issue would impact the ultimate termination of this litigation by "avoiding a situation in which the Court may be compelled to retry the case without the privilege documents after the Third Circuit weighs in at a later time." (Doc. 396, p. 16.) Once again, Parx could have raised this issue in its initial brief but failed to. The issue is deemed waived.[14] Other than the above quote from *Mohawk*, Parx presented no other argument regarding the third certification requirement. (Doc. 388, pp. 22–24.) It has not met its burden as to the third requirement for certification.

Because Parx has failed to meet its burden in showing the second and third requirements for certification, the court will deny its request.

## CONCLUSION

For the reasons stated above, the court will deny Parx's motion insofar as it seeks reconsideration and certification to appeal.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 3, 2024

---

[14] Parx also argues that POM would suffer no prejudice if the court certified the order for appeal. (Doc. 396, p. 17.) Yet again, Parx has waived the issue by not raising it earlier.

JA238

APPEAL,CASREF,HBG,STANDARD

## United States District Court
## Middle District of Pennsylvania (Harrisburg)
### CIVIL DOCKET FOR CASE #: 1:20-cv-00292-JPW

| | |
|---|---|
| Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC | Date Filed: 02/18/2020 |
| Assigned to: Honorable Jennifer P. Wilson | Jury Demand: Plaintiff |
| Case in other court: Third Circuit, 22-02445 | Nature of Suit: 890 Other Statutory Actions |
| Third Circuit, 22-02446 | Jurisdiction: Federal Question |
| Third Circuit, 22-02902 | |
| Third Circuit, 22-02958 | |
| Third Circuit, 22-02959 | |
| Third Circuit, 24-01984 | |

Cause: 28:1332 Diversity-Breach of Contract

**Plaintiff**

**Pace-O-Matic, Inc.**                                    represented by **Daniel T. Brier**
Myers, Brier & Kelly, LLP
425 Biden Street
Suite 200
18503
Scranton, PA 18503
570-342-6100
Fax: 570-342-6147
Email: dbrier@mbklaw.com
*TERMINATED: 06/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donna A. Walsh**
Myers, Brier & Kelly, LLP
425 Biden Street
Suite 200
Scranton, PA 18503
570-342-6100
Email: dwalsh@mbklaw.com
*TERMINATED: 06/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erik Roberts Anderson**
McNees Wallace & Nurick LLC
100 Pine Street
Harrisburg, PA 17101
717-232-8000
Email: eanderson@mcneeslaw.com
*TERMINATED: 02/26/2020*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey Burton Jensen**
Torridon Law PLLC
801 17th Street NW
Suite 1100
Washington, DC 20006
202-249-6900
Email: jjensen@torridonlaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**George W. Westervelt , Jr.**
George W. Westervelt, Jr., Esq.
706 Monroe St
P.O. Box 549
Stroudsburg, PA 18360-0549
570-421-6100
Fax: 4218027

JA239

Email: geowwest@ptd.net
*ATTORNEY TO BE NOTICED*

**Michael Martinich-Sauter**
James Otis Law Group LLC
13321 North Outer Forty Road
Suite 300
St. Louis, MO 63017
314-345-6234
Email: michael.martinich-sauter@james-otis.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Nolan**
Husch Blackwell LLP
8001 Forsyth Boulevard
Suite 1500
St. Louis, MO 63105
314-480-1500
Email: michael.nolan@huschblackwell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Omobolanle A. Adeniran**
Husch Blackwell LLP
190 Carondelet Plaza
Suite 600
St. Louis, MO 63105
314-345-6710
Email: bola.adeniran@huschblackwell.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Eckert, Seamans Cherin & Mellott, LLC**                    represented by **Abraham C Reich**
Fox Rothschild LLP
2000 Market St.
10th Floor
Philadelphia, PA 19103
215-299-2090
Fax: 12152992150
Email: areich@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Nathan Huddell**
Fox Rothschild LLP
2000 Market St.
20th Floor
Philadelphia, PA 19103
215-444-7166
Email: nhuddell@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Peter C. Buckley**
Fox Rothschild LLP
Two Commerce Square
2001 Market Street
Suite 1700
Philadelphia, PA 19103
215-299-2854
Email: pbuckley@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Robert S. Tintner**
Fox Rothschild LLP
2001 Market Street
Two Commerce Square
Suite 1700
Philadelphia, PA 19103
215-299-2766

Email: rtintner@foxrothschild.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mark S. Stewart**                    represented by  **Nathan Huddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert S. Tintner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin M. Skjoldal**                 represented by  **Nathan Huddell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert S. Tintner**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Greenwood Gaming and Entertainment, Inc.**    represented by  **George A. Bibikos**
GA BIBIKOS LLC
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
717-580-5305
Email: gbibikos@gabibikos.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Pete Shelly**                      represented by  **Danielle Hudson**
Blank Rome LLP
130 N 18th St
Philadelphia, PA 19103
717-341-5903
Email: danielle.hudson@blankrome.com
*ATTORNEY TO BE NOTICED*

**Thomas F. Brier , Jr.**
Blank Rome LLP
One Logan Square
130 North 18th St.
Philadelphia, PA 19103
717-480-6185
Email: thomas.brier@blankrome.com
*ATTORNEY TO BE NOTICED*

**William Richard Cruse**
Blank Rome LLP
One Logan Square, 130 North 18th Street
130 N. 18th Street
Philadelphia, PA 19103
215-569-5447
Email: william.cruse@blankrome.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Downs Racing LP**                  represented by  **Kevin Corbett Hayes**
Saiber LLC
327 North Wshington Ave
Scranton, PA 18503
973-622-3333
Fax: 973-622-3349
Email: khayes@saiber.com
*ATTORNEY TO BE NOTICED*

**Marc E. Wolin**
Saiber LLC
18 Columbia Turnpike
Ste 200

Florham Park, NJ 07932
973-622-3333
Email: mwolin@saiber.com
*ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Richard Gmerek**                             represented by    **Rebecca D. Ward**
                                                                  Blank Rome LLP
                                                                  One Logan Square
                                                                  130 N 18th Street
                                                                  Philadelphia, PA 19103
                                                                  215-569-5397
                                                                  Fax: 215-832-5397
                                                                  Email: ward@blankrome.com
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **William Richard Cruse**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Miscellaneous Party**

**Pennsylvania State Police**                  represented by    **Nicole J. Boland**
                                                                  Pennsylvania State Police
                                                                  1800 Elmerton Avenue
                                                                  Harrisburg, PA 17110
                                                                  717-678-9654
                                                                  Email: nboland@pa.gov
                                                                  *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/18/2020 | 1 | COMPLAINT against Eckert, Seamans Cherin & Mellott, LLC ( Filing fee $400, Receipt Number 0314-5012493), filed by Pace-O-Matic, Inc. (Attachments: # 1 Civil Cover Sheet)(rw) (Entered: 02/19/2020) |
| 02/18/2020 | | DOCKET ANNOTATION: This case has been assigned to Judge Wilson. (jw) (Entered: 03/06/2020) |
| 02/19/2020 | 2 | Summons Issued as to Eckert, Seamans Cherin & Mellott, LLC and provided TO ATTORNEY ELECTRONICALLY VIA ECF for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (NOTICE TO ATTORNEYS RECEIVING THE SUMMONS ELECTRONICALLY: You must print the summons and the attachment when you receive it in your e-mail and serve them with the complaint on all defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure). (Attachments: # 1 Summons Packet) (rw) (Entered: 02/19/2020) |
| 02/19/2020 | 3 | SUMMONS Returned Executed by Pace-O-Matic, Inc.. Eckert, Seamans Cherin & Mellott, LLC served on 2/19/2020, answer due 3/11/2020. (Brier, Daniel) (Entered: 02/19/2020) |
| 02/20/2020 | 4 | Letter to plaintiffs regarding service and Rule 16 meeting. Signed by Chief Judge Christopher C. Conner on 2/20/2020. (ktt) (Entered: 02/20/2020) |
| 02/26/2020 | 5 | WITHDRAWAL OF ATTORNEY APPEARANCE - Attorney Erik Roberts Anderson terminated on behalf of Pace-O-Matic, Inc.. (Anderson, Erik) (Entered: 02/26/2020) |
| 03/04/2020 | 6 | NOTICE of Appearance by Robert S. Tintner on behalf of Eckert, Seamans Cherin & Mellott, LLC (Tintner, Robert) (Entered: 03/04/2020) |
| 03/05/2020 | 7 | NOTICE of Appearance by Abraham C Reich on behalf of Eckert, Seamans Cherin & Mellott, LLC (Reich, Abraham) (Entered: 03/05/2020) |
| 03/06/2020 | | VERBAL ORDER - Case Reassigned to the Honorable Jennifer P. Wilson on 03/05/20. (pjr) (Entered: 03/06/2020) |
| 03/06/2020 | 8 | Letter to Counsel re: Case Assignment and Procedures. Signed by Honorable Jennifer P. Wilson on 3/6/2020. (ve) (Entered: 03/06/2020) |
| 03/10/2020 | 9 | ANSWER to 1 Complaint *with Affirmative Defenses and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC. (Tintner, Robert) (Entered: 03/10/2020) |
| 03/10/2020 | 10 | ORDER - IT IS ORDERED THAT: The initial case management conference pursuant to Federal Rule of Civil Procedure 16 will be conducted via telephone by the court on April 8, 2020 at 10:30 a.m. Counsel for Plaintiff shall initiate the telephone conference and have all parties on the line prior to calling chambers at (717) 221-3970. SEE ORDER FOR FURTHER DETAILS. Signed by Honorable Jennifer P. Wilson on 3/10/2020. (Attachments: # 1 Case Management Calendar)(ve) (Entered: 03/10/2020) |
| 03/10/2020 | 11 | CIVIL PRACTICE ORDER. Signed by Honorable Jennifer P. Wilson on 3/10/2020. (ve) (Entered: 03/10/2020) |
| 03/24/2020 | 12 | MOTION for Preliminary Injunction by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 03/24/2020) |

| 03/24/2020 | 13 | BRIEF IN SUPPORT re 12 MOTION for Preliminary Injunction filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Opinion, # 2 Exhibit(s) B - Cline Declaration, # 3 Exhibit(s) C - Lisk Declaration, # 4 Exhibit(s) D - Stay Orders, # 5 Appendix Unpublished Opinions)(Brier, Daniel) (Entered: 03/24/2020) |
|---|---|---|
| 03/26/2020 | 14 | ORDER - IT IS ORDERED that a telephone status conference is scheduled for March 31, 2020 at 9:45 a.m. to discuss timing and case management matters relating to the Plaintiffs motion for preliminary injunction (Doc. 12), in light of the COVID-19 pandemic. All parties shall appear at the conference. Plaintiff's counsel shall circulate a conference call in number to all parties and the court at least one hour prior to the call. Signed by Honorable Jennifer P. Wilson on 3/26/2020. (ve) (Entered: 03/26/2020) |
| 03/27/2020 | 15 | Unopposed MOTION for Extension of Time to Respond to Motion for Preliminary Injunction *with proposed form of Order and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 03/27/2020) |
| 03/31/2020 | 17 | ORDER granting 15 Motion to Extend Time. IT IS ORDERED THAT: Defendant shall file their brief in opposition to the Plaintiffs motion for preliminary injunction, Doc. 12, by no later than April 21, 2020. The parties shall meet and confer by no later than April 28, 2020, to discuss mutual, limited discovery related to the issues raised in Plaintiffs motion for preliminary injunction, and supplemental briefing related to the Plaintiffs motion, including the scope and schedule for discovery, and the briefing schedule. The parties shall submit a joint discovery and briefing schedule by no later than May 5, 2020. See order for further details. Signed by Honorable Jennifer P. Wilson on 3/31/2020 (ve) (Entered: 03/31/2020) |
| 04/02/2020 | 18 | CASE MANAGEMENT PLAN by Pace-O-Matic, Inc.. (Brier, Daniel) (Entered: 04/02/2020) |
| 04/09/2020 | 20 | CASE MANAGEMENT ORDER. SEE ORDER FOR FURTHER DETAILS. Signed by Honorable Jennifer P. Wilson on 4/9/2020. (ve) (Entered: 04/09/2020) |
| 04/21/2020 | 21 | BRIEF IN OPPOSITION re 12 MOTION for Preliminary Injunction *with Certificate of Compliance and Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A - September 13, 2011 Engagement Letter, # 3 Exhibit(s) B - Declaration of David J. Mayernik, Esquire, # 4 Exhibit(s) C - Declaration of Mark S. Stewart, Esquire, # 5 Exhibit(s) D - Relevant E-Mails, # 6 Exhibit(s) E - December 20, 2016 Engagement Letter, # 7 Exhibit(s) F - Declaration of Matthew B. Kirsner, Esquire, # 8 Exhibit(s) G - POM's Petition for Review (418 MD 2018), # 9 Exhibit(s) H - POM's Petition for Review (503 MD 2018), # 10 Exhibit(s) I - Declaration of Hon. Anthony F. Troy, # 11 Exhibit(s) J - Air Products v. Airgas)(Tintner, Robert) (Entered: 04/21/2020) |
| 05/04/2020 | 22 | Unopposed MOTION for Extension of Time to File Brief *Reply Brief* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 05/04/2020) |
| 05/05/2020 | 23 | ORDER granting 22 Motion for Extension of Time to File Response/Reply re 12 MOTION for Preliminary Injunction . Signed by Honorable Jennifer P. Wilson on 5/5/2020 (ve) (Entered: 05/05/2020) |
| 05/05/2020 | 24 | STIPULATION *Regarding Discovery and Briefing Schedule* by Pace-O-Matic, Inc.. (Brier, Daniel) (Entered: 05/05/2020) |
| 05/06/2020 | 25 | ORDER - IT IS ORDERED THAT: A case management conference will be conducted via telephone by the court on September 3, 2020 at 9:30 a.m. Counsel for Plaintiff shall initiate the telephone conference and have all parties on the line prior to calling chambers at (717) 221-3970. The primary purpose of this conference will be to discuss whether it is necessary to convene an evidentiary hearing or oral argument to address Plaintiffs motion for preliminary injunction. See Doc. 17. Any counsel of record may participate in this conference call. Signed by Honorable Jennifer P. Wilson on 5/6/2020. (ve) (Entered: 05/06/2020) |
| 05/08/2020 | 26 | REPLY BRIEF re 12 MOTION for Preliminary Injunction filed by Pace-O-Matic, Inc.. (Attachments: # 1 Appendix Unpublished Opinions)(Brier, Daniel) (Entered: 05/08/2020) |
| 05/18/2020 | 27 | Order approving re 24 Stipulation. Signed by Honorable Jennifer P. Wilson on 5/18/2020. (ve) (Entered: 05/18/2020) |
| 06/15/2020 | 28 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 06/15/2020) |
| 06/18/2020 | 29 | Letter from Robert S. Tintner, Esquire *Concerning Discovery Issue and in Response to Correspondence of Daniel T. Brier, Esquire*. (Tintner, Robert) (Entered: 06/18/2020) |
| 06/19/2020 | 30 | ORDER - AND NOW, on this 19th day of June, 2020, following a review of Plaintiffs letter regarding a discovery dispute, Doc. 28, and Defendants response thereto, Doc. 29, IT IS ORDERED THAT this matter is referred to Chief United States Magistrate Judge Susan E. Schwab for assignment to a United States Magistrate Judge for resolution of the dispute.Signed by Honorable Jennifer P. Wilson on 6/19/20. (dmn) (Entered: 06/19/2020) |
| 06/19/2020 | 31 | ORDER REFERRING CASE to Magistrate Judge Joseph F. Saporito, Jr. for the purpose of resolution of the parties discovery dispute 28 29 . (See order for complete details.) Signed by Magistrate Judge Susan E. Schwab on 6/19/20. (ki) (Entered: 06/19/2020) |
| 06/22/2020 | 32 | SCHEDULING ORDER: Telephone Status Conference set for 6/25/2020 10:00 AM before Magistrate Judge Joseph F. Saporito Jr. Instructions for accessing the conference contained in Order.Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/22/20. (ms) (Entered: 06/22/2020) |
| 06/25/2020 | 33 | ORDER - AND NOW, on this 25th day of June, 2020, upon request of the parties, IT IS ORDERED THAT this matter is referred to United States Magistrate Judge Joseph Saporito to conduct a settlement conference.Signed by Honorable Jennifer P. Wilson on 6/25/20. (dmn) (Entered: 06/25/2020) |
| 06/25/2020 | 35 | ORDER re 28 Letter, 29 Letter - Motions and supporting briefs re: discovery issues raised in Docs. 28 and 29 due 7/20/20; motions asserting privileges shall be supported with appropriate privilege logs; responsive briefs due 8/7/20.Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/25/20. (ms) (Entered: 06/25/2020) |

| 06/25/2020 | 36 | ORDER - 7/20/20 deadline for discovery relating to POC's motion for preliminary injunction STAYED pending further Order of the Court.Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/25/20. (ms) (Entered: 06/25/2020) |
|---|---|---|
| 06/25/2020 | 37 | SCHEDULING ORDER: Settlement Conference set for 7/16/2020 10:00 AM in Wilkes-Barre before Magistrate Judge Joseph F. Saporito Jr. Confidential settlement memoranda due 7/9/20. See Order for complete details.Signed by Magistrate Judge Joseph F. Saporito, Jr on 6/25/20. (ms) (Entered: 06/25/2020) |
| 07/06/2020 | 38 | Unopposed MOTION for Extension of Time to *File Confidential Settlement Memorandum* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 07/06/2020) |
| 07/07/2020 | 39 | ORDER granting 38 Motion to Extend Time to submit confidential settlement memorandum. Plaintiff shall submit its confidential settlement memorandaum by 12:00 p.m. on 7/13/20.Signed by Magistrate Judge Joseph F. Saporito, Jr on 7/7/20 (ms) (Entered: 07/07/2020) |
| 07/09/2020 | 40 | Letter from Robert S. Tintner, Esquire *to Judge Saporito re: Settlement Conference*. (Tintner, Robert) (Entered: 07/09/2020) |
| 07/10/2020 | 41 | SCHEDULING ORDER: Telephone Conference set for 7/13/2020 02:00 PM in Wilkes-Barre before Magistrate Judge Joseph F. Saporito Jr..Signed by Magistrate Judge Joseph F. Saporito, Jr on 7/10/2020. (bg) (Entered: 07/10/2020) |
| 07/14/2020 | 43 | RESCHEDULING ORDER: Settlement Conference set for 7/16/2020 at 10:00am is RESCHEDULED to 7/21/2020 at 10:30 AM in Wilkes-Barre - Courtroom 1 before Magistrate Judge Joseph F. Saporito Jr. Signed by Magistrate Judge Joseph F. Saporito, Jr on 7/13/2020. (mfa) (Entered: 07/14/2020) |
| 07/20/2020 | 44 | MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Proposed Order, # 2 Memo)(Tintner, Robert) (Entered: 07/20/2020) |
| 07/20/2020 | | DOCKET ANNOTATION: Counsel is advised to file the brief in support of Doc. 44 as a separate entry using the event: Civil Events Motions and Related Filings Responses and Replies (Briefs)- Brief in Support (Do not use for Summary Judgment Motions). (pjr) (Entered: 07/20/2020) |
| 07/20/2020 | 45 | BRIEF IN SUPPORT *of Motion for Protective Order* re 44 MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 07/20/2020) |
| 07/20/2020 | 46 | NOTICE of Appearance by George A. Bibikos on behalf of Greenwood Gaming and Entertainment, Inc. (Bibikos, George) (Entered: 07/20/2020) |
| 07/20/2020 | 47 | DISCLOSURE STATEMENT PURSUANT TO FRCP 7.1 by Greenwood Gaming and Entertainment, Inc.. (Bibikos, George) (Entered: 07/20/2020) |
| 07/20/2020 | 48 | MOTION to Quash *Subpoena* by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Proposed Order (Quash Subpoena))(Bibikos, George) (Entered: 07/20/2020) |
| 07/20/2020 | 49 | BRIEF IN SUPPORT re 48 MOTION to Quash *Subpoena* filed by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Exhibit(s) Subpoena, # 2 Declaration Thomas C. Bonner)(Bibikos, George) (Entered: 07/20/2020) |
| 07/20/2020 | 50 | MOTION to Compel Discovery by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 07/20/2020) |
| 07/20/2020 | 51 | BRIEF IN SUPPORT re 50 MOTION to Compel Discovery filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Press Release, # 2 Exhibit(s) B - Dec 3, 2019 Brief, # 3 Exhibit(s) C - Jan 10, 2020 Letter, # 4 Exhibit(s) D - Communications re: RTK, # 5 Exhibit(s) E - Hawke McKeon Subpoena, # 6 Exhibit(s) F - Response to Doc Request, # 7 Exhibit(s) G - Response to Interrog., # 8 Exhibit(s) H - 30(b)(6) Notice of Deposition, # 9 Exhibit(s) I - Parx Casino Subpoena)(Brier, Daniel) (Entered: 07/20/2020) |
| 07/20/2020 | 52 | MOTION for Protective Order *AND/OR MOTION TO QUASH SUBPOENA* by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Proposed Order)(Whitaker, Dennis) (Entered: 07/20/2020) |
| 07/20/2020 | 53 | BRIEF IN SUPPORT re 52 MOTION for Protective Order *AND/OR MOTION TO QUASH SUBPOENA* filed by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4)(Whitaker, Dennis) (Entered: 07/20/2020) |
| 07/21/2020 | 54 | ORDER REFERRING MOTION - AND NOW, on this 21st day of July, 2020, following review of the multiple discovery motions filed in this matter on July 20, 2020 (Docs. 44, 48, 50, 52), IT IS ORDERED THAT these motions are referred to United States Magistrate Judge Joseph Saporito for resolution. Signed by Honorable Jennifer P. Wilson on 7/21/2020. (ve) (Entered: 07/21/2020) |
| 07/24/2020 | 56 | AMENDED DOCUMENT by Hawke McKeon & Sniscak, LLP. Amendment to 53 Brief in Support, *Attachment #4*. (Attachments: # 1 Cover Letter, # 2 Certificate of Service)(Whitaker, Dennis) (Entered: 07/24/2020) |
| 08/07/2020 | 57 | Unopposed MOTION for Extension of Time to File Brief filed by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 08/07/2020) |
| 08/07/2020 | 58 | ORDER granting 57 Motion for Extension of Time to File Response/Reply re 44 MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service*, 50 MOTION to Compel Discovery , 52 MOTION for Protective Order *AND/OR MOTION TO QUASH SUBPOENA*, 48 MOTION to Quash *Subpoena* Brief in Opposition due by 8/14/2020Signed by Magistrate Judge Joseph F. Saporito, Jr on 8/7/20 (ms) (Entered: 08/07/2020) |

| 08/14/2020 | 59 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery *with Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C)(Tintner, Robert) (Entered: 08/14/2020) |
|---|---|---|
| 08/14/2020 | 60 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery filed by Greenwood Gaming and Entertainment, Inc..(Bibikos, George) (Entered: 08/14/2020) |
| 08/14/2020 | 61 | REPLY BRIEF re 50 MOTION to Compel Discovery filed by Pace-O-Matic, Inc.. (Attachments: # 1 Appendix Unpublished Opinions)(Brier, Daniel) (Entered: 08/14/2020) |
| 08/14/2020 | 62 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery filed by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Attachment 1, # 2 Attachment 2, # 3 Attachment 3, # 4 Attachment 4, # 5 Proposed Order)(Whitaker, Dennis) (Entered: 08/14/2020) |
| 08/28/2020 | 63 | REPLY BRIEF re 44 MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service with Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 08/28/2020) |
| 08/31/2020 | 64 | TEXT ORDER - AND NOW, this 31st day of August, 2020, IT IS ORDERED that the conference call scheduled for Thursday, September 3, 2020 is CANCELLED. The parties shall immediately notify the court after Magistrate Judge Saporito resolves the pending discovery motions and issues so that the conference can be rescheduled. Signed by Honorable Jennifer P. Wilson on 8/31/2020. (ve) (Entered: 08/31/2020) |
| 09/02/2020 | 65 | SCHEDULING ORDER: Telephone Status Conference set for 9/9/2020 02:30 PM before Magistrate Judge Joseph F. Saporito Jr. Information to access conference contained in Order.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/2/20. (ms) (Entered: 09/02/2020) |
| 09/09/2020 | 67 | ORDER re 50 MOTION to Compel Discovery filed by Pace-O-Matic, Inc. -Plaintiff may file a supplemental brief in support of Doc.50 motion to compel on or before 9/16/20. Responsive briefs due 9/23/20.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/9/20. (ms) (Entered: 09/09/2020) |
| 09/09/2020 | 68 | SCHEDULING ORDER: Oral Argument re: Docs. 44, 48, 50 and 52 motions set for 10/20/2020 11:00 AM in Wilkes-Barre - Courtroom 3 before Magistrate Judge Joseph F. Saporito Jr.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/9/20. (ms) (Copy to Scranton Court Reporters from Chambers) (Entered: 09/09/2020) |
| 09/16/2020 | 69 | AMENDED ORDER re 67 Order, - plaintiff may file a supplemental brief in support of its Doc. 50 motion to compel discovery on or before 9/16/20. Responsive briefs due 9/25/20.Signed by Magistrate Judge Joseph F. Saporito, Jr on 9/16/20. (ms) (Entered: 09/16/2020) |
| 09/16/2020 | 70 | Supplement by Pace-O-Matic, Inc.. to 50 MOTION to Compel Discovery . (Attachments: # 1 Exhibit(s) A - July 2020 Privilege Log, # 2 Exhibit(s) B - August 2020 Privilege Log)(Brier, Daniel) (Entered: 09/16/2020) |
| 09/25/2020 | 72 | CERTIFICATE OF SERVICE by Eckert, Seamans Cherin & Mellott, LLC re 77 Sur Reply (Tintner, Robert) (Entered: 09/25/2020) |
| 09/28/2020 | | DOCKET ANNOTATION: Counsel is advised to refile Docs. 71 & 73 using the event: Civil Events Motions and Related Filings Responses and Replies (Briefs)- Sur Reply Brief. (pjr) (Entered: 09/28/2020) |
| 09/28/2020 | | DOCKET ANNOTATION: Counsel is advised to refile Doc. 74 using the event: Civil Events Motions and Related Filings Responses and Replies (Briefs)- Brief in Opposition (Do not use for Summary Judgment Motions). (pjr) (Entered: 09/28/2020) |
| 09/28/2020 | 75 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery filed by Hawke McKeon & Sniscak, LLP.(Whitaker, Dennis) (Entered: 09/28/2020) |
| 09/28/2020 | | DOCKET ANNOTATION: Doc. 74 deleted and refiled as Doc. 75. (pjr) (Entered: 09/28/2020) |
| 09/28/2020 | 76 | SUR REPLY to REPLY to Response to Motion re 50 MOTION to Compel Discovery filed by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Exhibit(s) 418 MD 2018, # 2 Exhibit(s) 503 MD 2018)(Bibikos, George) (Entered: 09/28/2020) |
| 09/28/2020 | | DOCKET ANNOTATION: Doc. 73 deleted and refiled as Doc. 76. (pjr) (Entered: 09/28/2020) |
| 09/28/2020 | 77 | SUR REPLY to REPLY to Response to Motion re 50 MOTION to Compel Discovery filed by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 09/28/2020) |
| 09/29/2020 | | DOCKET ANNOTATION: Doc. 71 deleted and refiled as Doc 77. (pjr) (Entered: 09/29/2020) |
| 11/12/2020 | 79 | SCHEDULING ORDER: Telephone Status Conference set for 11/13/2020 02:00 PM before Magistrate Judge Joseph F. Saporito Jr. Information to access conference contained in Order.Signed by Magistrate Judge Joseph F. Saporito, Jr on 11/12/20. (ms) (Entered: 11/12/2020) |
| 11/16/2020 | 81 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings held on 10/20/2020, before Judge Joseph F. Saporito, Jr.. Court Reporter Suzanne A. Halko, Telephone number 5702371867. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/7/2020. Redacted Transcript Deadline set for 12/17/2020. Release of Transcript Restriction set for 2/16/2021. (cr2) (Entered: 11/16/2020) |
| 12/16/2020 | 82 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 12/16/2020) |
| 12/23/2020 | 83 | Letter from Robert S. Tintner, Esquire dated December 23, 2020 . (Tintner, Robert) (Entered: 12/23/2020) |

| | | |
|---|---|---|
| 12/24/2020 | 84 | Letter from George A. Bibikos . (Bibikos, George) (Entered: 12/24/2020) |
| 12/24/2020 | 85 | Letter *Response to December 16, 2020 letter from Daniel T. Brier (Doc 82)*. (Whitaker, Dennis) (Entered: 12/24/2020) |
| 02/02/2021 | 86 | TEXT ORDER - AND NOW, on this 2nd day of February, 2021, IT IS ORDERED THAT a telephone conference is scheduled for February 17, 2021, at 11:00 a.m. Counsel for Plaintiff shall provide a call-in number with a passcode to the court and opposing counsel via e-mail no later than two days prior to the call. Signed by Honorable Jennifer P. Wilson on 2/2/2021. (ve) (Entered: 02/02/2021) |
| 02/16/2021 | 87 | MEMORANDUM (Order to follow as separate docket entry) re 50 MOTION to Compel Discovery filed by Pace-O-Matic, Inc., 48 MOTION to Quash *Subpoena* filed by Greenwood Gaming and Entertainment, Inc., 44 MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC. For the foregoing reasons, each of the four motions before us will be granted in part and denied in part. With respect to documents identified above as duplicative of other documents or protected by attorney-client privilege or the work-product doctrine, the objections of Eckert, HMS, and Parx are sustained and said documents shall be withheld from production. With respect to documents identified above as non-privileged and non-protected communications with government attorneys, transmittal messages, business communications, and lobbying or public affairs communications, or as communications for which any attorney-client privilege has been waived or judicially estopped and work-product doctrine does not apply, the objections of Eckert, HMS, and Parx are overruled and said documents shall be produced to the plaintiff, subject to any redactions also described above.An appropriate order follows. Signed by Magistrate Judge Joseph F. Saporito, Jr on 2/16/21. (ms) (Entered: 02/16/2021) |
| 02/16/2021 | 88 | ORDER granting in part and denying in part 44 Motion for Protective Order; granting in part and denying in part 48 Motion to Quash; granting in part and denying in part 50 Motion to Compel Discovery; granting in part and denying in part 52 Motion for Protective Order. See Order for complete details. Signed by Magistrate Judge Joseph F. Saporito, Jr on 2/16/21 (ms) (Entered: 02/16/2021) |
| 02/17/2021 | 90 | ORDER - IT IS ORDERED THAT: on or before February 26, 2021, Defendant shall file a motion to dismiss Plaintiffs motion for preliminary injunction as moot with supporting documentation. Once filed, this motion shall follow the briefing schedule provided by the Local Rules. Signed by Honorable Jennifer P. Wilson on 2/17/2021. (ve) (Entered: 02/17/2021) |
| 02/26/2021 | 91 | MOTION to Dismiss *Preliminary Injunction Motion with Proposed Order, Certificate of Non-Concurrence and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Proposed Order Proposed Order, # 2 Exhibit(s) Exhibit A, # 3 Exhibit(s) Exhibit B, # 4 Exhibit(s) Exhibit C, # 5 Exhibit(s) Exhibit D, # 6 Exhibit(s) Exhibit E, # 7 Exhibit(s) Exhibit F, # 8 Exhibit(s) Exhibit G)(Tintner, Robert) (Entered: 02/26/2021) |
| 02/26/2021 | 92 | BRIEF IN SUPPORT *of Motion to Dismiss* re 91 MOTION to Dismiss *Preliminary Injunction Motion with Proposed Order, Certificate of Non-Concurrence and Certificate of Service*, 12 MOTION for Preliminary Injunction filed by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 02/26/2021) |
| 03/02/2021 | 93 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Eckert, Seamans Cherin & Mellott, LLC re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,, (Attachments: # 1 Exhibit(s) A - Judge Saporito's Order and Memorandum)(Tintner, Robert) (Entered: 03/02/2021) |
| 03/02/2021 | 94 | Appellant's BRIEF by Eckert, Seamans Cherin & Mellott, LLC. Appellee Brief due by 4/1/2021. (Tintner, Robert) (Entered: 03/02/2021) |
| 03/02/2021 | 95 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Greenwood Gaming and Entertainment, Inc. re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,, (Bibikos, George) (Entered: 03/02/2021) |
| 03/02/2021 | 96 | Appellant's BRIEF by Greenwood Gaming and Entertainment, Inc.. Appellee Brief due by 4/1/2021. (Attachments: # 1 Exhibit(s) MJ Order & Opinion, # 2 Exhibit(s) Letter)(Bibikos, George) (Entered: 03/02/2021) |
| 03/02/2021 | 97 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Hawke McKeon & Sniscak, LLP re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,, (Whitaker, Dennis) (Entered: 03/02/2021) |
| 03/02/2021 | 98 | Appellant's BRIEF by Hawke McKeon & Sniscak, LLP. Appellee Brief due by 4/1/2021. (Whitaker, Dennis) (Entered: 03/02/2021) |
| 03/02/2021 | 99 | Joint MOTION to Stay re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,, by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Proposed Order)(Whitaker, Dennis) (Entered: 03/02/2021) |
| 03/03/2021 | | DOCKET ANNOTATION: Counsel is directed to file a certificate of concurrence or nonconcurrence **today** to the Motion for Stay (Doc. 99). (ve) (Entered: 03/03/2021) |
| 03/03/2021 | 100 | CERTIFICATE of Nonconcurrence by Hawke McKeon & Sniscak, LLP re 99 Joint MOTION to Stay re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,, . (Whitaker, Dennis) (Entered: 03/03/2021) |
| 03/04/2021 | 101 | ORDER granting 99 Motion to Stay. See order for further details and briefing deadlines. Signed by Honorable Jennifer P. Wilson on 3/4/2021 (ve) (Entered: 03/04/2021) |
| 03/04/2021 | 102 | CERTIFICATE of Concurrence by Pace-O-Matic, Inc. *Corrected*. (Attachments: # 1 Exhibit(s) A)(Walsh, Donna) (Entered: 03/04/2021) |

| 03/09/2021 | 103 | Letter from Hawke McKeon & Sniscak LLP . (Whitaker, Dennis) (Entered: 03/09/2021) |
|---|---|---|
| 03/09/2021 | 104 | Unopposed MOTION for Extension of Time to File Brief *in Opposition* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 03/09/2021) |
| 03/10/2021 | 105 | ORDER AMENDING re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry). See Order for further details. Signed by Magistrate Judge Joseph F. Saporito, Jr on 3/10/21. (ms) (Entered: 03/10/2021) |
| 03/11/2021 | 106 | ORDER granting 104 Motion for Extension of Time to File Response/Reply re 91 MOTION to Dismiss *Preliminary Injunction Motion with Proposed Order, Certificate of Non-Concurrence and Certificate of Service*. Brief in Opposition due by 3/22/2021. Signed by Honorable Jennifer P. Wilson on 3/11/2021 (ve) (Entered: 03/11/2021) |
| 03/11/2021 | 107 | Appellee's BRIEF by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Email, # 2 Exhibit(s) B - Eckert Priv Log, # 3 Exhibit(s) C - HMS Priv Log, # 4 Exhibit(s) D - Parx Priv Log, # 5 Exhibit(s) E - Transcript, # 6 Exhibit(s) F - Lisk Declaration, # 7 Exhibit(s) G - Email, # 8 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 03/11/2021) |
| 03/18/2021 | 108 | REPLY BRIEF re 99 Joint MOTION to Stay re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,,, *in Further Support of Appeal from Judge Saporito's Order and Memorandum* filed by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Tintner, Robert) (Entered: 03/18/2021) |
| 03/18/2021 | 109 | REPLY BRIEF re 99 Joint MOTION to Stay re 88 Order on Motion for Protective Order,, Order on Motion to Quash,, Order on Motion to Compel Discovery,,, 87 Memorandum (Order to follow as separate docket entry),,,,,, filed by Hawke McKeon & Sniscak, LLP.(Whitaker, Dennis) (Entered: 03/18/2021) |
| 03/18/2021 | 110 | Appellant's REPLY BRIEF by Greenwood Gaming and Entertainment, Inc.. (Bibikos, George) (Entered: 03/18/2021) |
| 03/22/2021 | 111 | BRIEF IN OPPOSITION re 91 MOTION to Dismiss *Preliminary Injunction Motion with Proposed Order, Certificate of Non-Concurrence and Certificate of Service* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Appendix of Unpublished Opinions)(Walsh, Donna) (Entered: 03/22/2021) |
| 04/05/2021 | 112 | REPLY BRIEF re 91 MOTION to Dismiss *Preliminary Injunction Motion with Proposed Order, Certificate of Non-Concurrence and Certificate of Service with Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Tintner, Robert) (Entered: 04/05/2021) |
| 04/06/2021 | 113 | MEMORANDUM (Order to follow as separate docket entry) re 97 Appeal of Magistrate Judge Decision to District Court, filed by Hawke McKeon & Sniscak, LLP, 95 Appeal of Magistrate Judge Decision to District Court, filed by Greenwood Gaming and Entertainment, Inc., 93 Appeal of Magistrate Judge Decision to District Court, filed by Eckert, Seamans Cherin & Mellott, LLC. Signed by Honorable Jennifer P. Wilson on 4/6/2021. (ve) (Entered: 04/06/2021) |
| 04/06/2021 | 114 | ORDER for Appeal of Magistrate Judge Decision to District Court (memorandum filed previously as separate docket entry) re 88 Order on Motion for Protective Order, Order on Motion to Quash, Order on Motion to Compel Discovery, 87 . IT IS ORDERED THAT: 1. The appeals are GRANTED. (Docs. 93, 95, 97.) Section III. I. of Magistrate Judge Saporitos memorandum and paragraph 4 of Magistrate Judge Saporitos order are REVERSED. (Doc. 87, 4; Doc. 88, pp. 3242.)2. This matter shall be recommitted to Magistrate Judge Saporito for further consideration. Signed by Honorable Jennifer P. Wilson on 4/6/2021. (ve) (Entered: 04/06/2021) |
| 04/06/2021 | | CASE REFERRED to Magistrate Judge Joseph F. Saporito, Jr. pursuant to Order 114 . (ve) (Entered: 04/06/2021) |
| 04/07/2021 | 115 | ORDER - IT IS ORDERED THAT: the final pre-trial conference scheduled for April 21, 2021 is CANCELLED. The court will convene a telephonic status conference following the resolution of the motion to dismiss the preliminary injunction motion, Doc. 91, to reset deadlines for this case. Signed by Honorable Jennifer P. Wilson on 4/7/2021. (ve) (Entered: 04/07/2021) |
| 04/26/2021 | 116 | ORDER denying 91 Motion to Dismiss. In addition, a telephonic status conference is scheduled for April 29, 2021 at 10:00 a.m. to discuss the schedule for the pending preliminary injunction motion. Plaintiffs counsel shall provide the court and opposing counsel with call-in information no later than two days prior to the call, on or before April 27, 2021. Signed by Honorable Jennifer P. Wilson on 4/26/2021 (ve) (Entered: 04/26/2021) |
| 04/29/2021 | 117 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 04/29/2021) |
| 04/29/2021 | 119 | ORDER - IT IS ORDERED THAT: on or before May 13, 2021, the parties shall file a joint letter informing the court of how they wish to proceed with this case. Signed by Honorable Jennifer P. Wilson on 4/29/2021. (ve) (Entered: 04/29/2021) |
| 04/29/2021 | 120 | SCHEDULING ORDER: Telephone Conference set for 5/4/2021 11:00 AM before Magistrate Judge Joseph F. Saporito Jr. to discuss a schedule for addressing the procedural concern identified in the remand order. Information to access the conference contained in Order. Signed by Magistrate Judge Joseph F. Saporito, Jr on 4/29/21. (ms) (Entered: 04/29/2021) |
| 05/04/2021 | 122 | SCHEDULING ORDER: Briefs on the issue of judicial estoppel due 5/26/21. Responsive briefs due 6/9/21. Signed by Magistrate Judge Joseph F. Saporito, Jr on 5/4/21. (ms) (Entered: 05/04/2021) |
| 05/13/2021 | 123 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 05/13/2021) |
| 05/13/2021 | 124 | VERBAL ORDER re 123 Letter - AND NOW, on the 13th day of May, 2021, the court GRANTS the unopposed request to extend the deadline for the joint submission required by this courts order dated April 29, 2021 (Doc. 119), and the deadline for such joint submission is continued to May 20, 2021. Signed by Honorable Jennifer P. Wilson on 5/13/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 05/13/2021) |

| | | |
|---|---|---|
| 05/20/2021 | 125 | **STRICKEN FROM THE RECORD PURSUANT TO ORDER DATED 5/21/2021**Letter from Robert S. Tintner, Esquire *Requesting Settlement Conference*. (Tintner, Robert) Modified on 5/21/2021 (ve). (Entered: 05/20/2021) |
| 05/21/2021 | 126 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 05/21/2021) |
| 05/21/2021 | 127 | ORDER - IT IS ORDERED THAT: Defendants letter, Doc. 125, is stricken for failure to comply with the courts April 29, 2021 order. (Doc. 119.) Plaintiffs request for time to respond to Defendants letter is denied as moot. (Doc. 126.) IT IS FURTHER ORDERED AS FOLLOWS: the parties are directed to comply with the courts April 29, 2021 order which instructed the parties to file a joint letter advising the court of how the parties wish to proceed with this case in light of the telephonic status conference held on April 29, 2021. Counsel shall have 14 days, on or before June 4, 2021, to file this joint letter advising the court of the mutually desired procedural path for this case. Signed by Honorable Jennifer P. Wilson on 5/21/2021. (ve) (Entered: 05/21/2021) |
| 05/26/2021 | 128 | BRIEF IN SUPPORT *(per May 4, 2021 Order)* re 52 MOTION for Protective Order *AND/OR MOTION TO QUASH SUBPOENA* filed by Hawke McKeon & Sniscak, LLP.(Whitaker, Dennis) (Entered: 05/26/2021) |
| 05/26/2021 | 129 | BRIEF IN SUPPORT *Concerning Judicial Estoppel (Per Court's May 4, 2021 Order)* re 44 MOTION for Protective Order *with Proposed Form of Order, Supporting Memorandum of Law, Certificate of Non-Concurrence and Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D) (Tintner, Robert) (Entered: 05/26/2021) |
| 05/26/2021 | 130 | BRIEF IN SUPPORT *on Remand from Appeal of Magistrate Judge's Order* re 48 MOTION to Quash *Subpoena* filed by Greenwood Gaming and Entertainment, Inc..(Bibikos, George) (Entered: 05/26/2021) |
| 05/26/2021 | 131 | MEMORANDUM OF LAW by Pace-O-Matic, Inc. re 51 Brief in Support,, . (Attachments: # 1 Exhibit(s) A - Eckert Privilege Log, # 2 Exhibit(s) B - Hawke McKeon Privilege Log, # 3 Exhibit(s) C - Parx Casino Privilege Log, # 4 Exhibit(s) D - Parx Amicus Brief, # 5 Exhibit(s) E - Transcript of Oral Argument, # 6 Exhibit(s) F - Lisk Declaration, # 7 Exhibit(s) G - Stewart Email)(Walsh, Donna) (Entered: 05/26/2021) |
| 06/04/2021 | 132 | Letter from Robert S. Tintner, Esquire on behalf of all parties *to request additional time*. (Tintner, Robert) (Entered: 06/04/2021) |
| 06/04/2021 | 133 | VERBAL ORDER - AND NOW, this 4th day of June, 2021, the court hereby GRANTS the parties joint request to extend the deadline established in the order dated May 21, 2021, Doc. 127, and extends the deadline to June 18, 2021. Signed by Honorable Jennifer P. Wilson on 6/4/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)**(ve) (Entered: 06/04/2021) |
| 06/09/2021 | 134 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery *Judicial Estoppel Issue Pursuant to Court's May 4, 2021 Order* filed by Eckert, Seamans Cherin & Mellott, LLC.(Tintner, Robert) (Entered: 06/09/2021) |
| 06/09/2021 | 135 | BRIEF IN OPPOSITION re 50 MOTION to Compel Discovery *on Remand from Appeal of Magistrate Judge's Order* filed by Greenwood Gaming and Entertainment, Inc..(Bibikos, George) (Entered: 06/09/2021) |
| 06/09/2021 | 136 | REPLY by Pace-O-Matic, Inc.. *Relating to Application for Judicial Estoppel*. (Attachments: # 1 Exhibit(s) A - Coon 1-17-20 Letter)(Walsh, Donna) (Entered: 06/09/2021) |
| 06/09/2021 | 137 | REPLY BRIEF re 52 MOTION for Protective Order *AND/OR MOTION TO QUASH SUBPOENA on Remand* filed by Hawke McKeon & Sniscak, LLP.(Whitaker, Dennis) (Entered: 06/09/2021) |
| 06/18/2021 | 138 | Letter from Plaintiff Pace-O-Matic, Inc. . (Walsh, Donna) (Entered: 06/18/2021) |
| 06/30/2021 | 139 | VERBAL ORDER - AND NOW, on this 30th day of June, 2021, IT IS ORDERED THAT a telephone conference is SCHEDULED for Friday, July 2, 2021, at 1:00 p.m. Counsel for Plaintiff shall initiate the call when all parties are on the line to chambers at (717) 221-3970. Signed by Honorable Jennifer P. Wilson on 6/30/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 06/30/2021) |
| 07/01/2021 | 140 | MOTION for Leave to File *Amended Complaint* by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Amended Complaint, # 2 Exhibit(s) B - Red-lined Complaint, # 3 Proposed Order)(Brier, Daniel) (Entered: 07/01/2021) |
| 07/02/2021 | 141 | VERBAL ORDER - AND NOW on this 2nd day of July, 2021, the court noting that Plaintiff has filed a motion for leave to amend the complaint, the court sua sponte continues the status conference originally set for July 2, 2021 at 1:00 p.m. to August 20, 2021 at 9:30 a.m. Signed by Honorable Jennifer P. Wilson on 7/2/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 07/02/2021) |
| 07/15/2021 | 142 | BRIEF IN SUPPORT re 140 MOTION for Leave to File *Amended Complaint* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Appendix of Unpublished Opinions)(Walsh, Donna) (Entered: 07/15/2021) |
| 07/29/2021 | 143 | Letter from Robert S. Tintner, Esquire *re No Opposition to Motion To Amend*. (Tintner, Robert) (Entered: 07/29/2021) |
| 08/02/2021 | 144 | ORDER granting 140 Motion for Leave to File. Signed by Honorable Jennifer P. Wilson on 8/2/2021 (ve) (Entered: 08/02/2021) |
| 08/02/2021 | 145 | AMENDED COMPLAINT against All Defendants filed by Pace-O-Matic, Inc..(ve) (Entered: 08/03/2021) |
| 08/03/2021 | 146 | Summons Issued as to Kevin M. Skjoldal, Mark S. Stewart and provided TO ATTORNEY ELECTRONICALLY VIA ECF for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (NOTICE TO ATTORNEYS RECEIVING THE SUMMONS ELECTRONICALLY: You must print the summons and the attachment when you receive it in your e-mail and serve the complaint on all defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure). (Attachments: # 1 Summons Packet) (ve) (Entered: 08/03/2021) |

| 08/06/2021 | 147 | ACKNOWLEDGEMENT OF SERVICE Executed as to 145 Amended Complaint, 146 Summons Issued,, Acknowledgement filed by Kevin M. Skjoldal, Mark S. Stewart. (Tintner, Robert) (Entered: 08/06/2021) |
| --- | --- | --- |
| 08/10/2021 | 148 | STIPULATION re 145 Amended Complaint *to File Response on or before August 27, 2021* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Tintner, Robert) (Entered: 08/10/2021) |
| 08/11/2021 | 149 | Order approving re 148 Stipulation- see order for details. (eo) (Entered: 08/11/2021) |
| 08/19/2021 | 150 | NOTICE of Appearance by Robert S. Tintner on behalf of Kevin M. Skjoldal, Mark S. Stewart (Tintner, Robert) (Entered: 08/19/2021) |
| 08/20/2021 | 152 | SCHEDULING ORDER - IT IS ORDERED AS FOLLOWS:1. By no later than September 10, 2021, Plaintiff shall file either a notice to withdraw the pending motion for preliminary injunction, Doc. 12, and a renewed motion for preliminary injunction, or, in the alternative an amendment to the current motion. 2. A hearing on the motion for preliminary injunction is scheduled for December 20, 2021, at 9:30 a.m., Courtroom No. 1, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania. Signed by Honorable Jennifer P. Wilson on 8/20/2021. (ve) (Entered: 08/20/2021) |
| 08/27/2021 | 153 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III, and all Requests for Punitive Damages* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order)(Tintner, Robert) (Entered: 08/27/2021) |
| 09/03/2021 | 154 | Unopposed MOTION for Extension of Time to To File Notice To Refile or Amend Motion for Preliminary Injunction by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Brier, Daniel) (Entered: 09/03/2021) |
| 09/07/2021 | 155 | ORDER granting 154 Motion to Extend Time. Signed by Honorable Jennifer P. Wilson on 9/7/2021 (ve) (Entered: 09/07/2021) |
| 09/10/2021 | 156 | BRIEF IN SUPPORT *of Motion to Dismiss with Certificate of Service* re 153 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III, and all Requests for Punitive Damages* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 09/10/2021) |
| 09/17/2021 | 157 | Amended MOTION for Preliminary Injunction by Pace-O-Matic, Inc..(Brier, Daniel) (Entered: 09/17/2021) |
| 09/21/2021 | | DOCKET ANNOTATION: Counsel is advised to file a proposed order for Doc. 157. (pjr) (Entered: 09/21/2021) |
| 09/22/2021 | 158 | Proposed Order by Pace-O-Matic, Inc.. 157 Amended MOTION for Preliminary Injunction . (Brier, Daniel) (Entered: 09/22/2021) |
| 09/24/2021 | 159 | BRIEF IN OPPOSITION re 153 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III, and all Requests for Punitive Damages* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 09/24/2021) |
| 10/01/2021 | 160 | BRIEF IN SUPPORT re 157 Amended MOTION for Preliminary Injunction filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Opinion, # 2 Exhibit(s) B - Cline Declaration, # 3 Exhibit(s) C - Press Release, # 4 Exhibit(s) D - 1/17/20 Letter, # 5 Exhibit(s) E - 1/23/20 Email, # 6 Exhibit(s) F - 1/28/20 Email, # 7 Exhibit(s) G - Example Communications, # 8 Exhibit(s) H - Lisk Declaration, # 9 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 10/01/2021) |
| 10/07/2021 | 161 | Unopposed MOTION for Extension of Time to File *Response to Amended Motion for Preliminary Injunction* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 10/07/2021) |
| 10/07/2021 | 162 | ORDER Granting dfts' unopposed mtn for exttm 161 . Dfts have until 10/22/21 to file their bropp to pltf's amended mtn for PI 157 . Signed by Honorable Jennifer P. Wilson on 10/7/21. (ma) (Entered: 10/07/2021) |
| 10/08/2021 | 163 | REPLY BRIEF re 153 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III, and all Requests for Punitive Damages* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Tintner, Robert) (Entered: 10/08/2021) |
| 10/22/2021 | 164 | BRIEF IN OPPOSITION re 157 Amended MOTION for Preliminary Injunction *with Proposed Form of Order and Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H, # 10 Exhibit(s) I)(Tintner, Robert) (Entered: 10/22/2021) |
| 11/05/2021 | 165 | REPLY BRIEF re 157 Amended MOTION for Preliminary Injunction filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A, # 2 Appendix of Unpublished Opinion)(Brier, Daniel) (Entered: 11/05/2021) |
| 11/16/2021 | 166 | MEMORANDUM (Order to follow as separate docket entry). For the foregoing reasons, with respect to the purportedly privileged documents at issue on remand, the motion to compel by POM will be granted, the motion for a protective order by Eckert will be denied, the motion to quash subpoena by Parx will be denied, and the motion for a protective order or to quash subpoena by HMS will be denied. With respect to the foregoing documents identified as communications for which any attorney-client privilege has been judicially estopped and work-product doctrine does not apply, the objections of Eckert, HMS, and Parx are overruled and said documents shall be produced to the plaintiff.An appropriate order follows. Signed by Magistrate Judge Joseph F. Saporito, Jr on 11/16/21. (ms) (Entered: 11/16/2021) |

| 11/16/2021 | 167 | ORDER (memorandum filed previously as separate docket entry). In accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:1.With respect to the documents at issue on remand (see Doc. 114), the motion to compel discovery by plaintiff POM (Doc. 50) is GRANTED, and the motion for a protective order by defendant Eckert (Doc. 44), the motion to quash subpoena by non-party subpoena recipient Parx (Doc. 48), and the motion for a protective order or to quash subpoena by non-party subpoena recipient HMS (Doc. 52) are DENIED; and2.Based on our in camera review, the movants objections are OVERRULED, and the following documents shall be PRODUCED to the plaintiffs without redaction within twenty-one (21) days: (See Order for list of documents to be produced) Signed by Magistrate Judge Joseph F. Saporito, Jr on 11/16/21. (ms) (Entered: 11/16/2021) |
|---|---|---|
| 11/30/2021 | 168 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart re 166 Memorandum (Order to follow as separate docket entry),,, 167 Order (memorandum filed previously as separate docket entry),,, (Attachments: # 1 Exhibit(s) A - Magistrate Judge's Order and Memorandum)(Tintner, Robert) (Entered: 11/30/2021) |
| 11/30/2021 | 169 | Appellant's BRIEF by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. Appellee Brief due by 12/30/2021. (Tintner, Robert) (Entered: 11/30/2021) |
| 11/30/2021 | 170 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Greenwood Gaming and Entertainment, Inc. re 166 Memorandum (Order to follow as separate docket entry),,, 167 Order (memorandum filed previously as separate docket entry),,, (Bibikos, George) (Entered: 11/30/2021) |
| 11/30/2021 | 171 | Appellant's BRIEF by Greenwood Gaming and Entertainment, Inc.. Appellee Brief due by 12/30/2021. (Bibikos, George) (Entered: 11/30/2021) |
| 11/30/2021 | 172 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Hawke McKeon & Sniscak, LLP re 166 Memorandum (Order to follow as separate docket entry),,, 167 Order (memorandum filed previously as separate docket entry),,, (Whitaker, Dennis) (Entered: 11/30/2021) |
| 11/30/2021 | 173 | Appellant's BRIEF by Hawke McKeon & Sniscak, LLP. Appellee Brief due by 12/30/2021. (Whitaker, Dennis) (Entered: 11/30/2021) |
| 12/01/2021 | 174 | Joint MOTION to Stay *Pending Appeal* by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Proposed Order, # 2 Certificate of Concurrence)(Whitaker, Dennis) (Entered: 12/01/2021) |
| 12/02/2021 | 175 | ORDER granting 174 Motion to Stay. Signed by Honorable Jennifer P. Wilson on 12/2/2021 (ve) (Entered: 12/02/2021) |
| 12/02/2021 | 176 | SCHEDULING ORDER- IT IS ORDERED THAT: the parties shall consult and confer regarding whether this preliminary injunction hearing should proceed as scheduled or be continued. A telephonic status conference is scheduled for December 8, 2021 at 9:15 a.m. to discuss this matter. Plaintiffs counsel shall initiate the call to chambers at 717-221-3970 once all parties are on the line. Signed by Honorable Jennifer P. Wilson on 12/2/2021. (ve) (Entered: 12/02/2021) |
| 12/08/2021 | 178 | SCHEDULING ORDER - IT IS ORDERED THAT:1. The preliminary injunction hearing previously scheduled for December 20, 2021 at 9:30 a.m. is continued to April 28, 2022 at 9:30 a.m., Courtroom No. 1, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.2. In lieu of the preliminary injunction hearing on December 20, 2021 at 9:30 a.m., the court will convene a telephonic status conference at the same date and time to discuss a discovery dispute. Plaintiffs counsel shall initiate the call to chambers at 717-221-3970 once all parties are on the line. Signed by Honorable Jennifer P. Wilson on 12/8/2021. (ve) (Entered: 12/08/2021) |
| 12/13/2021 | 179 | Letter from Daniel T. Brier . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Brier, Daniel) (Entered: 12/13/2021) |
| 12/14/2021 | 180 | MOTION for Extension of Time to File Opposition Brief by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Walsh, Donna) (Entered: 12/14/2021) |
| 12/15/2021 | 181 | ORDER granting 180 Motion to Extend Time. Signed by Honorable Jennifer P. Wilson on 12/15/2021 (ve) (Entered: 12/15/2021) |
| 12/16/2021 | 182 | Letter from Robert S. Tintner, Esquire *Concerning Discovery Dispute*. (Tintner, Robert) (Entered: 12/16/2021) |
| 12/17/2021 | 183 | VERBAL ORDER - AND NOW, on this 17th day of December, 2021, following a telephonic communication with counsel, IT IS ORDERED THAT the telephonic discovery conference scheduled for December 20, 2021 is CONTINUED to **January 25, 2022, at 11:00 a.m.** Plaintiff's counsel shall initiate the call when all parties are on the line to chambers at 717-221-3970. Signed by Honorable Jennifer P. Wilson on 12/17/2021. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)**(ve) (Entered: 12/17/2021) |
| 01/03/2022 | 184 | NOTICE of Appearance by Melissa A. Chapaska on behalf of Hawke McKeon & Sniscak, LLP (Chapaska, Melissa) (Entered: 01/03/2022) |
| 01/06/2022 | 185 | MEMORANDUM OF LAW by Pace-O-Matic, Inc. re 168 Appeal of Magistrate Judge Decision to District Court, 172 Appeal of Magistrate Judge Decision to District Court, 169 Appellant's Brief, 173 Appellant's Brief, 170 Appeal of Magistrate Judge Decision to District Court, 171 Appellant's Brief *in Opposition*. (Attachments: # 1 Exhibit(s) A - Eckert Privilege Log, # 2 Exhibit(s) B - Hawke McKeon Privilege Log, # 3 Exhibit(s) C - Parx Casino Privilege Log, # 4 Exhibit(s) D - Stewart Email, # 5 Appendix Unpublished Opinions)(Walsh, Donna) (Entered: 01/06/2022) |
| 01/10/2022 | 186 | Unopposed MOTION for Extension of Time to to file reply briefs by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Certificate of Concurrence, # 2 Proposed Order)(Chapaska, Melissa) (Entered: 01/10/2022) |
| 01/11/2022 | 187 | ORDER granting 186 Motion to Extend Time. Signed by Honorable Jennifer P. Wilson on 1/11/2022 (ve) (Entered: 01/11/2022) |

| 01/26/2022 | 189 | Joint MOTION for Order *Entry of Stipulated Order* by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Stipulated Order) (Brier, Daniel) (Entered: 01/26/2022) |
|---|---|---|
| 01/27/2022 | 190 | Order Referring Case to Chief MJ Mehalchick for Referral of settlement conference Matters to a U.S. Magistrate Judge. The preliminary injunction hearing previously scheduled for April 28, 2022 at 9:30 a.m. is CANCELLED. (eo) (Entered: 01/27/2022) |
| 01/27/2022 | 191 | ORDER granting 189 Motion for Stipulated Order. (eo) (Entered: 01/27/2022) |
| 01/27/2022 | | VERBAL ORDER by Chief Magistrate Judge Karoline Mehalchick Referring case to Magistrate Judge Martin C. Carlson for purposes of conducting a settlement conference. (cw) (Entered: 01/27/2022) |
| 01/27/2022 | 192 | Appellant's REPLY BRIEF by Greenwood Gaming and Entertainment, Inc.. (Bibikos, George) (Entered: 01/27/2022) |
| 01/27/2022 | 193 | Appellant's REPLY BRIEF by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Tintner, Robert) (Entered: 01/27/2022) |
| 01/27/2022 | 194 | Appellant's REPLY BRIEF by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Exhibit(s) A)(Whitaker, Dennis) (Entered: 01/27/2022) |
| 02/17/2022 | 195 | Joint MOTION To Enter Proposed Confidentiality Agreement and Stipulated Protective Order by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Exhibit(s) A - Proposed Confidentiality Agreement and Stipulated Protective Order)(Tintner, Robert) (Entered: 02/17/2022) |
| 02/18/2022 | 196 | STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER. Signed by Honorable Jennifer P. Wilson on 2/18/2022 (ve) (Entered: 02/18/2022) |
| 02/23/2022 | 197 | SCHEDULING ORDER - A Settlement Conference is set for 4/5/2022 a 1:00 PM in Harrisburg before Magistrate Judge Martin C. Carlson. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Martin C. Carlson on February 23, 2022. (kjn) (Entered: 02/23/2022) |
| 02/24/2022 | 198 | MOTION for Leave to File *To File Brief Sur Reply Memorandum in Further Opposition to Appeals from Magistrate Judge Decision* by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Sur Reply Brief, # 2 Proposed Order)(Walsh, Donna) (Entered: 02/24/2022) |
| 02/25/2022 | 199 | BRIEF IN OPPOSITION re 198 MOTION for Leave to File *To File Brief Sur Reply Memorandum in Further Opposition to Appeals from Magistrate Judge Decision with Proposed Order* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order)(Tintner, Robert) (Entered: 02/25/2022) |
| 02/28/2022 | 200 | BRIEF IN OPPOSITION re 198 MOTION for Leave to File *To File Brief Sur Reply Memorandum in Further Opposition to Appeals from Magistrate Judge Decision Joint Brief of Non-party Appellants* filed by Hawke McKeon & Sniscak, LLP. (Whitaker, Dennis) (Entered: 02/28/2022) |
| 03/02/2022 | 201 | BRIEF IN SUPPORT re 198 MOTION for Leave to File *To File Brief Sur Reply Memorandum in Further Opposition to Appeals from Magistrate Judge Decision* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) A - Commonwealth Court Docket, # 2 Unpublished Opinion(s))(Walsh, Donna) (Entered: 03/02/2022) |
| 03/23/2022 | 202 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 03/23/2022) |
| 03/31/2022 | 203 | ORDER - IT IS HEREBY ORDERED THAT the settlement conference scheduled for April 5, 2022 is POSTPONED. The parties shall provide a status report to the court on or before May 30, 2022 regarding the status of settlement discussions and discovery and the parties interest in rescheduling a settlement conference. Signed by Magistrate Judge Martin C. Carlson on March 31, 2022. (kjn) (Entered: 03/31/2022) |
| 03/31/2022 | 204 | ORDER granting in part and denying in part 153 Motion to Dismiss for Failure to State a Claim. POM may file an amended complaint with respect to its claim for fraud within 21 days, on or before April 22, 2022. Signed by Honorable Jennifer P. Wilson on 3/31/2022 (ve) (Entered: 03/31/2022) |
| 04/22/2022 | 205 | Letter from Plaintiff Pace-O-Matic, Inc. . (Brier, Daniel) (Entered: 04/22/2022) |
| 04/22/2022 | 206 | ORDER -The deadline for Plaintiff Pace-O-Matic, Inc. to file an amended complaint is extended to June 30, 2022. All discovery obligations are extended by 75 days.The parties shall provide a status report to the Court on or before June 21, 2022 regarding the status of settlement discussions. Signed by Magistrate Judge Martin C. Carlson on April 22, 2022. (kjn) (Entered: 04/22/2022) |
| 05/04/2022 | 207 | SCHEDULING ORDER - A Settlement Conference is set for 6/16/2022 at 1:00 PM in Harrisburg before Magistrate Judge Martin C. Carlson. SEE ORDER FOR COMPLETE DETAILS. Signed by Magistrate Judge Martin C. Carlson on May 4, 2022. (kjn) (Entered: 05/04/2022) |
| 06/10/2022 | 208 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Jeffrey Jensen on behalf of Pace-O-Matic, Inc. Attorney Jeffrey B. Jensen is seeking special admission. Filing fee $ 50, receipt number APAMDC-5972066., filed by on behalf of Pace-O-Matic, Inc..(Jensen, Jeffrey) (Entered: 06/10/2022) |
| 06/10/2022 | 209 | NOTICE of Appearance by George W. Westervelt, Jr on behalf of Pace-O-Matic, Inc. (Westervelt, George) (Entered: 06/10/2022) |
| 06/13/2022 | | DOCKET ANNOTATION: Petitioner, Jeffrey B. Jensen, and Associate counsel bar status verified. (pjr) (Entered: 06/13/2022) |
| 06/13/2022 | 210 | ANSWER to 145 Amended Complaint *with Defenses and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 06/13/2022) |

| 06/13/2022 | 211 | SPECIAL ADMISSIONS FORM APPROVED as to Jeffrey B. Jensen, Esq. Signed by Honorable Jennifer P. Wilson on 6/13/2022. (ve) (Entered: 06/13/2022) |
| 06/14/2022 | 212 | WITHDRAWAL OF ATTORNEY APPEARANCE - Attorney Daniel T. Brier and Donna A. Walsh terminated on behalf of Pace-O-Matic, Inc.. (Brier, Daniel) (Entered: 06/14/2022) |
| 06/14/2022 | 213 | ORDER - IT IS HEREBY ORDERED THAT the settlement conference scheduled in theundersigneds chambers on June 16, 2022 at 1:00 p.m., in the U.S. Courthouse,Harrisburg is POSTPONED indefinitely. The parties shall move forward with thelitigation of this case and shall notify the court when, and if, they wish to proceed to a settlement conference. Signed by Magistrate Judge Martin C. Carlson on June 14, 2022. (kjn) (Entered: 06/14/2022) |
| 06/15/2022 | 214 | SCHEDULING ORDER - AND NOW, on this 15th day of June, 2022, IT IS ORDERED THAT a telephone conference is SCHEDULED for June 30, 2022, at 10:00 a.m. to establish a new case management schedule. Plaintiffs counsel shall initiate the call when all parties are on the line to chambers at 717-221-3970. Signed by Honorable Jennifer P. Wilson on 6/15/2022. (ve) (Entered: 06/15/2022) |
| 06/21/2022 | 215 | NOTICE of Appearance by Peter C. Buckley on behalf of Eckert, Seamans Cherin & Mellott, LLC (Buckley, Peter) (Entered: 06/21/2022) |
| 06/28/2022 | 216 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Michael Nolan on behalf of Pace-O-Matic, Inc. Attorney Michael Nolan is seeking special admission. Filing fee $ 50, receipt number APAMDC-5987421.. (Nolan, Michael) (Entered: 06/28/2022) |
| 06/29/2022 | | DOCKET ANNOTATION: Petitioner, Michael Nolan, and Associate counsel bar status verified. (pjr) (Entered: 06/29/2022) |
| 06/29/2022 | 217 | SPECIAL ADMISSIONS FORM APPROVED as to Michael P. Nolan, Esq. Signed by Honorable Jennifer P. Wilson on 6/29/2022. (ve) (Entered: 06/29/2022) |
| 06/29/2022 | 218 | ORDER denying 198 Motion for Leave to File. Signed by Honorable Jennifer P. Wilson on 6/29/2022 (ve) (Entered: 06/29/2022) |
| 06/29/2022 | 219 | VERBAL ORDER - AND NOW, on this 29th day of June, 2022, IT IS ORDERED THAT the telephone scheduling conference scheduled for June 30, 2022 is CONTINUED to August 4, 2022, at 2:15 p.m. Plaintiff's counsel shall initiate the call when all parties are on the line to chambers at 717-221-3970. Signed by Honorable Jennifer P. Wilson on 6/29/2022. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 06/29/2022) |
| 06/29/2022 | 220 | MOTION for Leave to File *Second Amended Complaint* by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2) (Jensen, Jeffrey) (Entered: 06/29/2022) |
| 06/29/2022 | 221 | BRIEF in Support re 220 MOTION for Leave to File *Second Amended Complaint* , filed by Pace-O-Matic, Inc.. Related document: 220 MOTION for Leave to File *Second Amended Complaint* filed by Pace-O-Matic, Inc.. (Attachments: # 1 1) (Jensen, Jeffrey) (Entered: 06/29/2022) |
| 07/05/2022 | 222 | MEMORANDUM (Order to follow as separate docket entry) re 168 Appeal of Magistrate Judge Decision to District Court, filed by Mark S. Stewart, Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, 172 Appeal of Magistrate Judge Decision to District Court filed by Hawke McKeon & Sniscak, LLP, 170 Appeal of Magistrate Judge Decision to District Court, filed by Greenwood Gaming and Entertainment, Inc. Signed by Honorable Jennifer P. Wilson on 7/5/2022. (ve) (Entered: 07/05/2022) |
| 07/05/2022 | 223 | Order for Appeal of Magistrate Judge Decision to District Court re 166 Memorandum (Order to follow as separate docket entry), 167 Order (memorandum filed previously as separate docket entry) - IT IS ORDERED THAT:1. The appeals are DENIED. (Docs. 168, 170, 172.) The memorandum and order issued by United States Magistrate Judge Saporito are AFFIRMED. (Docs. 166, 167.) See order for further directives. Signed by Honorable Jennifer P. Wilson on 7/5/2022. (ve) (Entered: 07/05/2022) |
| 07/05/2022 | 224 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Omobolanle A. Adeniran on behalf of Pace-O-Matic, Inc. Attorney Omobolanle Adeniran is seeking special admission. Filing fee $ 50, receipt number APAMDC-5993187.. (Adeniran, Omobolanle) (Entered: 07/05/2022) |
| 07/06/2022 | | DOCKET ANNOTATION: Petitioner, Omobolanle Adeniran, and Associate counsel bar status verified. (pjr) (Entered: 07/06/2022) |
| 07/06/2022 | 225 | SPECIAL ADMISSIONS FORM APPROVED as to Omobolanle A. Adeniran, Esq. Signed by Honorable Jennifer P. Wilson on 7/6/2022. (ve) (Entered: 07/06/2022) |
| 07/08/2022 | 226 | PETITION FOR SPECIAL ADMISSION (PRO HAC VICE) by Michael Martinich-Sauter on behalf of Pace-O-Matic, Inc. Attorney Michael Martinich-Sauter is seeking special admission. Filing fee $ 50, receipt number APAMDC-5997301.. (Martinich-Sauter, Michael) (Entered: 07/08/2022) |
| 07/11/2022 | | DOCKET ANNOTATION: Petitioner, Michael Martinich-Sauter, and Associate counsel bar status verified. (pjr) (Entered: 07/11/2022) |
| 07/11/2022 | 227 | SPECIAL ADMISSIONS FORM APPROVED as to Michael Martinich-Sauter, Esq. Signed by Honorable Jennifer P. Wilson on 7/11/2022. (ve) (Entered: 07/11/2022) |
| 07/13/2022 | 228 | Letter from Robert S. Tintner, Esquire *to Judge Wilson re: No Opposition to Motion for Leave to File Second Amended Complaint*. (Tintner, Robert) (Entered: 07/13/2022) |

| | | |
|---|---|---|
| 07/14/2022 | 229 | ORDER granting 220 Motion for Leave to File. Signed by Honorable Jennifer P. Wilson on 7/14/2022 (ve) (Entered: 07/14/2022) |
| 07/14/2022 | 243 | AMENDED COMPLAINT against Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart, filed by Pace-O-Matic, Inc..(ve) (Entered: 08/02/2022) |
| 07/19/2022 | 230 | MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, Alternatively, for Certification of Order for Interlocutory Appeal* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A - July 5, 2022 Order and Memorandum)(Tintner, Robert) (Entered: 07/19/2022) |
| 07/19/2022 | 231 | BRIEF IN SUPPORT *of Motion for Reconsideration or, Alternatively, for Certification of Order for Interlocutory Appeal* re 230 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, Alternatively, for Certification of Order for Interlocutory Appeal* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 07/19/2022) |
| 07/19/2022 | 232 | MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, in the Alternative, for Certification of Appeal* by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Proposed Order Reconsideration, # 2 Proposed Order Certification)(Bibikos, George) (Entered: 07/19/2022) |
| 07/19/2022 | 233 | BRIEF IN SUPPORT re 232 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, in the Alternative, for Certification of Appeal* filed by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Exhibit(s) Tab A (Table))(Bibikos, George) (Entered: 07/19/2022) |
| 07/19/2022 | 234 | MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or in the alternative, for Certification* by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Exhibit A - July 5 2022 Order and Memorandum, # 2 Proposed Order on Reconsideration, # 3 Proposed Order on Certification)(Whitaker, Dennis) (Entered: 07/19/2022) |
| 07/19/2022 | 235 | BRIEF IN SUPPORT re 234 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or in the alternative, for Certification* filed by Hawke McKeon & Sniscak, LLP.(Whitaker, Dennis) (Entered: 07/19/2022) |
| 07/20/2022 | 236 | Joint MOTION to Stay re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *Pending Disposition of Motions for Reconsideration/Certification* by Eckert, Seamans Cherin & Mellott, LLC, Greenwood Gaming and Entertainment, Inc., Hawke McKeon & Sniscak, LLP, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order)(Tintner, Robert) (Entered: 07/20/2022) |
| 07/21/2022 | 237 | ORDER - IT IS ORDERED that the 236 Motion to Stay is GRANTED. Pending disposition of the motions for reconsideration/certification filed by Eckert, Parx and HMS, Eckert, Parx and HMS are not required to produce the documents identified in Paragraph 2 of the Courts July 5, 2022 Order. Signed by Honorable Jennifer P. Wilson on 7/21/2022 (sc) (Entered: 07/21/2022) |
| 07/21/2022 | 238 | MOTION for Leave to File *to File Single Brief in Response to All Pending Motions to Reconsider and/or Certify* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order Proposed Order)(Jensen, Jeffrey) (Entered: 07/21/2022) |
| 07/22/2022 | 239 | ORDER granting 238 Motion for Leave to File Signed by Honorable Jennifer P. Wilson on 7/22/22 (eo) (Entered: 07/22/2022) |
| 07/22/2022 | 240 | BRIEF IN OPPOSITION re 234 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or in the alternative, for Certification*, 230 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, Alternatively, for Certification of Order for Interlocutory Appeal*, 232 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, in the Alternative, for Certification of Appeal* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s) Exhibit to Omnibus Opposition)(Jensen, Jeffrey) (Entered: 07/22/2022) |
| 07/27/2022 | 241 | VERBAL ORDER: AND NOW, on this 27th day of July, 2022, upon consideration of the pending motions for reconsideration, Docs. 230 , 232 , 234 , IT IS ORDERED THAT the telephonic status conference previously scheduled for 8/4/22 at 2:15 p.m. is CANCELLED. The court will reschedule this call if necessary. Signed by Honorable Jennifer P. Wilson on 7/27/22. (ma) (Entered: 07/27/2022) |
| 07/28/2022 | 242 | REPLY BRIEF re 232 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, in the Alternative, for Certification of Appeal* filed by Greenwood Gaming and Entertainment, Inc..(Bibikos, George) (Entered: 07/28/2022) |
| 08/04/2022 | 244 | NOTICE OF APPEAL in NON-PRISONER Case as to 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), by Hawke McKeon & Sniscak, LLP. Filing Fee and Docket Fee PAID. Filing fee $ 505, receipt number BPAMDC-6021197. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 Attachment 1 Opinion, # 2 Attachment 2 Order)(Whitaker, Dennis) (Entered: 08/04/2022) |
| 08/04/2022 | 245 | NOTICE OF APPEAL in NON-PRISONER Case as to 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), by Greenwood Gaming and Entertainment, Inc.. Filing Fee and Docket Fee PAID. Filing fee $ 505, receipt number APAMDC-6021181. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 Exhibit(s) Order, # 2 Exhibit(s) Memorandum)(Bibikos, George) (Entered: 08/04/2022) |

| 08/05/2022 | 246 | REPLY BRIEF re 230 MOTION for Reconsideration re 223 Order for Appeal of Magistrate Judge Decision to District Court, 222 Memorandum (Order to follow as separate docket entry), *or, Alternatively, for Certification of Order for Interlocutory Appeal with Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Tintner, Robert) (Entered: 08/05/2022) |
|---|---|---|
| 08/09/2022 | 248 | SCHEDULING ORDER - IT IS ORDERED THAT a telephonic status conference is scheduled for August 11, 2022 at 11:00 a.m. Plaintiffs counsel shall initiate the call to chambers at 717-221-3970 once all parties are on the line. The purpose of this call is to discuss how to proceed with this case, including the possibility of a stay, in light of the notices of appeal, despite the pending motions for reconsideration or for leave to appeal. Counsel are directed to consult and confer on these issues in advance of the call. Signed by Honorable Jennifer P. Wilson on 8/9/2022. (ve) (Entered: 08/09/2022) |
| 08/09/2022 | 250 | ORDER of USCA RULE 4(a)(4) staying case pending disposition of post decision motion(s) as to 245 Notice of Appeal filed by Greenwood Gaming and Entertainment, Inc., 244 Notice of Appeal filed by Hawke McKeon & Sniscak, LLP (kr) (Entered: 08/09/2022) |
| 08/09/2022 | 251 | VERBAL ORDER - AND NOW, on this 9th day of August, 2022, upon consideration of the order entered by the Court of Appeals for the Third Circuit, Doc. 250, the court CANCELS the call scheduled for August 11, 2022 at 11:00 a.m. Signed by Honorable Jennifer P. Wilson on 8/9/2022. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 08/09/2022) |
| 08/11/2022 | 252 | ORDER - For the reasons stated herein, the court grants in part and denies in part the motions for reconsideration or for interlocutory appeal. (Docs. 230, 232, 234.) See order for further details. Signed by Honorable Jennifer P. Wilson on 8/11/2022 (ve) (Entered: 08/11/2022) |
| 08/11/2022 | 253 | SCHEDULING ORDER - AND NOW, on this 11th day of August, 2022, following the courts grant of the motions for interlocutory appeal, IT IS ORDERED THAT a telephonic status conference is scheduled for August 25, 2022 at 3:00 p.m. Plaintiffs counsel shall initiate the call to chambers at 717-221-3970 once all parties are on the line. The purpose of this call is to discuss how to proceed with this case, including the possibility of a stay of the case, in light of the interlocutory appeal. Counsel are directed to consult and confer on this issue in advance of the call. Signed by Honorable Jennifer P. Wilson on 8/11/2022. (ve) (Entered: 08/11/2022) |
| 08/16/2022 | 254 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III and IV and all requests for attorneys' fees from Second Amended Complaint* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order)(Tintner, Robert) (Entered: 08/16/2022) |
| 08/25/2022 | | VERBAL SCHEDULING ORDER - AND NOW, on this 25th day of August, 2022, IT IS ORDERED THAT the telephone status conference scheduled for this date is CONTINUED to August 26, 2022, at 3:00 p.m. Plaintiff's counsel shall initiate the call when all parties are on the line to chambers at 717-221-3970. Signed by Honorable Jennifer P. Wilson on 8/25/2022. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 08/25/2022) |
| 08/29/2022 | 257 | AMENDED CASE MANAGEMENT ORDER. Signed by Honorable Jennifer P. Wilson on 8/29/2022. (ve) (Entered: 08/29/2022) |
| 08/30/2022 | 258 | BRIEF IN SUPPORT *with Certificate of Compliance and Certificate of Service* re 254 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III and IV and all requests for attorneys' fees from Second Amended Complaint* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Exhibit(s) A - Commonwealth Court Docket, # 2 Exhibit(s) B - Commonwealth Court Docket, # 3 Exhibit(s) C - Commonwealth Court Docket, # 4 Exhibit(s) D - State Court Dockets, # 5 Exhibit(s) E - Unpublished Opinions)(Tintner, Robert) (Entered: 08/30/2022) |
| 09/12/2022 | 259 | BRIEF IN OPPOSITION re 254 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III and IV and all requests for attorneys' fees from Second Amended Complaint* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Appendix Appendix of Unreported Cases)(Jensen, Jeffrey) (Entered: 09/12/2022) |
| 09/13/2022 | 260 | ORDER - AND NOW, on this 13th day of September, 2022, following a telephone call from Plaintiffs counsel questioning the operative filing date of the amended complaint for purposes of Defendants filing a responsive pleading, see Docs. 229 & 243, and the court observing that there was an inadvertent delay by the Clerk in docketing the amended complaint following the courts order on July 14, 2022, IT IS ORDERED THAT August 2, 2022 is the operative date of the filing of the amended complaint. Signed by Honorable Jennifer P. Wilson on 9/13/2022. (ve) (Entered: 09/13/2022) |
| 09/23/2022 | 261 | REPLY BRIEF re 254 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III and IV and all requests for attorneys' fees from Second Amended Complaint with Certificate of Service* filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 09/23/2022) |
| 10/06/2022 | 262 | ORDER of USCA granting Petition for Leave to Appeal. (Attachments: # 1 Clerk's Notice)(kr) (Entered: 10/06/2022) |
| 10/06/2022 | 264 | NOTICE OF APPEAL from grant of petition for permission to appeal under 28 U.S.C. Section 1292(b) filed by Hawke, McKeon & Sniscak, LLP. Filing fee $505.00 paid, receipt number 333101388. (pjr) (Entered: 10/11/2022) |
| 10/06/2022 | 266 | NOTICE OF APPEAL from grant of petition for permission to appeal under 28 U.S.C. Section 1292(b) filed by Eckert, Seamans, Cherin & Mellott, LLC; Mark S. Stewart; and Kevin M. Skjoldal. Filing fee $505.00 paid, receipt number 111100190. (pjr) (Entered: 10/19/2022) |
| 10/06/2022 | 267 | NOTICE OF APPEAL from grant of petition for permission to appeal under 28 U.S.C. Section 1292(b) filed by Greenwood Gaming and Entertainment, Inc. Filing fee $505.00 paid, receipt number 333101466.(pjr) (Entered: 10/19/2022) |
| 10/07/2022 | 263 | APPEAL FILING FEE RECEIVED - Filing fee: $ 505.00, receipt number 333101388 (ep) (Entered: 10/07/2022) |

| | | |
|---|---|---|
| 10/07/2022 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 263 Appeal Filing Fee Received (Receipt). Documents and Docket Sheet available through ECF. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ep) (Entered: 10/07/2022) |
| 10/11/2022 | | Receipt of payment from APPEAL 228040HAWKE MCLEON SNISCAK LLP in the amount of $505.00 for Notice of Appeal/Docketing Fee. Transaction posted on 10/7/2022. Receipt number 333101388 processed by Edward Petroski. (jjs) (Entered: 10/11/2022) |
| 10/12/2022 | | Receipt of payment from ECKERT SEAMANS CHERIN MELLOTT LLC in the amount of $505.00 for Notice of Appeal/Docketing Fee. Transaction posted on 10/11/2022. Receipt number 111100190 processed by Brian Danilowicz. (jjs) (Entered: 10/12/2022) |
| 10/13/2022 | 265 | APPEAL FILING FEE RECEIVED - Filing fee paid on behalf of Greenwood Gaming and Entertainment, Inc.: $ 505.00, receipt number 333101446 (ao) (Entered: 10/13/2022) |
| 10/14/2022 | | Receipt of payment from GREENWOOD GAMING AND ENTERTAINMENT INC. in the amount of $505.00 for Notice of Appeal/Docketing Fee. Transaction posted on 10/13/2022. Receipt number 333101466 processed by AO. (jjs) (Entered: 10/14/2022) |
| 12/22/2022 | 271 | MOTION for Leave to File *Under Seal Plaintiff's Motion for Determination of Designation of Certain Documents Produced by Defendant Under Protective Order and Exhibits Thereto* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Westervelt, George) (Entered: 12/22/2022) |
| 12/27/2022 | 272 | BRIEF IN SUPPORT re 271 MOTION for Leave to File *Under Seal Plaintiff's Motion for Determination of Designation of Certain Documents Produced by Defendant Under Protective Order and Exhibits Thereto* filed by Pace-O-Matic, Inc..(pjr) (Entered: 12/27/2022) |
| 01/05/2023 | 274 | ORDER granting 271 Motion for Leave to File. Signed by Honorable Jennifer P. Wilson on 1/5/2023 (ve) (Entered: 01/05/2023) |
| 01/13/2023 | 275 | VERBAL ORDER : AND NOW, on this 13th day of January, 2023, IT IS ORDERED THAT Plaintiff shall serve Defendants with Plaintiffs sealed motion for determination of designation of certain documents, Doc. 273, and exhibits and brief in support thereof, by means other than CM/ECF. IT IS FURTHER ORDERED THAT Plaintiff shall file a certificate of service following service of the motion and supporting documents, or file a certificate of service showing service has already been accomplished, by January 20, 2023. Signed by Honorable Jennifer P. Wilson on 1/13/2023. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)**(ve) (Entered: 01/13/2023) |
| 01/17/2023 | 276 | CERTIFICATE OF SERVICE by Pace-O-Matic, Inc. re 274 Order on Motion for Leave to File, 271 MOTION for Leave to File *Under Seal Plaintiff's Motion for Determination of Designation of Certain Documents Produced by Defendant Under Protective Order and Exhibits Thereto*, 272 Brief in Support, 275 Verbal Order,, 273 DOCUMENT(S) PENDING SEALING DECISION (Westervelt, George) (Entered: 01/17/2023) |
| 01/17/2023 | 277 | MOTION for Extension of Time to to file Opposition Brief to Motion *filed by Plaintiff with Certificate of Non-Concurrence and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 01/17/2023) |
| 01/18/2023 | 278 | Letter from Robert S. Tintner, Esquire *re: Motion for Enlargement of Time*. (Tintner, Robert) (Entered: 01/18/2023) |
| 01/18/2023 | 279 | ORDER granting 277 Motion to Extend Time. Signed by Honorable Jennifer P. Wilson on 1/18/2023 (ve) (Entered: 01/18/2023) |
| 01/19/2023 | 280 | MOTION to File Document Under Seal by Eckert, Seamans Cherin & Mellott, LLC. (Attachments: # 1 Proposed Order)(pjr) (Additional attachment(s) added on 1/19/2023: # 2 Brief in Support of Motion to Seal) (ve). (Entered: 01/19/2023) |
| 01/19/2023 | 281 | DOCUMENT(S) PENDING SEALING DECISION (Attachments: # 2 Proposed Order, # 3 Exh. 1, # 4 cover letter) (pjr) (Main Document 281 replaced on 1/19/2023) (ve). Modified on 1/19/2023 (ve). (Entered: 01/19/2023) |
| 01/23/2023 | 282 | ORDER granting 280 Motion to Seal Document. Signed by Honorable Jennifer P. Wilson on 1/23/2023 (ve) (Entered: 01/23/2023) |
| 01/31/2023 | 283 | REQUEST for (Stipulated) Extension of Time to File Reply Brief by Pace-O-Matic, Inc.. (Westervelt, George) (Entered: 01/31/2023) |
| 02/01/2023 | | DOCKET ANNOTATION: Counsel is directed to file a proposed order for Doc. 283. (ve) (Entered: 02/01/2023) |
| 02/01/2023 | 284 | Proposed MOTION for Order *Granting Stipulated Request for Extension of Time to File Reply Brief (Doc 283)* by Pace-O-Matic, Inc..(Westervelt, George) (Entered: 02/01/2023) |
| 02/02/2023 | 285 | ORDER granting 283 Stipulated Request for Extension of Time to File Reply Brief. Signed by Honorable Jennifer P. Wilson on 2/2/2023 (ve) (Entered: 02/02/2023) |
| 02/10/2023 | 287 | AMENDED CASE MANAGEMENT ORDER. Signed by Honorable Jennifer P. Wilson on 2/10/2023. (ve) (Entered: 02/10/2023) |
| 02/23/2023 | 289 | Letter from Jeffrey B. Jensen *re Discovery Dispute*. (Jensen, Jeffrey) (Entered: 02/23/2023) |
| 02/28/2023 | 290 | Letter from Robert S. Tintner to Judge Wilson *re: extension to respond to Discovery Letter*. (Tintner, Robert) (Entered: 02/28/2023) |
| 03/01/2023 | 291 | VERBAL ORDER - AND NOW, on this 1st day of March, 2023, following review of Defendants letter, Doc. 290, and noting Plaintiffs concurrence, IT IS ORDERED THAT Defendants responsive discovery dispute letter is due on March 2, 2023. Signed by Honorable Jennifer P. Wilson on 3/1/2023. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 03/01/2023) |

JA255

| | | |
|---|---|---|
| 03/02/2023 | 292 | Letter from Robert S. Tintner to Judge Wilson re: Eckert's Response to POM Discovery Letter . (Tintner, Robert) (Entered: 03/02/2023) |
| 03/06/2023 | 293 | ORDER re 289 Letter, 292 Letter - IT IS ORDERED THAT:1) Defendants shall produce an amended privilege log by March 24, 2023. 2) Where Defendants have withheld documents based on work-product doctrine, the amended privilege log shall identify with specificity the litigation for which the document was prepared and the specific date on which Defendants anticipated such litigation. 3) Where Defendants have asserted attorney-client privilege over communications solely between Defendants or personnel of Defendants, the amended privilege log shall identify the client whose confidences are disclosed within that attorney-only communication. Signed by Honorable Jennifer P. Wilson on 3/6/2023. (ve) (Entered: 03/06/2023) |
| 05/26/2023 | 294 | MOTION to File Documents Under Seal by Pace-O-Matic, Inc. (Attachments: # 1 Proposed Order, # 2 Cover Letter)(dw) (Entered: 05/26/2023) |
| 05/26/2023 | 295 | SEALED DOCUMENTS (Attachments: # 1 Attachment 1 - Part 1, # 2 Attachment 1 - Part 2, # 3 Attachment 2, # 4 Attachment 3, # 5 Attachment 4, # 6 Attachment 5, # 7 Attachment 6, # 8 Attachment 7, # 9 Attachment 8, # 10 Attachment 9, # 11 Declaration in Support of Sealing) (dw) Modified on 6/8/2023 (ve). (Entered: 05/26/2023) |
| 06/01/2023 | 296 | VERBAL ORDER - AND NOW, on this 1st day of June, 2023, the court ORDERS as follows: (1)By Friday, June 2, 2023 at 9:00 a.m., Plaintiff Pace-O-Matic, Inc. (POM) SHALL provide to Defendant Eckert Seamans Cherin & Mellot, LLC (Eckert) a copy of its May 25, 2023 letter to the court if not already done.(2)By Tuesday, June 6, 2023 at 5:00 pm, Eckert SHALL file a letter with the court which addresses the following: (a) does Eckert oppose POMs May 26, 2023 motion to file documents under seal? (b) what is Eckerts position on the four areas of dispute addressed in POMs letter? Signed by Honorable Jennifer P. Wilson on 6/1/2023. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)**(ve) (Entered: 06/01/2023) |
| 06/07/2023 | 297 | MOTION to Seal filed by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order, # 2 Cover Letter) (ibr) (Entered: 06/07/2023) |
| 06/07/2023 | 298 | DOCUMENTS PENDING SEALING DECISION. (Attachments: # 1 Brief in Support of Motion to File Under Seal) (ibr) (Entered: 06/07/2023) |
| 06/08/2023 | 299 | VERBAL ORDER - AND NOW, on this 8th day of June, 2023, following review of Defendants motion to seal, Doc. 297, Defendants motion is GRANTED. Signed by Honorable Jennifer P. Wilson on 6/8/2023. (ve) (Entered: 06/08/2023) |
| 06/08/2023 | 300 | ORDER - IT IS ORDERED THAT: 1) The court GRANTS Plaintiffs motion to file documents under seal. (Doc. 294.) 2) The court GRANTS Plaintiffs request for in camera review as described in its letter dated May 25, 2023. (Doc. 295.) Accordingly, by June 15, 2023, Defendants SHALL submit to the court for in camera review the following categories of documents as outlined in Plaintiffs letter: (1) communications regarding skill games in Virginia, (2) communications that relate predominantly to legislative or lobbying strategy, and (3) communications regarding Pennsylvania Gaming Control Board grant applications. 3) Plaintiff SHALL file a reply letter responding to Defendants arguments on the remaining issues in dispute by June 15, 2023. Signed by Honorable Jennifer P. Wilson on 6/8/2023 (ve) (Entered: 06/08/2023) |
| 06/12/2023 | 301 | MEMORANDUM (Order to follow as separate docket entry) re 254 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *as to Counts I, III and IV and all requests for attorneys' fees from Second Amended Complaint* filed by Mark S. Stewart, Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal. Signed by Honorable Jennifer P. Wilson on 6/12/2023. (ve) (Entered: 06/12/2023) |
| 06/12/2023 | 302 | ORDER (Memorandum filed previously as a separate entry) granting in part and denying in part 254 Motion to Dismiss for Failure to State a Claim. See order for further details. Signed by Honorable Jennifer P. Wilson on 6/12/2023 (ve) (Entered: 06/12/2023) |
| 06/15/2023 | 303 | MOTION to File Document Under Seal by Pace-O-Matic, Inc. (Attachments: # 1 Proposed Order)(dw) (Entered: 06/15/2023) |
| 06/15/2023 | 304 | DOCUMENT(S) PENDING SEALING DECISION (Attachments: # 1 Statement in Support of Sealing) (dw) (Entered: 06/15/2023) |
| 06/20/2023 | 306 | Letter from Robert S. Tintner re Discovery Dispute . (Attachments: # 1 Exhibit(s) Exhibit A - 2022.04.01 Eckert's Third Set of Requests for Production, # 2 Exhibit(s) Exhibit B - 2022.07.06 POM's Responses and Objections, # 3 Exhibit(s) Exhibit C - 2023.05.31 P. Buckley Email to M. Martinich-Sauter, # 4 Exhibit(s) Exhibit D - 2023.06.07 M. Martinich-Sauter Email to P. Buckley)(Tintner, Robert) (Entered: 06/20/2023) |
| 06/23/2023 | 307 | Letter from Pace-O-Matic, Inc. *Response to June 20, 2023 Discovery Dispute Letter*. (Attachments: # 1 Exhibit(s) Exhibit 1) (Jensen, Jeffrey) (Entered: 06/23/2023) |
| 06/23/2023 | 308 | UPDATED CIVIL PRACTICE ORDER. This updated civil practice order differs from, and supersedes, the courts prior civil practice order. (Doc. 11.) Counsel is responsible for reading it in full and following its directives. Signed by Honorable Jennifer P. Wilson on 6/23/2023. (ve) (Entered: 06/23/2023) |
| 06/23/2023 | 309 | STIPULATION re 243 Amended Complaint *to Extend Time to Answer Second Amended Complaint of Plaintiff* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Tintner, Robert) (Entered: 06/23/2023) |
| 06/23/2023 | 310 | Order approving re 309 Stipulation. Signed by Honorable Jennifer P. Wilson on 6/23/2023. (ve) (Entered: 06/23/2023) |
| 06/26/2023 | 311 | ORDER - IT IS ORDERED THAT: 1) The court FINDS NO BASIS for designating Defendants privilege log as confidential. (Doc. 295-1.) 2) Accordingly, consistent with Plaintiffs proposed order, Doc. 294-1, Plaintiff MAY file an unredacted version Defendants privilege log, which Plaintiff submitted as Exhibit 1 to its discovery letter. (Doc. 295-1.) Signed by Honorable Jennifer P. Wilson on 6/26/2023. (ve) (Entered: 06/26/2023) |

| | | |
|---|---|---|
| 06/28/2023 | 312 | ORDER re 306 Letter - AND NOW, on this 28th day of June 2023, the court having reviewed Defendants and Plaintiffs letters regarding Defendants discovery requests for documents relating to Plaintiffs Pennsylvania revenues, Docs. 306 and 307, the court will deny Defendants requests. (Doc. 306.)1Rule 26 provides that [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any partys claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The court finds that the information Defendants request is not relevant to any claim or defense in this dispute. For the reasons provided above, IT IS ORDERED THAT:1) Defendants request is DENIED. (Doc. 306.) Signed by Honorable Jennifer P. Wilson on 6/28/2023. (ve) (Entered: 06/28/2023) |
| 06/28/2023 | 313 | ORDER - AND NOW, on this 28th day of June, 2023, following a review of Plaintiffs letter regarding a discovery dispute, see Doc. 295, and the courts June 26, 2023 order resolving this dispute in part, Doc. 311, IT IS ORDERED THAT the remaining aspects of this dispute are referred to United States Magistrate Judge Joseph F. Saporito for resolution. Signed by Honorable Jennifer P. Wilson on 6/28/2023. (ve) (Entered: 06/28/2023) |
| 06/29/2023 | 314 | ORDER granting 303 MOTION to File Document Under Seal. Signed by Honorable Jennifer P. Wilson on 6/29/2023 (ve) (Entered: 06/29/2023) |
| 07/13/2023 | 315 | NOTICE of Appearance by Thomas F. Brier, Jr on behalf of Pete Shelly (Brier, Thomas) (Entered: 07/13/2023) |
| 07/13/2023 | 316 | Letter re: MOTION to Quash *Subpoena for Deposition to Peter Shelly* by Pete Shelly. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4)(Brier, Thomas) (Attachment 4 replaced on 7/13/2023) (dw). Modified on 7/19/2023 (ve). (Entered: 07/13/2023) |
| 07/14/2023 | 317 | ORDER - IT IS ORDERED THAT: 1)The deposition of Peter Shelley, currently scheduled for July 15, 2023, SHALL NOT proceed until the court can resolve the motion to quash. (Doc. 316.) 2)Plaintiff SHALL submit a responsive letter of no more than three pages by Tuesday, July 18, 2023. 3)Upon reviewing Plaintiffs responsive letter, the court will either issue a ruling on the motion or convene a telephonic conference. Signed by Honorable Jennifer P. Wilson on 7/14/2023. (ve) (Entered: 07/14/2023) |
| 07/18/2023 | 318 | Letter re: MOTION to Resolve Discovery Dispute by Pace-O-Matic, Inc.. (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s), # 6 Exhibit(s))(Nolan, Michael) Modified on 7/19/2023 (ve). (Entered: 07/18/2023) |
| 07/19/2023 | 319 | NOTICE of Appearance by Nathan Huddell on behalf of Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Huddell, Nathan) (Entered: 07/19/2023) |
| 07/19/2023 | 320 | MOTION to File Document Under Seal by Pace-O-Matic, Inc. (Attachments: # 1 Proposed Order)(dw) (Entered: 07/19/2023) |
| 07/19/2023 | 321 | DOCUMENT(S) - Exhibit 3 (Attachments: # 1 Exhibit 5, # 2 Statement in Support of Sealing) (dw) (Entered: 07/19/2023) |
| 07/20/2023 | | DOCKET ANNOTATION: Attorney Huddell is instructed to file for special admission or make arrangements to be generally admitted. (ea) (Entered: 07/20/2023) |
| 07/20/2023 | 322 | REPLY BRIEF re 318 Letter re: MOTION to Resolve Discovery Dispute filed by Pete Shelly.(Brier, Thomas) (Entered: 07/20/2023) |
| 07/20/2023 | | DOCKET ANNOTATION: Attorney Huddell generally admitted on 7/14/2023. (ea) (Entered: 07/20/2023) |
| 07/21/2023 | 323 | ORDER Granting the mtn to file docs under seal 320 filed by Pace-O-Matic, Inc. Exhibits 3 and 5 shall be sealed in order to protect the compelling interests of Dfs, which outweigh the need to have a public judicial record in this instance. Signed by Honorable Jennifer P. Wilson on 7/21/23. (ma) (Entered: 07/21/2023) |
| 07/21/2023 | 324 | ORDER - 1) Peter Shellys mtn to quash 316 is DENIED. 2) The transcript for Shellys deposition SHALL be designated as for attorneys eyes only for a period of 30 days, during which time Shellys counsel may make a motion to seek protection for specific portions of the transcript if necessary after conferring with counsel for POM in an effort to resolve any concerns. If no motion or stipulation is filed, the designation SHALL terminate at the conclusion of the thirty-day period. Signed by Honorable Jennifer P. Wilson on 7/21/23. (ma) (Entered: 07/21/2023) |
| 07/26/2023 | 325 | ANSWER to 243 Amended Complaint *Second Amended Complaint with Defenses and Certificate of Service* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart.(Tintner, Robert) (Entered: 07/26/2023) |
| 07/26/2023 | 327 | AMENDED ORDER - A Telephone Status Conference set for 1/24/2024 at 10:15 AM. Fact Discovery due by 2/29/2024. Pltf Expert Report due by 3/29/2024. Dispositive Mtns and brsups due by 3/29/2024. Dft Expert Report due by 5/3/2024. Supplemental due by 5/17/2024. All Expert Discovery is due by 6/14/2024. Pretrial Memos due by 8/7/2024. Final Pretrial Conference set for 8/21/2024 at a time TBD. Trial set for 9/3/2024 at 9:30 AM before Honorable Jennifer P. Wilson. before Honorable Jennifer P. Wilson. Signed by Honorable Jennifer P. Wilson on 7/26/23. (ma) (Entered: 07/26/2023) |
| 08/29/2023 | 328 | ORDER - IT IS ORDERED THAT: 1) The court FINDS NO GOOD CAUSE for maintain the confidential designation as to the documents labeled as Exhibits C, D, E, F, and G to Plaintiffs motion for designation of confidentiality. (Doc. 273-1, pp. 2358.) The court DECLARES that these documents DO NOT QUALIFY AS CONFIDENTIAL. 2) Plaintiffs motion, Doc. 273, is GRANTED. Signed by Honorable Jennifer P. Wilson on 8/29/2023 (ve) (Entered: 08/29/2023) |
| 09/14/2023 | 329 | Letter from Pace-O-Matic, Inc. *re Motion for Leave of Court to Take Additional Depositions*. (Attachments: # 1 Proposed Order Proposed Order)(Nolan, Michael) (Entered: 09/14/2023) |
| 09/19/2023 | 330 | Letter from Eckert Seamans Cherin & Mellott, LLC *re Plaintiff's Motion for Leave to Take Additional Depositions*. (Attachments: # 1 Exhibit(s) Excerpts of Transcript of Deposition of K. Hall, # 2 Exhibit(s) Excerpts of Transcript of Deposition of PGCB, # 3 Exhibit(s) POM Subpoena to PA State Police)(Huddell, Nathan) (Entered: 09/19/2023) |
| 09/20/2023 | 331 | ORDER re 329 Letter - IT IS ORDERED THAT: Plaintiffs request is GRANTED. See order for further details. Signed by Honorable Jennifer P. Wilson on 9/20/2023. (ve) (Entered: 09/20/2023) |

| | | |
|---|---|---|
| 10/10/2023 | 332 | Letter from Peter C. Buckley *re Defendants' Motion to Compel Damages Discovery*. (Attachments: # 1 Exhibit(s) Exhibit A - 2020.05.12 Eckert First RFPs to POM (Pages 1, 2, 5), # 2 Exhibit(s) Exhibit B - 2020.06.11 Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents, # 3 Proposed Order 2023.10.10 Proposed Order Granting Defendants' Motion to Compel Damages Discovery)(Huddell, Nathan) (Entered: 10/10/2023) |
| 10/13/2023 | 333 | Letter from Plaintiff *re Defendants' Discovery Letter*. (Jensen, Jeffrey) (Entered: 10/13/2023) |
| 10/13/2023 | 334 | VERBAL ORDER - AND NOW on this 13th day of October, the court GRANTS Plaintiffs request for an extension, Doc. 333, and Plaintiff SHALL file its letter in response to Defendants discovery dispute, Doc. 332, on or before October 20, 2023. Signed by Honorable Jennifer P. Wilson on 10/13/2023. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 10/13/2023) |
| 10/18/2023 | 335 | NOTICE of Appearance by Danielle Hudson on behalf of Pete Shelly (Hudson, Danielle) (Entered: 10/18/2023) |
| 10/18/2023 | 336 | STRICKEN PURSUANT TO COURT ORDER 343 MOTION for Leave to File *Confidential and Privileged Testimony Under Seal in Connection With Letter Motion for Confidentiality Designations Motion for Summary Judgment* by Pete Shelly. (Attachments: # 1 Memo, # 2 Exhibit(s) 1, # 3 Certificate of Nonconcurrence, # 4 Proposed Order)(Hudson, Danielle) Modified on 10/24/2023 (ve). (Entered: 10/18/2023) |
| 10/18/2023 | 337 | Letter from Counsel for Peter Shelly *Regarding Motion for Confidentiality Designations*. (Attachments: # 1 Exhibit(s) 1 and 2)(Hudson, Danielle) (Entered: 10/18/2023) |
| 10/19/2023 | 338 | NOTICE of Appearance by William Richard Cruse on behalf of Pete Shelly (Cruse, William) (Entered: 10/19/2023) |
| 10/19/2023 | | DOCKET ANNOTATION: Counsel is advised to file document 336-1 as a separate docket entry using the following event: Civil Events - Motions and Related Filings - Responses and Replies (Briefs) -- Brief in Support (Do not use for Summary Judgment Motions). (ibr) (Entered: 10/19/2023) |
| 10/19/2023 | 339 | STRICKEN PURSUANT TO COURT ORDER 343 BRIEF IN SUPPORT *of Motion for Leave to File Confidential Testimony Under Seal* re 336 MOTION for Leave to File *Confidential and Privileged Testimony Under Seal in Connection With Letter Motion for Confidentiality Designations Motion for Summary Judgment* filed by Pete Shelly.(Hudson, Danielle) Modified on 10/24/2023 (ve). (Entered: 10/19/2023) |
| 10/20/2023 | 341 | RESPONSE by Pace-O-Matic, Inc. to 332 Letter, *re Discovery Letter*. (Attachments: # 1 Exhibit(s) 1)(Jensen, Jeffrey) (Entered: 10/20/2023) |
| 10/23/2023 | 342 | MOTION to File Document Under Seal by Pace-O-Matic, Inc..(Jensen, Jeffrey) (Entered: 10/23/2023) |
| 10/24/2023 | 343 | VERBAL ORDER - AND NOW, on this 24th day of October, 2023, IT IS ORDERED THAT the court will retain a copy of the deposition transcript at Doc. 340-3 for in camera review in order to resolve the discovery dispute related to this transcript and will STRIKE the motion for leave to file the deposition transcript under seal, Docs. 336, 339, and 340, as moot. Signed by Honorable Jennifer P. Wilson on 10/24/2023. **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** (ve) (Entered: 10/24/2023) |
| 10/24/2023 | 344 | DOCUMENT(S) PENDING SEALING DECISION - Pace-O-Matic, Inc. Response to Discovery Dispute Letter. (Attachments: # 1 Exhibit 1, # 2 Statement in Support of Sealing, # 3 Proposed Order) (dw) (Entered: 10/24/2023) |
| 10/26/2023 | 345 | ORDER re 337 Letter - IT IS ORDERED THAT: Shellys request is DENIED. See order for further details. Signed by Honorable Jennifer P. Wilson on 10/26/2023. (ve) (Entered: 10/26/2023) |
| 10/26/2023 | 346 | ORDER granting 342 Motion to Seal Document 344 . Signed by Honorable Jennifer P. Wilson on 10/26/2023 (ve) (Entered: 10/26/2023) |
| 11/16/2023 | 347 | Letter from Pace-O-Matic, Inc. *re Discovery Dispute*. (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Exhibit(s) Exhibit B, # 3 Exhibit(s) Exhibit C)(Nolan, Michael) (Entered: 11/16/2023) |
| 11/17/2023 | 348 | STIPULATION *of Voluntary Withdrawal and Dismissal of Certain Damages from Plaintiff's Second Amended Complaint* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Nolan, Michael) (Entered: 11/17/2023) |
| 11/21/2023 | 349 | Order approving re 348 Stipulation. Signed by Honorable Jennifer P. Wilson on 11/21/2023. (ve) (Entered: 11/21/2023) |
| 11/21/2023 | 350 | Letter from nonparty Peter Shelly *in Response to POM's 11.16.2023 Letter*. (Attachments: # 1 Exhibit(s) A - Testimony Citations, # 2 Exhibit(s) B - Testimony Citations, # 3 Exhibit(s) C - Testimony Citations)(Hudson, Danielle) (Entered: 11/21/2023) |
| 11/21/2023 | 351 | Letter from George A. Bibikos *on behalf of Parx Casino responding to POM's 11.16.2023 Discovery Letter*. (Attachments: # 1 Declaration EX A - Decl. of T. Bonner)(Bibikos, George) (Entered: 11/21/2023) |
| 11/28/2023 | 352 | VERBAL ORDER: AND NOW, on this 29th day of November 2023, upon review of the pending discovery dispute in this case, Docs. 347 , 350 , and 351 , Pltf SHALL file a letter brief by 12/4/23, responding to the filings by non-parties Shelly and Parx. (Docs. 350, 351.) **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** Signed by Honorable Jennifer P. Wilson on 11/28/23. (ma) (Entered: 11/28/2023) |
| 12/01/2023 | 353 | MEMORANDUM (Order to follow as separate docket entry).For the foregoing reasons, the objections to production by Eckert will be granted in part and sustained in part. Of the 120 documents for which Eckerts objections to production have been challenged by POM, one shall be withheld from production altogether, three shall be produced with redactions as described below, and 116 shall be produced without redactions.With respect to PRIV-00105 (Control No. 1900236), the objection to production on attorney-client privilege grounds is overruled, but the objection to production on federal work-product protection grounds is overruled in part and sustained in part. This document shall be produced, but with the email sent by William J. Downey at 11:01 a.m. on June 2, 2019, redacted.With respect to PRIV-00366 (Control No. 304699), the objection to production |

on attorney-client privilege grounds is overruled, but the objection to production on federal work-product protection grounds is overruled in part and sustained in part. This document shall be produced, but with the first three paragraphs (following the salutation Guys,) redacted.With respect to PRIV-00614 (Control No. 800947), the objection to production on attorney-client privilege grounds is overruled in part and sustained in part. This document shall be produced, but with the email sent by Mark S. Stewart at 12:56 p.m. on February 9, 2020, redacted.With respect to PRIV-00925 (Control No. 1900567), the objection to production on attorney-client privilege grounds is overruled, but the objection to production on federal work-product protection grounds is sustained. This document shall not be produced.With respect to all other documents challenged by POM and submitted for in camera review, the objections to production on attorney-client privilege and federal or state work-product protection grounds are overruled. These documents shall be produced without redaction.Absent a timely appeal of this decision, Eckert shall produce the documents described in the preceding paragraphs to POM, in the manner described, within 21 days after entry of the accompanying order.The parties shall each bear its own costs in connection with this discovery dispute.An appropriate order follows. Signed by Magistrate Judge Joseph F. Saporito, Jr on 12/1/23. (ms) (Entered: 12/01/2023)

| | | |
|---|---|---|
| 12/01/2023 | 354 | ORDER (memorandum filed previously as separate docket entry) RE: Doc. 295, 298 discovery disputes.Upon consideration of the parties submissions and the purportedly privileged documents submitted for in camera review, and in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:1.With respect to PRIV-00105 (Control No. 1900236), the objection to production on attorney-client privilege grounds is OVERRULED, but the objection to production on federal work-product protection grounds is OVERULED in part and SUSTAINED in partthis document shall be produced, but with the email sent by William J. Downey at 11:01 a.m. on June 2, 2019, redacted;2.With respect to PRIV-00366 (Control No. 304699), the objection to production on attorney-client privilege grounds is OVERRULED, but the objection to production on federal work-product protection grounds is OVERRULED in part and SUSTAINED in partthis document shall be produced, but with the first three paragraphs (following the salutation Guys,) redacted;3.With respect to PRIV-00614 (Control No. 800947), the objection to production on attorney-client privilege grounds is OVERRULED in part and SUSTAINED in partthis document shall be produced, but with the email sent by Mark S. Stewart at 12:56 p.m. on February 9, 2020, redacted;4.With respect to PRIV-00925 (Control No. 1900567), the objection to production on attorney-client privilege grounds is OVERRULED, but the objection to production on federal work-product protection grounds is SUSTAINEDthis document shall not be produced;5.With respect to all other documents challenged by POM and submitted for in camera review, the objections to production on attorney-client privilege and federal or state work-product protection grounds are OVERRULEDthese documents shall be produced without redaction;6.Absent timely appeal of this order, the defendant shall produce the documents described in the preceding paragraphs to the plaintiff, in the manner described, within 21 days after entry of this order; and7.The parties shall each bear its own costs in connection with this discovery dispute. Signed by Magistrate Judge Joseph F. Saporito, Jr on 12/1/23. (ms) (Entered: 12/01/2023) |
| 12/04/2023 | 355 | Letter from Pace-O-Matic, Inc. *re Reply Brief re Discovery Dispute re Peter Shelly's Deposition*. (Nolan, Michael) (Entered: 12/04/2023) |
| 12/05/2023 | 356 | MANDATE of USCA as to 264 Notice of Appeal filed by Hawke McKeon & Sniscak, LLP, 267 Notice of Appeal filed by Greenwood Gaming and Entertainment, Inc., 266 Notice of Appeal filed by Eckert, Seamans Cherin & Mellott, LLC (Attachments: # 1 Mandate Letter, # 2 Opinion)(kr) (Entered: 12/05/2023) |
| 12/11/2023 | 357 | SCHEDULING ORDER - IT IS ORDERED that an on-the-record telephone status conference is scheduled for Friday, January 12, 2024, at 1:30 p.m. Counsel shall call in for this status conference using the courts conference line at (877)336-1828, access code 2529544. See order for further details. Signed by Honorable Jennifer P. Wilson on 12/11/2023. (ve) (Entered: 12/11/2023) |
| 12/14/2023 | 358 | ORDER re 347 Letter denying POMs request. See order for further details. Signed by Honorable Jennifer P. Wilson on 12/14/2023. (ve) (Entered: 12/14/2023) |
| 12/14/2023 | 359 | STIPULATION *to Extend Time to Submit Briefs in Support of Objections/Statements of Appeal Relating to Court's December 1, 2023 Order* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Huddell, Nathan) (Entered: 12/14/2023) |
| 12/14/2023 | 360 | Order approving re 359 Stipulation. Signed by Honorable Jennifer P. Wilson on 12/14/2023. (ve) (Entered: 12/14/2023) |
| 12/15/2023 | 361 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart re 353 Memorandum (Order to follow as separate docket entry),,,,,,,,, 354 Order (memorandum filed previously as separate docket entry),,,,,,,, (Attachments: # 1 Exhibit(s) 2023.12.01 Order Regarding Documents Submitted for in Camera Review)(Huddell, Nathan) (Entered: 12/15/2023) |
| 12/15/2023 | 362 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Greenwood Gaming and Entertainment, Inc. re 353 Memorandum (Order to follow as separate docket entry),,,,,,,,, 354 Order (memorandum filed previously as separate docket entry),,,,,,,,, (Attachments: # 1 Exhibit(s) Order Appealed)(Bibikos, George) (Entered: 12/15/2023) |
| 01/12/2024 | 364 | ORDER Setting Briefing Schedule on Remand. Signed by Honorable Jennifer P. Wilson on 1/12/2024. (ve) (Entered: 01/12/2024) |
| 01/12/2024 | 365 | ORDER re: Motion for Sanctions. See order for further details. Signed by Honorable Jennifer P. Wilson on 1/12/2024. (ve) (Entered: 01/12/2024) |
| 01/12/2024 | 366 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by Greenwood Gaming and Entertainment, Inc. (Attachments: # 1 Declaration Tab A - Decl. of T. Bonner, # 2 Exhibit(s) Tab B - Unreported Opinions)(Bibikos, George) (Entered: 01/12/2024) |
| 01/12/2024 | 367 | Appellant's BRIEF by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. Appellee Brief due by 2/9/2024. (Attachments: # 1 Exhibit(s) Unreported Opinions, # 2 Exhibit(s) POM Privilege Log)(Huddell, Nathan) (Entered: 01/12/2024) |

Pennsylvania Middle District Version ...

| 01/26/2024 | 368 | AMENDED CASE MANAGEMENT ORDER. Signed by Honorable Jennifer P. Wilson on 1/26/2024. (ve) (Entered: 01/26/2024) |
|---|---|---|
| 01/26/2024 | 369 | MEMORANDUM OF POINTS & AUTHORITIES by Eckert, Seamans Cherin & Mellott, LLC, Greenwood Gaming and Entertainment, Inc., Hawke McKeon & Sniscak, LLP, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Exhibit(s) Exhibit 1 Pace-O-Matic, Inc. v. Eckert, Seamans, Cherin & Mellott, LLC)(Huddell, Nathan) (Entered: 01/26/2024) |
| 02/07/2024 | 370 | Unopposed MOTION to Exceed Page Limitation *to File Brief In Excess of Page Limits Set by Local Rule 7.8(a)* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Jensen, Jeffrey) (Entered: 02/07/2024) |
| 02/08/2024 | 371 | ORDER granting 370 Motion for Leave to File Excess Pages. Signed by Honorable Jennifer P. Wilson on 2/8/2024 (ve) (Entered: 02/08/2024) |
| 02/09/2024 | 372 | RESPONSE by Pace-O-Matic, Inc. to 369 Memorandum of Points & Authorities, *Brief Pursuant to January 12, 2024 Order*. (Jensen, Jeffrey) (Entered: 02/09/2024) |
| 02/09/2024 | 373 | MEMORANDUM OF LAW by Pace-O-Matic, Inc. *Brief in Opposition to the Objections Filed By Defendants and Greenwood Gaming & Entertainment, Inc. to the Magistrate Judge's December 1, 2023 Discovery-Dispute Ruling*. (Attachments: # 1 Exhibit(s) A)(Jensen, Jeffrey) (Entered: 02/09/2024) |
| 02/23/2024 | 374 | Appellant's REPLY BRIEF by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Unpublished Opinion(s)) (Bibikos, George) (Entered: 02/23/2024) |
| 02/23/2024 | 375 | MEMORANDUM OF POINTS & AUTHORITIES by Eckert, Seamans Cherin & Mellott, LLC. (Huddell, Nathan) (Entered: 02/23/2024) |
| 03/26/2024 | 376 | Letter from Plaintiff - Discovery Dispute Regarding Eckert Invoices . (Jensen, Jeffrey) (Entered: 03/26/2024) |
| 03/28/2024 | 377 | STIPULATION *to Extend Defendants' Time to Submit Response to Plaintiff's March 26, 2024 Letter Motion* by Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, Mark S. Stewart. (Attachments: # 1 Proposed Order)(Huddell, Nathan) (Entered: 03/28/2024) |
| 03/29/2024 | 378 | Order approving Stipulation 377 . Dfts Mark S. Stewart, Kevin M. Skjoldal, and Eckert Seamans Cherin & Mellott, LLC shall have until 4/5/24 to file a response to the letter motion filed by Pltf Pace-O-Matic, Inc. on 3/26/24 376 . Signed by Honorable Jennifer P. Wilson on 3/29/24. (ma) (Entered: 03/29/2024) |
| 04/05/2024 | 379 | Letter from Defendants - *Discovery Dispute Regarding Attorney Invoices*. (Huddell, Nathan) (Entered: 04/05/2024) |
| 04/05/2024 | 380 | Letter from George A. Bibikos *on behalf of Parx Casino responding to POM's 3-26-2024 Discovery Letter*. (Bibikos, George) (Entered: 04/05/2024) |
| 04/09/2024 | 381 | ORDER - IT IS ORDERED THAT:1) Plaintiffs request is GRANTED IN PART AND DENIED IN PART. (Doc. 376.)2) Specifically, Plaintiffs request is GRANTED insofar as Defendant SHALL, by April 30, 2024, produce to Plaintiff copies of invoices relating to work that Defendant performed for Parx and other casino clients that was adverse to Plaintiff. (Doc. 337.) Plaintiffs request is DENIED insofar as Defendant need not submit a privilege log and may redact all portions of the aforementioned invoices except for the date of the invoice, total amount billed, and to what extent Defendant collected the billed amount. Signed by Honorable Jennifer P. Wilson on 4/9/2024. (ve) (Entered: 04/09/2024) |
| 04/29/2024 | 382 | MEMORANDUM (Order to follow as separate docket entry) re 361 Appeal of Magistrate Judge Decision to District Court, filed by Mark S. Stewart, Eckert, Seamans Cherin & Mellott, LLC, Kevin M. Skjoldal, 362 Appeal of Magistrate Judge Decision to District Court, filed by Greenwood Gaming and Entertainment, Inc. Signed by Honorable Jennifer P. Wilson on 4/29/2024. (ve) (Entered: 04/29/2024) |
| 04/29/2024 | 383 | Order (Memorandum filed previously as a separate entry) on Appeal of Magistrate Judge Decision to District Court re 353 Memorandum (Order to follow as separate docket entry), 354 Order (memorandum filed previously as separate docket entry). See order for further details. Signed by Honorable Jennifer P. Wilson on 4/29/2024. (ve) (Entered: 04/29/2024) |
| 04/30/2024 | 384 | ORDER - IT IS ORDERED as follows: 1) By Monday, May 6, 2024, third-party Hawke McKeon & Sniscak, LLP (HMS) SHALL produce to the court a copy of the document HMS-001081HMS-001082 over which it asserts attorney-client privilege. HMS may produce a digital copy, via thumb drive, or paper copy. Signed by Honorable Jennifer P. Wilson on 4/30/2024. (ve) (Entered: 04/30/2024) |
| 05/09/2024 | 385 | MEMORANDUM re. In camera review documents (Order to follow as separate docket entry) Signed by Honorable Jennifer P. Wilson on 5/9/24. (ma) (Entered: 05/09/2024) |
| 05/09/2024 | 386 | ORDER - In accord with the accompanying Memorandum 385 . See order for details. Signed by Honorable Jennifer P. Wilson on 5/9/24. (ma) (Entered: 05/09/2024) |
| 05/13/2024 | 387 | MOTION for Reconsideration *or Certification and for Stay* by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Proposed Order Stay, # 2 Proposed Order Reconsideration, # 3 Proposed Order Certification)(Bibikos, George) (Entered: 05/13/2024) |
| 05/13/2024 | 388 | BRIEF IN SUPPORT re 387 MOTION for Reconsideration *or Certification and for Stay* filed by Greenwood Gaming and Entertainment, Inc..(Bibikos, George) (Entered: 05/13/2024) |
| 05/13/2024 | 389 | Letter from Pace-O-Matic, Inc. *re Parx Casino Stay Request*. (Nolan, Michael) (Entered: 05/13/2024) |
| 05/14/2024 | 390 | ORDER - IT IS ORDERED THAT: The deadline for Defendants to produce discovery, set forth in Paragraph 4 of this courts April 29, 2024 order, Doc. 383, is STAYED pending briefing and resolution of Parxs motion. (Doc. 387.) The decision to stay |

| | | the deadline does not reflect any consideration of the potential merit of Parxs pending motion. Signed by Honorable Jennifer P. Wilson on 5/14/2024. (ve) (Entered: 05/14/2024) |
|---|---|---|
| 05/22/2024 | 391 | MOTION to Exceed Page Limitation by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Nolan, Michael) (Entered: 05/22/2024) |
| 05/22/2024 | 392 | ORDER granting 391 Motion for Leave to File Excess Pages. Signed by Honorable Jennifer P. Wilson on 5/22/2024 (ve) (Entered: 05/22/2024) |
| 05/24/2024 | 393 | BRIEF IN OPPOSITION re 387 MOTION for Reconsideration *or Certification and for Stay* filed by Pace-O-Matic, Inc.. (Attachments: # 1 Appendix of Unpublished Opinions)(Jensen, Jeffrey) (Entered: 05/24/2024) |
| 05/28/2024 | 394 | NOTICE OF APPEAL in NON-PRISONER Case as to 383 Order for Appeal of Magistrate Judge Decision to District Court, 382 Memorandum (Order to follow as separate docket entry), by Greenwood Gaming and Entertainment, Inc.. Filing Fee and Docket Fee PAID. Filing fee $ 605, receipt number APAMDC-6650235. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Bibikos, George) (Entered: 05/28/2024) |
| 06/05/2024 | 396 | REPLY BRIEF re 387 MOTION for Reconsideration *or Certification and for Stay* filed by Greenwood Gaming and Entertainment, Inc.. (Attachments: # 1 Exhibit(s) Tab A - Unreported Cases)(Bibikos, George) (Entered: 06/05/2024) |
| 07/03/2024 | 397 | MEMORANDUM (Order to follow as separate docket entry) re 387 MOTION for Reconsideration *or Certification and for Stay* filed by Greenwood Gaming and Entertainment, Inc. Signed by Honorable Jennifer P. Wilson on 7/3/2024. (ve) (Entered: 07/03/2024) |
| 07/03/2024 | 398 | ORDER (Memorandum filed previously as a separate entry) - IT IS ORDERED THAT:1) The motion for reconsideration or certification filed by Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino (Parx), Doc. 387, is DENIED;2) This courts May 14, 2024 order, staying Defendants production of discovery documents pending resolution of Parxs motion, is LIFTED;3) However, given that Parx has apparently appealed the courts order to the Third Circuit, Docs. 394 and 395, the deadlines in Paragraph 4 of this courts order dated April 29, 2024, Doc. 383, are STAYED pending the resolution of Parxs appeal;4) Within 14 days of the Third Circuit resolving the appeal, Parx SHALL file notice, no longer than three pages, with this court to (1) notify the court of the Circuits resolution and (2) address any other reason this court should not lift the stay of production.5) Within 14 days of Parx filing such notice, POM and Eckert shall each be permitted to file a response of no longer than three pages. Signed by Honorable Jennifer P. Wilson on 7/3/2024 (ve) (Entered: 07/03/2024) |
| 07/11/2024 | 399 | AMENDED NOTICE OF APPEAL (FRAP 4(a)4 Amendment) by Greenwood Gaming and Entertainment, Inc.. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (Attachments: # 1 Exhibit(s) April 2024 Opinion, # 2 Exhibit(s) April 2024 Order, # 3 Exhibit(s) July 2024 Opinion (Recon), # 4 Exhibit(s) July 2024 Order (Recon))(Bibikos, George) (Entered: 07/11/2024) |
| 07/11/2024 | 400 | Letter from PSP re Request for Protective Relief . (Attachments: # 1 Exhibit(s) A- 2022 Subpoena & Objections, # 2 Exhibit(s) B-2023 Subpoena & Objections, # 3 Exhibit(s) C-Protective Order, # 4 Exhibit(s) D-Commonwealth Court Filing)(Boland, Nicole) (Entered: 07/11/2024) |
| 07/12/2024 | 401 | Letter from POM *Requesting Extension of Time to Respond*. (Nolan, Michael) (Entered: 07/12/2024) |
| 07/15/2024 | 402 | VERBAL ORDER **(Text-only entry; no PDF document will issue. This text-only entry constitutes the order of the court or notice on the matter.)** AND NOW, on the 15th day of July, 2024, Plaintiffs request for an extension of time 401 to respond to the discovery letter 400 filed by the Pennsylvania State Police, is GRANTED. Plaintiff shall respond to the discovery letter by no later than July 22, 2024. Signed by Honorable Jennifer P. Wilson on 7/15/24. (ma) (Entered: 07/15/2024) |
| 07/19/2024 | 403 | NOTICE of Appearance by Marc E. Wolin on behalf of Downs Racing LP (Wolin, Marc) (Entered: 07/19/2024) |
| 07/19/2024 | 404 | Letter from Marc E. Wolin *re Gmerek Subpoena*. (Wolin, Marc) (Entered: 07/19/2024) |
| 07/19/2024 | 405 | MOTION Stipulated Motion for Extension of Deadlines , filed by Pace-O-Matic, Inc..(Nolan, Michael) (Entered: 07/19/2024) |
| 07/22/2024 | | DOCKET ANNOTATION: Counsel is advised to file a proposed order to document 405 using the following event: Civil Events - Other Filings - Other Documents-Includes Social Security Transcript and Brief Events -- Document Filed. (ibr) (Entered: 07/22/2024) |
| 07/22/2024 | 406 | ORDER granting the stipulated mtn for ext'n of ddls 405 . The teleconference set for 7/24/24 is cancelled. Amended case mgmnt ddls are as follows:Discovery Disputes: (6-weeks prior) 1/27/25; Status conference: 1/22/25 at 9:30 a.m.; Fact discovery: 2/28/25; Dispositive mtns and brsupps: 3/31/25; Pltfs expert reports: 3/31/25; Dfts expert reports: 5/2/25; Supplemental and rebuttal expert reports: 5/16/25; Expert discovery: 6/13/25; Mtns in limine and brsupps: 7/9/25; Pretrial memoranda, Proposed voir dire and jury instructions: 8/6/25; Final pretrial conference: 9/5/25; Trial: 9/8/25.Signed by Honorable Jennifer P. Wilson on 7/22/24 (ma) (Entered: 07/22/2024) |
| 07/22/2024 | 407 | NOTICE of Appearance by Kevin Corbett Hayes on behalf of Downs Racing LP (Hayes, Kevin) (Entered: 07/22/2024) |
| 07/22/2024 | 408 | Letter from POM *in Response to PSP Request for Protective Relief*. (Attachments: # 1 Exhibit(s) 1, # 2 Exhibit(s) 2, # 3 Exhibit(s) 3, # 4 Exhibit(s) 4, # 5 Exhibit(s) 5, # 6 Exhibit(s) 6, # 7 Exhibit(s) 7, # 8 Exhibit(s) 8, # 9 Exhibit(s) 9, # 10 Exhibit(s) 10, # 11 Exhibit(s) 11, # 12 Exhibit(s) 12)(Nolan, Michael) (Entered: 07/22/2024) |
| 07/24/2024 | 409 | SEALED MOTION to Seal by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order, # 2 Statement)(ao) Modified on 8/8/2024 (ve). (Entered: 07/24/2024) |
| 07/24/2024 | 410 | DOCUMENT SEALED (Attachments: # 1 Exhibit C, # 2 Exhibit D, # 3 Exhibit E) (ao) (Entered: 07/24/2024) |

| 07/24/2024 | 411 | Letter from POM *in Opposition to the letter filed by Downs Racing, LP (Dkt. 404)*. (Attachments: # 1 Exhibit(s) A)(Jensen, Jeffrey) (Entered: 07/24/2024) |
|---|---|---|
| 07/26/2024 | 412 | ORDER - IT IS ORDERED THAT the requests presented by Downs Racing in its July 19, 2024, letter are DENIED, and the objections contained therein are OVERRULED. Signed by Honorable Jennifer P. Wilson on 7/26/2024. (ve) (Entered: 07/26/2024) |
| 07/26/2024 | 413 | MOTION Stipulated Motion to Withdraw Exhibit and Resubmit Same Under Seal re 408 Letter, *in Response to PSP Request for Protective Relief* by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Nolan, Michael) (Entered: 07/26/2024) |
| 07/29/2024 | 414 | ORDER granting Stipulated Motion to Withdraw Exhibit and Resubmit same under seal 413 . Signed by Honorable Jennifer P. Wilson on 7/29/24 (ma) (Entered: 07/29/2024) |
| 08/02/2024 | 415 | DOCUMENT SEALED Exhibit 4 (Attachments: # 1 Letter, # 2 Signed Proposed Order) (ao) (Entered: 08/02/2024) |
| 08/06/2024 | 416 | Letter from Pennsylvania State Police *Replying to July 22, 2024 Letter*. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) (Boland, Nicole) (Entered: 08/06/2024) |
| 08/07/2024 | 417 | ORDER - IT IS ORDERED THAT the request made by PSP to file a motion for protective order and/or to quash the corporate designee subpoena is GRANTED, and the motion shall be filed by September 9, 2024. This motion shall be briefed according to the usual briefing requirements and deadlines in this courts Local Rules. Signed by Honorable Jennifer P. Wilson on 8/7/2024. (ve) (Entered: 08/07/2024) |
| 08/08/2024 | 418 | ORDER granting 409 Motion to Seal. Signed by Honorable Jennifer P. Wilson on 8/8/2024 (ve) (Entered: 08/08/2024) |
| 08/29/2024 | 419 | NOTICE of Appearance by William Richard Cruse on behalf of Richard Gmerek (Cruse, William) (Entered: 08/29/2024) |
| 08/29/2024 | 420 | MOTION for Extension of Time to to Respond to Plaintiffs August 28, 2024 to the Court by Richard Gmerek.(Cruse, William) (Entered: 08/29/2024) |
| 08/29/2024 | 421 | NOTICE of Appearance by Rebecca D. Ward on behalf of Richard Gmerek (Ward, Rebecca) (Entered: 08/29/2024) |
| 08/30/2024 | 422 | MOTION to File Document Under Seal by Pace-O-Matic, Inc.. (Attachments: # 1 Statement, # 2 Proposed Order)(ma) (Entered: 08/30/2024) |
| 09/03/2024 | 424 | Unopposed MOTION to Withdraw as Attorney by Hawke McKeon & Sniscak, LLP. (Attachments: # 1 Certificate of Concurrence, # 2 Proposed Order)(Whitaker, Dennis) (Entered: 09/03/2024) |
| 09/04/2024 | 425 | ORDER granting 424 Motion to Withdraw as Attorney. Attorney Melissa A. Chapaska and Dennis A Whitaker terminated. Signed by Honorable Jennifer P. Wilson on 9/4/2024 (ve) (Entered: 09/04/2024) |
| 09/06/2024 | 426 | MOTION to File Document Under Seal by Richard Gmerek. (Attachments: # 1 Declaration, # 2 Proposed Order)(ma) (Entered: 09/06/2024) |
| 09/09/2024 | 430 | ORDER granting 420 Motion to Extend Time. Richard Gmereks responsive letter docketed on September 6, 2024, Doc. 427 is deemed timely filed. Signed by Honorable Jennifer P. Wilson on 9/9/2024 (ve) (Entered: 09/09/2024) |
| 09/09/2024 | 431 | MOTION to Quash by Pennsylvania State Police. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order)(Boland, Nicole) (Entered: 09/09/2024) |
| 09/17/2024 | 432 | Letter from Counsel for Non-Party, Richard Gmerek *Requesting Extension of Time*. (Cruse, William) (Entered: 09/17/2024) |
| 09/17/2024 | 433 | Letter from George A. Bibikos *re: Extension of Time to Respond to Discovery Letter*. (Bibikos, George) (Entered: 09/17/2024) |
| 09/18/2024 | 434 | MOTION to File Document Under Seal by Pace-O-Matic, Inc.. (Attachments: # 1 Statement, # 2 Proposed Order)(ma) (Entered: 09/18/2024) |
| 09/18/2024 | 436 | ORDER - AND NOW, on this 18th day of September, 2024, following review of non-party Richard Gmerek and Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casinos letters requesting an extension of time, Docs. 432 & 433, IT IS ORDERED THAT the motions are GRANTED and Richard Gmerek and Parx Casinos responsive discovery letters are due September 25, 2024. Signed by Honorable Jennifer P. Wilson on 9/18/2024. (ve) (Entered: 09/18/2024) |
| 09/19/2024 | 437 | ORDER - IT IS ORDERED AS FOLLOWS:1. Gmerek and Parx are each granted leave to file letters limited to three single-spaced pages by September 26, 2024, explaining why Exhibit 1 to POMs August 30, 2024 letter, Doc. 423-1, should be designated confidential under Pansy. 2. POM shall file a reply letter limited to three single-spaced pages by October 1, 2024. Signed by Honorable Jennifer P. Wilson on 9/19/2024. (ve) (Entered: 09/19/2024) |
| 09/23/2024 | 438 | BRIEF IN SUPPORT re 431 MOTION to Quash filed by Pennsylvania State Police. (Attachments: # 1 Exhibit(s) 2018 Petition for Review, # 2 Exhibit(s) 2022 Petition for Review)(Boland, Nicole) (Entered: 09/23/2024) |
| 09/25/2024 | 439 | Letter from George A. Bibikos *on behalf of Parx Casino responding to POM's 9.16.2024 Discovery Letter*. (Attachments: # 1 Declaration Tab A - Decl. of T. Bonner)(Bibikos, George) (Entered: 09/25/2024) |
| 09/25/2024 | 440 | Letter from Counsel for Richard Gmerek *in Response to POM's 9.16.2024 Letter*. (Attachments: # 1 Exhibit(s) A - Bonner Declaration)(Cruse, William) (Entered: 09/25/2024) |
| 09/26/2024 | 441 | Letter from Counsel for Richard Gmerek *Responding to Court's Order of 9.19.24*. (Cruse, William) (Entered: 09/26/2024) |
| 09/26/2024 | 442 | Letter from George A. Bibikos *Responding to Court's 9.19.2024 Order re: Confidentiality Designation*. (Bibikos, George) (Entered: 09/26/2024) |

| 09/30/2024 | 443 | Letter from Michael Nolan *Responding to Court's 9.19.2024 Order re: Confidentiality Designation*. (Nolan, Michael) (Entered: 09/30/2024) |
| 10/01/2024 | 444 | ORDER - AND NOW, on this 1st day of October, 2024, having reviewed Plaintiffs discovery dispute letter dated September 16, 2024, Doc. 435, and the respective discovery dispute letters filed by non-parties Greenwood Gaming & Entertainment, Inc. and Richard Gmerek, both dated September 25, 2024, Docs. 439, 440, IT IS ORDERED THAT Plaintiff shall file under seal the full transcript of Richard Gmereks deposition, which was conducted on July 31, 2024, by October 4, 2024. Signed by Honorable Jennifer P. Wilson on 10/1/2024. (ve) (Entered: 10/01/2024) |
| 10/02/2024 | 445 | MOTION to Seal Document by Pace-O-Matic, Inc.. (Attachments: # 1 Declaration, # 2 Proposed Order)(ma) (Entered: 10/02/2024) |
| 10/02/2024 | 446 | DOCUMENT(S) PENDING SEALING DECISION (Attachments: # 1 Part 2, # 2 Part 3) (ma) (Entered: 10/02/2024) |
| 10/07/2024 | 447 | MOTION to File Document Under Seal by Pace-O-Matic, Inc.. (Attachments: # 1 Letter, # 2 Statement, # 3 Proposed Order) (ma) (Entered: 10/07/2024) |
| 10/07/2024 | 448 | DOCUMENT(S) PENDING SEALING DECISION (Attachments: # 1 Table of Contents, # 2 Exhibit(s) 1, # 3 2, # 4 3, # 5 4, # 6 5, # 7 6, # 8 7, # 9 8, # 10 9, # 11 10, # 12 11, # 13 12, # 14 13, # 15 14, # 16 15, # 17 16, # 18 17) (ma) (Entered: 10/07/2024) |
| 10/07/2024 | | DOCKET ANNOTATION: Thumb drive received 10/7/24 re. document 448 sent to chambers. No back up in media file. (ma) (Entered: 10/07/2024) |
| 10/10/2024 | 449 | ORDER granting 447 Motion to Seal Document. Signed by Honorable Jennifer P. Wilson on 10/10/2024 (ve) (Entered: 10/10/2024) |
| 10/19/2024 | 450 | REPLY BRIEF re 431 MOTION to Quash filed by Pennsylvania State Police.(Boland, Nicole) (Entered: 10/19/2024) |
| 10/25/2024 | 451 | ORDER - IT IS ORDERED THAT this discovery dispute is STAYED until the resolution of Parxs appeal. Signed by Honorable Jennifer P. Wilson on 10/25/2024. (ve) (Entered: 10/25/2024) |
| 10/25/2024 | 452 | ORDER: 1. Pltfs objn to the Task Lists confidentiality designation is OVERRULED. The Task List will remain confidential under the protective order.2. The mtns to seal concerning the filings of this dispute, Docs. 422 , 426 , & 428 , are GRANTED. Signed by Honorable Jennifer P. Wilson on 10/25/24 (ma) (Entered: 10/25/2024) |
| 12/12/2024 | 453 | ORDER granting 445 Motion to Seal. Signed by Honorable Jennifer P. Wilson on 12/12/2024 (ve) (Entered: 12/12/2024) |
| 12/20/2024 | 454 | Letter from Defendants - *Discovery Dispute Regarding Request to Conduct Deposition Remotely*. (Attachments: # 1 Exhibit(s) A - 2024.11.26 N. Huddell Email, # 2 Exhibit(s) B - 2024.11.26 Notice of Deposition, # 3 Exhibit(s) C - 2024.12.13 N. Huddell Email, # 4 Exhibit(s) D - 2024.12.13 Amended Notice of Deposition, # 5 Exhibit(s) E - 2024.12.18 M. Nolan Email, # 6 Proposed Order)(Huddell, Nathan) (Entered: 12/20/2024) |
| 12/23/2024 | 455 | ORDER - AND NOW, on this 23rd day of December 2024, having reviewed the letter submitted by Defendants on December 20, 2024, Doc. 454, and concluding that it is not necessary in this instance to await a responsive letter before ruling, IT IS ORDERED THAT, pursuant to Federal Rule of Civil Procedure 30(b)(4), the deposition of Jeffrey McGuinness will take place by remote videoconferencing means, as noticed in the Amended Notice of Deposition dated December 13, 2024, Doc. 454-4. Signed by Honorable Jennifer P. Wilson on 12/23/2024. (ve) (Entered: 12/23/2024) |
| 12/24/2024 | 456 | MOTION for Reconsideration re 455 Order,, by Pace-O-Matic, Inc..(Nolan, Michael) (Entered: 12/24/2024) |
| 12/31/2024 | 457 | BRIEF IN OPPOSITION re 456 MOTION for Reconsideration re 455 Order,, filed by Mark S. Stewart, Kevin M. Skjoldal, Eckert, Seamans Cherin & Mellott, LLC.(Huddell, Nathan) (Entered: 12/31/2024) |
| 01/02/2025 | 458 | ORDER denying 456 Motion for Reconsideration. Signed by Honorable Jennifer P. Wilson on 1/2/2025 (ve) (Entered: 01/02/2025) |
| 01/17/2025 | 459 | MOTION Modify Case Management Order re 406 Order on Motion,, by Pace-O-Matic, Inc.. (Attachments: # 1 Proposed Order)(Nolan, Michael) (Entered: 01/17/2025) |
| 01/28/2025 | 461 | AMENDED CASE MANAGEMENT ORDER granting 459 MOTION Modify Case Management Order. Signed by Honorable Jennifer P. Wilson on 1/28/2025. (ve) (Entered: 01/28/2025) |
| 02/03/2025 | 462 | Supplement by Pace-O-Matic, Inc.. *to (Doc 448) (Sealed) Brief in Opposition to Pennsylvania State Police Motion to Quash*. (Attachments: # 1 Exhibit(s))(Nolan, Michael) (Entered: 02/03/2025) |
| 02/05/2025 | 463 | Letter from PSP in response to POM . (Boland, Nicole) (Entered: 02/05/2025) |
| 02/06/2025 | 464 | Letter from POM in Response to PSP . (Nolan, Michael) (Entered: 02/06/2025) |

| **PACER Service Center** | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 04/01/2025 09:24:02 | | |
| **PACER Login:** | GBibikos | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:20-cv-00292-JPW |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

JA263

Tab "A" (Bonner Declaration)

JA264

Case 2:24-cv-00292 Document 20 Page 511-2 Filed 11/24 05/05/2025 6 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| **Plaintiff** | : | **[FILED ELECTRONICALLY]** |
| | : | |
| v. | : | |
| | : | No. 1:20-00292 |
| ECKERT, SEAMANS, CHERIN & | : | |
| MELLOT, LLC, *et al.* | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## DECLARATION OF THOMAS C. BONNER

I, Thomas C. Bonner, Esquire, hereby declare, subject to the penalties of 18 Pa. C.S. § 4904

and 28 U.S.C. § 1746, relating to unsworn falsification to authorities, as follows:

1. From 2006 until mid-2022, I served as Group Vice President of Legal and Chief

Counsel of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx").

2. In mid-2022, Karin Ashford assumed the position of Group Vice President of Legal

and Chief Counsel and I became Executive Vice President and Special Counsel for Parx, a position

which I hold today.

3. I am authorized to make this declaration on behalf of Parx.

4. I have personal knowledge of the matters set forth herein.

5. During my tenure as Group Vice President of Legal and Chief Counsel, the

company engaged a number of individuals (and their respective companies) to act as the

company's agents in lobbying and related activities in the Commonwealth of Pennsylvania.

6. Those individuals, and their related companies, included, but are not limited to,

Richard "Dick" Gmerek of Gmerek Government Relations, Inc. ("GGR"); Sean Schafer of Schafer

1

JA265

Government Affairs, Inc.[1]; and Peter Shelly, previously with ShellyLyons Public Affairs & Communications ("ShellyLyons") and now with Clearpoint Communications ("Clearpoint").

7.    Although Messrs. Gmerek, Schafer and Shelly have been engaged for lobbying (and, in Mr. Shelly's case, for public relations work), all three of them have also engaged, as agents of Parx, in substantive legal discussions with both Parx's outside counsel such as Mark Stewart of Eckert, Seamens, Cherin & Mellot, LLC ("Eckert") and Parx's in-house counsel such as myself in which the attorneys have provided legal analysis, legal advice, and their mental impressions about the issues under discussion.

8.    Those communications, both written and oral, have included Parx's outside and in-house attorneys' analysis of existing and proposed legislation at both the state and local level. Mr. Shelly's, Mr. Gmerek's and/or Mr. Schafer's participation in such communications was necessary so that both Parx's outside and in-house counsel could provide legal advice to Parx regarding its legal options under existing law or proposed new legislation.

9.    Those communications, both written and oral, have included a discussion of public relations topics (including but not limited to with Mr. Shelly) in connection with, but not limited to, on-going litigation in the Commonwealth Court of Pennsylvania, which I understand is at issue in the claims brought by Plaintiff Pace-O-Matic, Inc. ("Plaintiff") in this case against Eckert and individual attorneys.  Such discussions about public relations in connection with that on-going litigation have been directed at utilizing Mr. Shelly's (and at times, Mr. Gmerek's and Mr. Schafer's) expertise in supporting Parx's outside and in-house counsel's analysis and advancement

---

[1] Prior to starting his company in 2017, Mr. Schafer was Director of Government Relations at Parx for approximately eight months.

2

JA266

of Parx's legal position as an *amicus* or prospective intervenor in various dockets, and have involved both outside and in-house counsel's mental impressions about such litigation.

10. Those communications, both written and oral, have also included input from Messrs. Shelly, Schafer and Gmerek otherwise necessary for both outside and in-house counsel to provide legal advice to Parx about matters *other than* "skill games" or legislation or litigation involving "skill games."

11. To the extent Messrs. Gmerek, Shelly or Schafer had any communications with Parx's outside or in-house counsel about the import or meaning of any court opinion (or any judge issuing any such opinion) regarding skill games or gaming in the Commonwealth of Pennsylvania or elsewhere, those communications included or contributed to the formation of legal analysis, legal advice and the outside and in-house counsel's mental impressions about such opinions and proceedings. Messrs. Shelly's, Gmerek's and Schafer's participation in such communications occurred as agents of Parx, acting on its behalf, and providing input necessary to that legal analysis and legal advice.

12. Any drafting by Mr. Shelly (or Messrs. Gmerek or Schafer) of documents regarding the meaning or import of any court opinion, or any revisions thereafter, as directed by either Parx's outside counsel or Parx's in-house counsel, was done as part of the process of counsel providing legal advice to Parx about such court opinions and reflected outside or in-house counsel's mental impressions about such court opinions.

13. To the extent Messrs. Gmerek, Shelly or Schafer had any communications with outside or in-house counsel regarding this litigation, about Eckert's or any of its attorney's "conflicts of interest," those communications were for purposes of enabling Parx's outside and in-

3

JA267

house counsel to provide legal advice to Parx about this litigation and its impact on Parx's legal rights, and involved outside and/or in-house counsel's mental impressions about this litigation.

14.     To the extent Messrs. Gmerek, Shelly or Schafer had any communications with Parx's outside or in-house counsel about whether "skill games" are "legal" or "illegal", those communications included discussions about or contributed to the formation of the attorneys' legal analysis, legal advice and mental impressions about, *inter alia*, the numerous court proceedings in the Commonwealth, in many of which Parx has sought to intervene or participate as an *amicus.*

15.     Parx authorized the participation of Messrs. Gmerek, Shelly and/or Schafer in such communications as described above for purposes of obtaining legal advice from its outside and in-house counsel.

16.     Such communications described above with Parx's outside or in-house counsel involved information relayed to or from Parx for the purpose of Parx securing either an opinion of law, legal services or assistance in such legal matters.

17.     Parx intended and believed that the communications described above were and would remain confidential.

18.     Parx has not authorized and does not authorize any participant in the communications described above – including but not limited to Messrs. Shelly, Gmerek or Schafer to disclose the contents of such communications.

19.     Parx has instructed Messrs. Shelly, Gmerek and Schafer that Parx holds the rights to any attorney-client privilege, and/or any work product protections that may apply to the content of the various communications described above, and that they are not to disclose those communications to anyone.

4

JA268

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 17, 2023

Thomas C. Bonner
Executive Vice President and Special Counsel

5

JA269

# In the United States District Court for the Middle District of Pennsylvania

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | [Electronically Filed] |
| | ) | |
| vs. | ) | No. 20-292 |
| | ) | |
| ECKERT SEAMANS CHERIN & | ) | Judge Wilson |
| MELLOT, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## DECLARATION OF THOMAS C. BONNER

I, Thomas C. Bonner, Esq., hereby declare, subject to the penalties of 18 Pa. C.S. § 4904 and 28 U.S.C. § 1746, relating to unsworn falsification to authorities, as follows:

1. From 2006 until mid-2022, I served as Group Vice President of Legal and Chief Counsel of Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx").

2. In mid-2022, Karin Ashford assumed the position of Group Vice President of Legal and Chief Counsel and I became Executive Vice President and Special Counsel for Parx, a position which I hold today.

3. I am authorized to make this declaration on behalf of Parx.

4. I have personal knowledge of the matters set forth in this declaration.

5. Parx is a licensed casino in Pennsylvania.

6. Pace-O-Matic, Inc. ("POM") is a software company that develops un-regulated and un-taxed gaming machines that it commonly refers to as "skill games."

1

JA270

7. Casinos in Pennsylvania (including Parx) and developers and manufacturers of these so-called "skill games" (including POM) have adverse business interests.

8. The underlying dispute is not between Parx and POM.

9. Rather, the case involves a claim that Eckert Seams Cherin & Mellot LLC ("Eckert") breached a fiduciary duty to POM by representing Parx and other casinos simultaneously without a conflict waiver adequately in place.

10. During my tenure as Group Vice President of Legal and Chief Counsel, the company engaged a number of individuals and their respective firms to act as Parx's agents in lobbying and related activities in the Commonwealth of Pennsylvania.

11. I am aware of various lawsuits, other than this one, in which POM has sued lobbyists, communications consultants, and public relations professionals who perform work on behalf of Parx.

12. Mr. Richard Gmerek and his firm are among Parx's agents who provide services to the company.

13. Mr. Gmerek is CEO of Gmerek Government Relations, Inc.

14. Parx retained Mr. Gmerek and his firm to provide lobbying services.

15. Mr. Gmerek has long served as a lobbyist for Parx.

16. It is my understanding that POM deposed Mr. Gmerek on July 31, 2024, and asked a number of questions that call for Mr. Gmerek to discuss his knowledge of and participation in communications regarding Parx's efforts to challenge the

2

JA271

legality of so-called "skill games" in various legislative, regulatory, and litigation arenas.

17. Although Parx engaged Mr. Gmerek as a lobbyist, he plays a broader role in assisting the company and its lawyers with legal matters.

18. For example, Parx's in-house counsel and outside counsel communicate with (and rely on) Mr. Gmerek and his staff for input on various legal, regulatory, and litigation matters in order to, among other things, inform Parx's legal strategy.

19. As it relates to this case, Parx relies on Mr. Gmerek's knowledge of and experience with gaming laws and related legal issues, having been intimately involved in the process of enacting the Gaming Act, 4 Pa.C.S. § 1101 *et seq.*

20. Without divulging details, Mr. Gmerek has worked closely with Parx and its lawyers on a number of legal matters, particularly those involving the legality of so-called "skill games," including (for example) Parx's lawyers advising on pending legislation; drafting proposed legislation; monitoring and reviewing legislative efforts; preparing testimony for legislative hearings; summarizing legislation; making recommendations about legislation; evaluating whether proposed legislation withstands judicial review; evaluating the interests of the client in the event proposed legislation becomes law; and related communications.

21. As agent of Parx, Mr. Gmerek frequently participates in substantive legal discussions with Parx's in-house attorneys such as myself and with outside counsel such as Mark Stewart of Eckert to provide necessary legislative, political, policy, and other context, background, or information.

3

JA272

22. When Mr. Gmerek so participates in such substantive discussions, his participation is necessary for Parx's in-house and outside counsel to provide legal advice to Parx about a wide range of matters, including (but not limited to) advice regarding the legality of so-called "skill games" manufactured by companies like POM.

23. Mr. Gmerek's presence during or participation in communications occurred as an agent of Parx, acting on its behalf, to help Parx's lawyers provide advice to the company.

24. To the extent Mr. Gmerek had such communications with Parx and Parx's outside or in-house counsel, those communications helped Parx's lawyers provide the company with legal advice and strategy in various legislative, regulatory, and litigation arenas involving the question of whether "skill games" are legal or not.

25. Parx authorized Mr. Gmerek to participate in discussions with Parx's lawyers for purposes of Parx obtaining legal advice from outside and in-house counsel.

26. These communications involve information relayed to or from or on behalf of Parx for purposes of Parx securing either an opinion of law, legal services, or assistance in such legal matters.

27. Parx intends that communications among its agents and its lawyers remain confidential.

28. To that end, Parx instructs third party agents like Mr. Gmerek to maintain confidentiality.

29. Parx expects all lawyers and agents to maintain confidentiality to avoid any accusation that Parx waived the attorney-client privilege.

4

JA273

30. Parx has not authorized and does not authorize any participant in privileged communications about legal matters, including those involving Mr. Gmerek, to disclose the contents of the communications.

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Pennsylvania that the foregoing is true and correct to the best of my knowledge, information, and belief.

September 25, 2024

_____
THOMAS C. BONNER

5

JA274

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PACE-O-MATIC, INC., | : | Civil No. 1:20-CV-00292 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ECKERT, SEAMANS, CHERIN & MELLOTT, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **ORDER**

Before the court is a discovery dispute that concerns the contours of the attorney-client privilege. Plaintiff filed a discovery dispute letter on September 18, 2024, Doc. 435, in which it argues that respective counsel for Defendants, non-party Richard Gmerek ("Gmerek"), and non-party Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino, ("Parx"), made "overbroad and unsupported privilege objections" during Gmerek's deposition. (Doc. 435, p. 2.) In responsive letters, Gmerek and Parx contend that their respective counsel made warranted objections and gave proper cautionary instructions to prevent waiver. (Docs. 439, 440.) The crux of the issue is to what extent the attorney-client privilege protects communications between Gmerek, a lobbyist, and his client Parx, including communications that occurred in the presence of Parx's legal counsel. This is essentially the same issue Parx appealed to the Third Circuit. (*See*

1

JA275

Doc. 399.)  Since Parx's appeal is currently pending, **IT IS ORDERED THAT**

this discovery dispute is **STAYED** until the resolution of Parx's appeal.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: October 25, 2024

2

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00001 | 500405 | 2/1/2017 4:11:05 PM | Games of Skill | Yes | Mark S. Stewart | Kevin M. Skjoldal Kathleen Eakin Sarah C. Stoner | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00002 | 900718 | 2/2/2017 8:18:39 AM | Games of Skill | No | Kevin M. Skjoldal | Mark S. Stewart Kathleen Eakin Sarah C. Stoner | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00003 | 401986 | 2/8/2017 10:22:11 AM | Skill games | Yes | Kevin M. Skjoldal | Mark S. Stewart Kathleen Eakin | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00004 | 1201576 | 2/8/2017 1:22:37 PM | Skill games | No | Kathleen Eakin | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00005 | 502262 | 2/8/2017 10:11:20 PM | Skill games | No | Mark S. Stewart | Kathleen Eakin | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00006 | 1201105 | 2/9/2017 2:16:21 PM | | Yes | Kathleen Eakin | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00007 | 900569 | 2/9/2017 2:51:40 PM | Parx; Pace-O-Matic - Beaver County PA docket | Yes | Kevin M. Skjoldal | Kathleen Eakin | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00008 | 401984 | 2/9/2017 5:43:04 PM | Skill games | Yes | Kevin M. Skjoldal | Mark S. Stewart Kathleen Eakin | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00009 | 1201109 | 2/14/2017 1:58:15 PM | | Yes | Kathleen Eakin | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA277

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00010 | 400915 | 2/14/2017 3:23:58 PM | Parx; games of skill | Yes | Kevin M. Skjoldal | Mark S. Stewart | Kathleen Eakin | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00011 | 400684 | 2/14/2017 3:37:28 PM | Games of Skill | Yes | Richard Gmerek | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00012 | 1201107 | 2/21/2017 4:50:29 PM | | Yes | Kathleen Eakin | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00013 | 400743 | 6/19/2017 6:24:59 PM | Parx; games of skill | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00014 | 401627 | 7/6/2017 2:18:39 PM | Language | Yes | Kathleen Eakin | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00015 | 500035 | 10/18/2017 11:14:36 AM | Current matters | Yes | Mark S. Stewart | Epps, Michael | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00016 | 501816 | 11/29/2017 6:21:24 PM | My questions on memo | No | Mark S. Stewart | Kathleen Eakin | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00017 | 501817 | 11/29/2017 6:39:13 PM | My questions on memo | No | Mark S. Stewart | Kathleen Eakin | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00018 | 502253 | 5/9/2018 4:55:29 PM | Skill games lawsuit | No | Mark S. Stewart | Sarah C. Stoner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | *Pong v. Miele* | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA278

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00019 | 600628 | 5/10/2018 11:24:44 AM | Pong Marketing v. Miele Amusements; Skill games lawsuit | Yes | Sarah C. Stoner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | *Pong v. Miele* | Parx Casino |
| PRIV-00020 | 502416 | 5/18/2018 3:33:40 PM | skill games | No | Mark S. Stewart | Kathleen Eakin | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00021 | 600587 | 6/19/2018 1:59:52 PM | Parx; forfeiture provisions | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00022 | 500583 | 7/9/2018 9:40:13 AM | PGCB Gaming Clips – July 9, 2018 | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00023 | 600592 | 8/2/2018 4:52:24 PM | Parx; memo - games of skill litigation strategy | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00024 | 900295 | 8/13/2018 11:27:19 AM | Parx; memo - games of skill litigation strategy | Yes | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00025 | 701215 | 8/22/2018 2:29:51 PM | Skill Games | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00026 | 701105 | 8/22/2018 2:32:42 PM | Skill Games | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00027 | 2300985 | 10/23/2018 5:50:31 PM | Pace-O-Matic.pdf | Yes | Anthony Troy | Timothy S. Coon | | Matthew B. Kirsner | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA279

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00028 | 600572 | 11/19/2018 2:19:37 PM | Parx/skill games -- 418 MD 2018, 503 MD 2018 | Yes | Kevin M. Skjoldal | Kristine Marsilio | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00029 | 1800229 | 11/19/2018 5:48:50 PM | Parx/skill games -- 418 MD 2018, 503 MD 2018 | Yes | Kristine Marsilio | Lori Walter Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00030 | 600689 | 11/20/2018 7:29:00 PM | industry letter | Yes | Sarah C. Stoner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00031 | 701040 | 11/25/2018 11:38:03 AM | POM - summary (start of) | No | Kevin M. Skjoldal | Kevin M. Skjoldal | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00032 | 501915 | 11/27/2018 4:08:24 PM | Parx; POM actions - skill games | No | Mark S. Stewart | Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00033 | 701118 | 12/12/2018 3:21:47 PM | Reminder - Tax/Gaming Group meeting tomorrow at 10 am in 9B | Yes | Jennifer Skoff | Mark S. Stewart Kevin M. Skjoldal Susan A. Yocum Sarah C. Stoner Kristine Marsilio LaToya Bellamy Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00034 | 701122 | 1/16/2019 3:44:35 PM | Reminder - Tax/Gaming Meeting tomorrow at 10 am in 9B | Yes | Jennifer Skoff | Mark S. Stewart Kristine Marsilio Susan A. Yocum Sarah C. Stoner Kevin M. Skjoldal LaToya Bellamy Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00035 | 600436 | 1/22/2019 5:14:37 PM | Parx; POM actions - skill games | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00036 | 600512 | 2/11/2019 4:55:44 PM | House Appropriations Committee Meeting Notes | Yes | Kristine Marsilio | Mark S. Stewart | Sarah C. Stoner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA280

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292

Eckert Seamans' Supplemental Privilege Log

March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00037 | 501914 | 2/13/2019 12:08:12 PM | Parx; POM actions - skill games | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00038 | 900788 | 2/14/2019 5:01:22 PM | POM OF PA V. PA STATE POLICE, BUR. OF LIQUOR CONTROL ENFORCEMENT - current docket and recent filings | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00039 | 600730 | 2/15/2019 1:53:52 PM | POM OF PA V. PA STATE POLICE, BUR. OF LIQUOR CONTROL ENFORCEMENT - current docket and recent filings | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00040 | 600332 | 2/15/2019 2:01:07 PM | Draft VGT Opt Out Bill | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00041 | 600510 | 2/25/2019 1:41:29 PM | House & Senate Appropriations Committee Meetings | Yes | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00042 | 700992 | 3/13/2019 1:24:14 PM | ILottery and skill games litigation | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | iLottery Litigation | Parx Casino |
| PRIV-00043 | 700133 | 3/13/2019 9:48:57 PM | POM executive summary insert | No | Kevin M. Skjoldal | Kevin M. Skjoldal Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00044 | 600686 | 3/14/2019 4:20:07 PM | ILottery and skill games litigation | Yes | Kevin M. Skjoldal | Mark S. Stewart Casey Coyle | Adam Shienvold Sarah C. Stoner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |
| PRIV-00045 | 700990 | 3/15/2019 12:08:24 PM | ILottery and skill games litigation | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1

JA281

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00046 | 500113 | 3/15/2019 6:06:29 PM | [External] ILottery and skill games litigation | No | Mark S. Stewart | Casey Coyle Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |
| PRIV-00047 | 900654 | 3/15/2019 6:29:12 PM | [External] ILottery and skill games litigation | No | Kevin M. Skjoldal | Mark S. Stewart Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |
| PRIV-00048 | 600634 | 3/18/2019 9:47:06 AM | [External] ILottery and skill games litigation | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |
| PRIV-00049 | 900653 | 3/18/2019 9:50:50 AM | [External] ILottery and skill games litigation | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |
| PRIV-00050 | 900764 | 3/19/2019 2:57:07 PM | Parx; POM- skill game litigation | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00051 | 701124 | 3/19/2019 4:28:56 PM | Reminder about tomorrow's Tax/Gaming Meeting at 11 in 9C | Yes | Jennifer Skoff | Mark S. Stewart Michael J. Herzog Kevin M. Skjoldal LaToya Bellamy Sarah C. Stoner Kristine Marsilio | Susan A. Yocum | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00052 | 900581 | 3/20/2019 4:48:06 PM | Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Taylor Brailey | Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00053 | 701115 | 4/2/2019 4:34:13 PM | Reminder - Gaming/Tax Group Meeting tomorrow at 11 in 9C | Yes | Jennifer Skoff | Mark S. Stewart Sarah C. Stoner Kevin M. Skjoldal Kristine Marsilio Susan A. Yocum LaToya Bellamy | Michael J. Herzog | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00054 | 500934 | 4/9/2019 12:20:26 AM | Need research | No | Mark S. Stewart | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA282

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00055 | 1800356 | 4/9/2019 9:15:57 AM | Need research | No | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00056 | 1900242 | 4/10/2019 11:22:46 AM | skill games industry letter | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00057 | 502252 | 4/10/2019 12:15:02 PM | skill games industry letter | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00058 | 600808 | 4/10/2019 12:15:56 PM | Research Re PA Skill Games | Yes | Kristine Marsilio | Susan A. Yocum | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00059 | 1800128 | 4/10/2019 12:28:16 PM | Research Re PA Skill Games | No | Susan A. Yocum | Kristine Marsilio | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00060 | 500117 | 4/10/2019 12:39:07 PM | [External] Fwd: You are invited to a reception with Pennsylvania Skill | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3).; Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00061 | 1800376 | 4/10/2019 1:33:50 PM | Research Re PA Skill Games | No | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00062 | 600848 | 4/11/2019 4:06:40 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00063 | 600552 | 4/12/2019 4:43:45 PM | PART 1 or 2: Arcade/Amusement Game Research | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA283

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00064 | 600420 | 4/12/2019 4:44:50 PM | PART 1 OF 2: Arcade/Amusement Game Research | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00065 | 500116 | 4/15/2019 10:03:50 AM | [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00066 | 600637 | 4/15/2019 10:12:32 AM | [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00067 | 1900210 | 4/15/2019 11:44:31 AM | Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00068 | 1900237 | 4/15/2019 2:31:11 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES | Yes | Susan A. Yocum | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00069 | 1900231 | 4/15/2019 2:48:04 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES | No | Susan A. Yocum | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00070 | 1900191 | 4/15/2019 3:29:31 PM | Memo on Pennsylvania Skill Machines | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00071 | 1900229 | 4/15/2019 3:30:25 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES | No | Susan A. Yocum | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA284

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00072 | 500973 | 4/22/2019 9:30:54 AM | ??  Draft Industry letter regarding skill games | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00073 | 900766 | 4/22/2019 10:19:31 AM | Parx; POM, skill game, oral argument | No | Kevin M. Skjoldal | Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00074 | 500242 | 4/22/2019 12:19:30 PM | Draft skill games language | Yes | Mark S. Stewart | Susan A. Yocum Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00075 | 1900239 | 4/23/2019 11:24:55 AM | SY COMMENTS - SKILLS GAMES PROPOSED LEGISLATION | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00076 | 304115 | 4/23/2019 12:52:56 PM | Draft Industry letter regarding skill games | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00077 | 1900168 | 4/24/2019 1:01:35 PM | Change-Pro Comparison | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00078 | 800799 | 4/25/2019 4:15:57 PM | Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Taylor Brailey | | Mark S. Stewart | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00079 | 304194 | 4/25/2019 4:29:34 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES | Yes | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00080 | 900657 | 4/25/2019 4:29:47 PM | [External] Fwd: Important Message Regarding Co-Sponsorship Memo on Pennsylvania Skill Machines | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA285

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00081 | 501149 | 4/25/2019 4:31:40 PM | [External] Skill Games Industry Letter | No | Mark S. Stewart | Rome, David | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00082 | 501918 | 4/25/2019 4:45:46 PM | Parx; POM, skill game, oral argument | No | Mark S. Stewart | Kevin M. Skjoldal Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00083 | 304557 | 4/25/2019 4:53:59 PM | Parx; POM, skill game, oral argument | No | Mark S. Stewart | Kevin M. Skjoldal Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00084 | 1900216 | 4/25/2019 5:02:47 PM | INDUSTRY LETTER TO LEGISLATURE RE SKILL GAMES (with Ballard Spahr edits 04252019) | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00085 | 700936 | 4/25/2019 6:01:34 PM | Questions Skill Games Matter/Oral Argument Report for Parx Casino | No | Taylor Brailey | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00086 | 900798 | 4/26/2019 9:58:46 AM | Questions Skill Games Matter/Oral Argument Report for Parx Casino | No | Kevin M. Skjoldal | Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00087 | 304227 | 4/26/2019 11:06:52 AM | Parx; POM, skill game, oral argument | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00088 | 500854 | 4/26/2019 11:08:20 AM | Yes? No? | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00089 | 304526 | 4/26/2019 12:13:08 PM | Mt Airy | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA286

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00090 | 800811 | 4/29/2019 11:18:49 AM | SG letter | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00091 | 900313 | 5/2/2019 2:29:42 PM | Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Carl R. Shultz | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00092 | 304193 | 5/3/2019 3:51:08 PM | Industry letter skill games | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00093 | 1900220 | 5/6/2019 9:05:32 AM | PA OAG | No | Susan A. Yocum | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00094 | 900618 | 5/6/2019 11:43:54 AM | Parx; skill-games, draft response to POM's Sur-Reply | Yes | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00095 | 800798 | 5/7/2019 10:47:51 AM | PA Lottery on Games of Skill | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00096 | 800581 | 5/7/2019 5:20:31 PM | Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00097 | 304558 | 5/8/2019 10:49:23 AM | Parx; POM, skill game, oral argument | No | Mark S. Stewart | Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00098 | 800692 | 5/8/2019 11:46:41 PM | POM of Pennsylvania Oral Argument Report | Yes | Taylor Brailey | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA287

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00099 | 304586 | 5/9/2019 5:49:46 PM | POM of Pennsylvania Oral Argument Report | No | Mark S. Stewart | Taylor Brailey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00100 | 800806 | 5/9/2019 9:08:24 PM | POM of Pennsylvania Oral Argument Report | Yes | Taylor Brailey | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00101 | 2000181 | 5/10/2019 10:59:13 AM | industry letter | Yes | Jennifer Skoff | Sarah C. Stoner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00102 | 800483 | 5/13/2019 11:34:22 AM | Draft Skill Game Public Nuisance Ordinance | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00103 | 1900235 | 5/30/2019 3:04:46 PM | Skill Games Talking Points | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00104 | 304624 | 5/30/2019 3:10:15 PM | Skill Games Talking Points | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00105 | 1900236 | 6/3/2019 10:03:45 AM | Tomlinson hearing - skill games | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00106 | 304653 | 6/6/2019 12:17:23 PM | Skill Games House GOC testimony | Yes | Mark S. Stewart | Joe Weinberg Robert Norton Charles Jacobs | Dick Hayden | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00107 | 400309 | 6/6/2019 1:08:22 PM | [External] Skill Games House GOC testimony | No | Richard W. Hayden | Mark S. Stewart Joe Weinberg Robert Norton Charles Jacobs | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA288

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00108 | 304428 | 6/6/2019 1:38:59 PM | [External] Skill Games House GOC testimony | No | Mark S. Stewart | Hayden, Richard W. Joe Weinberg Robert Norton Charles Jacobs | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00109 | 800676 | 6/12/2019 3:30:10 PM | Parx; LCB notice to licensees skill games | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00110 | 701021 | 6/19/2019 4:51:15 PM | Parx; POM cases - checking docket | No | Kristine Marsilio | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00111 | 1000442 | 6/25/2019 6:15:34 PM | Draft Language | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00112 | 701022 | 6/28/2019 2:36:46 PM | Parx; POM cases - checking docket | No | Kristine Marsilio | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00113 | 304152 | 7/10/2019 12:15:46 PM | Gaming Update | Yes | Mark S. Stewart | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | iLottery Litigation | Mohegan Sun Pocono |
| PRIV-00114 | 701217 | 7/11/2019 9:17:51 AM | Skill Games | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00115 | 900613 | 7/11/2019 9:25:50 AM | Parx; skill games | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action | Parx Casino |
| PRIV-00116 | 900782 | 7/11/2019 10:46:25 AM | PGCB Gaming Clips – July 10, 2019 | No | Kevin M. Skjoldal | Nathan A. Ellsworth | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA289

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00117 | 304552 | 7/11/2019 6:10:07 PM | Parx; POM "nuisance lawsuit" | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00118 | 700606 | 7/12/2019 12:53:49 PM | MEMO - GAMES OF SKILL | Yes | Kevin M. Skjoldal | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00119 | 701212 | 7/15/2019 4:26:00 PM | Skill Games Litigation: Working Draft of Complaint | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00120 | 700608 | 7/16/2019 1:54:53 PM | PLD - DRAFT COMPLAINT [SKILL GAMES LITIGATION] | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00121 | 900778 | 7/16/2019 2:57:50 PM | PGCB Gaming Clips – July 10, 2019 | No | Kevin M. Skjoldal | Nathan A. Ellsworth Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00122 | 701179 | 7/16/2019 3:29:54 PM | Skill Games Litigation: Draft Complaint | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00123 | 701192 | 7/16/2019 4:37:35 PM | Skill Games Litigation: Information Sheet | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00124 | 304233 | 7/16/2019 10:09:08 PM | PGCB Gaming Clips – July 10, 2019 | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00125 | 304199 | 7/17/2019 12:11:50 AM | Litigation update - board meeting | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA290

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00126 | 900153 | 7/17/2019 9:08:19 AM | [External] | No | Kevin M. Skjoldal | Susan E Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00127 | 304497 | 7/17/2019 11:22:57 AM | Former U.S. Rep. Tom Marino takes aim at 'illegal games,' announces lawsuit against Boalsburg bar | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00128 | 400920 | 7/17/2019 2:15:01 PM | Parx; Skill Games - Dauphin County decision | Yes | Kevin M. Skjoldal | Mark S. Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00129 | 401147 | 7/17/2019 2:17:10 PM | Former U.S. Rep. Tom Marino takes aim at 'illegal games,' announces lawsuit against Boalsburg bar | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00130 | 304564 | 7/17/2019 2:54:27 PM | Parx; Skill Games - Dauphin County decision | No | Mark S. Stewart | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00131 | 401888 | 7/17/2019 4:46:44 PM | Parx; Skill Games - Dauphin County decision | No | Kevin M. Skjoldal | Mark S. Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00132 | 400922 | 7/17/2019 5:47:25 PM | Parx; skill games - draft documents | Yes | Kevin M. Skjoldal | Mark S. Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00133 | 900714 | 7/24/2019 9:00:36 AM | Former U.S. Rep. Tom Marino takes aim at 'illegal games,' announces lawsuit against Boalsburg bar | No | Kevin M. Skjoldal | Nathan A. Ellsworth | Kristine Marsilio | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA291

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00134 | 700985 | 7/24/2019 2:04:00 PM | Former U.S. Rep. Tom Marino takes aim at 'illegal games,' announces lawsuit against Boalsburg bar | Yes | Susan E. Longnaker | Kevin M. Skjoldal Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00135 | 900659 | 7/24/2019 6:44:14 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | No | Kevin M. Skjoldal | Mark S. Stewart Casey Coyle | Richard Gmerek Kristine Marsilio | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00136 | 1800562 | 7/25/2019 10:33:12 AM | Skill Games Litigation | No | Jennifer Skoff | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00137 | 1800379 | 7/25/2019 10:40:45 AM | Skill Games Litigation | No | Kristine Marsilio | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00138 | 402060 | 7/25/2019 12:22:54 PM | Skill Games Litigation: Revised, Red-Lined Draft of Complaint | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00139 | 701093 | 7/25/2019 2:34:48 PM | Skill Games Litigation: Revised, Red-Lined Draft of Complaint | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00140 | 1800558 | 7/26/2019 8:31:45 AM | Skill Games Litigation | Yes | Nathan A. Ellsworth | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00141 | 701120 | 7/26/2019 8:33:49 AM | Reminder - Tax/Gaming Meeting this morning at 10 | Yes | Jennifer Skoff | Mark S. Stewart Kevin M. Skjoldal LaToya Bellamy Susan A. Yocum Sarah C. Stoner Kristine Marsilio Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA292

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00142 | 900409 | 7/30/2019 11:18:01 AM | Skill games litigation | No | Thomas C. Bonner | Grace H. Flanagan | Pablo Dishman | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00143 | 701147 | 7/31/2019 4:44:25 PM | Skill Games chart | Yes | Denise Kline | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00144 | 900402 | 7/31/2019 5:01:07 PM | Skill games litigation documents | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00145 | 900408 | 8/1/2019 4:07:22 PM | First offender | No | Thomas C. Bonner | Michelle Saldutti | Grace H. Flanagan | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00146 | 1800168 | 8/7/2019 1:46:36 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Kristine Marsilio | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00147 | 1800293 | 8/9/2019 9:25:58 AM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | No | Kristine Marsilio | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00148 | 701225 | 8/9/2019 10:45:23 AM | Summary of Skill Games Cases | Yes | Kristine Marsilio | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00149 | 402057 | 8/12/2019 8:54:30 AM | Skill Games Litigation: Revised Draft Complaint | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA293

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00150 | 304279 | 8/12/2019 5:52:07 PM | Skill Games Talking Points/Memo | Yes | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00151 | 304555 | 8/13/2019 9:58:12 AM | Parx; POM cases | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00152 | 401980 | 8/13/2019 11:09:58 AM | Skill Games Talking Points/Memo | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00153 | 900269 | 8/15/2019 3:32:52 PM | Pace-O-Matic Findings | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00154 | 900407 | 8/15/2019 3:33:12 PM | Skill games litigation documents | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00155 | 900406 | 8/15/2019 4:04:13 PM | Skill games litigation documents | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00156 | 304270 | 8/15/2019 9:45:45 PM | Skill games litigation documents | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00157 | 304267 | 8/15/2019 10:46:19 PM | Skill Games Case of Interest | Yes | Mark S. Stewart | Kevin M. Skjoldal Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00158 | 700597 | 8/16/2019 9:26:20 AM | DRAFT EMAIL FOR YOU REVIEW: Attorney-Client Privileged Communication: Skill Games Litigation | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA294

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00159 | 900271 | 8/16/2019 9:41:55 AM | Pace-O-Matic Findings | Yes | Kevin M. Skjoldal | Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00160 | 701015 | 8/16/2019 10:37:35 AM | Parx; Pace-O-Matic sites in Bucks County | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00161 | 700999 | 8/16/2019 11:44:50 AM | Pace-O-Matic Findings | Yes | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00162 | 701214 | 8/16/2019 3:44:16 PM | Skill Games | No | Adam Shienvold | Casey Coyle Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00163 | 700598 | 8/19/2019 4:31:32 PM | DRAFT EMAIL FOR YOUR REVIEW: Skill games litigation documents | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00164 | 304271 | 8/21/2019 8:59:43 AM | Skill games litigation documents | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00165 | 2400043 | 8/22/2019 11:09:19 AM | Need for separation wall | No | Timothy S. Coon | Mark S. Stewart Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00166 | 700752 | 8/23/2019 12:24:42 PM | Skill Games Litigation: Follow-Up Questions on Establishments Offering Skill Games | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00167 | 700758 | 8/23/2019 12:24:55 PM | Skill Games Litigation: Follow-Up Questions on Establishments Offering Skill Games | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA295

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00168 | 701149 | 8/27/2019 11:36:18 AM | Skill Games Litigation: Info for Potential Defendants - Friendly Mart | Yes | Casey Coyle | Michael Fleckenstein | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00169 | 700740 | 8/27/2019 11:47:07 AM | Skill Games Litigation: Info for Potential Defendants - Exxon | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00170 | 304308 | 8/27/2019 11:55:56 AM | Update on Budget Issues | No | Mark S. Stewart | Joe Weinberg Rob Norton | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3).; Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | PA Skill Litigation | |
| PRIV-00171 | 701155 | 8/27/2019 12:02:50 PM | Skill Games Litigation : Smokers Express (192 North Pine St., Langhorne, PA 19047) | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00172 | 304665 | 8/27/2019 12:16:54 PM | Skill games litigation effort | Yes | Mark S. Stewart | Joe Weinberg Rob Norton Charles Jacobs | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00173 | 701158 | 8/27/2019 12:21:26 PM | Skill Games Litigation : Smoker's Express (544 Andrews Rd., Feasterville PA 19053) | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00174 | 304633 | 8/27/2019 12:27:52 PM | Summary of Skill Games Cases | No | Mark S. Stewart | Kristine Marsilio Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00175 | 304601 | 8/27/2019 12:28:08 PM | Senate Bill 784/Small Games of Chance | No | Mark S. Stewart | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00176 | 701059 | 8/27/2019 1:35:23 PM | Skill Games Litigation : Info for Potential Defendants - Friendly Mart | No | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA296

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00177 | 701162 | 8/27/2019 1:37:52 PM | Skill Games Litigation : Smokin Joes Tobacco Shop (228 Bristol Pike, Suite A, Bristol, PA) | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00178 | 701165 | 8/27/2019 1:48:07 PM | Skill Games Litigation : Speedy Gas (5901 Mill Creek Rd., Levittown, PA 19058 | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00179 | 700747 | 8/27/2019 2:11:58 PM | Skill Games Litigation : Valley News & Smoke Shop (Village Center Shopping Center, 2337 Neshaminy Blvd., Bensalem, PA 19020) | Yes | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00180 | 700755 | 8/27/2019 2:38:51 PM | Skill Games Litigation: Follow-Up Questions on Establishments Offering Skill Games | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00181 | 900807 | 8/27/2019 3:11:31 PM | Skill Games Litigation: Follow-Up Questions on Establishments Offering Skill Games | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00182 | 1800521 | 8/28/2019 11:00:48 AM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00183 | 700744 | 8/28/2019 11:04:03 AM | Skill Games Litigation : Info for Potential Defendants - Exxon | Yes | Casey Coyle | Sonya Koros | Kevin M. Skjoldal Michael Fleckenstein | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00184 | 701071 | 8/28/2019 11:19:13 AM | Skill Games Litigation : Speedy Gas (5901 Mill Creek Rd., Levittown, PA 19058 | No | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA297

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00185 | 1800295 | 8/28/2019 11:48:36 AM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | No | Kristine Marsilio | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00186 | 700599 | 8/28/2019 12:29:36 PM | DRAFT EMAIL FOR YOUR REVIEW: Skill Games Litigation: Conflicts Checks | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00187 | 701077 | 8/28/2019 1:22:33 PM | Skill Games Litigation : Valley News & Smoke Shop (Village Center Shopping Center, 2337 Neshaminy Blvd., Bensalem, PA 19020) | No | Casey Coyle | Michael Fleckenstein | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00188 | 900522 | 8/29/2019 9:51:56 AM | Parx / Skill Games Litigation: Conflicts Checks | No | Kevin M. Skjoldal | Jennifer Skoff | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00189 | 701126 | 8/29/2019 10:10:00 AM | Reminder Tax/Gaming meeting today at 2 in 9A - | Yes | Jennifer Skoff | Michael J. Herzog Sarah C. Stoner Kristine Marsilio Susan A. Yocum Tara A. Burns LaToya Bellamy Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00190 | 700568 | 8/29/2019 10:57:03 AM | ADDITIONAL CONFLICT INFORMATION Parx / Skill Games Litigation | No | Jennifer Skoff | CONFLICTS | Kevin M. Skjoldal Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00191 | 900433 | 9/3/2019 9:02:13 AM | Skill Games Litigation: Follow-Up Questions on Establishments Offering Skill Games | No | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA298

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00192 | 304272 | 9/4/2019 1:40:36 PM | Skill games litigation effort | Yes | Mark S. Stewart | Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00193 | 2400065 | 9/11/2019 3:02:11 PM | Separation wall & Pace-O-Matic issue | No | Timothy S. Coon | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00194 | 900805 | 9/12/2019 10:11:00 AM | Skill Games Litigation | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00195 | 701177 | 9/12/2019 11:03:59 AM | Skill Games Litigation: Draft Complaint - Parx Casino v. JSB NewGas | Yes | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00196 | 1600017 | 9/12/2019 11:31:55 AM | [External] Skill Games Litigation: Draft Complaint - Parx Casino v. JSB NewGas | No | Andrew J. Kramer | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00197 | 700750 | 9/12/2019 12:12:14 PM | Skill Games Litigation: Draft Complaint - Parx Casino v. JSB NewGas | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00198 | 2400028 | 9/12/2019 12:51:35 PM | Pace-O--Matic | No | Timothy S. Coon | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00199 | 304484 | 9/12/2019 1:32:12 PM | Draft Skill Games Legislation Discussion | No | Mark S. Stewart | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00200 | 400914 | 9/12/2019 2:13:27 PM | Parx/skill games; new articles | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA299

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00201 | 304275 | 9/12/2019 2:20:09 PM | Skill games litigation effort | Yes | Mark S. Stewart | Rome, David | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00202 | 304619 | 9/12/2019 2:22:06 PM | Skill games litigation effort | No | Mark S. Stewart | Joe Weinberg Rob Norton Charles Jacobs | Joseph Billhimer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00203 | 2400019 | 9/13/2019 10:37:26 AM | Pace O Matic | No | Timothy S. Coon | Michael Flammia | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00204 | 900343 | 9/13/2019 10:45:03 AM | PLD - COMPLAINT SKILL GAMES LITIGATION PARX V. JSB NEWGAS (L0830697xA35AE) | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00205 | 304581 | 9/13/2019 11:15:45 AM | PLD - COMPLAINT SKILL GAMES LITIGATION PARX V. JSB NEWGAS (L0830697xA35AE) | No | Mark S. Stewart | Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00206 | 2400048 | 9/13/2019 11:38:55 AM | Pace O Matic | No | Timothy S. Coon | Catherine J. Barber | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00207 | 2200082 | 9/17/2019 3:40:00 PM | Pace O Matic and Parx - privileged | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00208 | 2200081 | 9/18/2019 5:30:10 PM | PACE O MATIC / PARX ISSUE - PRIVILEGED | No | Matthew B. Kirsner | Anthony Troy | Timothy S. Coon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00209 | 2500064 | 9/18/2019 5:57:08 PM | PACE O MATIC / PARX ISSUE - PRIVILEGED | No | Anthony Troy | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA300

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00210 | 2500017 | 9/18/2019 7:17:02 PM | PACE O MATIC / PARX ISSUE - PRIVILEGED | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00211 | 2200079 | 9/19/2019 10:25:46 AM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Timothy S. Coon | | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00212 | 2400009 | 9/19/2019 2:24:22 PM | PACE O MATIC / PARX ISSUE - PRIVILEGED | No | Timothy S. Coon | Michael Flammia | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00213 | 2400008 | 9/19/2019 2:24:57 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Timothy S. Coon | Michael Flammia | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00214 | 2500058 | 9/20/2019 8:10:32 AM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Matthew B. Kirsner | Christina M. Meyer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00215 | 2400044 | 9/20/2019 10:10:22 AM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Timothy S. Coon | Christina M. Meyer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00216 | 701008 | 9/20/2019 11:43:42 AM | Parx / Skill Games Litigation: Conflicts Checks | No | Jennifer Skoff | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00217 | 701080 | 9/20/2019 2:29:07 PM | Skill Games Litigation: Filing | No | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00218 | 304061 | 9/24/2019 10:08:10 PM | [External] Scranton_Times-Tribune | Yes | Mark S. Stewart | Kevin M. Skjoldal Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA301

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00219 | 900144 | 9/25/2019 9:02:35 AM | [External] Scranton_Times-Tribune | Yes | Kevin M. Skjoldal | Nathan A. Ellsworth | Kristine Marsilio | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00220 | 1800434 | 9/25/2019 4:05:44 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00221 | 1800524 | 9/25/2019 4:31:02 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00222 | 701229 | 9/26/2019 3:49:50 PM | Summary of Skill Games Cases | Yes | Kristine Marsilio | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00223 | 701200 | 9/26/2019 5:07:36 PM | Skill Games Litigation: Revised, Red-Lined Drafts of Complaints | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00224 | 701095 | 9/26/2019 5:12:44 PM | Skill Games Litigation: Revised, Red-Lined Drafts of Complaints | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00225 | 304304 | 9/27/2019 9:51:15 AM | Summary of Skill Games Cases | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00226 | 900822 | 9/27/2019 9:51:53 AM | Summary of Skill Games Cases | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA302

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00227 | 701097 | 9/27/2019 10:37:02 AM | Skill Games Litigation: Revised, Red-Lined Drafts of Complaints | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00228 | 304561 | 9/27/2019 11:18:44 AM | Parx; Skill Game locations in Philly and Pittsburgh | No | Mark S. Stewart | Cindy Woolheater Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00229 | 701227 | 9/27/2019 11:35:52 AM | Summary of Skill Games Cases | Yes | Kristine Marsilio | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00230 | 701188 | 9/27/2019 12:14:12 PM | Skill Games Litigation: First Complaint for Filing | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00231 | 701186 | 9/27/2019 1:07:24 PM | Skill Games Litigation: First and Second Complaints for Filing | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00232 | 400468 | 9/27/2019 1:29:11 PM | Draft Legislation | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00233 | 900774 | 9/27/2019 3:41:45 PM | Parx; skill games complaints | Yes | Kevin M. Skjoldal | Vicki Serrano | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00234 | 304569 | 9/27/2019 5:03:37 PM | Parx; SPQR Amusements and pending skill games case | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00235 | 900332 | 9/27/2019 5:21:27 PM | Parx; skill games complaints | No | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA303

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00236 | 304580 | 10/1/2019 11:09:41 PM | Pittsburgh Search for Skill Games | No | Mark S. Stewart | Cindy Woolheater Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00237 | 701039 | 10/2/2019 2:36:56 PM | Pittsburgh Search for Skill Games | No | Cindy Woolheater | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00238 | 900118 | 10/3/2019 10:24:32 AM | [External] Additional Site | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00239 | 700948 | 10/3/2019 10:35:23 AM | [External] Additional Site | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00240 | 701210 | 10/3/2019 10:48:47 AM | Skill Games Litigation: Tracking Spreadsheet | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00241 | 701101 | 10/3/2019 11:09:18 AM | Skill Games Litigation: Tracking Spreadsheet | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00242 | 701001 | 10/3/2019 11:22:47 AM | Parx  - Litigation Report Update | No | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00243 | 701176 | 10/3/2019 12:41:36 PM | Skill Games Litigation: Conflict Check for One Punch Boxing & MMA LLC d/b/a One Punch Sports | No | Casey Coyle | Jennifer Skoff | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00244 | 900434 | 10/3/2019 1:23:28 PM | Skill Games Litigation: One Punch Boxing & MMA, LLC | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA304

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00245 | 701088 | 10/4/2019 11:59:03 AM | Skill Games Litigation: Next Set of Complaints for Filing - Updated | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00246 | 701006 | 10/4/2019 12:47:37 PM | Parx - skill games complaints - JSB NewGas, Inc. and USA Gas Repair, Inc. | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00247 | 900748 | 10/4/2019 1:46:21 PM | Parx - skill games complaints - JSB NewGas, Inc. and USA Gas Repair, Inc. | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00248 | 1600004 | 10/4/2019 1:59:00 PM | [External] Parx - skill games complaints - JSB NewGas, Inc. and USA Gas Repair, Inc. | No | Andrew J. Kramer | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00249 | 304623 | 10/7/2019 5:57:53 PM | skill games Pbg | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00250 | 304370 | 10/7/2019 6:06:13 PM | Skill games litigation | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00251 | 900744 | 10/8/2019 11:02:30 AM | Parx - Litigation Report Update | No | Kevin M. Skjoldal | Michael J. Herzog Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | iLottery Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00252 | 400926 | 10/8/2019 12:42:48 PM | Parx; tortious interference with existing or prospective contractual or business relations | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00253 | 900770 | 10/9/2019 11:58:01 AM | Parx; skill game cases | No | Kevin M. Skjoldal | Vicki Serrano | Mark S. Stewart Casey Coyle Andrew J. Kramer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA305

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00254 | 701190 | 10/9/2019 1:07:28 PM | Skill Games Litigation: First Two Complaints for Filing | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00255 | 900772 | 10/9/2019 1:55:51 PM | Parx; skill game complaints -- Smoker's Express in Feasterville and Valley News & Smoke Shop in Bensalem | No | Kevin M. Skjoldal | Vicki Serrano | Andrew J. Kramer Casey Coyle Mark S Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00256 | 304620 | 10/9/2019 2:01:24 PM | Skill Games Litigation: One Punch Boxing & MMA, LLC | No | Mark S. Stewart | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00257 | 2200072 | 10/9/2019 2:27:34 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | Yes | Matthew B. Kirsner | Timothy S. Coon | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00258 | 2200120 | 10/9/2019 2:33:53 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Matthew B. Kirsner | Timothy S. Coon | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00259 | 2200119 | 10/9/2019 3:26:46 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00260 | 2200122 | 10/9/2019 3:28:32 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Matthew B. Kirsner | Timothy S. Coon | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00261 | 2200121 | 10/9/2019 3:38:04 PM | Notice of confidentiality screen between Casino Clients and Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00262 | 304160 | 10/9/2019 4:00:20 PM | Hearing on the 30th | Yes | Mark S. Stewart | Tara A. Burns Susan A. Yocum | Kristine Marsilio Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA306

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00263 | 1800457 | 10/9/2019 4:06:44 PM | Hearing on the 30th | Yes | Tara A. Burns | Susan A. Yocum Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00264 | 304508 | 10/9/2019 5:23:43 PM | Hearing on the 30th | No | Mark S. Stewart | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00265 | 1800543 | 10/9/2019 5:35:15 PM | Hearing on the 30th | No | Tara A. Burns | Kristine Marsilio Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00266 | 304596 | 10/10/2019 11:52:40 AM | Parx; Skill Game locations in Philly and Pittsburgh | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00267 | 304574 | 10/10/2019 1:23:31 PM | PGCB Gaming Clips – July 10, 2019 | No | Mark S. Stewart | Michael Fleckenstein | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00268 | 900336 | 10/10/2019 1:52:00 PM | PGCB Gaming Clips – July 10, 2019 | Yes | Kevin M. Skjoldal | Kristine Marsilio Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00269 | 701206 | 10/10/2019 2:00:35 PM | Skill Games Litigation: Tracking Spreadsheet (Current Through 10/10/19 @ 2:00 PM) | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00270 | 900340 | 10/10/2019 2:01:43 PM | PGCB Gaming Clips – July 10, 2019 | Yes | Kevin M. Skjoldal | Casey Coyle Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00271 | 304122 | 10/10/2019 2:08:38 PM | Draft Skill Slot Machine Nuisance Ordinance Cover Letter | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA307

Pace-O-Matic, Inc. v. Eckert Seamans    Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00272 | 1600013 | 10/10/2019 2:15:37 PM | [External] Parx; Skill Games Litigation: all complaints to be filed October 10, 2019 | No | Andrew J. Kramer | Kevin M. Skjoldal Vicki Serrano | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00273 | 304630 | 10/10/2019 2:18:16 PM | Smoker's Express in Feasterville / Valley News and Smoke Shop / One Punch Boxing & MMA, LLC | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00274 | 1800294 | 10/10/2019 2:59:37 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | No | Kristine Marsilio | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00275 | 1800581 | 10/10/2019 3:05:10 PM | Status of POM of PA cases in Cambria, Luzerne and Centre Counties | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00276 | 1600320 | 10/10/2019 3:16:12 PM | PGCB Gaming Clips – July 10, 2019 | Yes | Kristine Marsilio | Kevin M. Skjoldal Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00277 | 1600306 | 10/10/2019 4:36:41 PM | POM Cases | No | Kristine Marsilio | Denise Kline | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00278 | 700872 | 10/10/2019 4:41:42 PM | POM | No | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00279 | 900729 | 10/11/2019 9:51:31 AM | Kroll business work up | Yes | Kevin M. Skjoldal | Michael Fleckenstein Cindy A. Morda Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA308

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292

Eckert Seamans' Supplemental Privilege Log

March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00280 | 304045 | 10/11/2019 9:56:28 AM | [External] LexisNexis(R) Email Delivery | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00281 | 900660 | 10/11/2019 9:57:16 AM | [External] LexisNexis(R) Email Delivery | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00282 | 900735 | 10/11/2019 10:04:39 AM | Kroll business work up | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00283 | 304516 | 10/11/2019 10:29:26 AM | Kroll business work up | No | Mark S. Stewart | Michael Fleckenstein Kevin M. Skjoldal Cindy A. Morda | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00284 | 2400061 | 10/11/2019 11:23:35 AM | Parx Casino/Pace-O-Matic disputes - further issues we need to address | No | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00285 | 2400002 | 10/14/2019 10:59:45 AM | Conflict issue | No | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00286 | 2400006 | 10/14/2019 1:06:34 PM | New Parx lawsuit | Yes | Matthew B. Kirsner | Timothy S. Coon Christopher R. Opalinski Michael Flammia | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00287 | 2400038 | 10/14/2019 4:04:35 PM | Conflict issue | No | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00288 | 2400037 | 10/15/2019 11:28:11 AM | Conflict issue | No | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA309

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00289 | 2400036 | 10/15/2019 1:18:24 PM | Conflict issue | No | Timothy S. Coon | Timothy Q. Hudak | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00290 | 900435 | 10/15/2019 3:40:21 PM | Skill Games Litigation: Tracking Spreadsheet (Current Through 10/10/19 @ 2:00 PM) | Yes | Kevin M. Skjoldal | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00291 | 700816 | 10/15/2019 4:18:54 PM | Ltr to LCB | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00292 | 701104 | 10/16/2019 3:07:51 PM | Skill Games | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00293 | 900445 | 10/16/2019 4:08:21 PM | Skill Games | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00294 | 701103 | 10/16/2019 6:02:53 PM | Skill Games | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00295 | 701081 | 10/17/2019 10:47:18 AM | Skill Games Litigation: Last Three Complaints for Filing | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00296 | 900752 | 10/17/2019 11:25:56 AM | Parx/Skill Games Litigation; 3 complaints | No | Kevin M. Skjoldal | Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00297 | 700600 | 10/17/2019 11:39:43 AM | DRAFT EMAIL FOR YOUR REVIEW: Skill Games Litigation: Update for Client | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA310

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00298 | 700096 | 10/17/2019 2:21:08 PM | [External] Parx/Skill Games Litigation; 3 complaints | Yes | Vicki Serrano | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00299 | 900278 | 10/17/2019 2:23:42 PM | Parx/Skill Games Litigation; 3 complaints | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00300 | 701014 | 10/17/2019 2:26:44 PM | Parx/Skill Games Litigation; 3 complaints | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00301 | 900751 | 10/18/2019 2:17:22 PM | Parx/Skill Games Litigation; 3 complaints | No | Kevin M. Skjoldal | Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00302 | 402053 | 10/18/2019 5:00:01 PM | Skill games litigation | Yes | Kevin M. Skjoldal | Joe Weinberg | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00303 | 900750 | 10/21/2019 9:23:56 AM | Parx/Skill Games Litigation; 3 complaints | No | Kevin M. Skjoldal | Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00304 | 1600007 | 10/21/2019 9:33:45 AM | [External] Parx/Skill Games Litigation; 3 complaints | No | Andrew J. Kramer | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00305 | 900215 | 10/21/2019 1:00:29 PM | Draft Skill Slot Machine Nuisance Ordinance Cover Letter | Yes | Kevin M. Skjoldal | Michael McAuliffe Miller G Edward Schweikert | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00306 | 600718 | 10/21/2019 2:35:55 PM | Parx -- Skill Games and AML | Yes | Kevin M. Skjoldal | David Laigaie | Shari Maynard Patricia Kellogg Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA311

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00307 | 304072 | 10/21/2019 3:52:13 PM | Archna search | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00308 | 304159 | 10/21/2019 4:14:58 PM | HB 1598 | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00309 | 900298 | 10/21/2019 4:19:07 PM | Parx; pending skill games cases | Yes | Kevin M. Skjoldal | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00310 | 1600318 | 10/22/2019 3:05:31 PM | Parx; pending skill games cases | Yes | Kristine Marsilio | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00311 | 700630 | 10/22/2019 4:39:02 PM | Anti-Money Laundering and Skill-Games Research (Revised) | Yes | David Laigaie | Kevin M. Skjoldal | Shari Maynard | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00312 | 304675 | 10/23/2019 9:47:25 AM | Skill games | Yes | Mark S. Stewart | Joe Weinberg | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | |
| PRIV-00313 | 600653 | 10/23/2019 10:53:15 AM | Anti-Money Laundering and Skill-Games Research (Revised) | No | David Laigaie | Kevin M. Skjoldal Mark S. Stewart | Shari Maynard | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00314 | 2400024 | 10/23/2019 11:42:50 AM | Pace-O-Matic | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00315 | 900545 | 10/23/2019 1:22:39 PM | Parx; draft letter to municipalities and associations re skill games | Yes | Kevin M. Skjoldal | Mark S Stewart | Michael McAuliffe Miller | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA312

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00316 | 401886 | 10/24/2019 11:41:40 AM | Parx; draft letter to municipalities and associations re skill games | Yes | Kevin M. Skjoldal | Mark S. Stewart | Michael Miller | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00317 | 304447 | 10/24/2019 1:28:23 PM | Anti-Money Laundering and Skill-Games Research (Revised) | No | Mark S. Stewart | David Laigaie Shari Maynard Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00318 | 2200085 | 10/24/2019 2:26:24 PM | Pace-O-Matic | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00319 | 2200136 | 10/24/2019 2:29:16 PM | Pace-O-Matic | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Michael Flammia Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00320 | 304694 | 10/25/2019 11:19:31 AM | standing | Yes | Mark S. Stewart | King, Jr., Adrian R. (Phila) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00321 | 900706 | 10/25/2019 1:32:07 PM | Draft Skill Slot Machine Nuisance Ordinances | Yes | Kevin M. Skjoldal | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00322 | 600330 | 10/29/2019 11:10:37 AM | Draft of Skill Slot Machine Ordinance | Yes | Kevin M. Skjoldal | Michael Miller | | Mark S. Stewart | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00323 | 304483 | 10/29/2019 2:16:44 PM | Draft of Skill Slot Machine Ordinance | No | Mark S. Stewart | Kevin M. Skjoldal Michael Miller | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00324 | 1600024 | 10/29/2019 5:26:43 PM | [External] Smoker's Express and Raj Rajeshwari | No | Andrew J. Kramer | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA313

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00325 | 1201275 | 10/31/2019 3:34:03 PM | Pennsylvania Skill Games Litigation : Cite Check and Sheppard's Report for POs | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00326 | 701144 | 11/1/2019 5:15:24 PM | Skill Games - Chart of POM Positions | Yes | Kristine Marsilio | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00327 | 701047 | 11/1/2019 5:21:33 PM | Skill Games - Chart of POM Positions | No | Kristine Marsilio | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00328 | 900743 | 11/3/2019 3:59:07 PM | Parx - Litigation Report Update | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00329 | 304139 | 11/4/2019 10:01:01 AM | Final skill games ordinance cover letter | Yes | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00330 | 701049 | 11/7/2019 6:08:52 PM | Skill Games - Chart of POM Positions | Yes | Kristine Marsilio | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00331 | 700856 | 11/8/2019 11:06:59 AM | PARX - POM Motion to Stay | No | Tricia Springer | Kevin M. Skjoldal | Tricia Springer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00332 | 701052 | 11/8/2019 1:06:26 PM | Skill Games - Chart of POM Positions | No | Casey Coyle | Kristine Marsilio | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00333 | 1900224 | 11/13/2019 9:30:31 AM | PGCB Law Enforcement Grant Application | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA314

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00334 | 304576 | 11/13/2019 9:48:30 AM | PGCB Law Enforcement Grant Application | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00335 | 304575 | 11/13/2019 9:49:41 AM | PGCB Law Enforcement Grant Application | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00336 | 700615 | 11/13/2019 10:02:16 AM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Casey Coyle | Kristine Marsilio | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00337 | 2500029 | 11/13/2019 11:12:26 AM | Mohegan Sun Pocono Tribal/Pocono Downs | No | Christina M. Meyer | Timothy S. Coon Karen S. Elliott Jeremy Truskowski Shannon Kapadia Nina Plumb Susan J. Lawson CONFLICTS | Matthew B. Kirsner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00338 | 2200094 | 11/13/2019 11:17:00 AM | Mohegan Sun Pocono Tribal/Pocono Downs | No | Karen S. Elliott | Timothy S. Coon | Matthew B. Kirsner | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00339 | 2200093 | 11/13/2019 11:21:36 AM | Mohegan Sun Pocono Tribal/Pocono Downs | No | Karen S. Elliott | Matthew B. Kirsner Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00340 | 700952 | 11/13/2019 12:09:25 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | Yes | Kristine Marsilio | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA315

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00341 | 700951 | 11/13/2019 12:11:48 PM | [External] Indiana: Hard Rock Casino Gary to be built in two phases; Illinois: Danville aldermen rethinking plans on limits for video gambling | No | Casey Coyle | Kristine Marsilio | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00342 | 700870 | 11/13/2019 12:36:32 PM | POM v. Lagana - POM Answer to POs | Yes | Kristine Marsilio | Nathan A. Ellsworth | Casey Coyle Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00343 | 701044 | 11/13/2019 12:37:34 PM | POM v. Lagana - POM Answer to POs | No | Casey Coyle | Kristine Marsilio Nathan A. Ellsworth | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00344 | 1900174 | 11/13/2019 2:34:41 PM | DA Association | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00345 | 701182 | 11/13/2019 6:38:47 PM | Skill Games Litigation: Draft Response to RAJ Rajeshwari's POs and Draft Brief in Opposition | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00346 | 1201294 | 11/14/2019 10:08:15 AM | Skill Games Litigation: Draft Response to RAJ Rajeshwari's POs and Draft Brief in Opposition | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00347 | 900603 | 11/14/2019 1:31:49 PM | Parx; response to motion for stay | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00348 | 900806 | 11/14/2019 1:43:41 PM | Skill Games Litigation: Draft Response to RAJ Rajeshwari's POs and Draft Brief in Opposition | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA316

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00349 | 701012 | 11/14/2019 5:59:14 PM | PARX CASINO'S RESPONSE TO DEF RAJ RAJESHWARI'S POS TO COMPLAINT | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00350 | 701208 | 11/15/2019 2:14:59 PM | Skill Games Litigation: Tracking Spreadsheet (Current Through 11/15/19) | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00351 | 701099 | 11/15/2019 2:27:37 PM | Skill Games Litigation: Tracking Spreadsheet (Current Through 11/15/19) | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00352 | 701202 | 11/17/2019 11:41:54 AM | Skill Games Litigation: Smoker's Express (Langhorne) | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00353 | 701198 | 11/17/2019 11:52:06 AM | Skill Games Litigation: Responses to POs | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00354 | 900438 | 11/18/2019 8:46:12 AM | Skill Games Litigation: Tracking Spreadsheet (Current Through 11/15/19) | Yes | Kevin M. Skjoldal | Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00355 | 701098 | 11/18/2019 9:21:53 AM | Skill Games Litigation: Smoker's Express (Langhorne) | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00356 | 900808 | 11/18/2019 4:34:20 PM | Skill Games Litigation: Responses for 9 of 11 Preliminary Objections | No | Kevin M. Skjoldal | Vicki Serrano Casey Coyle | Denise Kline | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00357 | 701197 | 11/19/2019 12:38:18 PM | Skill Games Litigation: Outstanding Service of Complaints | No | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA317

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00358 | 1600019 | 11/19/2019 12:59:14 PM | [External] Skill Games Litigation: Outstanding Service of Complaints | No | Andrew J. Kramer | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00359 | 701041 | 11/20/2019 9:40:30 AM | POM decision from Commonwealth Court | No | Casey Coyle | Kevin M. Skjoldal Mark S. Stewart Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00360 | 304584 | 11/20/2019 10:37:02 AM | POM decision from Commonwealth Court | No | Mark S. Stewart | Casey Coyle Kevin M. Skjoldal Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00361 | 304086 | 11/20/2019 10:42:43 AM | COMMONWEALTH COURT DECISION OUT | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00362 | 304087 | 11/20/2019 11:28:36 AM | COMMONWEALTH COURT DECISION OUT | No | Mark S. Stewart | Pete Shelly | Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00363 | 304465 | 11/20/2019 7:13:49 PM | Commonwealth Court/Skill Games Case | No | Mark S. Stewart | Parfrey, David Richard Gmerek | Charles Bunnell (Mohegan Sun Pocono Tribe) Carlucci, Anthony Alroy, Aviram Cobb, Brad Rome, David Rapson, Dale Silberling, Michael Roberti, Peter Wells, Scott Smock, Thomas Chrzan, Ron | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA318

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292

Eckert Seamans' Supplemental Privilege Log

March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00364 | 304350 | 11/20/2019 9:13:35 PM | POM argument | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00365 | 1600184 | 11/21/2019 4:20:06 PM | Parx; skill game - draft to Karen Romano | Yes | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00366 | 304699 | 11/22/2019 11:44:54 AM | VGT & Skill Games update & new bill (bad) | No | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3).; Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00367 | 1201390 | 11/26/2019 9:36:29 AM | Assignment Re PA Rules of Statutory Construction | No | Kristine Marsilio | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00368 | 800586 | 11/26/2019 12:06:15 PM | POM decision from Commonwealth Court | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00369 | 2400066 | 11/26/2019 1:17:29 PM | Time to talk | No | Timothy S. Coon | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00370 | 1201358 | 11/26/2019 2:34:32 PM | paragraphs | No | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00371 | 1201597 | 11/26/2019 3:35:26 PM | Skill Games Litigation: Revised Brief (Redline and Clean Versions) | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00372 | 800677 | 11/26/2019 3:57:41 PM | Parx; Skill Games - brief opposing POs | Yes | Kevin M. Skjoldal | Mark S. Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1

JA319

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00373 | 2400003 | 11/29/2019 2:35:46 PM | IMPACT OF POM V PA DECISION | Yes | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00374 | 900329 | 12/1/2019 2:37:32 PM | Parx; Skill Games - brief opposing POs | Yes | Kevin M. Skjoldal | Mark S Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00375 | 304230 | 12/2/2019 9:40:25 AM | Parx; Skill Games - brief opposing POs | Yes | Mark S. Stewart | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00376 | 800912 | 12/2/2019 9:56:39 AM | 45631.pdf | Yes | Mark S. Stewart | Kevin M. Skjoldal Tricia Springer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00377 | 2400020 | 12/2/2019 10:23:31 AM | PaceOMatic | No | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00378 | 2400049 | 12/2/2019 10:27:59 AM | PaceOMatic | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00379 | 2200065 | 12/2/2019 10:59:01 AM | IMPACT OF POM V PA DECISION | Yes | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00380 | 2200068 | 12/2/2019 11:04:19 AM | IMPACT OF POM V PA DECISION | Yes | Matthew B. Kirsner | Anthony Troy | Timothy S. Coon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00381 | 2400014 | 12/3/2019 7:12:46 AM | Update. IMPORTANT. | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00382 | 2400070 | 12/4/2019 7:36:04 AM | Update. IMPORTANT. | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA320

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00383 | 2400069 | 12/4/2019 8:26:19 AM | Update. IMPORTANT. | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00384 | 2400068 | 12/4/2019 9:12:28 AM | Update. IMPORTANT. | No | Timothy S. Coon | Christopher R. Opalinski Timothy Q. Hudak Michael Flammia | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00385 | 2400067 | 12/4/2019 9:20:22 AM | Update. IMPORTANT. | No | Timothy S. Coon | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00386 | 801463 | 12/4/2019 3:17:19 PM | Skill Games/VGT update | No | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00387 | 2400071 | 12/6/2019 7:54:18 AM | Update | No | Timothy S. Coon | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Parx Casino; Mohegan Sun Pocono; Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00388 | 2400031 | 12/6/2019 12:44:21 PM | Parx/POM | No | Timothy S. Coon | Christopher R. Opalinski | Timothy Q. Hudak | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00389 | 800552 | 12/7/2019 9:26:16 AM | Fair use issue | Yes | Richard Peirce | Mark S. Stewart | Michael T. Regan | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00390 | 800950 | 12/10/2019 10:20:50 AM | Draft of law firm letter | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00391 | 800917 | 12/10/2019 10:22:11 AM | CASINO LAW FIRM SKILL GAMES CRIMES CODE LETTER | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00392 | 801043 | 12/10/2019 10:48:09 PM | Skill Games Seizure in Dauphin County | No | Mark S. Stewart | Kevin M. Skjoldal Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA321

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00393 | 800819 | 12/11/2019 10:23:12 AM | Skill Games Seizure in Dauphin County | No | Nathan A. Ellsworth | Kristine Marsilio Kevin M. Skjoldal Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00394 | 2400062 | 12/11/2019 12:58:37 PM | Parx-POM | No | Timothy S. Coon | Kathryn A. English Christopher R. Opalinski | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00395 | 1201286 | 12/11/2019 1:31:08 PM | Skill Games Litigation: Briefs in Opposition to Preliminary Objections for Filing | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00396 | 900749 | 12/11/2019 1:36:41 PM | Parx- skill games brief due today | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00397 | 1800567 | 12/11/2019 1:55:13 PM | Skill Games Seizure in Dauphin County | No | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00398 | 801256 | 12/11/2019 3:19:03 PM | Finish chatting | No | Mark S. Stewart | Kathryn A. English | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00399 | 1201596 | 12/11/2019 3:26:51 PM | Skill Games Litigation: Questions | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00400 | 1600022 | 12/11/2019 5:20:16 PM | [External] Skill Games Litigation: Questions | No | Andrew J. Kramer | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00401 | 1800383 | 12/11/2019 7:05:53 PM | Skill Games Seizure in Dauphin County | No | Kristine Marsilio | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA322

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00402 | 2200087 | 12/12/2019 9:05:02 AM | Parx and Pace O Matic | No | Matthew B. Kirsner | Timothy S. Coon Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00403 | 1201574 | 12/12/2019 9:11:33 AM | Skill Games Seizure in Dauphin County | No | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00404 | 2200138 | 12/12/2019 9:37:10 AM | Parx and Pace O Matic | No | Christopher R. Opalinski | Matthew B. Kirsner Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00405 | 2400060 | 12/12/2019 10:16:10 AM | Parx and Pace O Matic | No | Timothy S. Coon | Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00406 | 800720 | 12/13/2019 11:01:28 AM | [External] Pennsylvania State Police agents seize "skill games" from bars in Dauphin, Cumberland counties. | Yes | Susan E. Longnaker | Jennifer Skoff | Kevin M. Skjoldal Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00407 | 1800101 | 12/13/2019 11:12:23 AM | Skill Games Cases | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00408 | 801153 | 12/13/2019 11:25:22 AM | [External] Pennsylvania State Police agents seize "skill games" from bars in Dauphin, Cumberland counties. | No | Mark S. Stewart | Susan E. Longnaker | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00409 | 801459 | 12/13/2019 11:54:57 AM | Skill games legal letter | Yes | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA323

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00410 | 1800569 | 12/13/2019 11:57:40 AM | Status of POM of PA cases in Cambria, Luzerne and Centre Counties | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00411 | 1201543 | 12/13/2019 2:11:07 PM | Parx; skill games | Yes | Kristine Marsilio | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00412 | 800479 | 12/13/2019 3:04:34 PM | Draft email - POM matter | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00413 | 1201566 | 12/13/2019 3:06:33 PM | Skill Games Litigation: Questions | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00414 | 1201567 | 12/13/2019 3:21:55 PM | Skill Games Litigation: Questions | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00415 | 800966 | 12/13/2019 3:28:40 PM | Legal letter | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00416 | 900705 | 12/13/2019 3:30:06 PM | Draft email - POM matter | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00417 | 800903 | 12/16/2019 11:03:13 AM | [External] POM emergency relief | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00418 | 800588 | 12/16/2019 11:06:58 AM | POM Skill Games - Update | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA324

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00419 | 900138 | 12/16/2019 11:21:38 AM | [External] POM emergency relief | Yes | Kevin M. Skjoldal | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00420 | 2400059 | 12/16/2019 11:48:21 AM | Parx - POM | No | Timothy S. Coon | Michael Flammia Christopher R. Opalinski Timothy Q. Hudak | Kathryn A. English | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00421 | 2200083 | 12/16/2019 1:37:39 PM | Pace O Matic | No | Timothy S. Coon | Matthew B. Kirsner Anthony Troy | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00422 | 900140 | 12/16/2019 1:42:22 PM | [External] POM emergency relief | Yes | Kevin M. Skjoldal | David "Neil" Hittinger | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00423 | 2400015 | 12/16/2019 1:49:25 PM | Update | No | Timothy S. Coon | Timothy Q. Hudak Michael Flammia Christopher R. Opalinski Kathryn A. English | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00424 | 2200131 | 12/16/2019 2:13:00 PM | Pace O Matic | No | Matthew B. Kirsner | Timothy S. Coon Anthony Troy | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00425 | 2200129 | 12/16/2019 2:13:29 PM | Pace O Matic | No | Timothy S. Coon | Matthew B. Kirsner Anthony Troy | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00426 | 2200128 | 12/16/2019 2:54:20 PM | Pace O Matic | No | Christopher R. Opalinski | Timothy S. Coon Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00427 | 1201368 | 12/16/2019 3:22:03 PM | POM Amicus template | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00428 | 800584 | 12/16/2019 3:29:41 PM | POM Amicus template | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA325

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00429 | 1600020 | 12/16/2019 3:36:14 PM | [External] Skill Games Litigation: Questions | No | Andrew J. Kramer | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00430 | 2200130 | 12/16/2019 3:56:57 PM | Pace O Matic | No | Anthony Troy | Timothy S. Coon Matthew B. Kirsner | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00431 | 2200127 | 12/16/2019 4:07:36 PM | Pace O Matic | No | Matthew B. Kirsner | Christopher R. Opalinski Timothy S. Coon Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00432 | 801101 | 12/16/2019 4:30:47 PM | POM case | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00433 | 801224 | 12/16/2019 5:08:32 PM | Continuance of 12/23 PI hearing | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00434 | 801223 | 12/16/2019 5:09:02 PM | Continuance of 12/23 PI hearing | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00435 | 800927 | 12/16/2019 5:10:20 PM | Continuance | Yes | Mark S. Stewart | Kevin M. Skjoldal David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00436 | 800759 | 12/17/2019 9:53:58 AM | Continuance | No | Kevin M. Skjoldal | Mark S. Stewart David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00437 | 1201150 | 12/17/2019 12:11:11 PM | BRIEF | Yes | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA326

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00438 | 2400046 | 12/17/2019 1:59:44 PM | Pace O Matic | No | Timothy S. Coon | Wanda Beard Christopher R. Opalinski Anthony Troy Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00439 | 800761 | 12/17/2019 3:57:03 PM | Continuance | Yes | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00440 | 800659 | 12/17/2019 7:41:54 PM | Parx; draft brief | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00441 | 801225 | 12/17/2019 10:23:18 PM | Continuance | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00442 | 801455 | 12/18/2019 2:52:15 AM | Revised draft | Yes | Mark S. Stewart | Kevin M. Skjoldal David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00443 | 800873 | 12/18/2019 9:35:25 AM | draft amicus | Yes | Mark S. Stewart | King, Jr., Adrian R. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00444 | 1201565 | 12/18/2019 9:54:16 AM | Skill Games Litigation: Questions | No | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00445 | 801408 | 12/18/2019 10:04:40 AM | Revised draft | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00446 | 1102929 | 12/18/2019 10:18:52 AM | Revised draft | No | David C. Hittinger, Jr. (Neil) | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA327

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00447 | 801226 | 12/18/2019 10:20:27 AM | Continuance | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00448 | 800475 | 12/18/2019 10:51:44 AM | Amicus Brief - All edits have been made | Yes | Jennifer Skoff | Mark S. Stewart Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00449 | 1102923 | 12/18/2019 11:16:19 AM | Revised draft | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00450 | 801425 | 12/18/2019 12:21:02 PM | Skill games legal letter | Yes | Mark S. Stewart | Rob Norton Joe Weinberg Joe Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00451 | 800211 | 12/18/2019 12:23:33 PM | [External] Fwd: Comments to Brief | No | Adrian R. King, Jr. | Mark S. Stewart Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00452 | 1300063 | 12/18/2019 12:39:20 PM | Information Relating to Establishments with Skill Games | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00453 | 800948 | 12/18/2019 1:00:20 PM | draft amicus brief | Yes | Mark S. Stewart | Tony Carlucci Rome, David Chrzan, Ron David Parfrey | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00454 | 801424 | 12/18/2019 2:05:58 PM | Skill games legal letter | No | Mark S. Stewart | Rob Norton Joe Weinberg Joe Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00455 | 801078 | 12/18/2019 2:19:55 PM | Latest turn | Yes | Mark S. Stewart | King, Jr., Adrian R. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA328

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00456 | 800862 | 12/19/2019 9:50:53 AM | As-filed Amicus Brief | Yes | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00457 | 801363 | 12/19/2019 10:01:47 AM | OAG filing | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00458 | 1201371 | 12/19/2019 11:30:25 AM | POM v. PSP, 503 MD 2018 | Yes | Susan E. Longnaker | Kevin M. Skjoldal | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00459 | 800780 | 12/19/2019 1:09:39 PM | OAG filing | No | Kevin M. Skjoldal | Mark S. Stewart Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00460 | 800686 | 12/19/2019 1:15:30 PM | POM - PSP's Answer | Yes | Jennifer Skoff | Charles Bunnell Tony Carlucci David Rome Chrzan, Ron David Parfrey | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00461 | 801388 | 12/19/2019 3:09:16 PM | POM docket | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00462 | 800574 | 12/19/2019 4:04:51 PM | Investigative reports - Pennsylvania Skills Games | Yes | Kevin M. Skjoldal | Mark S. Stewart | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00463 | 900331 | 12/19/2019 4:07:21 PM | Parx; skill games - Montgomery County litigation | No | Kevin M. Skjoldal | Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00464 | 1600162 | 12/20/2019 2:59:35 PM | Skill Games Litigation: Conflicts Check Request | No | Casey Coyle | Jennifer Skoff | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA329

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00465 | 1600108 | 12/22/2019 2:48:28 PM | Parx/Skill Games; Bucks County cases | Yes | Kevin M. Skjoldal | Denise Kline | Casey Coyle | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00466 | 900645 | 12/22/2019 2:52:38 PM | POM; Commonwealth Court litigation | No | Kevin M. Skjoldal | Denise Kline | Susan E. Longnaker | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00467 | 1600158 | 12/23/2019 9:34:09 AM | Skill Games Litigation : Info for Potential Additional Defendants | No | Susan Harancher | Casey Coyle Sonya Koros | Kevin M. Skjoldal Michael Fleckenstein | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00468 | 1201559 | 12/23/2019 10:28:26 AM | POM; Commonwealth Court litigation | No | Jayne Brinkley | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00469 | 801261 | 12/23/2019 10:38:27 AM | Greenwood Gaming v. Smoker's Express - 19-06832 -- Oral Argument Request | No | Mark S. Stewart | Casey Coyle Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00470 | 1600134 | 12/23/2019 10:57:05 AM | Greenwood Gaming v. Smoker's Express - 19-06832 -- Oral Argument Request | No | Kevin M. Skjoldal | Mark S. Stewart Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00471 | 800986 | 12/23/2019 12:46:46 PM | Parx; skill games - Montgomery County | No | Mark S. Stewart | Kevin M. Skjoldal Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00472 | 2200139 | 12/23/2019 2:53:43 PM | Screening Issue | No | Shannon Kapadia | Timothy S. Coon | Matthew B. Kirsner Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00473 | 801100 | 12/27/2019 11:22:41 AM | Please | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA330

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00474 | 801352 | 12/30/2019 10:42:04 AM | needed docs | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00475 | 900021 | 12/30/2019 5:54:39 PM | Skill Games Cases: Deadline to File Brief in Opposition to Motions for Stay | No | Casey Coyle | Casey Coyle Kevin M. Skjoldal Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00476 | 800814 | 12/30/2019 5:59:27 PM | Skill Games - Dropbox link | No | Casey Coyle | Mark S. Stewart | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00477 | 800816 | 12/30/2019 6:22:57 PM | Skill Games Litigation: Analysis of Reply Memoranda of Law in Support of Preliminary Objections | No | Casey Coyle | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00478 | 1600129 | 12/31/2019 10:58:18 AM | [External] Skill Games - Dropbox link | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00479 | 1600130 | 12/31/2019 10:58:40 AM | [External] Skill Games - pt 2 | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00480 | 2400072 | 12/31/2019 4:30:46 PM | Update | No | Timothy S. Coon | Christopher R. Opalinski Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00481 | 1201529 | 1/1/2020 4:31:21 PM | New suits | No | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00482 | 800709 | 1/2/2020 6:43:36 AM | [External] Fwd: Greenwood Gaming and Entertainment, Inc. v. Valley News and Smoke Shop | No | Andrew J. Kramer | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA331

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00483 | 1100076 | 1/2/2020 5:58:50 PM | Emailing: POM INTERVENORS' BRIEF IN SUPPORT OF INTERVENTION (L0849754xA35AE).DOCX | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00484 | 1100078 | 1/2/2020 5:59:30 PM | Emailing: POM PETITION TO INTERVENE (L0849430xA35AE).DOCX | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00485 | 800850 | 1/2/2020 6:26:08 PM | Skill Games Litigation: Rule on Consolidation of Actions Within a County | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00486 | 801375 | 1/3/2020 2:53:08 PM | Parx — skill games argument | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00487 | 801421 | 1/7/2020 11:09:48 AM | Skill Games Argument Today | No | Mark S. Stewart | Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00488 | 801117 | 1/8/2020 11:15:26 AM | [External] CapitolwiUnder The Dome 01/07/2020 | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00489 | 1600173 | 1/8/2020 2:56:58 PM | Skill Games Litigation: Working Draft of Brief in Opposition to Motion to Stay | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00490 | 1600163 | 1/8/2020 3:30:31 PM | Skill Games Litigation: Final Draft of Brief in Opposition to Motion to Stay | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00491 | 800801 | 1/8/2020 5:21:52 PM | Parx; skill games actions Bucks County - brief opposing motion to stay | No | Kevin M. Skjoldal | Mark S. Stewart Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA332

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00492 | 1600044 | 1/9/2020 9:25:37 AM | Bucks County Skill Games Cases: Draft of Brief in Oppositions to Motions to Stay | No | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00493 | 800930 | 1/9/2020 11:13:20 AM | Corman Sponsorship Memo: Regulation of Games of Skill | No | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00494 | 800970 | 1/9/2020 11:36:13 AM | Location of Club and Restaurant Licenses in Pennsylvania | Yes | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00495 | 800305 | 1/9/2020 11:40:55 AM | [External] Corman Sponsorship Memo: Regulation of Games of Skill | No | Joe Weinberg | Mark S. Stewart Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00496 | 801228 | 1/9/2020 12:16:53 PM | Corman Sponsorship Memo: Regulation of Games of Skill | Yes | Mark S. Stewart | Rob Norton Joe Weinberg Joe Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00497 | 801231 | 1/9/2020 12:52:31 PM | Corman Sponsorship Memo: Regulation of Games of Skill | No | Mark S. Stewart | Joe Weinberg Rob Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00498 | 2400073 | 1/9/2020 3:36:04 PM | Update | No | Timothy S. Coon | Mark S. Stewart Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00499 | 801097 | 1/10/2020 12:02:48 AM | Pbg skill games locations | No | Mark S. Stewart | Kevin M. Skjoldal | Pete Shelly Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00500 | 801040 | 1/10/2020 11:32:50 AM | Skill Games Complaint | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA333

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00501 | 1201531 | 1/10/2020 12:23:29 PM | Parx - 4Q2019 Litigation Report | No | Michael J. Herzog | Casey Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00502 | 1600186 | 1/10/2020 3:52:27 PM | POM - Lancaster County DA | Yes | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00503 | 1600148 | 1/10/2020 4:30:01 PM | POM - Lancaster County DA | Yes | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00504 | 1600105 | 1/13/2020 12:26:35 PM | Parx v. SpiceRite: Response in Opposition to POs - Filing Deadline TODAY | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00505 | 800516 | 1/13/2020 3:11:12 PM | [External] Com. v. Bretz | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00506 | 801219 | 1/14/2020 3:39:03 PM | contacting court? | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00507 | 2200080 | 1/15/2020 11:47:36 AM | Pace O Matic / Gaming Client screen | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00508 | 1102912 | 1/15/2020 12:01:11 PM | POM intervention | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00509 | 2200126 | 1/15/2020 2:09:01 PM | Pace O Matic / Gaming Client screen | No | Timothy S. Coon | Matthew B. Kirsner | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA334

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00510 | 2200125 | 1/15/2020 2:28:50 PM | Pace O Matic / Gaming Client screen | No | Matthew B. Kirsner | Timothy S. Coon | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00511 | 1600133 | 1/15/2020 4:14:22 PM | Bucks Co. Cases - Smoker's Express & USA Gas | No | Casey Coyle | Jennifer Skoff Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00512 | 2200124 | 1/16/2020 10:28:07 AM | Pace O Matic / Gaming Client screen | No | Timothy S. Coon | Matthew B. Kirsner | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00513 | 2200123 | 1/16/2020 11:12:39 AM | Pace O Matic / Gaming Client screen | No | Matthew B. Kirsner | Timothy S. Coon | Christopher R. Opalinski | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00514 | 2200017 | 1/16/2020 12:27:43 PM | POM | No | Matthew B. Kirsner | Anthony Troy Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00515 | 2200019 | 1/16/2020 12:48:17 PM | [External] Eckert Conflict of Interest | No | Matthew B. Kirsner | Timothy Q. Hudak Timothy S. Coon Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00516 | 2200196 | 1/16/2020 12:53:39 PM | POM | No | Matthew B. Kirsner | Anthony Troy Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00517 | 2200154 | 1/16/2020 12:54:29 PM | [External] Eckert Conflict of Interest | No | Timothy S. Coon | Matthew B. Kirsner Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00518 | 2200186 | 1/16/2020 1:05:40 PM | [External] Eckert Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA335

Pace-O-Matic, Inc. v. Eckert Seamans Docket No.: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00519 | 2500025 | 1/16/2020 1:11:30 PM | POM | Yes | Matthew B. Kirsner | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00520 | 2200020 | 1/16/2020 1:48:08 PM | [External] Eckert Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00521 | 800508 | 1/17/2020 11:19:46 AM | Emailing: POM PETITION TO INTERVENE (L0849430xA35AE).DOCX | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00522 | 800489 | 1/17/2020 11:20:41 AM | Emailing: POM ANSWER TO EMERGENCY APPLICATION FOR PRELIMINARY INJUNCTION (L0851751xA35AE).DOCX | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00523 | 2200062 | 1/17/2020 12:16:53 PM | Draft letter to POM counsel | Yes | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00524 | 2200114 | 1/17/2020 1:16:13 PM | Draft letter to POM counsel | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00525 | 2200112 | 1/17/2020 1:21:49 PM | Draft letter to POM counsel | No | Timothy S. Coon | Matthew B. Kirsner Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00526 | 2200109 | 1/17/2020 1:25:03 PM | Draft letter to POM counsel | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00527 | 2400032 | 1/17/2020 1:52:45 PM | [External] Eckert Conflict of Interest | Yes | Timothy S. Coon | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA336

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00528 | 2200113 | 1/17/2020 2:25:21 PM | Draft letter to POM counsel | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00529 | 2200111 | 1/17/2020 2:28:50 PM | Draft letter to POM counsel | No | Timothy S. Coon | Matthew B. Kirsner Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00530 | 2200110 | 1/17/2020 2:30:29 PM | Draft letter to POM counsel | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00531 | 1600140 | 1/17/2020 3:34:33 PM | Parx; Bucks County actions | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00532 | 800875 | 1/17/2020 4:44:04 PM | expert for skill games case for state | No | Mark S. Stewart | Downey, William J. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00533 | 1600141 | 1/19/2020 5:12:39 PM | Parx; Bucks County actions | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00534 | 800018 | 1/20/2020 1:27:17 PM | [External] Skill Games - Call on Draft Letter | No | Lauren O'Donnell | ODonnell, Lauren Schrier, Stephen D. Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00535 | 1600131 | 1/21/2020 8:53:21 AM | [External] Parx; Bucks County actions | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00536 | 1600151 | 1/21/2020 10:24:35 AM | POM of PA Memorandum and Order is attached (503 MD 2018) | Yes | Brittany L. Stepp | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA337

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00537 | 801270 | 1/21/2020 12:53:25 PM | Idea | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00538 | 800987 | 1/21/2020 1:11:36 PM | Pennsylvania Commonwealth Court Says Pace-O-Matic's Pennsylvania Skill Are Legal | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00539 | 800363 | 1/21/2020 1:36:48 PM | [External] Pennsylvania Commonwealth Court Says Pace-O-Matic's Pennsylvania Skill Are Legal | No | Adrian R. King, Jr. | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00540 | 800825 | 1/21/2020 2:43:14 PM | Skill Games Letter - Change-Pro Comparison | Yes | Jennifer Skoff | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00541 | 1600026 | 1/21/2020 4:32:04 PM | Answer | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00542 | 1102825 | 1/21/2020 4:47:39 PM | POM | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00543 | 800653 | 1/21/2020 5:49:30 PM | OAG's Answer to POM's Initial Complaint | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00544 | 801114 | 1/22/2020 10:53:04 AM | "Order Denying Application to Amend" filing for case "POM of PA, LLC v. PSP, Bur. of Liq. Ctrl Enf." (503 MD 2018) | No | Mark S. Stewart | King, Jr., Adrian R. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA338

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00545 | 801112 | 1/22/2020 10:59:41 AM | "Order Denying Application to Amend" filing for case "POM of PA, LLC v. PSP, Bur. of Liq. Ctrl Enf." (503 MD 2018) | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00546 | 801365 | 1/22/2020 11:00:22 AM | OAG's Answer to POM's Initial Complaint | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00547 | 801364 | 1/22/2020 11:01:04 AM | OAG's Answer to POM's Initial Complaint | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00548 | 800495 | 1/22/2020 12:12:05 PM | Emailing: POM APPLICATION TO INTERVENE.wdl | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00549 | 1600068 | 1/22/2020 5:31:09 PM | POM litigation -- draft answer in opposition to POM's application to clarify/amend | Yes | Kevin M. Skjoldal | Mark S Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00550 | 801395 | 1/23/2020 9:10:37 AM | POM litigation -- draft answer in opposition to POM's application to clarify/amend | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00551 | 801014 | 1/23/2020 10:48:57 AM | POM litigation -- draft answer in opposition to POM's application to clarify/amend | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00552 | 800991 | 1/23/2020 10:56:01 AM | POM Amici answer 20.01.23.docx | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00553 | 801468 | 1/23/2020 11:11:18 AM | Updates on a few items | No | Mark S. Stewart | Joe Weinberg Robert Norton Joseph Billhimer | Charles Jacobs | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA339

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00554 | 1102670 | 1/23/2020 1:14:28 PM | Questions for budget hearings | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00555 | 800497 | 1/23/2020 1:20:23 PM | Emailing: POM INTERVENORS' ANSWER TO POM'S PETITION FOR REVIEW (503 MD 2018).wdl | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00556 | 800504 | 1/23/2020 3:23:54 PM | Emailing: POM INTERVENORS' MEMORANDUM IN SUPPORT OF INTERVENTION.wdl | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00557 | 2200146 | 1/23/2020 7:57:17 PM | Conflict of Interest | Yes | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00558 | 2500015 | 1/23/2020 8:16:27 PM | Draft letter to POM counsel | No | Matthew B. Kirsner | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00559 | 2200192 | 1/23/2020 8:17:30 PM | Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00560 | 2500039 | 1/24/2020 10:37:06 AM | Draft letter to POM counsel | No | Matthew B. Kirsner | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00561 | 2200108 | 1/24/2020 2:55:58 PM | Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon Timothy Q. Hudak Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00562 | 2200107 | 1/24/2020 3:19:37 PM | Conflict of Interest | No | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA340

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00563 | 2200106 | 1/24/2020 3:23:43 PM | Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00564 | 1600156 | 1/24/2020 3:46:23 PM | Skill Games - MontCo filings | No | Kevin M. Skjoldal | Andrew J. Kramer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00565 | 2200105 | 1/24/2020 3:47:05 PM | Conflict of Interest | No | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00566 | 2200104 | 1/24/2020 3:57:21 PM | Conflict of Interest | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00567 | 2200156 | 1/24/2020 4:03:41 PM | Borough solicitor's lack of transparency unacceptable: Editorial | Press & Journal | No | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski | Matthew B. Kirsner Harold Balk | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00568 | 2200102 | 1/24/2020 4:24:06 PM | Conflict of Interest (POM) - PRIVILEGED | Yes | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00569 | 2200163 | 1/26/2020 7:09:40 PM | Conflict of Interest (POM) - PRIVILEGED | No | Christopher R. Opalinski | Timothy S. Coon Timothy Q. Hudak Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00570 | 2200191 | 1/26/2020 7:42:03 PM | Conflict of Interest (POM) - PRIVILEGED | No | Matthew B. Kirsner | Christopher R. Opalinski Timothy S. Coon Timothy Q. Hudak | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00571 | 2200100 | 1/27/2020 10:36:15 AM | Conflict of Interest (POM) - PRIVILEGED | Yes | Matthew B. Kirsner | Christopher R. Opalinski Timothy S. Coon Timothy Q. Hudak | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA341

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00572 | 2200098 | 1/27/2020 11:45:17 AM | Conflict of Interest (POM) - PRIVILEGED | Yes | Timothy S. Coon | Timothy Q. Hudak Christopher R. Opalinski Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00573 | 2200188 | 1/27/2020 12:05:49 PM | Conflict of Interest (POM) - PRIVILEGED | No | Matthew B. Kirsner | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00574 | 2200164 | 1/27/2020 1:20:11 PM | Conflict of Interest (POM) - PRIVILEGED | No | Christopher R. Opalinski | Timothy S. Coon Timothy Q. Hudak Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00575 | 2400039 | 1/27/2020 3:30:38 PM | Conflict of Interest (POM) - PRIVILEGED | Yes | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00576 | 2200088 | 1/27/2020 4:38:08 PM | POM letter | Yes | Matthew B. Kirsner | Anthony Troy | Timothy S. Coon | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00577 | 2500072 | 1/27/2020 4:40:34 PM | POM letter | No | Anthony Troy | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00578 | 2500069 | 1/27/2020 5:06:53 PM | POM letter | No | Anthony Troy | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00579 | 2500071 | 1/27/2020 5:14:52 PM | POM letter | No | Matthew B. Kirsner | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00580 | 2500070 | 1/27/2020 5:18:13 PM | POM letter | No | Anthony Troy | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA342

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00581 | 2200190 | 1/27/2020 5:47:53 PM | Conflict of Interest (POM) - PRIVILEGED | No | Matthew B. Kirsner | Timothy S. Coon | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00582 | 2200161 | 1/27/2020 6:27:43 PM | Conflict of Interest (POM) - PRIVILEGED | No | Timothy S. Coon | Matthew B. Kirsner | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00583 | 2200189 | 1/27/2020 6:31:12 PM | Conflict of Interest (POM) - PRIVILEGED | No | Matthew B. Kirsner | Timothy S. Coon | Anthony Troy | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00584 | 2200162 | 1/27/2020 6:37:06 PM | Conflict of Interest (POM) - PRIVILEGED | No | Anthony Troy | Matthew B. Kirsner Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00585 | 2200149 | 1/28/2020 8:52:34 AM | Letter to POM counsel | No | Timothy S. Coon | Christopher R. Opalinski Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00586 | 800963 | 1/28/2020 9:17:36 AM | Intervention petition and brief | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00587 | 2200194 | 1/28/2020 9:39:04 AM | Letter to POM counsel | No | Matthew B. Kirsner | Timothy S. Coon Christopher R. Opalinski Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00588 | 2200171 | 1/28/2020 11:43:39 AM | Letter to POM counsel | No | Christopher R. Opalinski | Matthew B. Kirsner Timothy S. Coon Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00589 | 2200170 | 1/28/2020 1:07:24 PM | Letter to POM counsel | No | Anthony Troy | Christopher R. Opalinski Matthew B. Kirsner Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA343

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00590 | 800683 | 1/28/2020 4:56:14 PM | POM - Petition to Intervene and Memo in Support - v.2s | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00591 | 801282 | 1/28/2020 11:18:32 PM | Intervention petition and brief | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00592 | 801398 | 1/29/2020 12:34:48 PM | POM question | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00593 | 801399 | 1/29/2020 12:34:55 PM | POM question | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00594 | 800491 | 1/29/2020 6:05:59 PM | Emailing: POM APPLICATION TO INTERVENE (418 MD 2018).wdl | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00595 | 800506 | 1/29/2020 6:06:17 PM | Emailing: POM MEMORANDUM IN SUPPORT OF INTERVENTION (418 MD 2018).wdl | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00596 | 800817 | 1/30/2020 2:12:46 PM | skill games research | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation | Parx Casino |
| PRIV-00597 | 801161 | 1/31/2020 10:00:42 AM | [External] February 4 Industry Meeting and Reception details | No | Mark S. Stewart | Rob Norton | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | | |
| PRIV-00598 | 1102887 | 1/31/2020 10:55:36 AM | new (4) legally enforceable interest case - worth a cite? | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA344

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00599 | 2400054 | 1/31/2020 12:58:53 PM | Pace-O-Matic | No | Timothy S. Coon | Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00600 | 801175 | 1/31/2020 3:53:01 PM | [External] Updates on a few items | No | Mark S. Stewart | Rob Norton Joe Billhimer Joe Weinberg Robert Norton | Charles Jacobs | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00601 | 2400074 | 2/2/2020 1:48:31 PM | Standby statement | No | Timothy S. Coon | Harold Balk | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00602 | 2400057 | 2/3/2020 12:15:24 PM | Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00603 | 2400063 | 2/3/2020 12:19:12 PM | POM PARX | No | Timothy S. Coon | Harold Balk | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00604 | 2400056 | 2/3/2020 12:24:49 PM | Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner Anthony Troy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00605 | 2400053 | 2/3/2020 12:37:22 PM | Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00606 | 2400064 | 2/3/2020 2:00:24 PM | POM PARX | No | Timothy S. Coon | Harold Balk | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00607 | 2400052 | 2/3/2020 4:52:46 PM | Pace-O-Matic | No | Timothy S. Coon | Matthew B. Kirsner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA345

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00608 | 800549 | 2/4/2020 12:02:02 PM | Change-Pro Comparison | Yes | Lori Walter | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00609 | 800919 | 2/4/2020 12:06:21 PM | Change-Pro Comparison | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00610 | 801058 | 2/6/2020 8:23:11 AM | Intervention documents | Yes | Mark S. Stewart | Tony Carlucci David Parfrey Rome, David | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00611 | 801070 | 2/6/2020 8:25:57 AM | Intervention documents | Yes | Mark S. Stewart | Joe Weinberg Robert Norton Joseph Billhimer Charles Jacobs | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00612 | 1102875 | 2/7/2020 2:00:44 PM | Emailing: POM INTERVENORS' ANSWER TO POM'S PETITION FOR REVIEW (503 MD 2018) | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00613 | 801050 | 2/9/2020 10:31:19 AM | Update on AGEM/AGA Unlawful Machines Fact Sheet | Yes | Mark S. Stewart | Kevin M. Skjoldal David C. Hittinger, Jr. (Neil) Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00614 | 800947 | 2/9/2020 12:56:54 PM | Co-Sponsorship Memo of Importance | No | Mark S. Stewart | Joe Weinberg Robert Norton Joseph Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00615 | 1600101 | 2/9/2020 6:32:43 PM | Parx v. BP-Amoco, Norristown: Drafts of Response in Opposition and Brief in Opposition to POs | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00616 | 801279 | 2/10/2020 10:25:01 AM | Intervention documents | No | Mark S. Stewart | Joe Billhimer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA346

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00617 | 801384 | 2/10/2020 10:58:06 AM | POM - relentless | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00618 | 1001035 | 2/10/2020 11:21:10 AM | Pace-O-Matic announces lawsuit against The Bar in Boalsburg | Centre Daily Times | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00619 | 1000972 | 2/10/2020 2:16:59 PM | Intervention documents | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00620 | 1001039 | 2/11/2020 9:35:30 AM | Pace-O-Matic announces lawsuit against The Bar in Boalsburg | Centre Daily Times | No | Kevin M. Skjoldal | Nathan A. Ellsworth | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00621 | 1600094 | 2/11/2020 10:42:40 AM | Montco Skill Games: Revised Response and Brief in Opposition | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00622 | 1600047 | 2/11/2020 10:43:43 AM | Montco Skill Games: Revised Response and Brief in Opposition | Yes | Kevin M. Skjoldal | Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00623 | 1000580 | 2/11/2020 11:05:15 AM | POM Memorandum in Support of Intervention (503 MD 2018) and Redline | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00624 | 1000568 | 2/11/2020 11:08:28 AM | POM Application to Intervene (418 MD 2018) and Redline | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00625 | 1000576 | 2/11/2020 11:11:04 AM | POM Memorandum in Support of Intervention (418 MD 2018) and Redline | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA347

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00626 | 1600088 | 2/11/2020 2:52:25 PM | Montco Skill Games Cases | Yes | Casey Coyle | Denise Kline | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00627 | 1102903 | 2/11/2020 3:58:08 PM | POM - sketch of counter claim | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00628 | 1102904 | 2/11/2020 4:47:21 PM | POM - sketch of counter claim | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00629 | 1600009 | 2/11/2020 5:14:13 PM | [External] Parx; Montgomery County - skill games actions - response and brief IOT POs | No | Andrew J. Kramer | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00630 | 1000265 | 2/11/2020 6:10:19 PM | [External] Parx; Montgomery County - skill games actions - response and brief IOT POs | Yes | Andrew J. Kramer | Kevin M. Skjoldal | Casey Coyle Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00631 | 1102820 | 2/12/2020 8:50:13 AM | Notice to Plead - POM | Yes | David C. Hittinger, Jr. (Neil) | Mariam Oladipo Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00632 | 1102888 | 2/12/2020 8:57:56 AM | Notice to Plead - POM | No | Mariam Oladipo | Jennifer Skoff David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00633 | 1102890 | 2/12/2020 9:21:16 AM | Notice to Plead - POM | No | Mariam Oladipo | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00634 | 801386 | 2/12/2020 9:22:58 AM | POM - sketch of counter claim | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA348

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00635 | 1102902 | 2/12/2020 9:26:57 AM | POM - sketch of counter claim | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00636 | 1102891 | 2/12/2020 9:32:23 AM | Notice to Plead - POM | Yes | Mariam Oladipo | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00637 | 1102901 | 2/12/2020 9:35:16 AM | POM - sketch of counter claim | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00638 | 1102807 | 2/12/2020 10:11:16 AM | Emailing: POM INTERVENORS' ANSWER TO POM'S PETITION FOR REVIEW (418 MD 2018).wdl | Yes | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00639 | 801155 | 2/12/2020 11:13:39 AM | [External] [EXTERNAL] Intervention documents | No | Mark S. Stewart | Magazzu, Michael | Carr, Brian | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3)(A) | Cmwlth. Ct. Litigation | |
| PRIV-00640 | 801008 | 2/12/2020 12:09:56 PM | POM Intervention Documents (503 MD 2018) | Yes | Mark S. Stewart | Downey, William J. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3)(A) | Cmwlth. Ct. Litigation | |
| PRIV-00641 | 801002 | 2/12/2020 12:10:25 PM | POM Intervention Documents (418 MD 2018) | Yes | Mark S. Stewart | Downey, William J. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3)(A) | Cmwlth. Ct. Litigation | |
| PRIV-00642 | 1600144 | 2/12/2020 12:28:29 PM | Parx; Montgomery County - skill games actions - response and brief IOT POs | No | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00643 | 1600143 | 2/12/2020 12:47:34 PM | Parx; Montgomery County - skill games actions - response and brief IOT POs | No | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal Vicki Serrano | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA349

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00644 | 1102873 | 2/12/2020 1:14:42 PM | Emailing: POM INTERVENORS' ANSWER TO POM'S PETITION FOR REVIEW (418 MD 2018).wdl | No | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00645 | 1102932 | 2/13/2020 9:38:30 AM | Revised POM PSP Answer | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00646 | 1102907 | 2/13/2020 10:12:43 AM | POM Application | No | David C. Hittinger, Jr. (Neil) | Jennifer Skoff | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00647 | 1102908 | 2/13/2020 11:46:50 AM | POM Application | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) Mariam Oladipo | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00648 | 801394 | 2/13/2020 1:49:54 PM | POM Intervention Documents (503 MD 2018) | No | Mark S. Stewart | King, Jr., Adrian R. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00649 | 1102714 | 2/13/2020 2:04:55 PM | Reminder - see you at 2:30 in 9A - I'm attaching the last chart (not updated) for Mike H. -- I will have copies for everyone in Hbg. | Yes | Jennifer Skoff | Kevin M. Skjoldal Susan A. Yocum David C. Hittinger, Jr. (Neil) Sarah C. Stoner Tara A. Burns Michael J. Herzog LaToya Bellamy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00650 | 801254 | 2/14/2020 9:45:59 AM | Final POM Intervention Documents | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00651 | 801264 | 2/14/2020 10:05:09 AM | HB 1983 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00652 | 1102524 | 2/14/2020 4:55:28 PM | [External] Adams Daily Report - February 12, 2020 | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal Tara A. Burns | Susan A. Yocum | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA350

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00653 | 1102545 | 2/18/2020 12:28:23 PM | Appropriations Hearings tomorrow 2/18 | No | Jennifer Skoff | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00654 | 801204 | 2/18/2020 12:56:13 PM | Appropriations Hearings tomorrow 2/18 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00655 | 801206 | 2/18/2020 1:02:14 PM | Appropriations Hearings tomorrow 2/18 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00656 | 801207 | 2/18/2020 1:36:46 PM | Appropriations Hearings tomorrow 2/18 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00657 | 801205 | 2/18/2020 1:37:12 PM | Appropriations Hearings tomorrow 2/18 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00658 | 2400012 | 2/19/2020 12:32:27 PM | PaceOMatic | Yes | Jeremy Truskowski | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00659 | 2400010 | 2/19/2020 2:22:10 PM | PaceOMatic | Yes | Jeremy Truskowski | Timothy S. Coon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00660 | 801345 | 2/20/2020 11:33:10 AM | Marcia Hahn | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00661 | 1600096 | 2/20/2020 12:27:35 PM | Parx - Audit Letter Response Memo | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation; Coley v. Keystone | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA351

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00662 | 501755 | 2/21/2020 7:03:43 AM | legal update | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00663 | 1600147 | 2/21/2020 10:19:24 AM | PGCB's Apps to Intervene POM of PA v. DOR, City of Phila; 418 MD 2018 and POM of PA v. PSP, Liq Control Enforcement; 503 MD 2018 | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00664 | 1000648 | 2/23/2020 4:49:55 PM | [External] Emailing: CURRENT SKILLS GAME LITIGATION IN COMMONWEALTH COURT (L0859352xA35AE).DOCX | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00665 | 501099 | 2/23/2020 9:24:01 PM | [External] Emailing: CURRENT SKILLS GAME LITIGATION IN COMMONWEALTH COURT (L0859352xA35AE).DOCX | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00666 | 1600110 | 2/24/2020 11:14:28 AM | Parx; audit response | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00667 | 1600112 | 2/24/2020 2:22:20 PM | Parx; please proofread | Yes | Kevin M. Skjoldal | Denise Kline | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00668 | 1600115 | 2/24/2020 2:45:34 PM | POM OF VA | Yes | Denise Kline | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00669 | 502322 | 2/27/2020 9:56:18 AM | Updated Skills Game Litigation Summary | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA352

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00670 | 1201344 | 3/2/2020 4:19:26 PM | Montco Skill Games Litigation: Draft First Set of Written Discovery | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00671 | 1201249 | 3/4/2020 11:30:56 AM | Greenwood Gaming - Memos from MontCo Defts | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00672 | 1001138 | 3/4/2020 4:21:03 PM | Reminder - Tax/Gaming meeting tomorrow at 9:45 in 9A | Yes | Jennifer Skoff | Mark S. Stewart Michael J. Herzog Kevin M. Skjoldal Susan A. Yocum LaToya Bellamy Sarah C. Stoner Tara A. Burns David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00673 | 1001140 | 3/5/2020 5:00:56 PM | Research Assistance | Yes | David C. Hittinger, Jr. (Neil) | Carl R. Shultz | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00674 | 502172 | 3/6/2020 9:00:08 AM | Research Assistance | No | Mark S. Stewart | Carl R. Shultz David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00675 | 1001052 | 3/6/2020 4:27:57 PM | Research Assistance | Yes | Carl R. Shultz | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00676 | 1102673 | 3/9/2020 2:03:51 PM | Research Assistance | No | David C. Hittinger, Jr. (Neil) | Carl R. Shultz | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00677 | 1001314 | 3/10/2020 10:25:33 AM | Virginia language re ban on skill games | Yes | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA353

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00678 | 1201346 | 3/10/2020 10:29:15 AM | Montco Skill Games: Revised Set of First Written Discovery | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00679 | 1000448 | 3/11/2020 5:11:14 PM | Emailing: MEMORANDUM - SKILLS GAME LEGISLATION STRATEGIES | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00680 | 1102627 | 3/13/2020 11:35:09 AM | Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00681 | 501886 | 3/13/2020 11:36:45 AM | Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00682 | 1001032 | 3/13/2020 11:41:32 AM | Pa. court refuses to overturn seizure of gaming machines, cash from social club | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00683 | 501885 | 3/13/2020 11:58:07 AM | Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00684 | 1000446 | 3/13/2020 1:10:04 PM | Emailing: MEMORANDUM - SKILLS GAME LEGISLATION STRATEGIES | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00685 | 500257 | 3/13/2020 1:10:58 PM | Emailing: MEMORANDUM - SKILLS GAME LEGISLATION STRATEGIES | Yes | Mark S. Stewart | Richard Gmerek | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00686 | 501131 | 3/16/2020 11:00:39 AM | [External] Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA354

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00687 | 501133 | 3/18/2020 10:14:10 AM | [External] Pa. court refuses to overturn seizure of gaming machines, cash from social club | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00688 | 501998 | 3/19/2020 12:50:31 PM | POM of Pennsylvania v. Department of Revenue, et al. / POM of Pennsylvania v. PSP, Bureau of Liquor Control Enforcement | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00689 | 500967 | 3/23/2020 9:42:49 AM | POM subpoenas | No | Mark S. Stewart | Rome, David Carlucci, Anthony | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00690 | 1000174 | 3/23/2020 9:46:56 AM | [External] [EXTERNAL] POM subpoenas | No | Michael Magazzu | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00691 | 500965 | 3/23/2020 9:48:11 AM | POM subpoenas | No | Mark S. Stewart | Joe Weinberg Charles Jacobs Karen Cho | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00692 | 1001312 | 3/23/2020 10:44:18 AM | VA skill games legislation update | No | Tara A. Burns | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00693 | 1001110 | 3/23/2020 4:08:44 PM | Skill | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00694 | 500106 | 3/25/2020 8:26:19 AM | [External] 8 casino operators burn through a combined $24.5M a day; Everi implements furloughs, salary cuts to help gaming supplier 'save the business' | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA355

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00695 | 1201542 | 3/25/2020 10:14:43 AM | Parx; question | No | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00696 | 1000492 | 3/25/2020 10:27:59 AM | Investigative reports - Pennsylvania Skills Games | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00697 | 900790 | 3/25/2020 10:31:30 AM | POM question | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00698 | 501711 | 3/25/2020 10:45:10 AM | Investigative reports - Pennsylvania Skills Games | No | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00699 | 1001298 | 3/26/2020 9:05:31 AM | Tax/Gaming Chart for call at 11 | Yes | Jennifer Skoff | Mark S. Stewart Sarah C. Stoner Susan A. Yocum Tara A. Burns Michael J. Herzog Kevin M. Skjoldal David C. Hittinger, Jr. (Neil) LaToya Bellamy | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00700 | 1000452 | 3/26/2020 12:21:21 PM | Emailing: SKILL BASED GAMES - TALKING POINTS (L0825822-2xA35AE).DOCX | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00701 | 500660 | 3/31/2020 11:38:28 AM | Reminder: Casino Lobbyist Meeting Tomorrow | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00702 | 1001112 | 3/31/2020 12:03:40 PM | Skill | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA356

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00703 | 1001050 | 3/31/2020 12:23:00 PM | Reminder: Casino Lobbyist Meeting Tomorrow | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00704 | 1001300 | 4/8/2020 8:59:50 AM | Tax/Gaming Meeting | No | Tara A. Burns | Mark S. Stewart | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00705 | 1102719 | 4/8/2020 2:11:51 PM | Updated Tax/Gaming Chart | Yes | Jennifer Skoff | Mark S. Stewart Susan A. Yocum Sarah C. Stoner Kevin M. Skjoldal Michael J. Herzog David C. Hittinger, Jr. (Neil) Kristine Marsilio Tara A. Burns LaToya Bellamy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00706 | 1000563 | 4/9/2020 2:24:24 PM | Pending Items | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00707 | 1201533 | 4/13/2020 3:06:29 PM | Parx; Bucks and Montgo | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00708 | 1201535 | 4/13/2020 3:31:44 PM | Parx; litigation report | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00709 | 900540 | 4/13/2020 3:48:53 PM | Parx; Bucks and Montgo skill game cases | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00710 | 900557 | 4/13/2020 3:49:40 PM | Parx; Montgomery and Bucks skill game cases | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA357

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00711 | 502250 | 4/14/2020 9:17:08 AM | Skill games in VA | No | Mark S. Stewart | Tara A. Burns Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00712 | 1000429 | 4/15/2020 4:35:08 PM | 18 Pa.C.S. 5513 | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00713 | 501168 | 4/18/2020 3:19:20 PM | 18 Pa.C.S. 5513 | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00714 | 501170 | 4/18/2020 3:42:35 PM | 18 Pa.C.S. 5513 | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00715 | 501747 | 4/20/2020 9:07:58 PM | latest draft | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | | Parx Casino |
| PRIV-00716 | 501745 | 4/20/2020 9:41:10 PM | latest draft | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00717 | 501748 | 4/20/2020 9:59:35 PM | latest draft | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00718 | 1000973 | 4/20/2020 10:13:58 PM | latest draft | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00719 | 501744 | 4/20/2020 10:28:24 PM | latest draft | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA358

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00720 | 1000697 | 4/22/2020 10:48:39 AM | Governor's Revised Life-Sustaining Business FAQs April 20, 2020 Version | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00721 | 1102717 | 4/22/2020 4:30:45 PM | Updated Tax/Gaming Chart | Yes | Jennifer Skoff | Mark S. Stewart Sarah C. Stoner Susan A. Yocum Kristine Marsilio Tara A. Burns Michael J. Herzog David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal LaToya Bellamy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00722 | 501421 | 4/23/2020 9:41:30 AM | HB 881 Adopted in Virginina as Amended by Governor | No | Mark S. Stewart | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00723 | 900560 | 4/23/2020 12:06:17 PM | Parx; Montgomery County draft discovery | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00724 | 1201538 | 4/23/2020 12:50:28 PM | Parx; Montgomery County draft discovery | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00725 | 1201166 | 4/23/2020 3:01:21 PM | Discovery Docs | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00726 | 900564 | 4/23/2020 3:37:36 PM | Parx; Montgomery County Skill Games- draft discovery requests | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00727 | 900756 | 4/23/2020 3:40:07 PM | Parx; Montgomery County Skill Games- draft discovery requests | No | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA359

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00728 | 1001027 | 4/23/2020 5:25:25 PM | one more thing | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00729 | 1001022 | 4/30/2020 1:00:37 PM | one more thing | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00730 | 1102582 | 5/4/2020 9:55:51 AM | legal updates | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00731 | 1000978 | 5/4/2020 9:59:35 AM | legal updates | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00732 | 1001002 | 5/4/2020 11:49:51 AM | legal updates | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00733 | 1000288 | 5/4/2020 1:51:58 PM | [External] Skill games | No | Andrew J. Kramer | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00734 | 1201305 | 5/4/2020 2:13:00 PM | Skill games | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00735 | 1102610 | 5/7/2020 9:52:45 AM | one more thing | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00736 | 501852 | 5/7/2020 10:05:09 AM | one more thing | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA360

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00737 | 1102613 | 5/7/2020 10:07:27 AM | one more thing | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00738 | 1102848 | 5/12/2020 4:42:32 PM | Draft POM Ceisler Letter.docx | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00739 | 501318 | 5/12/2020 5:07:51 PM | Draft POM Ceisler Letter.docx | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00740 | 500940 | 5/12/2020 5:20:52 PM | Opposition to gaming expansion | Yes | Mark S. Stewart | Joe Weinberg | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00741 | 1000691 | 5/12/2020 6:04:22 PM | Draft POM Ceisler Letter.docx | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00742 | 501324 | 5/13/2020 10:12:23 AM | Draft POM Ceisler Letter.docx | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00743 | 1102863 | 5/13/2020 10:25:54 AM | Draft POM Ceisler Letter.docx | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00744 | 1102851 | 5/13/2020 1:53:55 PM | Draft POM Ceisler Letter.docx | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |
| PRIV-00745 | 501321 | 5/13/2020 2:39:44 PM | Draft POM Ceisler Letter.docx | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA361

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00746 | 1102827 | 5/14/2020 10:54:18 AM | [EXTERNAL] POM of Pennsylvania, LLC Litigation Update | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00747 | 1201584 | 5/15/2020 11:49:17 AM | Updated Tax/Gaming Chart | Yes | Jennifer Skoff | Mark S. Stewart Susan A. Yocum Sarah C. Stoner David C. Hittinger, Jr. (Neil) LaToya Winfield Bellamy Tara A. Burns Kristine Marsilio Kevin M. Skjoldal Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00748 | 1001307 | 6/5/2020 11:18:57 AM | Updated Tax/Gaming Chart for today's 2:30 meeting | Yes | Jennifer Skoff | Mark S. Stewart LaToya Winfield Bellamy Susan A. Yocum Sarah C. Stoner Kristine Marsilio Tara A. Burns David C. Hittinger, Jr. (Neil) Michael J. Herzog Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00749 | 500251 | 6/10/2020 9:18:23 AM | draft | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00750 | 1001054 | 6/10/2020 3:19:19 PM | Revised Industry letter | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00751 | 502397 | 6/11/2020 9:35:47 AM | Sen Ward | No | Mark S. Stewart | Joe Weinberg | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00752 | 500453 | 6/11/2020 11:07:15 AM | Info from Call Earlier | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA362

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00753 | 500210 | 6/14/2020 10:42:02 AM | CONFIDENTIAL -- PLS DO NOT SHARE | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00754 | 500227 | 6/14/2020 11:18:17 AM | Daily | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00755 | 400483 | 6/14/2020 11:36:29 AM | Emailing: MEMORANDUM - SKILLS GAME LEGISLATION STRATEGIES | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00756 | 1000454 | 6/14/2020 11:38:59 AM | Emailing: SKILL BASED GAMES - TALKING POINTS | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00757 | 401127 | 6/15/2020 2:11:47 PM | draft | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00758 | 100585 | 6/16/2020 12:28:21 PM | Greenwood Gaming, Inc. v. BP Amoco-Norristown, et al. | Yes | Mark S. Stewart | Andrew J. Kramer Casey Coyle | Thomas C. Bonner Robert B. Mulhern, Jr. Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00759 | 1102676 | 6/17/2020 9:37:00 AM | SGCA history - TIME SENSITIVE | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00760 | 402110 | 6/23/2020 11:57:42 AM | VGT Summary | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00761 | 402019 | 6/23/2020 12:31:25 PM | VGT Summary | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA363

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00762 | 502333 | 6/23/2020 12:48:24 PM | VGT Summary | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00763 | 500757 | 6/23/2020 2:52:28 PM | Summary of Corman language | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00764 | 400961 | 6/30/2020 5:36:23 PM | POM Common Interest Agreement | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00765 | 1201551 | 7/2/2020 2:08:52 PM | PGCB 1/4ly reports | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00766 | 401159 | 7/7/2020 12:59:32 PM | Haverstick v. DOR – RTK Request | Yes | Tricia Springer | Mark S. Stewart | Tricia Springer | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00767 | 1201359 | 7/9/2020 9:30:55 AM | Parx Audit Resp Ltr | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00768 | 1201273 | 7/9/2020 9:34:41 AM | Parx; audit response | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00769 | 1300137 | 7/9/2020 10:39:12 AM | PGCB 1/4ly reports | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00770 | 401894 | 7/9/2020 11:18:58 AM | PGCB 1/4ly reports | Yes | Michael J. Herzog | Thomas C. Bonner | | Mary Jo DePazza Mark S. Stewart | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA364

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00771 | 502243 | 7/9/2020 1:54:50 PM | Skill Games - ecf | Yes | Mark S. Stewart | Andrew J. Kramer Casey Coyle Kevin M. Skjoldal | Thomas C. Bonner Robert B. Mulhern, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00772 | 500715 | 7/9/2020 1:56:02 PM | Skill Games - ecf | Yes | Mark S. Stewart | Kevin M. Skjoldal Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00773 | 1201560 | 7/9/2020 2:55:16 PM | Skill Games - ecf | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00774 | 1200117 | 7/10/2020 7:58:07 AM | [External] Skill Games - ecf | No | Andrew J. Kramer | Mark S. Stewart Casey Coyle Kevin M. Skjoldal | Thomas C. Bonner Robert B. Mulhern, Jr. | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |
| PRIV-00775 | 402064 | 7/17/2020 4:55:33 PM | Skill Games: Memo Summarizing Answers filed to Montco Complaints | Yes | Casey Coyle | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00776 | 400346 | 7/23/2020 11:45:56 AM | [External] Skill Games Reply to New Matters | Yes | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal Casey Alan Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00777 | 1201298 | 7/24/2020 3:30:12 PM | Skill Games Reply to New Matters | Yes | Casey Coyle | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00778 | 801433 | 7/27/2020 1:02:49 PM | Skill Games Reply to New Matters | Yes | Mark S. Stewart | Casey Alan Coyle Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00779 | 401978 | 7/27/2020 3:24:16 PM | Skill Games Reply to New Matters | Yes | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA365

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00780 | 1200119 | 7/27/2020 3:29:04 PM | [External] Skill Games Reply to New Matters | No | Andrew J. Kramer | Casey Alan Coyle | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00781 | 1201571 | 7/27/2020 3:39:32 PM | Skill Games Reply to New Matters | Yes | Casey Coyle | Andrew J. Kramer | Mark S. Stewart Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00782 | 801235 | 7/30/2020 9:41:18 AM | Corman VGT/Skill Games Bill | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00783 | 1102560 | 8/3/2020 11:26:11 AM | Corman VGT/Skill Games Bill | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00784 | 1500588 | 8/3/2020 5:49:27 PM | Corman VGT/Skill Games Bill | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00785 | 1001531 | 8/4/2020 2:28:31 PM | Court Subpoenas - POM Of Pennsylvania, LLC | Yes | Audra Hughes | Rome, David Parfrey, David | Chrzan, Ron | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00786 | 1500798 | 8/4/2020 3:33:16 PM | Senator Corman's VGT/Skill Games Legislation Formally Introduced | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00787 | 302906 | 8/4/2020 4:23:25 PM | Corman VGT/Skill Games Bill | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00788 | 1001628 | 8/4/2020 5:23:10 PM | Corman VGT/Skill Games Bill | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA366

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00789 | 1001495 | 8/5/2020 10:19:51 AM | [External] Eagle Valley Skill Games | No | Raymond Pineault | Parfrey, David Mark S. Stewart Carlucci, Anthony | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00790 | 1001369 | 8/5/2020 12:16:37 PM | [External] Court Subpoenas - POM Of Pennsylvania, LLC | Yes | Ron Chrzan | Mark S. Stewart | Parfrey, David | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00791 | 300014 | 8/5/2020 12:48:10 PM | Tax/Gaming Zoom Meeting | Yes | Jennifer Skoff | | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00792 | 1900255 | 8/5/2020 12:48:11 PM | Tax/Gaming Zoom Meeting | Yes | Jennifer Skoff | Jennifer Skoff Mark S. Stewart Michael J. Herzog LaToya Winfield Bellamy Kevin M. Skjoldal Susan A. Yocum Tara A. Burns Sarah C. Stoner Kristine Marsilio David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00793 | 302923 | 8/5/2020 5:30:31 PM | Court Subpoenas - POM Of Pennsylvania, LLC | No | Mark S. Stewart | Chrzan, Ron | Parfrey, David | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00794 | 302922 | 8/6/2020 9:32:03 AM | Court Subpoenas - POM Of Pennsylvania, LLC | No | Mark S. Stewart | Parfrey, David | Chrzan, Ron | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00795 | 1500460 | 8/6/2020 7:21:39 PM | Industry Letter - 1st Draft | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA367

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00796 | 702837 | 8/7/2020 9:30:26 AM | FYI - Updated Tax/Gaming Chart | Yes | Jennifer Skoff | Mark S. Stewart Susan A. Yocum Sarah C. Stoner Kristine Marsilio David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal Tara A. Burns LaToya Winfield Bellamy Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00797 | 702835 | 8/7/2020 11:27:04 AM | FYI -- from Mark's email -- Superior Court: slot machine seizure does not require gambling purpose | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00798 | 1001713 | 8/7/2020 11:39:33 AM | Industry Letter - 1st Draft | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00799 | 1501143 | 8/7/2020 2:14:20 PM | FYI -- from Mark's email -- Superior Court: slot machine seizure does not require gambling purpose | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00800 | 303328 | 8/7/2020 5:12:38 PM | Other skill games ltrs | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00801 | 302448 | 8/7/2020 5:34:36 PM | [External] Com. v. Bretz | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00802 | 301949 | 8/7/2020 5:36:29 PM | Notes for POM Argument.docx | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00803 | 301713 | 8/7/2020 5:37:51 PM | contacting court? | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA368

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00804 | 1001578 | 8/10/2020 1:24:26 PM | Corman VGT/Skill Games Bill | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00805 | 1001530 | 8/13/2020 5:40:44 PM | [External] POM subpoenas | Yes | David Rome | Mark S. Stewart | Carlucci, Anthony Hughes, Audra Parfrey, David Chrzan, Ron | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00806 | 1001753 | 8/14/2020 2:32:56 PM | SB 1256 (Senator Corman-Sponsored VGT Expansion) Memorandum | Yes | David C. Hittinger, Jr. (Neil) | Carlucci, Anthony Pineault, Raymond | Mark S. Stewart Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00807 | 1001756 | 8/14/2020 2:33:08 PM | SB 1256 (Senator Corman-Sponsored VGT Expansion) Memorandum | Yes | David C. Hittinger, Jr. (Neil) | Bob Green Eric Hausler Thomas C. Bonner | Mark S. Stewart Richard Gmerek | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00808 | 1001591 | 8/17/2020 11:14:52 AM | Gaming Expansion Pieces | Yes | David C. Hittinger, Jr. (Neil) | Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00809 | 302748 | 8/17/2020 4:04:46 PM | A PAC related question | No | Mark S. Stewart | Thomas C. Bonner Loudon Campbell | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00810 | 1401405 | 8/17/2020 5:15:33 PM | Emailing: AUGUST 2020 INDUSTRY LETTER - VGT EXPANSION (SB 1256) | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00811 | 1401179 | 8/17/2020 5:32:28 PM | [External] A PAC related question | No | Loudon Campbell | Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00812 | 302946 | 8/20/2020 11:02:46 AM | email search | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA369

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00813 | 303418 | 8/24/2020 8:38:02 AM | POM subpoenas | No | Mark S. Stewart | Rome, David | Carlucci, Anthony Hughes, Audra Parfrey, David Chrzan, Ron | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00814 | 1401154 | 8/31/2020 5:10:01 PM | POM - 1st draft of Motion for Judgment on the Pleadings and Memorandum of Law | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00815 | 302381 | 9/1/2020 9:35:07 PM | POM | No | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00816 | 1401278 | 9/3/2020 4:03:43 PM | [External] Draft Corman Bill & Bars/Taverns industry letter | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00817 | 1401350 | 9/8/2020 2:58:37 PM | 9.3.2020 Senate Democratic Policy Committee Policy Hearing on COVID-19's Impact on the Restaurant Industry | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00818 | 303670 | 9/11/2020 3:53:48 PM | Revised industry letter | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00819 | 301778 | 9/14/2020 11:01:57 AM | Games Of Skill Request | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00820 | 1501138 | 9/16/2020 10:43:49 AM | common interest agreement | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA370

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00821 | 301460 | 9/16/2020 10:49:20 AM | Common Interest Agreement | Yes | Mark S. Stewart | Kevin J. McKeon King, Jr., Adrian R. | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00822 | 303015 | 9/16/2020 11:08:06 AM | Games Of Skill Request | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00823 | 1501117 | 9/16/2020 3:19:21 PM | MSP Question | Yes | David C. Hittinger, Jr. (Neil) | Parfrey, David | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00824 | 1501096 | 9/18/2020 9:46:03 AM | Gaming Clips: 9/18/2020 | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00825 | 1401611 | 9/18/2020 1:42:55 PM | Skills Game Litigation Update - Kenhorst Mini-Casino Special Update | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00826 | 1401560 | 9/22/2020 6:07:12 PM | pom | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | POM v. Eckert | Eckert Seamans Cherin & Mellott, LLC |
| PRIV-00827 | 1800365 | 9/23/2020 12:41:37 PM | Parx skill games | Yes | Kristine Marsilio | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00828 | 1800360 | 9/23/2020 1:30:47 PM | Parx skill games | Yes | Kristine Marsilio | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00829 | 1800549 | 9/23/2020 1:51:51 PM | Parx skill games | Yes | Susan A. Yocum | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA371

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00830 | 1500644 | 9/24/2020 2:42:01 PM | hearing questions | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00831 | 1400597 | 9/25/2020 7:54:45 AM | [External] Notes for call | Yes | Kevin McKeon | King, Jr., Adrian R. Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00832 | 1500638 | 9/28/2020 11:25:50 AM | hearing questions | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00833 | 303027 | 9/29/2020 2:23:48 PM | Games Of Skill Request | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00834 | 303023 | 9/29/2020 2:24:14 PM | Games Of Skill Request | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00835 | 1501088 | 9/29/2020 2:26:52 PM | Games Of Skill Request | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00836 | 303031 | 9/29/2020 2:49:04 PM | Games Of Skill Request | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00837 | 1401130 | 9/29/2020 3:28:21 PM | Monroe County District Attorney - Skill Games Letter | Yes | David C. Hittinger, Jr. (Neil) | Parfrey, David | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00838 | 1301367 | 9/30/2020 6:03:31 PM | Parx Litigation | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA372

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00839 | 1301690 | 10/1/2020 9:02:11 AM | Parx; question | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00840 | 1305532 | 10/1/2020 9:34:21 AM | Parx Litigation matters | Yes | Kevin M. Skjoldal | Casey Alan Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00841 | 1305458 | 10/1/2020 10:35:30 AM | Parx Litigation | Yes | Kevin M. Skjoldal | Kevin Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00842 | 1305453 | 10/1/2020 11:30:08 AM | Parx Litigation | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00843 | 302368 | 10/2/2020 12:53:59 AM | Oct. 6 Senate hearing casino panel | Yes | Mark S. Stewart | Joe Weinberg | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00844 | 1301669 | 10/2/2020 8:58:59 AM | Parx Litigation | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00845 | 1305624 | 10/5/2020 9:31:00 AM | Parx Litigation | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) Mark S. Stewart | Michael J. Herzog | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00846 | 1401162 | 10/6/2020 4:29:05 PM | | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00847 | 1401529 | 10/6/2020 6:54:27 PM | PGCB quarterly report | Yes | Michael J. Herzog | Thomas C. Bonner | Mary Jo DePazza Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA373

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00848 | 1400953 | 10/8/2020 6:13:37 PM | [External] Spectrum Report | Yes | Adrian R. King, Jr. | Ashford, Karin Kevin McKeon Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00849 | 1400629 | 10/11/2020 5:05:38 PM | [External] POM of Pennsylvania v. PA State Police & PA Dept. of Revenue | Yes | Adrian R. King, Jr. | Pollock | Kevin McKeon Mark S. Stewart Jeff Morris | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00850 | 1501108 | 10/12/2020 12:38:04 PM | Monroe County District Attorney - Skill Games Letter | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00851 | 1800327 | 10/12/2020 6:08:49 PM | Gaming coverage map | Yes | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00852 | 1400477 | 10/12/2020 9:22:25 PM | [External] Memorandum response to Adrian King 10-12-20 | Yes | Adrian R. King, Jr. | Mark S. Stewart Kevin McKeon | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00853 | 1800332 | 10/13/2020 4:19:47 PM | Gaming coverage map | Yes | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00854 | 302487 | 10/13/2020 4:40:25 PM | [External] Industry letters dealing with skill games | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00855 | 1400610 | 10/13/2020 6:53:02 PM | [External] Pace-O-Matic | Yes | Adrian R. King, Jr. | Kevin McKeon Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00856 | 1401125 | 10/14/2020 1:25:06 PM | Industry Letters | Yes | Jennifer Skoff | Thomas C. Bonner Kevin McKeon John Dixon | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA374

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00857 | 1401180 | 10/14/2020 3:44:38 PM | [External] Adams Daily Report - October 14, 2020 | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00858 | 1401418 | 10/19/2020 4:06:19 PM | Games Of Skill Request | Yes | David C. Hittinger, Jr. (Neil) | Parfrey, David | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00859 | 1800322 | 10/21/2020 9:48:52 AM | Gaming coverage map | Yes | Kristine Marsilio | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00860 | 1401531 | 10/23/2020 4:11:10 PM | POM - 1st draft of Motion for Judgment on the Pleadings and Memorandum of Law | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00861 | 1401013 | 11/2/2020 2:50:53 PM | [External] Adams Daily Report - November 2, 2020 | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00862 | 1301189 | 12/11/2020 9:48:18 AM | Chart for call at 10:30 | Yes | Jennifer Skoff | Mark S. Stewart Sarah C. Stoner Susan A. Yocum David C. Hittinger, Jr. (Neil) LaToya Winfield Bellamy Kristine Marsilio Michael J. Herzog Kevin M. Skjoldal Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00863 | 1800077 | 12/16/2020 3:38:04 PM | Common Pleas Docket Sheets [POM of PA] | Yes | Susan E. Longnaker | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00864 | 1301361 | 1/4/2021 12:49:26 PM | Parx - 4Q2020 Litigation Report Update | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA375

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00865 | 1301315 | 1/4/2021 2:27:26 PM | Parx - 4Q2020 Litigation Report Update | Yes | Michael J. Herzog | Adam M. Shienvold Casey Alan Coyle | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00866 | 1301660 | 1/4/2021 5:33:16 PM | Parx - 4Q2020 Litigation Report Update | Yes | Casey Coyle | Michael J. Herzog Adam M. Shienvold | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00867 | 1301642 | 1/5/2021 10:43:58 AM | Parx - 4Q2020 Litigation Report Update | Yes | Casey Coyle | Michael J. Herzog | Adam M. Shienvold Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00868 | 1301647 | 1/5/2021 11:48:26 AM | Parx - 4Q2020 Litigation Report Update | Yes | Michael J. Herzog | Casey Alan Coyle | Adam M. Shienvold Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00869 | 1305618 | 1/6/2021 1:58:33 PM | Parx - 4Q2020 Litigation Report Update | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00870 | 1301653 | 1/6/2021 2:15:03 PM | Parx - 4Q2020 Litigation Report Update | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00871 | 303790 | 1/14/2021 2:10:42 PM | Skills games | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00872 | 302110 | 1/14/2021 2:11:32 PM | Skills games | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00873 | 303785 | 1/15/2021 9:39:24 AM | Skills games | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA376

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00874 | 1401723 | 1/15/2021 3:23:30 PM | Tomlinson's Skill Games Bill (SB 710); 18 Pa.C.S. 5513 Amendment | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00875 | 1305229 | 1/19/2021 8:54:36 AM | Think this is what you're looking for. | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00876 | 1305232 | 1/19/2021 9:11:41 AM | this is it! | Yes | Jennifer Skoff | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00877 | 1305668 | 1/20/2021 2:06:50 PM | Skills games | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00878 | 301468 | 1/22/2021 12:33:36 PM | Court decision | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00879 | 1401393 | 1/22/2021 4:50:10 PM | Court decision | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00880 | 1401296 | 1/25/2021 11:03:42 AM | [External] Veteran broadcaster Brent Musburger rides the sports gambling wave | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00881 | 1401459 | 1/25/2021 5:36:55 PM | Legislative Agenda | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00882 | 1400625 | 2/5/2021 1:28:25 PM | [External] POM case | No | Thomas C. Bonner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA377

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00883 | 303392 | 2/5/2021 1:37:07 PM | POM case | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | |
| PRIV-00884 | 1305535 | 2/10/2021 10:29:19 AM | Parx; skill games - violations of s 5513 | No | Kevin M. Skjoldal | Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00885 | 1305565 | 2/11/2021 3:00:36 PM | County cases | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00886 | 1301454 | 2/11/2021 3:46:50 PM | County cases | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00887 | 1301461 | 2/12/2021 4:53:11 PM | County cases | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00888 | 303384 | 2/15/2021 11:44:43 AM | POM case | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | |
| PRIV-00889 | 303386 | 2/15/2021 12:08:01 PM | POM case | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | |
| PRIV-00890 | 303389 | 2/15/2021 12:10:08 PM | POM case | Yes | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; Bucks/Montgomery Litigation | |
| PRIV-00891 | 1301713 | 2/15/2021 12:45:14 PM | skill games | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA378

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00892 | 1305581 | 2/16/2021 9:44:48 AM | County cases | Yes | Kevin M. Skjoldal | Casey Alan Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00893 | 1305658 | 2/16/2021 10:53:55 AM | skill games | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00894 | 1301717 | 2/16/2021 11:21:28 AM | skill games | Yes | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00895 | 1300154 | 2/16/2021 11:43:07 AM | skill games | No | | David C. Hittinger, Jr. (Neil) Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00896 | 303766 | 2/18/2021 9:32:33 AM | skill games | Yes | Mark S. Stewart | Kevin M. Skjoldal David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00897 | 1301311 | 2/18/2021 10:07:10 AM | PA Tax Law - Whistleblower Provision Research | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |
| PRIV-00898 | 1305226 | 2/18/2021 10:52:44 AM | Semi-Updated Tax/Gaming Chart for today's call | Yes | Jennifer Skoff | Mark S. Stewart Kevin M. Skjoldal Michael J. Herzog LaToya Winfield Bellamy Susan A. Yocum Sarah C. Stoner Tara A. Burns David C. Hittinger, Jr. (Neil) Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00899 | 1301707 | 2/18/2021 11:16:49 AM | skill games | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA Skill Litigation; PA AG Action | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA379

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00900 | 303143 | 2/21/2021 2:26:38 PM | House Gaming Oversight Committee - Draft of Industry Testimony | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00901 | 1500626 | 2/24/2021 12:58:04 PM | Hazelton | Yes | Jennifer Skoff | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00902 | 1500490 | 2/25/2021 1:46:36 PM | [External] Invitation: Casino Lobbyists Meeting @ Thu Feb 25, 2021 1pm - 2pm (EST) (mstewart@eckertseamans.com) | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00903 | 1700671 | 3/5/2021 10:58:57 PM | [External] Skill games at Philadium | Yes | Grace H. Flanagan | Sarah C. Stoner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00904 | 303751 | 3/8/2021 8:51:56 AM | Skill games at Philadium | Yes | Mark S. Stewart | Sarah C. Stoner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00905 | 303750 | 3/8/2021 8:53:34 AM | Skill games at Philadium | No | Mark S. Stewart | Grace H. Flanagan Sarah C. Stoner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00906 | 303995 | 3/8/2021 9:45:16 AM | Skill games at Philadium | Yes | Sarah C. Stoner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00907 | 303748 | 3/8/2021 10:31:29 AM | Skill games at Philadium | Yes | Mark S. Stewart | Grace H. Flanagan Sarah C. Stoner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00908 | 1305468 | 3/13/2021 9:30:36 AM | this is it! | Yes | Kevin M. Skjoldal | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1

JA380

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00909 | 1305606 | 3/13/2021 9:35:45 AM | Memo you did | Yes | Kevin M. Skjoldal | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00910 | 1305588 | 3/13/2021 10:12:57 AM | FYI - Parx / GGE - attached is last year's Audit Response Letter for you to use this year | Yes | Kevin M. Skjoldal | Mark S. Stewart Jennifer Skoff Michael J. Herzog Casey Alan Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00911 | 302166 | 3/24/2021 10:29:13 AM | Yaw retort | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00912 | 303907 | 3/24/2021 11:55:49 AM | Yaw retort | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00913 | 1500840 | 3/24/2021 1:51:51 PM | Yaw retort | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00914 | 303953 | 3/24/2021 4:02:14 PM | Slides | Yes | Mark S. Stewart | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00915 | 1500763 | 3/24/2021 4:18:34 PM | PowerPoint Presentation | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00916 | 1500768 | 3/24/2021 4:19:05 PM | PowerPoint Presentation | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono |
| PRIV-00917 | 1500449 | 3/24/2021 4:24:59 PM | States That Outlaw Skill Games | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA381

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00918 | 1305224 | 3/25/2021 9:28:29 AM | Semi-Updated Gaming/Tax Chart | Yes | Jennifer Skoff | Mark S. Stewart Michael J. Herzog Kevin M. Skjoldal Susan A. Yocum Sarah C. Stoner David C. Hittinger, Jr. (Neil) Tara A. Burns LaToya Winfield Bellamy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00919 | 302985 | 4/1/2021 10:38:30 AM | floor fight amendments | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00920 | 1500870 | 4/8/2021 10:02:40 AM | Updated Tax/Gaming Chart for today's meeting | Yes | Jennifer Skoff | Mark S. Stewart Sarah C. Stoner Kristine Marsilio Michael J. Herzog Susan A. Yocum David C. Hittinger, Jr. (Neil) LaToya Winfield Bellamy Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00921 | 1301363 | 4/12/2021 9:54:42 AM | Parx Litigation Report | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00922 | 303831 | 4/21/2021 10:40:21 AM | TIME TO UNPLUG? ILLEGAL GAMBLING MACHINES BYPASS LAWS AND HARM INDIVIDUALS AND COMMUNITIES, AGA REPORT SAYS | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00923 | 1500999 | 4/28/2021 10:59:14 AM | PGCB Gaming Clips – April 28, 2021 | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00924 | 303247 | 5/5/2021 5:31:14 PM | Meeting tomorrow | No | Mark S. Stewart | Grace H. Flanagan | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1

JA382

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00925 | 1900567 | 5/21/2021 4:52:45 PM | Info for Virginia Application | Yes | Susan A. Yocum | Robert B. Mulhern, Jr. | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation; Coley v. Keystone | |
| PRIV-00926 | 1700988 | 6/2/2021 1:32:10 PM | ETA on shapiro letter? | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00927 | 301746 | 6/3/2021 9:46:36 AM | Draft industry letter | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00928 | 301758 | 6/3/2021 12:41:16 PM | Draft industry letter | Yes | Mark S. Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00929 | 1500388 | 6/3/2021 1:31:31 PM | [External] Hearing | No | David C. Hittinger, Jr. (Neil) | Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00930 | 301754 | 6/3/2021 2:15:27 PM | Draft industry letter | Yes | Mark S. Stewart | Thomas C. Bonner Eric Hausler | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00931 | 1500753 | 6/3/2021 2:25:47 PM | Please put on Gaming Industry Letterhead w/ logos and addresses | Yes | Jennifer Skoff | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00932 | 300224 | 6/3/2021 3:34:18 PM | [External] June 2021 Industry Letter Opposing Gaming Expansion(100393863) | Yes | Thomas C. Bonner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00933 | 1700869 | 6/3/2021 4:09:53 PM | Proposed Industry Letter, Gaming Expansion | Yes | David C. Hittinger, Jr. (Neil) | Bob Green Eric Hausler Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA383

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00934 | 302092 | 6/7/2021 10:41:39 AM | Revised industry letter | Yes | Mark S. Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00935 | 2000675 | 6/7/2021 11:38:55 AM | Skill Games One Pager | No | Sarah C. Stoner | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00936 | 1700845 | 6/7/2021 11:46:10 AM | KEY QUESTIONS & ANSWERS ABOUT SKILL GAMES | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00937 | 1500683 | 6/7/2021 11:51:06 AM | KEY QUESTIONS & ANSWERS ABOUT SKILL GAMES | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00938 | 1500868 | 6/7/2021 11:57:13 AM | TOMLINSON LETTER TO BARASCH RE SKILL GAMES | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00939 | 1500377 | 6/7/2021 12:04:12 PM | CASINO LAW FIRM SKILL GAMES CRIMES CODE LETTER | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00940 | 1900313 | 6/7/2021 1:10:10 PM | Susan A. Yocum has shared a document with you : LEGALITY OF SKILL GAMES UNDER ACT 42. | Yes | | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00941 | 1500467 | 6/7/2021 1:11:51 PM | LEGALITY OF SKILL GAMES UNDER ACT 42 | Yes | Susan A. Yocum | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00942 | 1800563 | 6/7/2021 1:19:12 PM | Skill Games One Pager | Yes | David C. Hittinger, Jr. (Neil) | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA384

Pace-O-Matic, Inc. v. Eckert Seamans Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00943 | 1500658 | 6/9/2021 10:52:23 AM | Industry letter issue | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Jennifer Skoff | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00944 | 300721 | 6/9/2021 11:09:42 AM | Industry letter issue | Yes | Jennifer Skoff | Mark S. Stewart David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00945 | 302773 | 6/14/2021 10:57:31 AM | Article of Interest | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | | Parx Casino |
| PRIV-00946 | 1500479 | 6/15/2021 10:05:28 AM | Quotes from CERD Committee Hearing | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00947 | 303933 | 6/15/2021 10:09:09 AM | Revised letter to Shapiro | Yes | Mark S. Stewart | Bob Green | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | |
| PRIV-00948 | 1500835 | 6/15/2021 5:30:14 PM | Today's Senate "Gaming" Hearing with PSP and Lottery | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00949 | 302621 | 6/23/2021 5:08:30 PM | [External] 'Very favorable' outlook seen for leisure economy: JP Morgan Virginia's skill game ban is set for next week - truck stop owner and former NASCAR driver sues to stop it | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00950 | 1500447 | 6/24/2021 1:34:36 PM | Responses to yesterday's hearing | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA385

Pace-O-Matic, Inc. v. Eckert Seamans; Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00951 | 1701094 | 6/30/2021 4:14:40 PM | Need to find | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00952 | 1301365 | 7/7/2021 8:15:27 AM | Parx Litigation Report | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00953 | 1305530 | 7/7/2021 10:42:27 AM | Parx - litigation summary update | Yes | Kevin M. Skjoldal | Adam M. Shienvold Casey Alan Coyle | Michael J. Herzog | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00954 | 1301187 | 7/7/2021 4:25:48 PM | CHART attached this time - UGH! Updated Tax Gaming Chart - If you have a few mins today/tomorrow am | Yes | Jennifer Skoff | Michael J. Herzog Kevin M. Skjoldal LaToya Winfield Bellamy | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00955 | 1301664 | 7/8/2021 4:03:06 PM | Parx - litigation summary update | Yes | Casey Coyle | Kevin M. Skjoldal Adam M. Shienvold | Michael J. Herzog | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00956 | 1305678 | 7/9/2021 4:28:19 PM | STREAMLINED MEMO GGE PENDING LITIGATION AS OF 6-30-2021 | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | |
| PRIV-00957 | 300760 | 7/9/2021 5:36:12 PM | PGCB report | Yes | Michael J. Herzog | Thomas C. Bonner | | Mary Jo DePazza Mark S. Stewart | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | |
| PRIV-00958 | 302301 | 7/31/2021 11:55:41 AM | Legislation outline | Yes | Mark S. Stewart | Bob Green Richard Gmerek Eric Hausler | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00959 | 303276 | 8/5/2021 1:35:57 PM | Needed research | No | Mark S. Stewart | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1

JA386

Pace-O-Matic, Inc. v. Eckert Seamans    Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00960 | 302303 | 8/5/2021 1:38:08 PM | Legislative outline | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Sarah C. Stoner Kristine Marsilio Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00961 | 1500737 | 8/5/2021 1:52:21 PM | Needed research | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) Kristine Marsilio | Susan A. Yocum | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00962 | 1500371 | 8/7/2021 1:41:08 PM | AG Fact Sheet | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00963 | 1500741 | 8/11/2021 5:18:55 PM | Needed research | No | David C. Hittinger, Jr. (Neil) | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00964 | 1500398 | 8/16/2021 11:52:35 AM | 7.27.2021 PGCB VGT Establishment Status List | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00965 | 300757 | 8/16/2021 2:39:20 PM | OEC Recommended Denial of VGT Terminal Operator License (before the PGCB) | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00966 | 1500743 | 8/16/2021 3:03:21 PM | Needed research | No | Susan A. Yocum | Kristine Marsilio David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00967 | 1500932 | 8/16/2021 5:05:35 PM | Needed research | No | Susan A. Yocum | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00968 | 1500856 | 8/23/2021 4:12:02 PM | Revised AG Fact Sheet and Research | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA387

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00969 | 303662 | 8/25/2021 11:33:52 AM | Revised AG Fact Sheet and Research | No | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | PA AG Action | Parx Casino |
| PRIV-00970 | 301995 | 8/25/2021 5:55:06 PM | Pennsylvania Kids Continue To Be Left in Hot Cars at Casino Parking Lots | No | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00971 | 1700641 | 8/30/2021 10:05:23 PM | [External] What is Walinski trying to say on vlts | Yes | David Cordish | Mark S. Stewart | Joe Weinberg | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00972 | 703768 | 9/15/2021 4:33:36 PM | Tax/Gaming Chart for tomorrow's 10 am meeting | Yes | Jennifer Skoff | Mark S. Stewart Kristine Marsilio David C. Hittinger, Jr. (Neil) Susan A. Yocum LaToya Winfield Bellamy Tara A. Burns Sarah C. Stoner Kevin M. Skjoldal Michael J. Herzog | Jennifer Skoff | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00973 | 1701132 | 9/21/2021 1:52:12 PM | Senate Bill 212; Different Skill Game Legislation Drafts on System | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00974 | 1700237 | 9/24/2021 4:28:49 PM | [External] gas stations | No | Thomas C. Bonner | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00975 | 303851 | 9/27/2021 8:56:07 AM | Update - interesting | No | Mark S. Stewart | Thomas C. Bonner | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00976 | 1400212 | 9/30/2021 8:25:29 AM | [External] Skill games | No | Thomas C. Bonner | Mark S. Stewart | Bryan Schroeder | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA388

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00977 | 1500945 | 9/30/2021 9:58:22 AM | Skill games | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00978 | 702845 | 10/1/2021 2:09:51 PM | Parx - 3Q2021 Litigation Report | Yes | Michael J. Herzog | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00979 | 1701223 | 10/4/2021 3:47:14 PM | Skill Game Raids/Seizures | Yes | David C. Hittinger, Jr. (Neil) | Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00980 | 1400277 | 10/5/2021 10:04:50 AM | Skill Game Raids/Seizures | Yes | David C. Hittinger, Jr. (Neil) | Thomas C. Bonner | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | |
| PRIV-00981 | 1305616 | 10/7/2021 5:16:59 PM | Parx - 3Q2021 Litigation Report | Yes | Kevin M. Skjoldal | Michael J. Herzog | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | Parx Casino |
| PRIV-00982 | 1400248 | 10/7/2021 6:38:57 PM | PGCB 3Q Report - Eckert Litigation Report | Yes | Michael J. Herzog | Thomas C. Bonner | Mary Jo DePazza Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Cmwlth. Ct. Litigation; iLottery Litigation; Bucks/Montgomery Litigation; Tax Refund Litigation | |
| PRIV-00983 | 1700969 | 10/14/2021 12:09:30 PM | Denial of VGT Operator License matters | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00984 | 1900598 | 10/14/2021 12:09:30 PM | Denial of VGT Operator License matters | Yes | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00985 | 1700728 | 10/14/2021 1:19:12 PM | Better Bets - Hugo Amusements - Skill games offered | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA389

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No. 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00986 | 703770 | 11/4/2021 10:10:41 AM | Updated Tax/Gaming Chart for today's 2 pm meeting | Yes | Jennifer Skoff | Mark S. Stewart Susan A. Yocum LaToya Winfield Bellamy Sarah C. Stoner David C. Hittinger, Jr. (Neil) Kevin M. Skjoldal Michael J. Herzog Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation; PA AG Action; iLottery Litigation; Tax Refund Litigation | Parx Casino; Mohegan Sun Pocono; Stadium Casino |
| PRIV-00987 | 1400275 | 11/9/2021 9:33:19 AM | Press Conference regarding PA Skill - Wednesday, November 10 at 2:00 pm | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00988 | 1103273 | 11/10/2021 6:13:39 PM | Notes on Skill Game Legislation Presser | No | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00989 | 1103279 | 11/30/2021 2:42:36 PM | Something new? | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00990 | 1400250 | 12/1/2021 4:49:47 PM | Philly Ordinance | Yes | David C. Hittinger, Jr. (Neil) | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00991 | 304063 | 5/28/2019 4:22:37 PM | FW: [External] Skill Games Meeting w/ Local Legislators | Yes | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00992 | 304067 | 7/10/2019 12:15:48 AM | FW: [External] Tom Marino / PA Skill Games Notification to PLCB Licensees | Yes | Mark S. Stewart | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00993 | 900151 | 7/11/2019 2:22:16 PM | FW: [External] Tom Marino / PA Skill Games Notification to PLCB Licensees | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA390

Pace-O-Matic, Inc. v. Eckert Seamans Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-00994 | 900307 | 7/16/2019 4:55:56 PM | FW: Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00995 | 900317 | 7/19/2019 10:08:32 AM | FW: Parx; POM, skill game, oral argument | Yes | Kevin M. Skjoldal | Kristine Marsilio | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-00996 | 304259 | 8/27/2019 12:23:48 PM | FW: Senate Bill 784/Small Games of Chance | Yes | Mark S. Stewart | Tara A. Burns | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Mohegan Sun Pocono |
| PRIV-00997 | 700721 | 10/3/2019 5:11:13 PM | FW: Parx; skill games complaints | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-00998 | 1900215 | 10/21/2019 4:24:48 PM | RE: HB 1598 | No | Susan A. Yocum | Mark S. Stewart | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-00999 | 701091 | 11/18/2019 12:01:07 PM | RE: Skill Games Litigation: Responses to POs | Yes | Casey Coyle | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-01000 | 304240 | 11/22/2019 12:38:34 PM | FW: POM Opinion - next steps | No | Mark S. Stewart | Steven Press | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01001 | 800587 | 11/22/2019 2:55:58 PM | FW: POM Opinion - next steps | No | Kevin M. Skjoldal | Andrew J. Kramer Casey Coyle | Mark S. Stewart | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01002 | 1201240 | 12/2/2019 12:30:26 PM | FW: Greenwood Gaming - Filings (Smoker's Express, Smokin Joes, USA Gas and Repair, and JSB Newgas) | Yes | Casey Coyle | Andrew J. Kramer | Kevin M. Skjoldal | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA391

Pace-O-Matic, Inc. v. Eckert Seamans, Docket No: 1:20-cv-00292
Eckert Seamans' Supplemental Privilege Log
March 25, 2022

| PRIV LOG # | ID - Control # | Sent Time | Subject | Has Attachment | Sender | Recipients in To line | Recipients in Cc line | Recipients in Bcc line | Privilege Determination(s) Specified in 2022.03.25 Privilege Log | Amended Privilege Determination(s) | Associated Litigation(s) Per Paragraph 2 of Court's Mar. 6, 2023 Order | Associated Client(s) Per Paragraph 3 of Court's Mar. 6, 2023 Order |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PRIV-01003 | 1600138 | 1/9/2020 1:43:37 PM | RE: Parx - skill games Bucks County -- PSP Testimony | No | Kevin M. Skjoldal | Casey Coyle | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Bucks/Montgomery Litigation | Parx Casino |
| PRIV-01004 | 1102812 | 1/21/2020 4:48:39 PM | FW: Parx; answers in POM actions | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01005 | 1102896 | 1/21/2020 5:00:15 PM | RE: Parx; answers in POM actions | Yes | Kevin M. Skjoldal | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01006 | 703077 | 8/12/2020 2:29:56 PM | POM - 11/20/19 Opinion | No | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01007 | 703725 | 8/12/2020 5:02:01 PM | RE: POM decision from Commonwealth Court | Yes | David C. Hittinger, Jr. (Neil) | Kevin M. Skjoldal | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Federal work-product doctrine pursuant to Fed. R. Civ. P. 26(b)(3). | Cmwlth. Ct. Litigation | Parx Casino |
| PRIV-01008 | 301569 | 10/25/2020 4:21:59 PM | FW: [External] House Democratic Policy Committee – Q and A | Yes | Mark S. Stewart | David C. Hittinger, Jr. (Neil) | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-01009 | 301979 | 2/2/2021 6:45:55 PM | FW: OOR Decision | Yes | Mark S. Stewart | Tricia Springer | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |
| PRIV-01010 | 301977 | 10/13/2021 10:38:16 AM | FW: OEC Recommended Denial of VGT Terminal Operator License (before the PGCB) | Yes | Mark S. Stewart | Susan A. Yocum | | | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Work product doctrine. | Communication providing legal advice and/or transmitting or discussing information for the purpose of providing legal advice. Pennsylvania work-product doctrine pursuant to Pa. R. Civ. P. 4003.3. | | Parx Casino |

DESIGNATED AS CONFIDENTIAL
FILED PROVISIONALLY UNDER SEAL

EXHIBIT 1
JA392

# EXHIBIT 2

# (POM PRIVILEGE LOG)

JA393

Case 1:24-cv-01034-... Document 29 ... Filed: 05/06/2025

JA394

## PACE-O-MATIC, INC. v. ECKERT SEAMANS CHERIN & MELLOTT, LLC
### NO. 20-CV-292
### PRIVILEGE LOG

| Date | From | To | cc | Subject | Privilege |
|---|---|---|---|---|---|
| 12/23/19 @ 10:08 am | Matt Haverstick | Tom Lisk<br>Dan Brier | Paul Goldean<br>Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 10:20 am | Paul Goldean | Matt Haverstick<br>Tom Lisk<br>Dan Brier | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 10:21 am | Matt Haverstick | Paul Goldean | Tom Lisk<br>Dan Brier<br>Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 10:36 am | Dan Brier | Paul Goldean<br>Tom Lisk | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey<br>Carol Kelleher | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 10:49 am | Tom Lisk | Dan Brier<br>Paul Goldean | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey<br>Carol Kelleher | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 11:06 am | Paul Goldean | Dan Brier<br>Tom Lisk | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey<br>Carol Kelleher | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |

Case 1:24-cv-01049-JPW Document 29 Filed 05/05/2025 Page 242 of 314

**PACE-O-MATIC, INC. v. ECKERT SEAMANS CHERIN & MELLOTT, LLC**
**NO. 20-CV-292**
**PRIVILEGE LOG**

| Date | From | To | cc | Subject | Privilege |
|---|---|---|---|---|---|
| 12/23/19 @ 1:05 pm | Paul Goldean | Dan Brier<br>Tom Lisk | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey<br>Carol Kelleher | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/23/19 @ 1:06 pm | Dan Brier | Paul Goldean<br>Tom Lisk | Lee Wesson<br>Ryan Wood<br>Danny Warren<br>Michael Barley<br>Mark Poovey<br>Carol Kelleher<br>Donna Walsh | Eckert | Attorney-Client Privilege;<br>Work Product Doctrine |
| 12/26/19 @ 8:41 pm | Greg Cline | Paul Goldean | Mark Poovey<br>Greg Cline<br>Dan Brier<br>Michael Barley<br>Lee Wesson<br>Tom Lisk | Tentative-<br>Eckert<br>Matter-New<br>Counsel<br>Introduction | Attorney-Client Privilege;<br>Work Product Doctrine |
| 01/30/20 @ 1:39 pm | Dan Brier | Tom Lisk | Greg Cline | POM | Attorney-Client Privilege;<br>Work Product Doctrine |
| 01/31/20 | Donna Walsh | POM File | | Discussion<br>w/ Tom Lisk | Attorney-Client Privilege;<br>Work Product Doctrine |
| 02/07/20 @ 3:20 pm | Greg Cline | Tom Lisk | | Dan Brier | Attorney-Client Privilege;<br>Work Product Doctrine |
| 02/07/20 @ 3:24 pm | Tom Lisk | Greg Cline | | Dan Brier | Attorney-Client Privilege;<br>Work Product Doctrine |
| 02/07/20 @ 4:14 pm | Greg Cline | Tom Lisk<br>Greg Cline | | Dan Brier | Attorney-Client Privilege |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PACE-O-MATIC, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | **NO. 1:20-cv-292** |
| | : | |
| **v.** | : | **ELECTRONICALLY FILED** |
| | : | |
| **ECKERT SEAMANS CHERIN &** | : | **JUDGE WILSON** |
| **MELLOTT, LLC, MARK S.** | : | |
| **STEWART and KEVIN M.** | : | **JURY TRIAL DEMANDED** |
| **SKJOLDAL,** | : | |
| | : | |
| **Defendants.** | : | |

## SECOND AMENDED COMPLAINT

Plaintiff Pace-O-Matic, Inc. ("POM"), by and through its undersigned counsel, states the following as its Second Amended Complaint against Defendants Eckert Seamans Cherin & Mellott, LLC ("Eckert"), Mark S. Stewart, and Kevin M. Skjoldal in the above-captioned matter:

## NATURE OF THE ACTION

For years, POM relied on Eckert for legal advice concerning the marketing and sale of its electronic skill games and, in the course of that years-long representation, entrusted Eckert with highly proprietary and confidential information concerning the design, development and operation of its skill games and its legal, business and marketing strategies. Eckert's representation of POM was extensive and multi-dimensional and included the defense of POM's skill games in litigation

JA396

as well as development and implementation of government relations strategies to educate public officials and otherwise advocate the legality of POM's skill games.

While representing POM, however, Eckert took up arms *against* POM on behalf of another client, Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx"). While Eckert advocated on behalf of POM that its devices are games of skill and not illegal gambling devices, Eckert *at the same time* argued on behalf of Parx that the *same POM games* should be outlawed as illegal gambling devices. This is a plain breach of fiduciary duty. When POM confronted Eckert over its impermissible conflict, Eckert further breached the duty of undivided loyalty owed to POM by dropping POM like the proverbial "hot potato" in favor of its more lucrative relationship with Parx Casino.

It gets worse. After this action was filed, POM discovered that, contrary to Eckert's express representations to POM and to this Court that Eckert "is not involved" in litigation adverse to POM, *see* Joint Case Management Plan (ECF 18) at 3, Defendant Mark S. Stewart, the co-chair of Eckert's gaming practice group, and another member of the Eckert firm, Defendant Kevin M. Skjoldal, actively participated in and covertly manipulated litigation in Pennsylvania Commonwealth Court adverse to POM's interests, both directly and surreptitiously through another law firm, Hawke McKeon & Sniscak LLP ("Hawke McKeon"). And even worse, Mr. Stewart and Mr. Skjoldal participated in a campaign intended to destroy POM's

2

JA397

business by attempting to convince elected and appointed public officials that POM's games are gambling devices that should be seized and outlawed.

Documents disclosed by Eckert years after this litigation was filed revealed another layer of treachery. The newly disclosed evidence reveals that, in addition to advocating against POM on behalf of their other client, Parx, Mr. Stewart and Eckert developed, implemented, and coordinated a broad-based "PR campaign" to destroy POM's business and recruited other casino interests to participate—all while Eckert was representing POM.

Defendants violated their most basic fiduciary duties and concealed and misrepresented material facts to POM's great detriment. As a result, POM is entitled to relief as detailed herein.

## PARTIES

1. POM is a corporation organized and existing under the laws of the State of Wyoming with a principal place of business at 3450 Corporate Way, Duluth, Georgia. POM developed, produced, and licensed legally compliant electronic games of skill that are sold in Pennsylvania, Virginia, and elsewhere. POM retained Eckert to provide legal services for itself and its affiliates concerning its skill game products. The skill games that POM sells in Virginia and Pennsylvania utilize identical software and algorithms, and there is no difference in how the machines sold in those jurisdictions operate or function.

JA398

2.      Eckert is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 213 Market Street, 8th Floor, Harrisburg, Pennsylvania.  Eckert is a law firm that touts its ability to "develop[] strategies . . . to establish an environment in which [its gaming] clients can achieve maximum success."  On information and belief, Eckert does not maintain a place of business in Wyoming or Georgia and none of its members are citizens of Wyoming or Georgia.

3.      Mr. Stewart is a member of the Eckert firm with an office address in Harrisburg, Pennsylvania and is believed to be a resident and citizen of the Commonwealth of Pennsylvania.  Mr. Stewart is the Co-Chair of the Hospitality & Gaming practice group at Eckert and a member of the firm's Board of Directors.

4.      Mr. Skjoldal is a member of the Eckert firm with an office address in Harrisburg, Pennsylvania and is believed to be a resident and citizen of the Commonwealth of Pennsylvania.

**<u>JURISDICTION AND VENUE</u>**

5.      This Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) in that this action is between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.  The object of the litigation is enforcement of POM's right to conflict-free legal representation and enforcement of the fiduciary duties owed to POM.  The

4

deprivation of that right and ongoing breaches of fiduciary duties threaten the very future of POM's business in Pennsylvania and elsewhere.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because Eckert has a place of business in this district, Messrs. Stewart and Skjoldal reside in this district, and a substantial part of the events or omissions giving rise to the claims herein occurred in this district.

## BACKGROUND

7. On December 20, 2016, Eckert and POM executed an engagement letter pursuant to which Eckert agreed to provide legal services to POM relating to "legal, regulatory and possible legislative matters in Virginia" concerning "sales and marketing of [POM's] electronics and software."[1]

8. Eckert was aware that a central aspect of this representation would be to contend that POM's games constitute games of skill and thus do not constitute gambling devices subject to state gaming laws.

9. Documents obtained in this litigation demonstrate that, from the very beginning of the 2016 engagement, Eckert knew and planned that it would advocate

---

[1] The nature of Eckert's years-long representation of POM and its affiliates is described in only general terms to protect and preserve the attorney-client and attorney work product privileges. POM does not in any way waive, but on the contrary expressly reserves and asserts, the attorney-client and work product privileges with respect to all communications with and legal services provided by Eckert.

5

JA400

on behalf of its other client, Parx, against POM's interests, specifically through "adverse legislative action and potential litigation."

10. In a January 25, 2017 internal email, Mr. Stewart straightforwardly explained that his work for Parx would "be adverse [to POM] in VA and PA."

11. In a February 1, 2017 internal email discussing the conflict between POM and Parx, Mr. Stewart emphasized that "we will definitely be affirmatively going after" skill games like POM's.

12. In a February 6, 2017 internal email, Mr. Stewart explained that his expected work for Parx would involve "actively opposing [POM] on legal and legislative fronts."

13. In a February 8, 2017 internal email, Mr. Skjoldal noted that Eckert— on behalf of Parx—"would likely contend [that POM's game] is a gambling devise [sic]."

14. As noted above, a central aspect of Eckert's representation of POM was contending that POM's games *are not* gambling devices.

15. Despite Eckert's clear awareness of an obvious and egregious conflict, Eckert nevertheless undertook to represent POM in advocating for and defending the legality of POM skill games.

16. Eckert made this decision with the knowledge, approval, and involvement of Eckert's Chief Legal Officer, Timothy S. Coon.

6

17. Eckert did not disclose this clear and egregious conflict to POM, nor did Eckert obtain informed and knowing consent from POM to this conflict.

18. While Eckert hid this serious conflict from POM, documents produced in this case indicate that Eckert *did* notify Parx of this conflict. In particular, a series of internal Eckert emails indicated that on or about January 6, 2017, Mr. Stewart discussed the conflict with Parx.

19. Thus, on information and belief, at all relevant times, Parx was plainly aware that its lawyers were violating their fiduciary and ethical duties owed to POM.

20. Eckert regularly billed POM for its legal services, and POM remitted very substantial fees for those legal services.

21. In total, POM paid more than $800,000 in legal fees to Eckert from 2016 to 2020.

22. Relying on the duties of undivided loyalty and confidentiality owed to POM as a client of Eckert and in furtherance of the requested legal services, POM provided Eckert with highly sensitive, proprietary, confidential, and non-public information concerning its skill games and business operations, as well as confidential and privileged communications concerning the development and execution of legal strategies to preserve and defend the legality of those games.

23. Eckert regularly participated in privileged conferences with POM representatives involving and relating to POM's short and long-term business

7

JA402

objectives, competitive business strategies, litigation matters and legal, regulatory and legislative strategies in, *inter alia*, the Commonwealth of Pennsylvania and Commonwealth of Virginia concerning POM's skill games. As legal counsel for POM, Eckert was intimately involved in POM's affairs.

24. Eckert's representation of POM included, but is not limited to: representing POM and its affiliates in meetings with law enforcement and government personnel; representing POM and its affiliates in litigation matters concerning the legality of POM's skill games; negotiating and drafting agreements between POM and its affiliates and third parties; and providing advice and counsel relating to legal, legislative, and litigation strategies for marketing and selling POM skill games.

25. As counsel for POM and its affiliates, Eckert secured legal and governmental opinions attesting that POM's products are games of skill and not gambling devices and, citing those opinions, accurately asserted on June 28, 2019 in state court in Virginia that POM's games "are not illegal gambling" because "skill is determinative of successful play." The expert legal opinion that Eckert submitted to the court in Virginia relied on *In re Pace-O-Matic, Inc. Equip.*, M.D. 965-2013 (Ct. Common Pleas Beaver Cty. Dec. 23, 2014), which holds that POM's skill games are legal in Pennsylvania.

8

JA403

26. As would any client, POM believed that Eckert would serve as a loyal advisor and advocate. But Eckert was anything but loyal.

27. While POM entrusted some of its most sensitive and consequential legal matters to Eckert, Eckert orchestrated a sprawling effort intended to—in Eckert's own words—"kill" POM's games, which Stewart described as "our mortal enemy."

28. Eckert's plot against its own client, POM, was breathtaking in scope.

29. Eckert, Stewart, and Skjoldal created and operated a wide-ranging "PR" campaign attacking POM and its games, contending that POM's games were illegal, that POM's games should be expressly prohibited by law, and that POM's games are socially harmful.

30. Eckert, Stewart, and Skjoldal led and played a central role in nationwide efforts by trade organizations, including the American Gaming Association and Gaming Laboratories International, seeking to prohibit skill games (including POM's skill games) in States across the nation and to encourage law-enforcement authorities to take legal action against skill games (including POM's skill games).

31. On information and belief, at least some of these nationwide efforts were directed at governmental actors within the Commonwealth of Virginia and contributed, at least in part, to Virginia's (now-enjoined) prohibition of skill games.

9

32. Eckert, Stewart, and Skjoldal led extensive lobbying efforts at both the state and local level seeking the enactment of legislation that would outlaw POM's games.

33. For example, at the state level, documents produced in discovery demonstrate that Eckert was effectively ghostwriting materials regarding the prohibition of POM's games for State Senator Tommy Tomlinson, the leading legislative proponent for banning POM's games.

34. Documents produced in discovery also show that Eckert, Stewart, and Skjoldal also drafted a proposed municipal ordinance that would ban POM's games and circulated that proposed ordinance to approximately 600 municipalities throughout Pennsylvania.

35. While POM was aware of the legislative and PR efforts against it, POM had no idea that its own lawyer—Eckert—was behind and directing those efforts.

36. Eckert, Stewart, and Skjoldal also actively encouraged Pennsylvania law enforcement authorities to take criminal and regulatory action against POM—Eckert's client—and locations hosting POM game machines.  For example, Eckert, Stewart, and Skjoldal orchestrated the seizure of POM games in Dauphin County, Pennsylvania.

37. Eckert, Stewart, and Skjoldal also actively and repeatedly lobbied the Pennsylvania State Police and Bureau of Liquor Control Enforcement to take

10

JA405

criminal and regulatory action against POM.  Those law enforcement agencies did seize POM machines as a result of Defendants' efforts.

38.     Eckert, Stewart, and Skjoldal also repeatedly lobbied the Pennsylvania Gaming Control Board ("PGCB") to take adverse regulatory action against POM, despite the fact that the PGCB lacks any colorable claim of regulatory authority regarding POM.

39.     In one instance, on June 14, 2019, Stewart sent an email to Kevin O'Toole, the PGCB's Executive Director, and Cyrus Pitre, the PGCB's Chief Enforcement Counsel.  Stewart attached a letter that he had previously sent to the Pennsylvania Liquor Control Board ("PLCB"), in which Stewart had lambasted a letter sent to the PLCB by POM's counsel regarding the legality of POM's games.

40.     Eckert's efforts to obtain criminal prosecution of its own client—POM—were made with the knowledge of and at the behest of Parx.

41.     For example, on March 7, 2018, the Chairman of Parx, Bob Green, urgently directed Eckert "we have to . . . get a successful prosecution."

42.     As a direct result of these law-enforcement actions orchestrated by Eckert, POM was forced to defend or initiate several state-court lawsuits to ensure that it could continue to operate in Pennsylvania.

11

43.    In the course of litigating those lawsuits (several of which remain ongoing), POM expended millions of dollars in legal fees that it would not have incurred but for Eckert's efforts against POM.

44.    In at least two instances, Eckert litigated directly against POM. In both of those cases, Eckert advanced the position that POM's games constitute illegal gambling machines, which directly contradicts the position that POM hired Eckert and paid it more than $800,000 to advance.

45.    On July 31, 2019, in the course of representing Parx, Stewart sent an email to two lawyers representing other casinos, Adrian King and William Downey.

46.    In that email, Stewart proposed that a cartel of casinos jointly "launch a coordinated litigation strike on the same day against a large number" of stores at which POM games were located, arguing that POM games constituted a public nuisance.

47.    Stewart's email uses the phrase "PA Skill," a reference to "Pennsylvania Skill," the trade name under which POM's games are offered in Pennsylvania.

48.    Stewart's email also makes clear that prevailing on the merits of those cases was, at most, a secondary concern. Stewart enumerated the reasons why he believed that this "coordinated litigation strike" would be "a good move." These reasons included:

12

a. "It would put PA Skill [*i.e.*, Eckert's client, POM] on the defensive, having to run around, spend money, and dedicate time and personnel resources to defending the numerous suits;"

b. "It would draw public and political attention to the illegality of the machines;"

c. "It could give businesses we don't sue pause about keeping their [POM] machines and certainly would chill the desire of businesses who don't have them from getting them[.]"

49.     Stewart offered to send "a draft complaint that could be used as a template and an info sheet to be used in identifying targets" and to share legal research that Eckert had done.

50.     Several days later, Stewart reached out to Churchill Downs—which owns the famous Kentucky racetrack as well as a large portfolio of gambling establishments—in an effort to recruit Churchill Downs to join the conspiracy against Eckert's client, POM.

51.     Based on documents produced in this case, it appears that the proposed "coordinated litigation strike" against POM led to internal questions within Eckert about whether conducting such a frontal attack on a firm client was permissible.

13

52. Based on documents produced in this case, it appears that this issue was elevated to the Chair of Eckert's Executive Committee, Michael Flammia, on or about September 10, 2019.

53. Flammia apparently gave his blessing to launching a "coordinated litigation strike" against Eckert's own client, because on October 9, 2019, Eckert filed—on behalf of Parx—dozens of lawsuits against retail locations hosting skill games, most of which hosted POM games.

54. In this litigation, Eckert took positions that were directly adverse to POM. For example, in one case, Eckert argued to the Court that POM manufactures "illegal slot machine[s]" and "deceptively market[s] these games as 'legal,' when, in fact, they are not."

55. Eckert was actively representing POM when it accused POM of manufacturing "illegal slot machine[s]" and sought a declaratory judgment declaring that POM's skill games are a public nuisance.

56. The filing of these lawsuits provided the first notice to POM that its own lawyers were actually working to destroy it.

57. POM promptly objected to the conflicted representation and demanded that Eckert withdraw from the litigation directly adverse to POM.

58. Eckert refused to do so.

14

59.   The "coordinated litigation strike" was not the only—indeed, was not even the most egregious—instance of Eckert litigating directly against its own client, POM.

60.   In response to the seizure of POM machines from a business in Dauphin County, on or about June 8, 2018, POM filed litigation against the Commonwealth of Pennsylvania to seek an injunction against further unlawful seizures of its machines.  That litigation is referred to herein as the "Commonwealth Court" litigation.

61.   As filed, Parx was not a party to the Commonwealth Court litigation.

62.   However, Eckert, Stewart, and Skjoldal persuaded Parx to participate directly in that litigation—first as an *amicus curiae*, then as an intervening defendant—directly adverse to POM.

63.   In the Commonwealth Court litigation, Parx expressly argued that POM's games are illegal gambling machines.

64.   As Judge Saporito's November 16, 2021 Memorandum (ECF No. 166) explains in meticulous detail—and with ample citations to documents reviewed *in camera*—Eckert, Stewart, and Skjoldal quarterbacked the representation of Parx in the Commonwealth Court litigation.  Eckert, Stewart, and Skjoldal directed and controlled Parx's litigation.  They drafted all or substantially all of the key filings in the case.  They actively coordinated on behalf of Parx with counsel for the

15

Commonwealth regarding potential arguments for concluding that POM's games are illegal.

65.    Eckert, Stewart, and Skjoldal recognized that they could not serve as counsel of record for Parx without giving away that they were actively trying to destroy Eckert's own client, POM.

66.    Thus, Eckert, Stewart, and Skjoldal decided to have another law firm—Hawke McKeon—serve as counsel of record and make all court appearances. Although Eckert, Stewart, and Skjoldal served as Parx's lead counsel in the Commonwealth Court litigation, they conducted this role surreptitiously, without POM's knowledge.

67.    Eckert, Stewart, and Skjoldal adopted this surreptitious approach precisely to hide their misconduct and because they recognized the impropriety of their involvement in the Commonwealth Court litigation.

68.    In a text message to a Hawke McKeon attorney on December 17, 2019, Stewart stated "We can discuss but I may need you to be solo name on this brief. Will explain."

69.    In a December 13, 2019 email, Stewart noted that he had sent unsolicited legal advice to the attorneys representing the Commonwealth but emphasized that he had "remov[ed] any reference to law firms" from the documents.

16

70. Eckert did not merely hide its involvement in the Commonwealth Court litigation from POM; it hid this information from the Court in this case.

71. Over and over again, Eckert falsely represented to this Court that Eckert was not involved (or was minimally involved) in the Commonwealth Court litigation.

72. For example, in its original Answer, Eckert pleaded that "Eckert does not represent a party adverse to POM in litigation" and that "Eckert is not counsel in any litigation where POM is an adverse party." (ECF No. 9)

73. In the Joint Case Managed Plan, Eckert represented that "Eckert is not involved in [the Commonwealth Court] case." (ECF No. 18)

74. In its opposition to POM's request for a preliminary injunction, Eckert represented that "Eckert is not representing parties in litigation adverse to POM." (ECF No. 21)

75. As Judge Saporito explained in detail in the November 16, 2021 Memorandum, Eckert's representations were false. Eckert "advanced litigation positions directly adverse to the legal interests of its other client, POM." "[I]t actively and clandestinely managed and participated in the representation of Parx . . . against its other client, POM." And "it did so with full knowledge that the conflict asserted by POM precluded its active and continuing representation of Parx."

17

JA412

76.     Eckert's outright lies about its involvement in the Commonwealth Case litigation further demonstrate Defendants' awareness of the impropriety and the seriousness of their actions in that litigation.

77.     Unbeknownst to POM, while Eckert was in possession of POM's confidential information and privileged communications, Eckert, led by Mr. Stewart, was representing Parx Casino and/or its affiliates in matters directly adverse to POM's interests and substantially related to matters that Eckert handled or was handling for POM.  In addition, while Eckert was representing POM, Eckert and Mr. Stewart were developing, coordinating and implementing a "PR campaign" against skill games on behalf of casino interests that Eckert did not represent.  Eckert continued to represent POM, continued to advocate for the legality of POM's skill games and continued to participate in confidential conferences regarding POM's legal and business strategies while secretly and simultaneously advising Parx Casino and working for the benefit of other casinos on matters materially adverse to the interests of POM.

78.     These and other activities by Eckert were intended to secure judicial and/or legislative determinations that POM's skill games—the same games that Eckert simultaneously promoted in Virginia as *legal* games of skill—should be declared illegal, to generate negative publicity and animosity toward POM and other skill game manufacturers, to deter businesses from hosting POM games and to cause

18

POM to devote resources to defending itself against the casinos' many baseless attacks. Eckert, Mr. Stewart and Mr. Skjoldal engaged in these actions against POM during Eckert's concurrent representation of POM and these actions continued after the representation ended.

79.     Eckert's representation of Parx Casino is directly and materially adverse to the interests of POM. Eckert's argument on behalf of Parx Casino that POM's skill games should be illegal in Pennsylvania cannot be reconciled with Eckert's express and repeated reliance on *In re Pace-O-Matic, Inc. Equip.* which holds that POM's games are "predominantly . . . game[s] of skill rather than . . . game[s] of chance" and therefore not illegal gambling devices under Pennsylvania law.

80.     On information and belief, as part of the same course of conduct, Eckert, Stewart, and Skjoldal also performed work on behalf of other clients that was directly and materially adverse to POM's interests.

81.     On information and belief, those other clients include the following:

    a.  The Mohegan Tribal Gaming Authority;

    b.  Cordish Companies; and

    c.  Caesars Entertainment.

82.     On information and belief, Eckert, Stewart, and Skjoldal received substantial legal fees for their work directly adverse to POM's interests from Parx,

19

JA414

the Mohegan Tribal Gaming Authority; Cordish Companies; and Caesars Entertainment.

83. Eckert simultaneously worked for and against POM in direct violation of its fiduciary and ethical duties to POM.

84. Eckert's conflicted efforts on behalf of Parx Casino and others to destroy POM's Pennsylvania market threaten POM's continued existence.

85. Eckert breached its fiduciary duty to POM, violated its duty of loyalty and violated its ethical obligations by advocating on behalf of Parx Casino and others directly against POM while representing POM and while in possession of POM's confidential information.

86. Rule 1.7 of the Pennsylvania Rules of Professional Conduct provides in pertinent part that "a lawyer shall not represent a client if . . . the representation of one client will be directly adverse to another client" unless "each client affected informed consent." Pa. R. Prof. Conduct 1.7(a)(1), (b)(4).

87. Rule 1.9 of the Pennsylvania Rules of Professional Conduct provides in pertinent part that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent." Pa. R. Prof. Conduct 1.9(a).

20

JA415

88. Rule 1.10(a) of the Pennsylvania Rules of Professional Conduct provides that, "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 . . . ." Pa. R. Prof. Conduct 1.10(a).

89. Eckert did not communicate information to POM concerning its direct conflict of interest before undertaking the representation of POM or at any time during the representation and POM did not knowingly consent to waive Eckert's conflict of interest. Nor was Eckert's conflict the type that could ethically or lawfully be waived.

90. Eckert engaged in an impermissible conflict of interest in violation of Rules 1.7 and 1.9 by working for and against POM and, as a result, the Eckert firm and all of its attorneys were and are barred by Rule 1.10(a) from continuing the conflicting representation of Parx Casino and others.

91. POM confronted Eckert concerning its impermissible conflict and requested that Eckert withdraw from any representation of Parx Casino adverse to POM. Eckert refused to withdraw on behalf of Parx Casino and misrepresented that Eckert obtained an advance waiver of any conflict.

92. Eckert also tried to negate its conflict by dropping POM like a "hot potato" on January 29, 2020. Eckert's termination of its representation of POM is a further breach of the fiduciary and ethical duties owed to POM.

JA416

93.     Soon thereafter, on February 4, 2020, Eckert hosted a gaming industry meeting and legislative reception in Harrisburg, at which Eckert advocated for legislation banning skill games like POM's.

94.     Both before Eckert withdrew from the representation of POM and after this case was filed, Eckert asserted that it is not counsel for a party in any litigation matter where POM is an adverse party.

95.     In a letter to POM's counsel dated January 17, 2020, Mr. Coon, Eckert's Chief Legal Officer, tried to justify Eckert's conflicting representation of POM and Parx Casino by denying that Eckert played any role in any litigation adverse to POM.  He wrote: "Eckert made a careful examination of the facts and law and concluded there is no ethical conflict under the Rules of Professional Conduct of either Pennsylvania or Virginia.  The key points are:  Eckert is not counsel for a party in a litigation where POM is an adverse party . . . ."

96.     These representations were intentionally and knowingly false.

97.     By surreptitiously advocating on behalf of Parx Casino and others in opposition to POM in the Commonwealth Court litigation and elsewhere, Mr. Stewart and Mr. Skjoldal violated Rule 8.4 of the Pennsylvania Rules of Professional Conduct which prohibits lawyers from inducing another to do that which he or she cannot do directly.

22

JA417

98. In addition to covertly advocating against POM in relation to the Commonwealth Court litigation, Eckert, Mr. Stewart and Mr. Skjoldal actively encouraged criminal, administrative, regulatory and legislative actions against POM and POM games, both while Eckert was representing POM and after that representation ended.

99. Eckert and Mr. Stewart also coordinated and led a "PR campaign" on behalf of multiple casinos aimed at destroying POM's business, but concealed its involvement from POM.

100. Eckert and its lawyers, including Mr. Stewart and Mr. Skjoldal, repeatedly, intentionally and overtly placed their own conflicted interests and Parx Casino's interests over the interests of POM and thereby breached and continue to breach fiduciary duties owed to POM.

101. Mr. Stewart continues to advocate against the legality of POM skill games in legislative, government relations and regulatory contexts.

102. POM has been forced to retain counsel to enforce Eckert's fiduciary and ethical obligations, to address Eckert's refusal to withdraw from the adverse representation of Parx Casino and to protect POM's interests.

103. This Court has the power and the obligation to enforce fiduciary duties owed by a lawyer to a client and to restrain violations of a lawyer's fiduciary duties.

JA418

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT
## 28 U.S.C. §§ 2201-02
### Against Defendants Eckert, Seamans, Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal

104. Paragraphs 1 through 103 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

105. Under Pennsylvania common law, Eckert and its lawyers owe a fiduciary duty to POM to act with undivided loyalty. Accordingly, Eckert is prohibited from undertaking any representation adverse to POM and from misusing POM's confidences.

106. While representing POM, Eckert acquired detailed confidential and proprietary information and privileged communications concerning POM's skill games, business operations and legal strategies that are highly relevant to its representation of Parx Casino and Parx Casino's efforts to challenge the legality of the very same POM skill games.

107. Eckert, Mr. Stewart and Mr. Skjoldal breached fiduciary duties owed to POM by representing Parx Casino in matters directly and materially adverse to POM and its affiliates concerning POM skill games and in otherwise advocating against POM skill games on behalf of Parx Casino and others.

108. Eckert further breached fiduciary duties owed to POM by claiming to have obtained an advance waiver from POM permitting Eckert's conflicting

24

JA419

representations when no such waiver was obtained and by terminating Eckert's representation of POM when POM challenged its concurrent conflicting representation of Parx Casino.

109. There exists an actual controversy between the parties as to the breaches of fiduciary and ethical duties by Eckert, Mr. Stewart and Mr. Skjoldal and thus declaratory relief under 28 U.S.C. § 2201 is warranted.

110. POM is entitled to a judicial declaration under 28 U.S.C. § 2201 that Eckert's, Mr. Stewart's, and Mr. Skjoldal's fiduciary duties preclude them from engaging in any current or future representation directly adverse to POM or that would involve them asserted that POM's games constitute games of chance and/or gambling machines.

111. Pursuant to the authority in 28 U.S.C. § 2202 to grant further necessary relief based on a declaratory judgment, POM is also entitled to an injunction barring Eckert and its lawyers from representing Parx Casino or any other client in any matter directly adverse to POM or POM games and an order compelling Eckert to disgorge all fees paid by POM and awarding other relief to remedy Eckert's unlawful conduct.

WHEREFORE, POM respectfully requests:[2]

---

[2] The parties agreed to a Stipulated Order (ECF 191) that disposed of the issues presented in POM's Motion for Preliminary Injunction and Amended Motion for

JA420

(1)    A judicial declaration that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from representing, advising or otherwise supporting, directly or indirectly, any client adverse to POM in any matter substantially related to its representation of POM, and an injunction implementing this decree;

(2)    A judicial declaration that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from communicating, directly or indirectly, with any party, *amicus curiae,* intervenor or proposed intervenor or counsel for any party, *amicus curiae,* intervenor or proposed intervenor regarding the litigation matters initiated by POM in Pennsylvania Commonwealth Court, and an injunction implementing this decree;

(3)    A judicial declaration that that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from representing any party, directly or indirectly, in any capacity and from assisting, helping or communicating with any party or counsel for any party in any legal proceeding against any entity that hosts or offers POM's skill games or where POM's skill games are at issue, and an injunction implementing this decree;

(4)    A judicial declaration that that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from representing any party, directly or

---

Preliminary Injunction. The Stipulated Order is a stipulated permanent injunction. POM asserts that this claim for declaratory relief in Count I is intended to supplement the Stipulated Order based on information revealed in discovery.

26

JA421

indirectly, in any capacity, including as counsel for any industry group or association, in any matter adverse to POM or any POM affiliate directly or indirectly related to POM skill games, and an injunction implementing this decree;

(5)    A judicial declaration that that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from advocating, directly or indirectly, in any forum, including in any legislative, lobbying, government relations and/or public relations context, against the legality of electronic games of skill manufactured or distributed by POM or any POM affiliate and from advocating, directly or indirectly, that POM games are not games of skill or are not games where skill predominates over chance, and an injunction implementing this decree;

(6)    A judicial declaration that that Eckert's, Stewart's, and Skjoldal's fiduciary duties preclude them from using, relying on or disclosing any information acquired from its representation of POM, and an injunction implementing this decree;

(7)    An order requiring Eckert to disgorge all fees paid by POM and otherwise remedy the breach of fiduciary duty; and

(8)    Such other and further relief as the Court deems appropriate under the circumstances.

JA422

## COUNT II
## BREACH OF FIDUCIARY DUTY
### Against Defendants Eckert, Seamans, Cherin & Mellott, LLC,
### Mark S. Stewart and Kevin M. Skjoldal

112. Paragraphs 1 through 111 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

113. A fiduciary relationship exists between Eckert and POM and its affiliates by virtue of POM's retention of Eckert to provide legal services to it and to its affiliates.

114. Eckert knowingly failed to act in good faith and solely for the benefit of POM in matters for which Eckert was employed.

115. As members of the Eckert firm, Mr. Stewart and Mr. Skjoldal likewise owed a fiduciary duty to act in good faith and solely for the benefit of POM in matters for which the Eckert firm was employed and they were likewise prohibited from representing any client directly adverse to POM.

116. Eckert, Mr. Stewart and Mr. Skjoldal breached the fiduciary duty owed to POM by actively collaborating with POM's adversaries in the Commonwealth Court litigation, by surreptitiously directing the representation of Parx Casino through the Hawke McKeon firm, by advocating for criminal prosecution of POM and seizure of POM's machines, by encouraging litigation against POM, by advocating for legislation banning POM games, by deterring businesses from

28

offering POM gamesand by developing, implementing and leading a public relations campaign aimed at destroying POM's business.

117. Eckert and Mr. Stewart further breached the fiduciary duty owed to POM by undertaking to represent POM knowing that Eckert would take action adverse to POM on behalf of its other client, Parx Casino.

118.  POM suffered and continues to suffer substantial injury as a direct result of the breaches of fiduciary duty detailed herein, including, but not limited to, by incurring costs and fees to enforce its right to conflict-free representation and otherwise protect itself against the breaches of fiduciary duty as well as the costs incurred in defending against the litigation and "PR campaign" engineered and managed by Eckert.

119. The conduct of Eckert, Mr. Stewart and Mr. Skjoldal was malicious, wanton and willful and done with reckless indifference to the rights of POM and therefore warrants an award of punitive damages.

120. Again and again, Eckert, Mr. Stewart and Mr. Skjoldal acted with wanton disregard for the rights of POM and did so pursuant to a calculated strategy to destroy POM's business.  A substantial punitive award is necessary to punish Eckert, Mr. Stewart and Mr. Skjoldal for their intentional wrongdoing against their own client and deter similar breaches of loyalty.

29

JA424

WHEREFORE, POM demands the entry of judgment in its favor and against Eckert, Mr. Stewart, and Mr. Skjoldal providing the following relief:

a. Disgorgement of all legal fees paid by POM (or any of its affiliates) to Eckert;

b. An award of compensatory damages equal to the fees, expenses, and costs incurred by POM in litigating this case, which has been necessary to enforce the fiduciary duties owed by Defendants to POM;

c. An award of compensatory damages equal to the fees, expenses, and costs incurred by POM in litigating those state-court actions that were necessitated by Defendants' efforts to orchestrate law-enforcement and/or regulatory actions against POM and/or its machines;

d. An award of compensatory damages equal to the fees, expenses, and costs incurred by POM in litigating the state-court actions filed by Defendants on behalf of Parx that were adverse to the interests of POM and/or its machines;

e. Disgorgement of all legal fees and other payments to Eckert relating to any representation that was adverse to POM, including but not limited to representations of Parx;

f. An award of punitive damages;

g. Prejudgment and post-judgment interest; and

30

JA425

h. A permanent injunction prohibiting Defendants from future actions that violate their fiduciary duties.

## COUNT III
## FRAUD
### Against Eckert, Seamans, Cherin & Mellott, LLC

121. Paragraphs 1 through 120 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

122. From January 2017 until at least October 9, 2019, Eckert and Stewart knowingly, intentionally, and willfully omitted to disclose to POM highly material facts regarding Eckert's representation of Parx and its plot to destroy POM.

123. Among other omissions, at no relevant time did Defendants disclose to POM that Defendants were engaged in a representation directly adverse to POM's interests; that Defendants would contend that POM's machines constitute illegal gambling machines and/or games of chance; that Defendants would aggressively seek criminal and regulatory actions against POM; that Defendants would launch extensive lobbying and/or PR efforts that would severely harm POM; that Defendants would ghostwrite legislation whose intent and effect would be to outlaw POM's business; or that Defendants intended to participate in litigation directly adverse to POM and/or to POM's interests.

31

JA426

124. Defendants omitted these material facts for the specific purpose of causing POM to remain a client of Eckert and continue paying substantial fees to Eckert.

125. Defendants had obligations under both the common law and the applicable Rules of Professional Conduct to proactively disclose such information to POM.

126. Had Defendants disclosed these material facts to POM, POM would not have continued as a client of Eckert and would not have continued to pay substantial fees to Eckert.

127. In reliance on these highly material omissions, POM continued as a client of Eckert and continued to pay substantial legal fees to Eckert, ultimately paying $820,554 in fees to Eckert.

128. POM's reliance was justifiable.

129. Defendants' conduct was malicious, wanton and willful and done with reckless indifference to the rights of POM—its own client—and therefore warrants an award of punitive damages. Again and again, Eckert, Mr. Stewart and Mr. Skjoldal acted with wanton disregard for the rights of POM and did so pursuant to a calculated strategy to destroy POM's business. A substantial punitive award is necessary to punish Eckert, Mr. Stewart and Mr. Skjoldal for their intentional wrongdoing against their own client and deter similar breaches of loyalty.

JA427

WHEREFORE, POM demands the entry of judgment in its favor and against Eckert and Mr. Stewart providing the following relief:

a. Disgorgement of all legal fees paid by POM (or any of its affiliates) to Eckert;

b. Prejudgment and post-judgment interest; and

c. An award of punitive damages.

**COUNT IV**
**ABUSE OF PROCESS**
**Against Eckert; Stewart; and Skjoldal**

128. Paragraphs 1 through 127 of this Second Amended Complaint are incorporated by reference as if set forth fully herein.

129. Eckert, Stewart, and Skjoldal used legal process when they filed a series of state-court lawsuits seeking a declaration that POM's machines constitute a public nuisance as illegal gambling machines. Such process includes but is not limited to the initial court filings, summons, and other filings that necessitated a response or argument from POM.

130. Eckert, Stewart, and Skjoldal used these lawsuits and the legal process associated with these lawsuits primarily to accomplish purposes for which the process was not designed.

131. In particular, as Stewart candidly explained, the lawsuits were filed primarily for the following reasons:

33

JA428

a. "[They] would put PA Skill [*i.e.*, Eckert's client, POM] on the defensive, having to run around, spend money, and dedicate time and personnel resources to defending the numerous suits;"

b. "[They] would draw public and political attention to the illegality of the machines;"

c. "[They] could give businesses we don't sue pause about keeping their [POM] machines and certainly would chill the desire of businesses who don't have them from getting them[.]"

132.  The filing of these lawsuits and the use of process within these lawsuits has directly harmed POM by requiring POM to expend legal fees and other litigation expenses opposing these improper lawsuits.

133.  Defendants' conduct was malicious, wanton and willful and done with reckless indifference to the rights of POM—its own client—and therefore warrants an award of punitive damages.

WHEREFORE, POM demands the entry of judgment in its favor and against Eckert, Mr. Stewart, and Mr. Skjoldal providing the following relief:

a. An award of compensatory damages equal to the fees, expenses, and costs incurred by POM in litigating the state-court cases filed by Defendants;

b. Prejudgment and post-judgment interest; and

34

c. An award of punitive damages

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, POM demands a jury trial on all issues so triable.

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/ Jeffrey B. Jensen*
Jeffrey B. Jensen*
Michael Nolan*
Michael Martinich-Sauter#
Bola Adeniran#
190 Carondelet Plaza, Suite 600
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

* Appearing by special admission
# Application for special admission forthcoming

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

***Counsel for Plaintiff Pace-O-Matic, Inc.***

35

JA430

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Second Amended Complaint was served upon the following counsel of record via the Court's ECF filing system on this 29th day of June 2022:

Abraham C. Reich, Esquire
Robert S. Tintner, Esquire
Fox Rothschild LLP
2000 Market Street, 10th Floor
Philadelphia, PA  19103-3291


*/s/ Jeffrey B. Jensen*

JA431

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,                      :
                                         :
                    Plaintiff,           :
                                         :
        v.                               :        Docket No. 1:20-cv-00292
                                         :
ECKERT SEAMANS CHERIN & MELLOTT,         :        (Judge Jennifer P. Wilson)
LLC, MARK S. STEWART, KEVIN M.           :
SKJOLDAL,                                :
                                         :
                    Defendants.          :
                                         :
                                         :

## ANSWER OF DEFENDANTS,
## ECKERT SEAMANS CHERIN & MELLOTT, LLC,
## MARK S. STEWART AND KEVIN M. SKJOLDAL, TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT WITH DEFENSES

Defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal (collectively, "Eckert"), by and through their counsel, Fox Rothschild LLP, hereby answer the Second Amended Complaint of plaintiff, Pace-O-Matic, Inc. ("POM"), with Defenses pursuant to Federal Rule of Civil Procedure 12, as follows:

## ANSWER

## Nature of the Action

Eckert disagrees with and denies in its entirety POM's self-serving and misleading characterization of the nature of this action. POM mischaracterizes the nature of Eckert's representation of POM which was limited to Virginia. POM ignores the fact that Eckert obtained a written, advance conflict waiver when it was engaged by POM in December 2016 and also ignores the evidence showing that Eckert would not have taken on the POM engagement in Virginia unless POM agreed that Eckert could represent other clients adverse to POM in

JA432

Pennsylvania. POM also attempts to misconstrue a positional conflict with a conflict of interest as contemplated under the Rules of Professional Conduct.

POM knew that Eckert had preexisting representations of casinos and gaming clients in Pennsylvania. POM knew that Eckert would not represent POM in any matter in Pennsylvania. Upon information and belief, POM knew that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients, which POM now claims were adverse to its interests.

Eckert did not "drop" POM as a client "like a hot potato." After POM raised questions about Eckert's work for Pennsylvania casino clients in the fall of 2019, Eckert asked POM multiple times to reaffirm its conflict waiver in the 2016 Engagement Letter that it had agreed to and executed. POM ignored those requests. As such, in January 2020, Eckert advised POM that it felt it was best to terminate the relationship. POM did not disagree and directed Eckert to transfer its matters to other counsel, which Eckert did promptly and professionally.

**Parties**

1.      Admitted in part. Denied in part. It is admitted only that POM is organized and existing under the laws of the State of Wyoming and that it has a principal place of business in Georgia. It is denied that POM retained Eckert to provide legal services in jurisdictions other than the Commonwealth of Virginia. The remaining allegations in paragraph 1 are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to the truth of the matter asserted.

2.      Admitted.

3.      Denied. Mr. Stewart is no longer a member of Eckert.

4.      Admitted.

2

JA433

**Jurisdiction and Venue**

5.      Denied.  The allegations contained in paragraph 5 of POM's Second Amended Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, they are denied.

6.      Denied.  The allegations contained in paragraph 6 of POM's Second Amended Complaint are denied as conclusions of law to which no response is required under the Federal Rules of Civil Procedure.

**Background**

7.      Denied.  The allegations contained in paragraph 7 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the December 20, 2016 written engagement letter which, as a written document, speaks for itself.  By way of further response, Eckert's representation of POM was limited to Virginia and subject to an advance conflict waiver.  Further, when the potential engagement arose, attorney Thomas Lisk ("Lisk"), formerly of Eckert, was specifically told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver.

8.      Denied.  The allegations contained in paragraph 8 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize the written engagement letter which, as a written

3

JA434

document, speaks for itself.  By way of further response, Eckert's representation of POM beginning in December 2016 was limited solely to matters involving the sales or use of POM's products in Virginia.

9.      Denied.  Such allegations are further denied on the grounds that they purport to characterize unnamed documents produced in discovery which, as written documents, speak for themselves.

10.      Denied.  The allegations contained in paragraph 10 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the January 25, 2017 e-mail which, as a written document, speaks for itself.

11.      Denied.  The allegations contained in paragraph 11 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the February 1, 2017 e-mail which, as a written document, speaks for itself.

12.      Denied.  The allegations contained in paragraph 12 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the February 6, 2017 e-mail which, as a written document, speaks for itself.

13.      Denied.  The allegations contained in paragraph 13 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the February 8, 2017 e-mail which, as a written document, speaks for itself.

14.      Denied.  The allegations contained in paragraph 14 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

15.      Denied.  The allegations contained in paragraph 15 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal

4

Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert believed that it had only undertaken the representation of POM in Virginia subject to an advance conflict waiver.

16.     Denied.

17.     Denied as stated.  When the potential engagement arose, Lisk, formerly of Eckert, was specifically told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver.  Lisk did not advise Eckert management or the other Eckert attorneys that he had not followed through on what he was specifically told to do with respect to the conflict waiver.  Further, at the time that Eckert undertook the representation of POM in Virginia, there was no adverse legislative action or potential litigation against POM on behalf of Parx Casino or any other casino.  Moreover, if POM was not so advised of the potential conflict, as it claims here, it is because Lisk did not do what he was told to do and what he represented that he would do.  In further response, during the course of the representation, upon information and belief, POM became aware that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients which POM now claims were adverse to its interests.

18.     Admitted in part.  Denied in part.  It is admitted that Eckert disclosed the potential conflict to Parx and that Parx consented to the conflict waiver.  It is denied that Eckert tried to hide anything from POM.  POM's characterizations of Eckert's actions are also denied.

5

JA436

19.     Denied. The allegations contained in paragraph 19 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

20.     Denied as stated. It is admitted only that Eckert billed POM from 2017 to January 2020 relating to legal services performed by Eckert on POM's behalf in Virginia.

21.     Admitted.

22.     Denied. The allegations contained in paragraph 22 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, it is admitted only that, during the course of the representation, POM provided information to Eckert some of which POM may have considered proprietary and confidential, and that there were confidential and privileged communications between POM and the Eckert attorneys representing POM concerning legal strategies for the representational work in Virginia.

23.     Denied as stated. The allegations contained in paragraph 23 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, Eckert admits that the attorneys who were representing POM participated in conferences with POM representatives concerning matters relating to POM's games in Virginia. Eckert denies that it was involved in activities relating to POM's business in Pennsylvania and denies that it was "intimately involved in POM's affairs" except with respect to Virginia matters that POM asked Eckert to undertake.

6

24.     Denied as stated.  It is admitted only that Eckert's former representation of POM included some of the activities described in paragraph 24, which were limited to matters concerning POM's business activities in Virginia.

25.      Denied as stated.  The allegations contained in paragraph 25 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves. By way of further response, during the period of Eckert's representation of POM in Virginia, there were significant differences in the laws and regulations on gambling and gaming in Virginia as compared to Pennsylvania.

26.     Denied.  The allegations contained in paragraph 26 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to what POM believed.

27.     Denied.  The allegations contained in paragraph 27 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

28.     Denied.  The allegations contained in paragraph 28 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

7

29.     Denied.  The allegations contained in paragraph 29 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

30.     Denied.  The allegations contained in paragraph 30 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

31.     Denied.  The allegations contained in paragraph 31 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to what POM alleges.

32.     Denied.  The allegations contained in paragraph 32 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

33.     Denied.  The allegations contained in paragraph 33 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  Such allegations are further denied on the grounds that they purport to characterize unnamed documents produced in discovery which, as written documents, speak for themselves.

34.     Denied.  The allegations contained in paragraph 34 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  Such

8

JA439

allegations are further denied on the grounds that they purport to characterize unnamed documents produced in discovery which, as written documents, speak for themselves.

35.     Denied.  The allegations contained in paragraph 35 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

36.     Denied.  The allegations contained in paragraph 36 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

37.     Denied.  The allegations contained in paragraph 37 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

38.     Denied.  The allegations contained in paragraph 38 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

39.     Denied.  The allegations contained in paragraph 39 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the June 14, 2019 e-mail which, as a written document, speaks for itself.

40.     Denied.  The allegations contained in paragraph 40 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

41.     Denied.  The allegations contained in paragraph 41 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the March 7, 2018 communication which, as a written document, speaks for itself.

42.      Denied.  The allegations contained in paragraph 42 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

43.      Denied.  The allegations contained in paragraph 43 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

44.      Denied.  The allegations contained in paragraph 44 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

45.      Denied.  The allegations contained in paragraph 45 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the July 31, 2019 e-mail which, as a written document, speaks for itself.

46.      Denied.  The allegations contained in paragraph 46 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the July 31, 2019 e-mail which, as a written document, speaks for itself.

47.      Denied.  The allegations contained in paragraph 47 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the July 31, 2019 e-mail which, as a written document, speaks for itself.

48.      Denied.  The allegations contained in paragraph 48 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the July 31, 2019 e-mail which, as a written document, speaks for itself.

49.     Denied.  The allegations contained in paragraph 49 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the July 31, 2019 e-mail which, as a written document, speaks for itself.

50.     Denied.  The allegations contained in paragraph 50 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

51.     Denied.  The allegations contained in paragraph 51 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  Such allegations are further denied on the grounds that they purport to characterize unnamed documents produced in discovery which, as written documents, speak for themselves.

52.     Denied.  The allegations contained in paragraph 52 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  Such allegations are further denied on the grounds that they purport to characterize unnamed documents produced in discovery which, as written documents, speak for themselves.

53.     Denied.  The allegations contained in paragraph 53 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

54.     Denied.  The allegations contained in paragraph 54 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

11

JA442

55.     Denied.  The allegations contained in paragraph 55 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

56.     Denied.  The allegations contained in paragraph 56 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that Eckert is without knowledge or information sufficient to form a belief as to what POM alleges.

57.     Denied as stated.  It is admitted that POM demanded that Eckert withdraw from its representation of Parx Casino and other Pennsylvania casino clients.  By way of further response, after POM raised questions about Eckert's work for Pennsylvania casino clients in the fall of 2019, Eckert asked POM multiple times to reaffirm its conflict waiver in the 2016 Engagement Letter that it had agreed to and executed.  POM ignored those requests.  As such, in January 2020, Eckert advised POM that it felt it was best to terminate the relationship.  POM did not disagree and directed Eckert to transfer its matters to other counsel, which Eckert did promptly and professionally.

58.     Denied as stated. POM demanded that Eckert withdraw from its representation of Parx Casino and other Pennsylvania casino clients.  By way of further response, after POM raised questions about Eckert's work for Pennsylvania casino clients in the fall of 2019, Eckert asked POM multiple times to reaffirm its conflict waiver in the 2016 Engagement Letter that it had agreed to and executed.  POM ignored those requests.  As such, in January 2020, Eckert advised POM that it felt it was best to terminate the relationship.  POM did not disagree and

12

JA443

directed Eckert to transfer its matters to other counsel, which Eckert did promptly and professionally.

59.     Denied. The allegations contained in paragraph 59 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

60.     Admitted.

61.     Admitted.

62.     Denied. The allegations contained in paragraph 62 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

63.     Denied. The allegations contained in paragraph 63 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

64.     Denied. The allegations contained in paragraph 64 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the November 16, 2021 Memorandum of Judge Saporito which, as a written document, speaks for itself.

65.     Denied. The allegations contained in paragraph 65 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

66.     Denied. The allegations contained in paragraph 66 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

13

JA444

67.      Denied.  The allegations contained in paragraph 67 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

68.      Denied.  The allegations contained in paragraph 68 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the December 17, 2019 e-mail which, as a written document, speaks for itself.

69.      Denied.  The allegations contained in paragraph 69 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the December 13, 2019 e-mail which, as a written document, speaks for itself.

70.      Denied.  The allegations contained in paragraph 70 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

71.      Denied.  The allegations contained in paragraph 71 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

72.      Admitted.

73.      Admitted.

74.      Admitted.

75.      Denied.  The allegations contained in paragraph 75 of POM's Second Amended Complaint are denied on the grounds that they purport to characterize the November 16, 2021 Memorandum of Judge Saporito which, as a written document, speaks for itself.

14

JA445

76.     Denied.  The allegations contained in paragraph 76 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

77.     Denied.  The allegations contained in paragraph 77 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert's work for Parx Casino or other gaming clients in Pennsylvania proceeded under the written advance conflict waiver from POM and with the belief that Lisk had confirmed that POM agreed to the representational limitations summarized in the responses herein.  Nor was Eckert's advocacy for its Pennsylvania casino clients "secret."  For example, Eckert attorneys participated in Pennsylvania legislative hearings on behalf of such clients to oppose gaming expansion (including "skill games"), at which senior POM representatives also attended to present POM's arguments.

78.     Denied.  The allegations contained in paragraph 78 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated.  Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves.  By way of further response, POM is not a party to the Bucks County action, and Eckert is no longer counsel in that action.  In addition, there are vast differences between the legal framework of gambling and gaming in Virginia as compared to Pennsylvania.

79.     Denied.  The allegations contained in paragraph 79 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal

15

JA446

Rules of Civil Procedure. To the extent that such allegations are factual, they are denied as stated. Such allegations are further denied on the grounds that they purport to characterize arguments and submissions to the court which, as written documents, speak for themselves.

80. Denied. The allegations contained in paragraph 80 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

81. Denied. The allegations contained in paragraph 81 of POM's Second Amended Complaint – to the extent that they refer to and rely upon the allegations in paragraph 80 – are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

82. Denied. The allegations contained in paragraph 82 of POM's Second Amended Complaint – to the extent that they refer to and rely upon the allegations in paragraph 80 – are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

83. Denied. The allegations contained in paragraph 83 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

84. Denied. The allegations contained in paragraph 84 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, POM has admitted that no conduct on Eckert's part has destroyed POM's business or threatened POM's existence.

16

JA447

85. Denied. The allegations contained in paragraph 85 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

86. It is admitted only that paragraph 86 quotes a portion of Pennsylvania Rule of Professional Conduct 1.7.

87. It is admitted only that paragraph 87 quotes a portion of Pennsylvania Rule of Professional Conduct 1.9.

88. It is admitted only that paragraph 88 quotes a portion of Pennsylvania Rule of Professional Conduct 1.10.

89. Denied. The allegations contained in paragraph 89 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

90. Denied. The allegations contained in paragraph 90 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, and as POM is aware, Eckert appropriately screened the attorneys representing its gaming clients in Pennsylvania from the attorneys representing POM in Virginia.

91. Admitted in part. Denied in part. It is admitted only that POM confronted Eckert about its representation of Parx Casino in Pennsylvania. The remaining factual allegations contained in paragraph 91 of POM's Second Amended Complaint are denied. By way of further response, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

17

JA448

92.     Denied.  The allegations contained in paragraph 92 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  By way of further response, Eckert did not drop POM like a "hot potato"; instead, POM forced Eckert to terminate its representation of POM in Virginia because POM refused to acknowledge its prior waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

93.     Admitted in part.  Denied in part.  It is admitted only that Eckert hosted a gaming industry meeting and legislative reception in Harrisburg on February 4, 2020 in which potential legislation to oppose gaming expansion was discussed.  The remaining allegations contained in paragraph 93 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

94.     Denied.  The allegations contained in paragraph 94 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that such allegations are factual, they are denied.

95.     Denied.  The allegations contained in paragraph 95 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied on the grounds that they purport to characterize Mr. Coon's January 17, 2020 letter, which, as a written document, speaks for itself.

96.     Denied.  The allegations contained in paragraph 96 of POM's Amended Complaint are denied as legal conclusions to which no response is required under the Federal

18

Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. By way of further response, the Court dismissed POM's prior fraud claim based upon this allegation.

97. Denied. The allegations contained in paragraph 97 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

98. Denied. The allegations contained in paragraph 98 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

99. Denied. The allegations contained in paragraph 99 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

100. Denied. The allegations contained in paragraph 100 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

101. Denied. The allegations contained in paragraph 101 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

102. Denied. The allegations contained in paragraph 102 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

103. Denied. The allegations contained in paragraph 103 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

19

JA450

## COUNT I
## CLAIM FOR DECLARATORY JUDGMENT

104.    Eckert incorporates by reference its responses to paragraphs 1-103 of POM's Second Amended Complaint as if the same were set forth in full herein.

105-111.    Denied.  The allegations contained in paragraphs 105-111 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.  To the extent that these paragraphs contain factual allegations, they are denied.  Such allegations are also redundant of the claim asserted by POM in Count II for breach of fiduciary duty.  By way of further response, the Court dismissed the majority of the declaratory relief claim contained in Count I of POM's Amended Complaint by Order and Memorandum dated March 31, 2022.  To the extent that any actual allegations or claimed relief in Count I remains consistent with the Court's March 31, 2022 Order and Memorandum, such claims and relief have been mooted entirely by the Stipulated Order dated January 27, 2022.

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and against plaintiff, Pace-O-Matic, Inc., on Count I of its Second Amended Complaint and award defendants their reasonable costs and attorneys' fees.

## COUNT II
## CLAIM FOR BREACH OF FIDUCIARY DUTY

112.    Eckert incorporates by reference its responses to paragraphs 1-111 of POM's Second Amended Complaint as if the same were set forth in full herein.

20

JA451

113.    Denied.  The allegations contained in paragraph 113 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

114.    Denied.  The allegations contained in paragraph 114 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

115.    Denied.  The allegations contained in paragraph 115 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

116.    Denied.  The allegations contained in paragraph 116 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

117.    Denied.  The allegations contained in paragraph 117 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

118.    Denied.  The allegations contained in paragraph 118 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

119.    Denied.  The allegations contained in paragraph 119 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

21

120.    Denied.  The allegations contained in paragraph 120 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and against plaintiff, Pace-O-Matic, Inc., on Count II of its Second Amended Complaint and award defendants their reasonable costs and attorneys' fees.

### COUNT III
### CLAIM FOR FRAUD

121.    Eckert incorporates by reference its responses to paragraphs 1-120 of POM's Second Amended Complaint as if the same were set forth in full herein.

122.    Denied.  The allegations contained in paragraph 122 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied. Further, when the potential engagement arose, Lisk, formerly of Eckert, was specifically told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver. Lisk did not advise Eckert management or the other Eckert attorneys that he had not followed through on what he was specifically told to do with respect to the conflict waiver.  Further, at the time that Eckert undertook the representation of POM in Virginia, there was no adverse legislative action or potential litigation against POM on behalf of Parx Casino or any other

22

JA453

casino.  Moreover, if POM was not so advised of the potential conflict, as it claims here, it is because Lisk did not do what he was told to do and what he represented that he would do.  In further response, during the course of the representation, upon information and belief, POM became aware that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients which POM now claims were adverse to its interests.

123.    Denied.  The allegations contained in paragraph 123 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.  Further, when the potential engagement arose, Lisk, formerly of Eckert, was specifically told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver.  Lisk did not advise Eckert management or the other Eckert attorneys that he had not followed through on what he was specifically told to do with respect to the conflict waiver.  Further, at the time that Eckert undertook the representation of POM in Virginia, there was no adverse legislative action or potential litigation against POM on behalf of Parx Casino or any other casino.  Moreover, if POM was not so advised of the potential conflict, as it claims here, it is because Lisk did not do what he was told to do and what he represented that he would do.  In further response, during the course of the representation, upon information and belief, POM became aware that Eckert attorneys in Pennsylvania were advocating legislative and legal positions for Eckert's casino clients which POM now claims were adverse to its interests.

23

JA454

Finally, POM has admitted that no conduct on Eckert's part has destroyed POM's business or threatened POM's existence.

124. Denied. The allegations contained in paragraph 124 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

125. Denied. The allegations contained in paragraph 125 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure.

126. Denied. The allegations contained in paragraph 126 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

127. Denied. The allegations contained in paragraph 127 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

128. Denied. The allegations contained in paragraph 128 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

129. Denied. The allegations contained in paragraph 129 of POM's Second Amended Complaint are denied as legal conclusions to which no response is required under the Federal Rules of Civil Procedure. To the extent that such allegations are factual, they are denied.

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and

JA455

against plaintiff, Pace-O-Matic, Inc., on Count III of its Second Amended Complaint and award defendants their reasonable costs and attorneys' fees.

## COUNT IV
## CLAIM FOR ABUSE OF PROCESS

130. Eckert incorporates by reference its responses to paragraphs 1-129 of POM's Second Amended Complaint as if the same were set forth in full herein.

131-135. The Court dismissed the entirety of the abuse of process claim contained in Count IV of POM's Second Amended Complaint by Order and Memorandum dated June 12, 2023. Despite being given further leave to amend, POM failed to further amend to state any claim for abuse of process.

### DEFENSES

By way of further response to the allegations asserted, Eckert hereby asserts the following defenses to the claims asserted in the Second Amended Complaint:

### First Defense

POM's Second Amended Complaint fails to state a claim against Eckert upon which relief may be granted.

### Second Defense

POM's Second Amended Complaint fails to state a claim for breach of fiduciary duty or fraud.

### Third Defense

POM's Second Amended Complaint fails to state a claim for declaratory relief as such a request for relief has been dismissed by the Court or is now moot.

25

JA456

### Fourth Defense

POM's claims are barred, in whole or in part, by the doctrine of laches.

### Fifth Defense

POM's claims are barred by the doctrines of waiver and/or estoppel.

### Sixth Defense

POM's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Seventh Defense

POM has suffered no damages, including any purported lost profits or reduced revenues as a result of any alleged conduct on the part of Eckert. POM has admitted that no conduct on Eckert's part has destroyed POM's business or threatened POM's existence.

### Eighth Defense

Eckert did not cause any damages that POM allegedly sustained, including any alleged attorneys' fees initiated by POM prosecuting its own cases.

### Ninth Defense

POM's damages, in whole or in part, were caused by its own actions or inactions.

### Tenth Defense

POM is not entitled to any disgorgement of legal fees for work performed by Eckert.

### Eleventh Defense

POM is not entitled to punitive damages.

### Twelfth Defense

Eckert took no actions intentionally or recklessly to harm POM.

JA457

**Thirteenth Defense**

When POM approached Eckert about representing POM in Virginia, Eckert advised POM of its representation of other gaming clients in Pennsylvania, and POM consented to Eckert's representation of POM in Virginia knowing that Eckert represented other gaming clients in Pennsylvania.

**Fourteenth Defense**

Eckert advised POM of Eckert's prior representation of other gaming clients in Pennsylvania, and Eckert undertook its representation of POM in Virginia subject to that disclosure and POM's written advance waiver of any potential conflict in that regard.

**Fifteenth Defense**

Thomas Lisk, formerly of Eckert, was told to advise POM and confirm that: (1) Eckert represented gaming clients in Pennsylvania; (2) Eckert would continue to represent gaming clients in Pennsylvania; (3) Eckert would not represent POM in Pennsylvania; (4) Eckert could be adverse to POM in Pennsylvania; and (5) there was a potential positional conflict with respect to Eckert's representation of gaming clients in Pennsylvania and Eckert's representation of POM in Virginia that required a possible waiver. Lisk was advised and understood that this was a precondition to Eckert undertaking the representation of POM.

**Sixteenth Defense**

Eckert appropriately limited the scope of its representation of POM to legal issues concerning the sale of its products in Virginia.

**Seventeenth Defense**

Eckert believed that it had an appropriate advance conflict waiver and a fully informed limitation on its representation of POM.

27

JA458

**Eighteenth Defense**

Eckert voluntarily undertook actions to remedy the failure of one of its attorneys to obtain a fully informed potential conflict waiver.

**Nineteenth Defense**

Eckert screened the attorneys representing POM in Virginia from the attorneys representing its gaming clients in Pennsylvania.

**Twentieth Defense**

Eckert has withdrawn as counsel in any matter related to POM and has agreed not to be involved any further in matters where POM's interests are adverse.

**Twenty-First Defense**

Eckert did not breach its duty of confidentiality to POM. Indeed, after more than three years of litigation, there is not a scintilla of evidence that any confidential information of POM's was shared with Eckert attorneys representing the Pennsylvania gaming clients, or with the gaming clients themselves, or anyone else.

**Twenty-Second Defense**

Eckert did not breach its duty of loyalty to POM.

**Twenty-Third Defense**

The Rules of Professional Conduct do not provide a basis for a civil action.

**Twenty-Fourth Defense**

A purported violation of a Rule of Professional Conduct does not create a cause of action against an attorney.

28

JA459

### Twenty-Fifth Defense

A purported violation of a Rule of Professional Conduct does not create a presumption that an attorney has breached his/her legal duty.

### Twenty-Sixth Defense

Positional conflicts do not create conflicts of interest as contemplated by the Rules of Professional Conduct.

### Twenty-Seventh Defense

POM left Eckert with no alternative but to terminate its representation of POM in Virginia because POM refused to acknowledge its prior written waiver of any potential conflict and demanded that Eckert limit and/or withdraw from its attorney-client relationship with a prior existing client.

### Twenty-Eighth Defense

The "hot potato" rule is inapplicable here.

### Twenty-Ninth Defense

POM upon information and belief was aware of Eckert's representation of Parx Casino in Pennsylvania and its involvement in legislative and other related matters on Parx Casino's behalf at the time that it sought representation from Eckert.

### Thirtieth Defense

POM has not acted in good faith in prosecuting its claims against Eckert and/or in seeking discovery and information for use in other pending actions in different courts.

JA460

WHEREFORE, defendants, Eckert Seamans Cherin & Mellott, LLC, Mark S. Stewart and Kevin M. Skjoldal, respectfully request that this Court enter judgment in their favor and against plaintiff, Pace-O-Matic, Inc., on all claims contained in its Second Amended Complaint and award defendants their reasonable costs and attorneys' fees.

 

ROBERT S. TINTNER, ESQUIRE (No. 73865)
PETER C. BUCKLEY, ESQUIRE (No. 92313)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3291
(215) 299-2766/2854 (telephone)
(215) 299-2150 (facsimile)
rtintner@foxrothschild.com
pbuckley@foxrothschild.com

**Counsel for Defendants,**
**ECKERT SEAMANS CHERIN & MELLOTT, LLC,**
**MARK S. STEWART and KEVIN M. SKJOLDAL**

Date:   July 26, 2023

30

JA461

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| PACE-O-MATIC, INC., | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Docket No. 1:20-cv-00292 |
| | : | |
| ECKERT SEAMANS CHERIN & MELLOTT, | : | (Judge Jennifer P. Wilson) |
| LLC, MARK S. STEWART, KEVIN M. | : | |
| SKJOLDAL, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Robert S. Tintner, Esquire, hereby certify that, on this 26th day of July, 2023, I served a true and correct copy of the foregoing Answer with Defenses to the Second Amended Complaint, via ECF, upon all counsel of record.

_____
ROBERT S. TINTNER, ESQUIRE

JA462

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PACE-O-MATIC, INC.,     :   Civil No. 1:20-CV-00292

             :

   Plaintiff,        :

             :

   v.           :

             :

ECKERT, SEAMANS, CHERIN &   :

MELLOTT, LLC., *et al.*,     :

             :

   Defendants.      :   Judge Jennifer P. Wilson

## ORDER

 **AND NOW**, on this 8th day of June 2023, the court having reviewed

Plaintiff's motion to file documents under seal, Doc. 294; the submissions of the

parties regarding their discovery dispute, Doc. 295; and Defendants' letter dated

June 6, 2023, **IT IS ORDERED THAT**:

 1) The court **GRANTS** Plaintiff's motion to file documents under seal.

  (Doc. 294.)

 2) The court **GRANTS** Plaintiff's request for *in camera* review as

  described in its letter dated May 25, 2023.  (Doc. 295.)  Accordingly,

  by **June 15, 2023**, Defendants **SHALL** submit to the court for *in*

  *camera* review the following categories of documents as outlined in

  Plaintiff's letter: (1) communications regarding skill games in

  Virginia, (2) communications that relate predominantly to legislative

JA463

or lobbying strategy, and (3) communications regarding Pennsylvania Gaming Control Board grant applications.

3) Plaintiff **SHALL** file a reply letter responding to Defendants' arguments on the remaining issues in dispute by **June 15, 2023**.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PACE-O-MATIC, INC.,     :    Civil No. 1:20-CV-00292

  Plaintiff,      :

            :

  v.         :

            :

ECKERT, SEAMANS, CHERIN &  :
MELLOTT, LLC., *et al.*,    :

            :

  Defendants.     :    Judge Jennifer P. Wilson

## **ORDER**

**AND NOW**, on this 28th day of June, 2023, following a review of Plaintiff's

letter regarding a discovery dispute, *see* Doc. 295, and the court's June 26, 2023

order resolving this dispute in part, Doc. 311, **IT IS ORDERED THAT** the

remaining aspects of this dispute are referred to United States Magistrate Judge

Joseph F. Saporito for resolution.

         s/Jennifer P. Wilson
         JENNIFER P. WILSON
         United States District Judge
         Middle District of Pennsylvania

1

JA465

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2025, I caused a copy of the foregoing to be served via ECF on the following counsel of record:

Robert S. Tintner, Esq.
Peter C. Buckley, Esq.
Fox Rothschild LLP
2001 Market St., Suite 1700
Philadelphia, PA 19103
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
*Counsel for Mark S. Stewart, Kevin M. Skjoldal, and Eckert, Seamans, Cherin & Mellot, LLC*

George W. Westervelt, Jr., Esq.
706 Monroe St
P.O. Box 549
Stroudsburg, PA 18360-0549
geowwest@ptd.net
*Counsel for Pace-O-Matic, Inc.*

Omobolanle A. Adeniran, Esq.
Michael Nolan, Esq.
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
bola.adeniran@huschblackwell.com
michael.nolan@huschblackwell.com
*Counsel for Pace-O-Matic, Inc.*

Michael Martinich-Sauter, Esq.
James Otis Law Group LLC
530 Maryville Centre Dr., Suite 230
St. Louis, Missouri 63141
(314) 949-3018
Michael.martinich-sauter@james-otis.com
*Counsel for Pace-O-Matic, Inc.*

Jeffrey Jensen
TORRIDON LAW PLLC
801 17th Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900 (Telephone)
jjensen@torridonlaw.com

/s George A. Bibikos

George A. Bibikos
