

# GA BIBIKOS LLC
relentless. advocacy. period.

**VIA ECF**

George A. Bibikos
(717) 580-5305
gbibikos@gabibikos.com
www.gabibikos.com

Patricia S. Dodszuweit, Esq.
Clerk of Court
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

June 2, 2025

Re:    *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot LLC et al.*, Appeal of *Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*, Consolidated Docket Nos. 24-1984

Dear Ms. Dodszuweit:

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), writes in response both to (a) the Court's order deferring a ruling on a motion to maintain documents in Volume III of the Joint Appendix under seal filed jointly by Parx and the appellee, Pace-O-Matic Inc. ("POM"); and (b) POM's recent letter regarding the joint motion to maintain the documents under seal.

Parx will withdraw the sealed appendix because it is not necessary for resolution of the narrow third-party privilege issue on appeal, and it will avoid further and unnecessary disputes before this Court over maintaining confidential documents of limited utility under seal.

The Court may benefit from a brief summary of the events leading up to the joint motion to file Volume III under seal. As required by FRAP 30, Parx designated contents of the joint appendix and provided its proposal to POM for review and input. In response, POM asked Parx to include a variety of matters that Parx believes are unnecessary both for purposes of an appendix and (more importantly) the Court's resolution of the narrow third-party privilege issue on appeal, including several letters and attachments filed by POM under seal in the district court as part of its discovery dispute with the defendant below ("Eckert") that (without Parx's participation) led to an adverse privilege ruling at issue here that affects Parx as the privilege-holder.

Parx and POM conferred, and POM agreed to withdraw its request to include a number of unnecessary documents in the appendix. However, POM insisted on including materials that now comprise Volume III. As a compromise, Parx agreed to include the materials (despite its position that they are unnecessary and it would create an unnecessary burden regarding sealing motions and the like). In turn, POM agreed to prepare a joint motion to file Volume III of the Joint Appendix under seal per CA3 L.R. 30.3(b) and to incur the costs of preparation and delivery of Volume III to the Court.

The Court issued its order requesting that "the parties" (not just Parx) submit additional justification beyond the requirements of L.R. 30.3(b) to maintain the documents under seal, to which POM purported to respond by letter. In its letter, POM now states (among other things):

> Apart from Local Rule 30.3(b), POM does not contend that there is a basis for sealing the materials contained in Volume III.



**GA BIBIKOS LLC**
relentless. advocacy. period.

This is inconsistent with the documents filed by POM and signed by its various lawyers both before the district court and this Court.

To illustrate, POM moved to file the documents that are now included in Volume III under seal and its lawyers signed that motion. *See* D.C. ECF 294. That motion is a representation by POM to the district court signed by counsel that documents designated as confidential should be filed under seal per the district court's protective order. POM has not moved to de-designate the documents, nor has the district court granted any such motion.

POM also prepared and signed the joint motion which Parx e-filed in this Court. *See* CA3 ECF. That joint motion is a representation by POM to this Court signed by counsel that the documents should be filed under seal.

POM's letter creates a conundrum. POM now suggests that there is no basis to maintain confidential documents under seal here, yet POM argues that the Court must have them because they are "motions" that are somehow "of core relevance" to this Court's review of the narrow privilege issue.

Parx is compelled to respond. First, whether POM disagrees with the basis for designating them as confidential is now irrelevant because it has twice filed motions submitting these documents under seal. Unless the district court de-designates the documents included in Volume III, they are not subject to public consumption.

Second, the documents in Volume III are not "motions" that are of "core relevance" to this appeal. As a threshold matter, despite POM's suggestion otherwise, the actual orders on appeal are in the public volumes of the appendix and accessible to the Court.

Beyond that, in the district court, Judge Wilson has a preference (available [here](#)) that parties bring discovery disputes to her attention by informal letter briefs.

As the Court is aware, Rule 30 provides that briefs should not be included in an appendix unless they have independent significance. Volume III includes POM's letter briefs and attachments initiating a discovery dispute with Eckert along with Eckert's response. Those letter briefs contain legal arguments that POM is free to make in its opposition brief before this Court. They have no independent significance. (Incidentally, that is the position that Parx took with POM at the outset regarding the sealed appendix before reaching a compromise).

The attachments, moreover, can be identified and explained generally in the briefing. Indeed, except for a handful of perfunctory references to the sealed volume regarding the procedural posture of the case and a generic description of one attachment, Parx did not rely on these materials for purposes of the merits of its appeal.

Rather than burden the Court with more squabbles over thorny sealing issues associated with an immaterial portion of a joint appendix, Parx will withdraw the joint motion and Volume III of the Joint Appendix (Sealed) without prejudice to re-file if the Court ultimately believes these materials are necessary for its review of the issues after receiving full briefing and directs the appellate parties to do so.

If, after reviewing the withdrawal and the correspondence, the Court should require anything further regarding this ancillary matter, Parx will certainly oblige.

Very truly yours,

**GA BIBIKOS LLC**

George A. Bibikos

+lawyer | innovations
rethink everything.