**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

CASE NO. 24-1984

**PACE-O-MATIC, INC.,**

*Plaintiff-Appellee*,

v.

**ECKERT SEAMANS CHERIN & MELLOTT, LLC, ET AL.,**

*Defendants*,

and

**GREENWOOD GAMING & ENTERTAINMENT, INC.,**

*Appellant*.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
Case No. 1:20-cv-00292

**APPELLEE'S MOTION FOR LEAVE TO SUPPLEMENT THE APPENDIX
AND FOR LEAVE TO FILE PROVISIONALLY UNDER SEAL**

**JAMES OTIS LAW GROUP LLC**
Michael Martinich-Sauter
530 Maryville Centre Dr., Suite 230
St. Louis, Missouri 63141
(314) 949-3018
michael.martinich-sauter@james-otis.com

*Additional counsel listed in signature block*

Appellee Pace-O-Matic, Inc. ("POM") finds itself in an unusual position. More than six weeks ago, the parties to this appeal agreed on the contents of the Joint Appendix. A month ago, Appellant Greenwood Gaming & Entertainment ("Parx") filed the Joint Appendix with the Court, including Volume III of the Appendix. But two days ago—two days before POM's merits brief was due—Parx purported to unilaterally withdraw Volume III of the Joint Appendix. Parx's purported withdrawal violates Federal Rule of Appellate Procedure 30(b)(1),[1] and it would deprive the Court of ready access to materials of core relevance to this appeal. POM respectfully seeks leave to refile Volume III of the Appendix, which would restore the contents of the Appendix to those agreed to by the parties and which would bring the Appendix back into compliance with Rule 30. Parx opposes this request.

## BACKGROUND

This interlocutory appeal arises from a lawsuit filed by POM against a law firm that previously represented POM, Eckert Seamans Cherin & Mellott ("Eckert"). While the full background of the dispute is complex, the essence of the dispute can be distilled rather simply: POM contends that Eckert breached its fiduciary duties owed to POM by representing other clients—including Parx—in matters that were

---

[1] No provision of law authorizes an appellant to unilaterally withdraw any portion of an already filed Joint Appendix. Thus, it is not clear that Parx's purported withdrawal had any legal effect. If the Court determines that Parx's purported withdrawal was ineffectual and that Volume III remains part of the Appendix, then POM respectfully requests that the Court deny this Motion as moot.

adverse to POM's interests. *See generally* JA396-430 (operative complaint). As part of the underlying litigation, POM filed a letter motion[2] seeking to compel production of 120 documents that Eckert had withheld based on assertions of attorney-client privilege. POM filed nine exhibits to the letter motion, providing evidentiary support to POM's contention that the documents at issue are not privileged. For several of those evidentiary exhibits, the nature and context of the exhibit may not be entirely clear from the face of the document, but the letter motion places the documents in context. For many (but not all) of the documents at issue in the discovery letter, Parx was the purported privilege holder.

POM sought leave to file its discovery letter, along with the supporting exhibits, under seal in the District Court. This was ***not*** because POM believes that the documents contain any genuinely confidential information. However, the letter motion and its exhibits contain information and documents that ***Eckert*** had designated as "Confidential" under the District Court's protective order. As POM made clear to the District Court, it was seeking to file these materials under seal because Eckert had designated them as "Confidential" under the protective order.

---

[2] The District Court's chambers rules require that discovery disputes be submitted via "a letter to the Court (via CM/ECF)," as opposed to a formal motion. *See* https://www.pamd.uscourts.gov/content/judge-jennifer-p-wilson.

2

With one exception,[3] the District Court ordered the letter motion and its exhibits to be filed under seal, and they remain sealed on the District Court docket to this day.

The District Judge referred POM's discovery letter to a Magistrate Judge. The Magistrate Judge reviewed all of the documents at issue *in camera*. After that careful document-by-document review, the Magistrate Judge issued a 97-page Memorandum finding that 116 of the documents should be produced in their entirety, three should be produced with redactions, and one should be withheld entirely. JA061-157. On review, the District Judge upheld the Magistrate Judge's order in all respects except as to limited passages in four documents. JA006-029. Parx filed this interlocutory appeal in an effort to challenge the District Judge's and Magistrate Judge's orders.

