

# GA BIBIKOS LLC
relentless. advocacy. period.

**VIA ECF**

George A. Bibikos
(717) 580-5305
gbibikos@gabibikos.com
www.gabibikos.com

Patricia S. Dodszuweit, Esq.
Clerk of Court
Office of the Clerk
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

June 16, 2025

Re:     *Pace-O-Matic, Inc. v. Eckert Seamans Cherin & Mellot LLC et al.*, Appeal of *Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino*, Consolidated Docket Nos. 24-1984

Dear Ms. Dodszuweit:

Greenwood Gaming & Entertainment, d/b/a Parx Casino ("Parx"), writes to inform the Court of its position regarding a motion by the appellee, Pace-O-Matic Inc. ("POM") at ECF No.40 to supplement the Joint Appendix with Volume III and file it provisionally under seal.

The Court is by now familiar with this ancillary dispute over the contents of Volume III of the Joint Appendix. Parx will not repeat the history here except to refer the Court to ECF Nos. 31, 36-40.

It is Parx's understanding that Eckert Seamans Cherin & Mellot, LLC ("Eckert") will be filing a motion to maintain documents included in Volume III under seal.

Parx joins in Eckert's motion to maintain the documents in Volume III under seal. Parx also notes that POM specifically represented to the Court as follows: "***POM does not oppose the sealing of Volume III***." *See* ECF No. 37 (emphasis added). Consequently, both Eckert and Parx urge the Court to maintain Volume III under seal if the Court believes it is necessary for review, and POM (at a minimum) already represented to the Court that it does not oppose maintaining the seal.

As for POM's motion to supplement, Parx does not object if the Court wishes to reinstate Volume III as part of the Joint Appendix (whether that be Parx's version or POM's version as both include the same documents), ***but only if*** the Court maintains the contents under seal.

If the Court believes documents in Joint Appendix Volume III should not be maintained under seal, the Court should exclude Volume III altogether, delete ECF references, and remove paper copies from the Court's records. This approach honors the district court's authority over its own sealing orders that are not subject to this appeal and avoids the untenable situation in which an appellee asks to include confidential documents in a joint appendix while arguing that there is no basis for maintaining them under seal. As a practical matter, both Parx and POM only mention the documents in Volume III in several places for context and generally describe them without revealing confidential or privileged information. *See* ECF No. 28 at 19; ECF 42 at 6-7 and 41. In view of that, Parx maintains its position that the absence of these materials in the joint appendix will not impede the Court's review of the issues on appeal.



**GA BIBIKOS LLC**
relentless. advocacy. period.

Thank you for your consideration of this letter. Should the Court require anything further, please let me know.

Very truly yours,

**GA BIBIKOS LLC**

George A. Bibikos

c:      Counsel (via ECF)
        Client
        File