**U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 24-1984

PACE-O-MATIC, INC.

v.

ECKERT, SEAMANS CHERIN & MELLOTT LLC; MARK S. STEWART;
KEVIN M. SKJOLDAL

*GREENWOOD GAMING AND ENTERTAINMENT, INC.,
d/b/a Parx Casino,
Appellant

*(Pursuant to Fed. R. App. P. Rule 12(a))
_____

Appeal from
U.S. District Court for the Middle District of Pennsylvania
Judge Jennifer P. Wilson
No. 1:20-cv-00292

Submitted Under Third Circuit L.A.R. 34.1(a)
November 10, 2025

Before: RESTREPO, McKEE and AMBRO, *Circuit Judges*

Decided: February 12, 2026

_____

NONPRECEDENTIAL OPINION[1]

---

[1] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

RESTREPO, *Circuit Judge*.

## I.

This case involves a dispute between Appellee Pace-O-Matic, Inc. ("POM"), an electronic games manufacturer, and the law firm Eckert Seamans Cherin & Mellott LLC ("Eckert"). POM contends that while serving as counsel to POM, Eckert also represented POM's competitor Appellant Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx") without POM's knowledge. POM filed suit against Eckert, claiming breach of fiduciary duty, fraud, and abuse of process stemming from Eckert's representation of Parx, and seeking a declaratory judgment to prevent Eckert from representing interests adverse to POM. Parx is not a party to the underlying litigation.

During discovery, POM moved to compel the production of 120 documents that Eckert asserted were protected by the attorney-client privilege, belonging to Parx and other clients, and the work-product doctrine. After in camera review, the Magistrate Judge found that all but four documents were not privileged and should be produced in their entirety. Eckert and Parx appealed to the District Court, which largely upheld the Magistrate Judge's decision. Parx then filed a motion for reconsideration of the District Court's decision, or in the alternative, certification for immediate appeal under 28 U.S.C. § 1292(b), and filed the present appeal. The District Court denied the motion and stayed enforcement of the discovery order pending this appeal.

POM moved to dismiss this appeal for lack of appellate jurisdiction, and the parties briefed the issue. This Court referred the jurisdiction issue to the merits panel. Because

Parx has failed to establish jurisdiction, we will dismiss this appeal and decline to address the merits of Parx's appeal.

## II.

"We always have jurisdiction to determine our own jurisdiction." *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, 152 F.4th 507, 512 (3d Cir. 2025). With few exceptions, this Court has appellate jurisdiction only after a "final decision[] of the district court[]." 28 U.S.C. § 1291. For purposes of determining appellate jurisdiction, a final decision ends the litigation on the merits and "leaves nothing for the court to do but execute the judgment." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 249 (3d Cir. 2022) (quoting *Hall v. Hall*, 584 U.S. 59, 64 (2018)). A discovery order generally does not meet that requirement and is not immediately appealable. *In re Grand Jury Subpoena*, 745 F.3d 681, 686 (3d Cir. 2014). If a litigant seeks immediate review of a discovery ruling, they typically must defy the ruling, be held in contempt, and then appeal the contempt order, *id.*, or pursue a writ of mandamus, *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Neither scenario is present here.

Parx contends that its appeal is proper pursuant to *Perlman v. United States*, 247 U.S. 7 (1918). Under the *Perlman* doctrine, privilege holders can immediately appeal adverse disclosure orders directed to a "disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal." *In re Grand Jury*, 705 F.3d 133, 138 (3d Cir. 2012). Parx contends that *Perlman* applies because Parx is the privilege holder of the documents while Eckert—the subject of the

disclosure order—is a disinterested party controlling the documents. We disagree that Eckert is disinterested.