In April, counsel for POM and counsel for Parx conferred about the contents of the Joint Appendix, consistent with the process set forth in Federal Rule of Appellate Procedure 30(b)(1). Pursuant to Rule 30(b)(1), POM designated its discovery letter and certain exhibits to the letter for inclusion in the Joint Appendix. Parx agreed to include those materials in the Joint Appendix. Because the letter and its exhibits are under seal on the District Court docket, POM and Parx segregated these materials into a separate volume of the Appendix—Volume III—and sought

---

[3] The Court ordered that there was no basis for one of the exhibits to be sealed. *See* District Court Docket #311. That exhibit is contained in the public Appendix. *See* JA277-392.

leave to file those materials under seal with this Court. Docket No. 31. In POM's view, the basis for that request was Third Circuit Local Rule 30.3(b).[4] *See id.* Parx filed Volume III of the Appendix with the Court on May 5, 2025. Docket No. 30.

On May 28, 2025, the Court issued an order directing that the parties must make an additional showing that each document in Volume III warrants sealing under the standard set out in *In re Cendent Corp.*, 260 F.3d 183 (3d Cir. 2001). Docket No. 36. In response to the May 28 Order, POM submitted a letter making clear that the only basis POM is aware of for sealing Volume III is L.A.R. 30.3(b). Docket No. 37.[5] However, POM also made clear that it did not oppose sealing if some other person—Parx, Eckert, or otherwise—wished to make a further showing that the documents at issue warranted sealing. *Id.*

Parx did not attempt to show that any portion of Volume III implicates genuine confidentiality interests. Instead, Parx purported to unilaterally withdraw Volume III

---

[4] L.A.R. 30.3(b) provides that "[r]ecords sealed in the district court and not unsealed by order of the court must not be included in the paper appendix. Paper copies of sealed documents must be filed in a separate sealed envelope. When filed electronically, sealed documents must be filed as a separate docket entry as a sealed volume."

[5] Parx asserts that POM "now suggests that there is no basis for sealing" Volume III. Docket No. 38, at 2. That characterization is not quite accurate. POM previously contended, and still contends, that L.A.R. 30.3(b) provides a basis for sealing, at least provisionally until Eckert has had an opportunity to provide a factual basis for permanent sealing. However, POM is not aware of any basis *other than* L.A.R. 30.3(b) to seal Volume III. *See* Docket No. 37. POM has made clear that it does not oppose a request by any other person to show that there is a basis for sealing Volume III beyond L.A.R. 30.3(b). *Id.*

of the Appendix. Docket No. 38. Parx did this two days before POM's brief was due. POM's brief, filed contemporaneously with this Motion, cites and discusses the contents of Volume III.

Counsel for POM conferred by both telephone and email with counsel for Eckert regarding whether Eckert intends to make a showing that the contents of Volume III warrant sealing. Eckert describes its position as follows: "Eckert expects POM and all other parties to this appeal to comply with Third Circuit Rule 30.3(b) and with the Stipulated Confidentiality Agreement and Protective Order entered by District Judge Jennifer Wilson in the proceedings below, both of which require, in Eckert's view, that all materials in Volume III of the Joint Appendix be filed under seal and remain under seal.  Eckert intends to review POM's motion to file Volume III under seal and, thereafter, evaluate whether to submit its own filing further explaining why the materials in Volume III warrant sealing."

## ARGUMENT

POM makes two requests in this Motion. First, POM respectfully requests leave to supplement the Appendix by re-filing Volume III.[6] The Court has the

---

[6] POM is submitting Volume III as an exhibit to this Motion. The contents of this exhibit are identical to the originally filed version of Volume III, except that the cover has been replaced (to reflect that the document was filed by POM's counsel rather than Parx's) and the certificate of service has been updated. The page numbering and the substantive contents are the same as the originally filed version of Volume III, including the paper copies previously submitted to the Court.

authority to permit a party to supplement the Appendix. *See, e.g., Araoye v. City of Philadelphia*, No. 22-3199, 2023 WL 4077338, at *3 (3d Cir. June 20, 2023); *N'Jai v. EPA*, 705 F. App'x 126, 129 n.3 (3d Cir. 2017); *Romano v. Young*, 378 F. App'x 172, 174 n.4 (3d Cir. 2010). Here, several factors support POM's request.

As an initial matter, Federal Rule of Appellate Procedure 30(b)(1) mandates that the Joint Appendix must include the materials contained in Volume III. That Rule permits an appellee to designate "parts [of the district court record] to which it wishes to direct the court's attention." Fed. R. App. P. 30(b)(1). "The appellant ***must*** include the designated parts in the appendix." *Id.* (emphasis added). POM designated the contents of Volume III for inclusion in the Joint Appendix. Thus, Rule 30(b)(1) dictates that Parx "***must*** include [those materials] in the appendix." *Id.* (emphasis added). Rule 30(b)(1) does not give Parx veto power over the contents of the Joint Appendix, nor does it permit Parx unilaterally to condition inclusion of those materials in the Appendix on whether the Court ultimately permits them to be maintained under permanent seal.