We have limited the *Perlman* exception to instances "where the subject of the discovery order (characteristically the custodian of documents) and the holder of a privilege are different, [because] the custodian might yield up the documents rather than face the hazards of contempt, and would thereby destroy the privilege." *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.9 (3d Cir. 2002) (quoting *In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998)). Conversely, *Perlman* will not apply where the custodian holds an interest in the privileged material such that it may risk contempt rather than disclose the records. *See id.* Thus, although the fact that a custodian is the privilege holder's attorney will not disqualify the custodian from being considered a disinterested third party, *Perlman* will bar an appeal where an attorney-custodian has their own incentives to resist disclosure. *Compare In re Grand Jury Subpoena*, 745 F.3d at 686 (considering privilege issue where the custodian, an attorney, was a disinterested third party), *with In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014) (refusing to find attorneys disinterested where they "are alleged to have committed greater misdeeds than any attributed to the clients"), *and In re Grand Jury Subpoena*, 190 F.3d 375, 385 (5th Cir. 1999) (rejecting *Perlman*'s application where the attorneys in possession of the documents were the target of the underlying action). Similarly, we have recognized that *Perlman* would not permit an appeal where the custodian "asserts its own interests in the work product," because it then has "the requisite incentives . . . to risk contempt." *Flat Glass*, 288 F.3d at 90 n.9 (quoting *In re Sealed Case*, 141 F.3d at 340); *see also Naranjo*, 768 F.3d at 345 (holding that *Perlman* did not apply

where attorney-custodians argued that the documents were protected work product because they "put their own interests in play, so it is reasonable to expect the [attorney-custodians] to defend them").

Here, Eckert is a defendant in the underlying lawsuit alleging that it, on behalf of Parx, improperly advocated to government actors for measures contrary to POM's interests. The documents at issue in the discovery dispute were responsive to a discovery request from POM relating to "Eckert's . . . impermissible actions against POM." ECF No. 5 at 4. Thus, if these documents are disclosed, Eckert may be exposed to increased liability in the litigation and potentially disciplinary consequences for violating the Rules of Professional Conduct. *See* Pa. R. P. C. 1.7 (prohibiting attorneys from representing clients presenting concurrent conflicts of interest). Eckert also asserted federal and state work-product privilege over the documents at issue. By raising its own work-product privilege, Eckert is not considered disinterested, and Parx may not appeal the discovery order under the *Perlman* doctrine.

Parx also contends that the collateral order doctrine permits this appeal because the discovery ruling implicates the privilege of a non-party, Parx. Under the collateral order doctrine, appellate jurisdiction extends to non-final orders that: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) are "effectively unreviewable on appeal from a final judgment." *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 835 (3d Cir. 2022). In *Mohawk Industries v. Carpenter*, the Supreme Court made clear that adverse attorney-client privilege rulings are not appealable under the collateral order doctrine. 558

U.S. 100, 103 (2009). Parx argues, however, that *Mohawk* does not "foreclose a non-party appeal of an adverse privilege ruling under the collateral-order doctrine." Reply Br. 18. But Parx provides no authority supporting the position that *Mohawk* distinguishes between appeals brought by parties and appeals brought by non-parties.

We are not compelled by Parx's argument that *Mohawk* does not apply to non-party appeals, and we find nothing in *Mohawk* to indicate this. In fact, our case law suggests otherwise, as we have applied *Mohawk* to bar third parties from immediately appealing privilege orders under the collateral order doctrine. *See United States v. Nocito*, 64 F.4th 76, 83 n.4. (3d Cir. 2023) (declining jurisdiction over interlocutory appeal brought by intervenors relating to return of privileged documents and noting that "the Supreme Court has held 'orders adverse to the attorney-client privilege' do not warrant immediate appeal under the collateral order doctrine'" (quoting *Mohawk*, 558 U.S. at 108–09)). We conclude that neither the *Perlman* doctrine nor the collateral order doctrine permit this appeal.

III.

For the above reasons, we will dismiss this appeal for lack of subject matter jurisdiction. We also grant POM's motion to supplement the appendix and Eckert's motion to seal the supplemental appendix. 3d Cir. L.A.R. 30.3(b) (2011).