Moreover, the contents of Volume III are directly relevant and responsive to arguments made by Parx in its opening brief. In particular, one of Parx's central arguments is that "POM did not submit any evidence to contradict Parx's evidence that the documents at issue contain confidential communications about legal

6

matters." Parx Brief 33.[7] The contents of Volume III directly undermine this claim—the contents of Volume III *are* evidence that contradicts Parx's evidence and *are* evidence that supports the lower court's careful factual findings. Thus, the materials are of core relevance to this appeal, as Parx has framed the issues. Parx cannot claim that POM failed to introduce evidence relevant to this discovery dispute, while simultaneously seeking to exclude the very evidence that undermines that contention.

For these reasons, POM respectfully requests leave to supplement the Appendix by re-filing Volume III of the Joint Appendix. This relief would restore the Appendix to the contents previously agreed to by the parties, would restore contents that Rule 30(b)(1) dictates must be included, and would restore the Court's ready access to evidence that is directly relevant to the resolution of this appeal.

POM makes a second request, as well. Pursuant to L.A.R. 30.3(b), POM respectfully requests leave to file Volume III provisionally under seal. POM understands that the Court's May 28 Order directs that L.A.R. 30.3(b) does not provide a sufficient basis for permanent sealing of these materials. However, POM is concerned that, if it were to file the contents of Volume III on the Court's public docket without an order authorizing it to do so, that public filing would violate the

---

[7] As discussed in POM's brief, this argument lacks merit for a number of reasons, in addition to the fundamental problem that the argument rests on a false factual premise.

plain text of L.A.R. 30.3(b), and it also arguably would constitute an unauthorized disclosure that would violate the District Court's protective order. To be clear, POM does not contend that there is any basis, apart from L.A.R. 30.3(b), to seal Volume III. It was Eckert—not POM—that designated the relevant materials as "Confidential" under the protective order. However, POM does not wish to violate either L.A.R. 30.3(b) or the District Court's protective order.

POM also wishes to be respectful of Eckert's confidentiality designations. POM understands that Eckert—which is a party to the District Court litigation but not this interlocutory appeal—may make a submission in an effort to show that there is a factual and legal basis for sealing the contents of Volume III. Filing Volume III provisionally under seal would give Eckert the opportunity to make such a submission, at which point the Court can assess whether Volume III should remain under seal or should be filed on the public docket. Presumably Eckert could have made such a submission regarding the original Volume III, had Parx not unilaterally withdrawn the document from the Court's docket. For these reasons, POM respectfully requests leave to file Volume III provisionally under seal, subject to a further determination whether Eckert's forthcoming submission has demonstrated a basis for permanent sealing of these materials.

## <u>CONCLUSION</u>

For the reasons stated above, POM respectfully requests leave to supplement the Appendix by refiling Volume III of the Joint Appendix. POM further seeks leave to file Volume III provisionally under seal, pursuant to L.A.R. 30.3(b).

Respectfully submitted,


*/s/ Michael Martinich-Sauter*
Michael Martinich-Sauter
JAMES OTIS LAW GROUP LLC
530 Maryville Centre Drive, Suite 230
St. Louis, Missouri 63141
(314) 949-3018 (Telephone)
michael.martinich-sauter@james-otis.com

Michael Nolan
Bola Adeniran
8001 Forsyth Blvd., Suite 1500
St. Louis, Missouri 63105
314-345-6464 (Telephone)
314-480-1505 (Facsimile)
Jeff.jensen@huschblackwell.com

Jeffrey B. Jensen
TORRIDON LAW PLLC
801 17th Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900 (Telephone)
jjensen@torridonlaw.com

George W. Westervelt, Jr.
Attorney ID No. 18195
706 Monroe Street, PO Box 549
Stroudsburg, Pennsylvania 18360
570-421-6100
geowwest@ptd.net

***Counsel for Appellee Pace-O-Matic, Inc.***

10

## CERTIFICATE OF COMPLIANCE

Pursuant to L.A.R. 28.3(d), I certify that I am a member of the Bar of this Court.

I certify that, based on the word-count feature of Microsoft Word, this brief contains 2,099 words, excluding the items enumerated in Federal Rule of Appellate Procedure 32(f).

I certify that on June 4, 2025, I caused the foregoing to be served on all counsel of record via the Court's electronic filing system.

I certify that I used McAfee virus detection software to scan this file, and no virus was detected.

*/s/ Michael Martinich-Sauter*