# In the United States Court of Appeals for the Third Circuit

---

Docket No. 24-1984

---

## PACE-O-MATIC, INC.

*vs.*

## ECKERT, SEAMANS CHERIN & MELLOTT, LLC; MARK S. STEWART; KEVIN M. SKJOLDAL

## APPEAL OF GREENWOOD GAMING AND ENTERTAINMENT, INC., d/b/a PARX CASINO

---

*On direct appeal from an opinion and order of the United States District Court for the Middle District of Pennsylvania dated April 29, 2024, reconsideration denied July 3, 2024*

---

## PETITION FOR REHEARING OR REHEARING *EN BANC*

---

### GA BIBIKOS LLC

George A. Bibikos
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Greenwood Gaming & Entertainment, Inc.
d/b/a Parx Casino*

February 25, 2026

## TABLE OF CONTENTS

I.   INTRODUCTION ................................................................. 1

II.  BACKGROUND ................................................................. 2

III. ARGUMENT ..................................................................... 6

    A.   The panel's decision on *Perlman* conflicts with binding decisions of this Court and eight other circuits. .................... 7

    B.   The panel's decision on the collateral-order doctrine extends *Mohawk* beyond its terms and creates a split with the Fifth Circuit. ........................................................ 15

    C.   The interplay between privilege and immediate appeals to protect non-parties against adverse disclosure rulings is an exceptional issue of importance. ................................. 18

IV.  CONCLUSION .................................................................. 20

# TABLE OF AUTHORITIES

**Cases**

*BouSamra v. Excela Health*, 210 A.3d 967, 985 (Pa. 2019)....................11

*Church of Scientology v. United States*, 506 U.S. 9, 18 n.11
(1992) ...................................................................................... 5

*DiBella v. United States*, 369 U.S. 121 (1962).......................................17

*Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 460-
462 (3d Cir. 1996)................................................................... 4

*Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992) ....................12

*In re Grand Jury Proceedings, Subpoena to Vargas*, 723 F.2d
1461, 1464-66 (10th Cir. 1983) .......................................................13

*In re Flat Glass.*, 288 F.3d 83, 90 n.9 (3d Cir. 2002) .............................10

*In re Grand Jury (ABC Corp.)*, 705 F.3d 133, 146 (3d Cir.
2012)....................................................................................16

*In re Grand Jury Proc. (Malone)*, 655 F.2d 882, 886 (8th Cir.
1981)....................................................................................10

*In re Grand Jury Proc.*, 689 F.2d 1351, 1352 n.1 (11th Cir.
1982)....................................................................................10

*In re Grand Jury Proc.-Gordon*, 722 F.2d 303, 307 (6th Cir.
1983).................................................................................... 9

*In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798 (3d
Cir. 1979) ............................................................................. 5

*In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199,
203 (5th Cir. 1981) ................................................................. 9

*In re Grand Jury Subpoena (ABC Company)*, 696 F. App'x 66,
69 (3d Cir. 2017) ................................................................5, 7

*In re Grand Jury Subpoena (Corporation and Attorney)*, 745
   F.3d 681, 686-87 (3d Cir. 2014) ...........................................*passim*

*In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th
   127, 137 (2d Cir. 2025)........................................................ 9

*In re Grand Jury Subpoenas*, 123 F.3d 695 (1st Cir. 1997) .....................9

*In re Klein*, 776 F.2d 628, 630 (7th Cir 1985) .........................................10

*In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014) ...................................13

*In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998).......................10, 14

*In re Fattah*, 802 F.3d 516, 526 (3d Cir. 2015) ....................................... 4

*Lewis v. Crochet*, 105 F.4th 272 (5th Cir. 2024) .....................................15

*Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009).................*passim*

*Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*,
   No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023)................. 2

*Perlman v. United States*, 247 U.S. 7 (1918) ..................................*passim*

*Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (2020) .................................11

*United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010)....................10

*United States v. Nocito*, 64 F.4th 76, 84 (3d Cir. 2023) ........................16

*United States v. Whittaker*, 268 F.3d 185, 193 (3d Cir. 2001) ................19

**Statutes**

All Writs Act, 28 U.S.C. § 1651.................................................7, 14, 18

**Rules**

F.R.A.P. 40(b)(1)................................................................................ 6

F.R.A.P. 40(b)(2)(A)-(D) ............................................................. 6

F.R.C.P. 24 ...............................................................................17

F.R.C.P. 26(b)(3) ......................................................................12

F.R.C.P. 45 ...............................................................................18

L.A.R. Misc. 110.1 ...................................................................19

I.O.P. 9.1 ..................................................................................11

Pa.R.A.P. 3341 .........................................................................19

Pa.R.C.P. 4003.3 ......................................................................12

Pa.R.P.C. 4.4(a) & Cmt. 1 ........................................................18

## Other Authorities

7C Wright and Miller, *Federal Practice and Procedure* § 1920
    (3d ed.)..................................................................................17

Bryan Lammon, *Perlman Appeals after Mohawk*, 84 U. Cin.
    L. Rev. 1, 7 (2016) .............................................................16

## Opinions

Tab "A"    Panel's Decision

Greenwood Gaming & Entertainment, Inc., d/b/a Parx Casino ("Parx") files its petition for panel or *en banc* rehearing.

## I.   INTRODUCTION

Parx does not seek rehearing lightly, but the panel's decision on jurisdiction deserves a second look because Parx, as a non-party, finds itself in a procedural Catch-22 that hinges on one of the keystones of the attorney-client relationship and which only this Court can resolve.

The panel concluded that the Court lacks jurisdiction under both *Perlman v. United States*, 247 U.S. 7 (1918), and the collateral-order doctrine to hear Parx's non-party appeal from an adverse privilege order. The order compels defendant Eckert, Seamans, Cherin & Mellot, LLC ("Eckert") to produce to plaintiff Pace-O-Matic, Inc. ("POM") all of Parx's privileged communications on "legislative" matters. The panel concluded that (a) Eckert is not a "disinterested" custodian of Parx's privileged documents under *Perlman* because it asserted its own work-product immunity in response to discovery requests; and (b) *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009), precludes non-party appeals from adverse privilege rulings under the collateral-order doctrine.

1

As described below, the panel's decision on *Perlman* jurisdiction in the law-firm-custodian context conflicts with the Court's prior decisions and with decisions from eight other circuits. The panel's decision on *Mohawk* extends the case beyond its terms and creates a split with the Fifth Circuit. The panel's decision implicates an issue of exceptional importance, *i.e.*, a *non*-party's right to be heard immediately after courts order others to disclose privileged documents.

## II.    BACKGROUND

This is the second time that Parx has sought relief in this Court from an order directing Eckert (a prior Parx law firm that does not represent Parx here) to produce Parx's privileged materials to POM. *See Pace-O-Matic, Inc. v. Eckert, Seamans Cherin & Mellott, LLC*, No. 22-2445, 2023 WL 7491133 (3d Cir. Nov. 13, 2023) ("*POM I*").

POM's attempts to obtain Parx's privileged documents span multiple cases in which Parx is not a party. *See* Parx Br. at 22 n.3. In this case, POM attempted years ago to subpoena documents directly from Parx, but the district court quashed that attempt. *See* MDPA-ECF Doc. 88 ¶ 3 at 4. Consequently, POM has sought privileged documents from others, including Eckert and other defendants in other cases.

Parx has long raised concerns that POM uses the compulsory power of the courts to obtain Parx's privileged information from other parties. POM most recently attempted (unsuccessfully) to outright *ban* non-parties (*i.e.*, Parx) from asserting attorney-client privilege so POM can obtain confidential communications between Parx's in-house and outside counsel and their privileged agents. *See POM of PA, LLC v. Peter J. Shelly et al.*, CV-22-00305 (Lyco. Cty.) (pending).

POM's efforts have forced Parx to challenge orders compelling disclosure of its privileged information since June 2020. In *POM I*, for example, the district court ordered disclosure based on a failed theory that judicial estoppel justified disclosing Parx's privileged information. This Court reversed. *See POM I*, *supra*, at *2, *4. (On remand, the district court concluded the documents are privileged, as expected.)

As it relates to jurisdiction, the district court in *POM I* certified the disclosure order under 28 U.S.C. § 1292(b), and this Court exercised jurisdiction accordingly without addressing *Perlman*, or the collateral-order doctrine. *See POM I*, *supra*, at *2 n.4. Although the privilege issue here justified certification as much as in the prior appeal (arguably more so), the district court denied Parx's request. *See* JA218-JA238.

That left Parx in its present procedural quagmire. Parx is not a party; Eckert is the defendant and does not represent Parx. Parx is not subject to the disclosure order, but Eckert is. *See* JA031.  Parx holds the privilege of its communications with its attorneys, but Eckert has the documents. Parx therefore cannot itself suffer contempt by defying the disclosure order and taking an appeal to this Court. Parx also has no post-trial option because, as a non-party, it has no right to appeal a final order (by then, the privilege is long gone). Nor can Parx pursue mandamus, which requires exhaustion of available remedies, including appellate remedies, as a filing precondition. *Hahnemann University Hospital v. Edgar*, 74 F.3d 456, 460-462 (3d Cir. 1996).

A non-party such as Parx thus had only one option: a direct appeal under *Perlman.* Otherwise, Parx's privileged documents will be disclosed without appellate review of the district court's privilege ruling, causing irreparable harm.

This is precisely the situation *Perlman* addresses: protecting non-parties when courts compel others to disclose privileged information. *In re Fattah*, 802 F.3d 516, 526 (3d Cir. 2015) ("The reasoning behind *Perlman* lies in the inequity of leaving a privilege-holder 'powerless to

4

avert the mischief of the order' and forcing him to 'accept its incidence and seek a remedy at some other time and in some other way.'").

One of the factors under *Perlman* is that the custodian be "disinterested." Courts generally presume a custodian will not risk contempt to protect the non-party's privileged documents, allowing the non-party to appeal immediately. *See Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992) ("[A] discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance.").

This Court has held that law-firm custodians are disinterested under *Perlman. See In re Grand Jury Subpoena (Corporation and Attorney)*, 745 F.3d 681, 686-87 (3d Cir. 2014); *In re Grand Jury Subpoena (ABC Company)*, 696 F. App'x 66, 69 (3d Cir. 2017). This is so even when the law-firm custodian raises its own work-product immunity. *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798 (3d Cir. 1979). These cases align with the majority of other circuit courts addressing *Perlman* in the lawyer-custodian context. *See infra* Section III.A.

Here, however, the panel diverged from binding precedent and the majority view by holding that lawyers are not "disinterested" under *Perlman* if they raise work-product immunity (even though Eckert has no interest in Parx's privilege and Parx is not asserting work-product immunity). *See* Tab "A" at 5. The panel also rejected the collateral-order doctrine, holding that *Mohawk*, which precludes *parties* from taking collateral appeals, also precludes *non-parties* from doing so. *Id.* at 5-6.

## III.  ARGUMENT

Parx seeks panel or *en banc* rehearing because the panel's decision engenders considerable intra- and inter-circuit conflicts and leaves Parx without any remedy to protect its privileged documents from disclosure.

The standards for panel or *en banc* rehearing are familiar. The Court may grant rehearing if a panel misapprehended or overlooked material points of law or facts. *See* F.R.A.P. 40(b)(1). The Court may grant rehearing *en banc* if (a) a panel's decision conflicts with this Court's prior decisions such that full-court consideration is necessary to maintain uniformity; (b) the decision conflicts with Supreme Court precedent; (c) the decision conflicts with authoritative decisions of other circuit courts;

or (d) the proceeding involves questions of exceptional importance. *See*
F.R.A.P. 40(b)(2)(A)-(D).

With those standards in mind, the Court should grant panel or *en banc* rehearing for at least three reasons:

- The panel's decision on *Perlman* conflicts with binding decisions of this Court and eight other circuits.

- The panel's decision on the collateral-order doctrine extends *Mohawk* beyond its terms and thereby creates a split with the Fifth Circuit.

- The interplay between privilege and immediate appeals to protect non-parties against adverse disclosure rulings is an issue of exceptional importance.

Alternatively, the Court may grant rehearing and exercise mandamus jurisdiction under the All Writs Act, 28 U.S.C. § 1651, to avoid leaving Parx without any remedy to test the district court's privilege ruling. If the Court has concerns about ruling on a state-law privilege issue, it may and should certify the question to the Pennsylvania Supreme Court for input.

### A.    The panel's decision on **Perlman** *conflicts with binding decisions of this Court and eight other circuits.*

The Court should revisit the panel's decision that *Perlman* does not apply if a law-firm custodian asserts its own work-product immunity.

7

This Court in *Corporation and Attorney*, 745 F.3d at 686-87; *FMC Corp.*, 604 F.2d at 801; and *ABC Company*, 696 F. App'x at 69, expressly hold that law-firm custodians are "disinterested" under *Perlman* such that their non-party clients have the right to appeal adverse disclosure orders right away. This is so regardless of whether lawyer-custodians have or assert their own immunities under the work-product doctrine.

In *FMC Corp.*, for example, the lawyer-custodian asserted work-product immunity in response to a grand jury subpoena. *Id.* at 800 ("***Kliever [the lawyer]*** produced a number of the subpoenaed documents for the grand jury ***but asserted*** the attorney-client and ***work product privileges*** as to 31 of them.") (emphasis added). Although the Court dismissed the lawyer's appeal due to available alternatives to challenge the subpoena as a party subject to it, the Court exercised *Perlman* jurisdiction to hear the non-party client's appeal:

> FMC … has not been subpoenaed to produce the documents and therefore would not be held in contempt were they not produced. The company contends that it comes within the exception to the *Cobbledick* rule applicable to the owner of a privilege or property who may appeal a production order as an intervenor. As we said in *In re Grand Jury Proceedings (Cianfrani)*, 563 F.2d 577, 580 (3d Cir. 1977), "(r)easoning pragmatically that a witness will not usually undergo the penalties of contempt in order to preserve someone else's

8

privilege, the courts permit appeal by an intervenor without the necessity of a sentence for contempt."

*Id.* at 800-01 (cleaned up).

The Court's decisions in this context are consistent with the majority of other circuit courts holding that law-firm custodians are "disinterested" under *Perlman* whether or not they asserted immunities:

- ***First Circuit****. In re Grand Jury Subpoenas*, 123 F.3d 695, 699 (1st Cir. 1997) ("[W]e adopt the majority rule and apply the *Perlman* exception to those cases wherein a client seeks immediate appeal of an order compelling production of a client's records from his attorney.").

- ***Second Circuit****. In re Grand Jury Subpoenas Dated Sept. 13, 2023*, 128 F.4th 127, 137 (2d Cir. 2025) (exercising *Perlman* jurisdiction and stating that: "[W]e do not expect lawyers, as officers of the court, to defy a court order and be held in contempt to protect a client's privilege, where the obligations of their profession do not demand such defiance.").

- ***Fifth Circuit.*** *In re Grand Jury Proceedings in Matter of Fine*, 641 F.2d 199, 203 (5th Cir. 1981) ("[W]e can say without reservation that some significant number of client-intervenors might find themselves denied all meaningful appeal by attorneys unwilling to make such a sacrifice. That serious consequence is enough to justify a holding that a client-intervenor may appeal an order compelling testimony from the client's attorney.").

- ***Sixth Circuit.*** *In re Grand Jury Proc.-Gordon*, 722 F.2d 303, 307 (6th Cir. 1983) ("This Court adopts the above-quoted logic and joins the majority of other Circuits in applying the *Perlman* exception in those cases wherein a client seeks immediate appeal of an order compelling testimony from his attorney.").

- ***Seventh Circuit.*** *In re Klein*, 776 F.2d 628, 630 (7th Cir 1985) ("Like several other courts, this one has treated *Perlman* as a holding that clients always are entitled to appeal as soon as their attorneys are required to produce documents.").

- ***Eighth Circuit.*** *In re Grand Jury Proc. (Malone)*, 655 F.2d 882, 886 (8th Cir. 1981) ("We hold only that we have jurisdiction of a client's appeal from an order directing his attorney to comply with a grand-jury subpoena, where the attorney has unsuccessfully asserted the attorney-client privilege, and where the client has asked to become a party to the appeal within the time for filing a notice of appeal in the District Court.).

- ***Ninth Circuit.*** *United States v. Krane*, 625 F.3d 568, 572 (9th Cir. 2010) ("[W]e maintain jurisdiction over this interlocutory appeal under the so-called *Perlman* rule. Under *Perlman*, a discovery order directed at a disinterested third-party custodian of privileged documents is immediately appealable because the third party, presumably lacking a sufficient stake in the proceeding, would most likely produce the documents rather than submit to a contempt citation. Here, Skadden is such a disinterested third party.") (cleaned up).

- ***Eleventh Circuit.*** *In re Grand Jury Proc.*, 689 F.2d 1351, 1352 n.1 (11th Cir. 1982) ("Although the general rule is that an order enforcing a subpoena is not appealable except from a contempt citation, the former Fifth Circuit [in *Fine, supra*] has held that a client-intervenor may appeal such an order addressed to the client's attorney. … This Court is bound by that holding.").

Notwithstanding the case law, the panel seized on *dicta* in a footnote from *In re Flat Glass.*, 288 F.3d 83, 90 n.9 (3d Cir. 2002), which quoted *dicta* from *In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998),

to hold that the Court lacks jurisdiction over Parx's appeal because Eckert raised work-product immunity. *See* Tab "A" at 5.

At the outset, the panel should follow the Court's precedent, not other court decisions. *See Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir. 2020). The panel has no authority not expand or limit precedential decisions. *See* I.O.P. 9.1 ("It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court *en banc* consideration is required to do so."). If the Court wishes to deviate from its *Perlman* precedent, the full Court should weigh in. *Id.*

The panel also speculated (without record evidence) that Eckert agreed to suffer contempt to protect Parx's privilege because Eckert raised work-product immunity. A non-party's rights under *Perlman* should not turn on speculations about the custodian or its litigation decisions (over which the non-party has no control). Moreover, the interests and considerations around whether attorney-client or work-product privileges exist and how they are protected are very different from one another.

11

The attorney-client privilege "is the most revered of the common law privileges," *Commonwealth v. Chmiel*, 738 A.2d 406, 414 (Pa. 1999), and it belongs to the client, not the lawyer. *BouSamra v. Excela Health*, 210 A.3d 967, 985 (Pa. 2019). Lawyers have no interest in their client's privileged information. If a client decides to waive the privilege, lawyers have no say, even if the waiver harms them. If lawyers benefit from disclosing privileged materials supporting their defenses as litigants, the client can say "no." Lawyers have no say in that decision, either.

By contrast, work-product immunity belongs to the lawyer, not the client. *See* F.R.C.P. 26(b)(3); Pa.R.C.P. 4003.3; *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 90 (3d Cir. 1992); *BouSamra, supra*. A lawyer's decision to assert work-product immunity has nothing to do with the non-party client's desire to protect its attorney-client privilege, and *vice versa.* Importantly, Parx is not claiming work-product immunity on appeal. For purposes of *Perlman*, which exists to protect non-parties from adverse privilege rulings, lawyers are disinterested whether or not they assert their work-product immunity.

The record does not support the panel's conclusion that Eckert is willing to face contempt. Eckert asserted work-product immunity in

12

response to discovery requests. The district court held in a footnote that Eckert waived the immunity. *See* JA011 n.4. Eckert did not challenge that. The record therefore supports the presumption that Eckert is unwilling to face contempt. *Church of Scientology*, *supra*, at 18, n.11; *FMC Corp.*, *supra*, at 801 (presuming that custodians will not voluntarily suffer contempt). The panel is not a fact-finder. It is therefore improper for a panel to speculate that a custodian will suffer contempt without record evidence, *see* F.R.A.P. 10 (limited record on appeal), particularly on an issue as important as a non-party's attorney-client privilege.

Finally, the cases on which the panel relied turned not on work-product immunity but on very different considerations, such as evidence that the custodians coordinated with clients to commit crimes or expressed a willingness to suffer contempt, neither of which exist here.

In *In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014), for example, the court held that lawyer-custodians were not "disinterested" because "the lawyers are alleged to have committed greater misdeeds than any attributed to the clients"; they "might have a more substantial interest in keeping the documents confidential than do the [clients]"; and they "expressed a willingness to face a contempt sanction." *Id.* at 345.

13

The court in *In re Grand Jury Proceedings, Subpoena to Vargas*, 723 F.2d 1461, 1464-66 (10th Cir. 1983), declined jurisdiction on the basis that counsel was not "disinterested" because "the attorney, the community health center and the nonprofit corporation were involved in a common scheme to use public grant monies for their private gain," but the court exercised mandamus jurisdiction under the All Writs Act, 28 U.S.C. § 1651 to reach the merits.

*In re Sealed Case*, *supra*, involved a mandamus petition challenging the denial of a motion to transfer a subpoena dispute to another venue. The court evaluated whether counsel lacked appellate remedies in order to satisfy a precondition of pursuing mandamus relief (*i.e.*, that there be no available appellate remedies). *Id.* at 340. The court upheld mandamus jurisdiction over *Perlman* because "the 'discovery' order from which petitioner seeks relief directs the transfer of a motion, not the production of documents; it is thus somewhat difficult even to fit into *Perlman's* analytic framework." *Id.* at 340 n.1.

The panel's decision conflicts with binding precedent on which Parx relied, rests on questionable, non-binding authority, and injects confusion into the jurisprudence at the expense of a non-party left

14

without any remedy to protect its privileged information. The Court should grant rehearing.

### B. The panel's decision on the collateral-order doctrine extends Mohawk *beyond its terms and creates a split with the Fifth Circuit.*

The Court should revisit the panel's decision interpreting *Mohawk* as precluding non-party appeals under the collateral-order doctrine.

*Mohawk* precludes only parties from appealing under the collateral-order doctrine and says nothing about non-parties or *Perlman* or otherwise. By its express terms:

- *Mohawk* dealt with a **party's** collateral appeal. *Mohawk, supra,* at 105.

- *Mohawk* expressly evaluated the rights of **parties** attempting collateral appeals. *Id.* at 105-06.

- *Mohawk* discussed alternatives to collateral appeals available to **parties** that are unavailable to non-parties. *Id.* at 110-12.

- *Mohawk* does not at all refer to or mention the word "non-party" or any variation thereof.

The Fifth Circuit in *Lewis v. Crochet,* 105 F.4th 272 (5th Cir. 2024), recently held that non-parties seeking to challenge adverse privilege rulings may do so under the collateral-order doctrine despite *Mohawk*:

> Appellants' claims are effectively unreviewable after final judgment because, **unlike parties to an action**, they can sustain no relief from a new trial order. … *Mohawk* was a case

15

addressing ***a party's*** interlocutory appeal of a disclosure order adverse to the attorney-client privilege and thus does not apply to bar appellate jurisdiction here. Accordingly, we conclude that we have appellate jurisdiction over this appeal because the Disclosure Order and the Crime-Fraud Exception Order are effectively unreviewable on appeal, and ***Appellants' appeal otherwise suits the criteria for collateral order review***.

*Id.* at 281 (emphasis added).

This is consistent with *In re Grand Jury (ABC Corp.)*, 705 F.3d 133, 146 (3d Cir. 2012), in which this Court held that *Mohawk* and *Perlman* are separate avenues for non-parties to challenge adverse privilege rulings: "We cannot say that the Supreme Court has abandoned that determination on the basis of a later case, *Mohawk*, that never cites, let alone discusses, *Perlman*." *See also* Bryan Lammon, *Perlman Appeals after Mohawk*, 84 U. Cin. L. Rev. 1, 9-10 (2016) ("*Mohawk* neither discussed nor cited *Perlman*. And the two decisions are not inconsistent. The collateral order doctrine and *Perlman* appeals are distinct exceptions to the final-judgment rule.").

Finally, the panel incorrectly relied on *United States v. Nocito*, 64 F.4th 76, 84 (3d Cir. 2023), for the proposition that *Mohawk* bars non-party appeals under the collateral-order doctrine. *Nocito* involved an appeal from an order denying a party-intervenor's Rule 41(g) motion for

the return of property in part on the basis of privilege after its CEO was found guilty of tax fraud but before he received a sentence. The Court held it lacked jurisdiction over the intervenor's appeal because the order denying the Rule 41(g) motion was not final under *DiBella v. United States*, 369 U.S. 121 (1962). In *dicta* in a footnote, the Court suggested that *Mohawk* and *Perlman* would not apply. *Id.* at 83-84 n. 4, 6.

*Nocito* is not a *Perlman* case or a *Mohawk* case, and the panel's decision stretches the *dicta* in *Nocito's* footnotes beyond recognition. Leaving that aside, this fact changes the analysis: the privilege holder was an intervenor. Unlike true non-parties, an intervenor is a party. *See* F.R.C.P. 24; 7C Wright and Miller, *Federal Practice and Procedure* § 1920 (3d ed). Even if the Court credits the *dicta* in *Nocito's* footnote, the case does *not* support the conclusion that *Mohawk* precludes true non-parties from taking collateral appeals.

Accordingly, the Court should grant rehearing to clarify that *Mohawk* does not preclude non-parties from appealing adverse privilege rulings under the collateral-order doctrine.

17

### C. *The interplay between privilege and immediate appeals to protect non-parties against adverse disclosure rulings is an exceptional issue of importance.*

The Court should revisit the panel's decision because the issue is exceptional and transcends the parties to this case.

The panel denied a non-party's right to appeal an adverse privilege order. This is particularly concerning for all non-parties who receive greater discovery protections under the rules. *See, e.g.*, F.R.C.P. 45 (minimizing burdens on non-parties during discovery); Pa.R.P.C. 4.4(a) & cmt. 1 (lawyer's responsibility "does not imply that a lawyer may disregard the rights of third persons. It is impractical to catalogue all such rights, but they include legal restrictions on methods of obtaining evidence from third persons and unwarranted intrusions into privileged relationships, such as the client-lawyer relationship.").

Until now, non-parties such as Parx could rely on *Perlman's* exception to the finality rule. Parx proceeded accordingly. The panel's decision forecloses that right *post hoc* based on whether the custodian (unsuccessfully) raised work-product immunity. The Court's jurisdiction under *Perlman* focuses on the non-party's attorney-client privilege and

18

should not hinge on a law firm's litigation decisions about work-product immunity over which the client has no control.

In effect, the panel's decision means that *Perlman* no longer applies in the lawyer-custodian context. If so, the Court should grant rehearing and assume mandamus jurisdiction to decide the merits under the All Writs Act, 28 U.S.C. § 1651. *See United States v. Whittaker*, 268 F.3d 185, 193 (3d Cir. 2001) ("[I]f we found that we did not have appellate jurisdiction, we could and would exercise mandamus jurisdiction."). This is appropriate when a non-party relied on extant precedent to take a direct *Perlman* appeal as required before seeking mandamus.

If the Court has concerns about addressing a difficult state-law privilege issue, it should certify the question to the Pennsylvania Supreme Court. *See* L.A.R. Misc. 110.1; Pa.R.A.P. 3341. The privilege issue is unsettled, of substantial public importance, and would justify a referral. A merits ruling may foreclose further privilege disputes in this and other pending POM cases.

These alternatives are more appropriate than denying a non-party's appellate rights *post hoc* based on inapposite cases and *dicta* contradicting the Court's precedent.

## IV.    CONCLUSION

WHEREFORE, the Court should grant panel or *en banc* rehearing.

February 25, 2026                                  Respectfully submitted,

**GA BIBIKOS LLC**

/s George A. Bibikos
George A. Bibikos (PA 91249)
5901 Jonestown Rd. #6330
Harrisburg, PA 17112
(717) 580-5305
gbibikos@gabibikos.com

*Counsel for Parx Casino*

20

**TAB "A" – PANEL'S OPINION AND JUDGMENT**

**U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 24-1984

PACE-O-MATIC, INC.

v.

ECKERT, SEAMANS CHERIN & MELLOTT LLC; MARK S. STEWART;
KEVIN M. SKJOLDAL

*GREENWOOD GAMING AND ENTERTAINMENT, INC.,
d/b/a Parx Casino,
Appellant

*(Pursuant to Fed. R. App. P. Rule 12(a))
_____

Appeal from
U.S. District Court for the Middle District of Pennsylvania
Judge Jennifer P. Wilson
No. 1:20-cv-00292

Submitted Under Third Circuit L.A.R. 34.1(a)
November 10, 2025

Before: RESTREPO, McKEE and AMBRO, *Circuit Judges*

Decided: February 12, 2026

_____

NONPRECEDENTIAL OPINION[1]

_____

[1] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

RESTREPO, *Circuit Judge.*

I.

This case involves a dispute between Appellee Pace-O-Matic, Inc. ("POM"), an electronic games manufacturer, and the law firm Eckert Seamans Cherin & Mellott LLC ("Eckert"). POM contends that while serving as counsel to POM, Eckert also represented POM's competitor Appellant Greenwood Gaming & Entertainment, Inc. d/b/a Parx Casino ("Parx") without POM's knowledge. POM filed suit against Eckert, claiming breach of fiduciary duty, fraud, and abuse of process stemming from Eckert's representation of Parx, and seeking a declaratory judgment to prevent Eckert from representing interests adverse to POM. Parx is not a party to the underlying litigation.

During discovery, POM moved to compel the production of 120 documents that Eckert asserted were protected by the attorney-client privilege, belonging to Parx and other clients, and the work-product doctrine. After in camera review, the Magistrate Judge found that all but four documents were not privileged and should be produced in their entirety. Eckert and Parx appealed to the District Court, which largely upheld the Magistrate Judge's decision. Parx then filed a motion for reconsideration of the District Court's decision, or in the alternative, certification for immediate appeal under 28 U.S.C. § 1292(b), and filed the present appeal. The District Court denied the motion and stayed enforcement of the discovery order pending this appeal.

POM moved to dismiss this appeal for lack of appellate jurisdiction, and the parties briefed the issue. This Court referred the jurisdiction issue to the merits panel. Because

Parx has failed to establish jurisdiction, we will dismiss this appeal and decline to address the merits of Parx's appeal.

## II.

"We always have jurisdiction to determine our own jurisdiction." *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, 152 F.4th 507, 512 (3d Cir. 2025). With few exceptions, this Court has appellate jurisdiction only after a "final decision[] of the district court[]." 28 U.S.C. § 1291. For purposes of determining appellate jurisdiction, a final decision ends the litigation on the merits and "leaves nothing for the court to do but execute the judgment." *Crystallex Int'l Corp. v. Bolivarian Republic of Venezuela*, 24 F.4th 242, 249 (3d Cir. 2022) (quoting *Hall v. Hall*, 584 U.S. 59, 64 (2018)). A discovery order generally does not meet that requirement and is not immediately appealable. *In re Grand Jury Subpoena*, 745 F.3d 681, 686 (3d Cir. 2014). If a litigant seeks immediate review of a discovery ruling, they typically must defy the ruling, be held in contempt, and then appeal the contempt order, *id.*, or pursue a writ of mandamus, *Glenmede Tr. Co. v. Thompson*, 56 F.3d 476, 482 (3d Cir. 1995). Neither scenario is present here.

Parx contends that its appeal is proper pursuant to *Perlman v. United States*, 247 U.S. 7 (1918). Under the *Perlman* doctrine, privilege holders can immediately appeal adverse disclosure orders directed to a "disinterested third party who is likely to disclose that information rather than be held in contempt for the sake of an immediate appeal." *In re Grand Jury*, 705 F.3d 133, 138 (3d Cir. 2012). Parx contends that *Perlman* applies because Parx is the privilege holder of the documents while Eckert—the subject of the

disclosure order—is a disinterested party controlling the documents. We disagree that Eckert is disinterested.

We have limited the *Perlman* exception to instances "where the subject of the discovery order (characteristically the custodian of documents) and the holder of a privilege are different, [because] the custodian might yield up the documents rather than face the hazards of contempt, and would thereby destroy the privilege." *In re Flat Glass Antitrust Litig.*, 288 F.3d 83, 90 n.9 (3d Cir. 2002) (quoting *In re Sealed Case*, 141 F.3d 337, 340 (D.C. Cir. 1998)). Conversely, *Perlman* will not apply where the custodian holds an interest in the privileged material such that it may risk contempt rather than disclose the records. *See id.* Thus, although the fact that a custodian is the privilege holder's attorney will not disqualify the custodian from being considered a disinterested third party, *Perlman* will bar an appeal where an attorney-custodian has their own incentives to resist disclosure. *Compare In re Grand Jury Subpoena*, 745 F.3d at 686 (considering privilege issue where the custodian, an attorney, was a disinterested third party), *with In re Naranjo*, 768 F.3d 332, 345 (4th Cir. 2014) (refusing to find attorneys disinterested where they "are alleged to have committed greater misdeeds than any attributed to the clients"), *and In re Grand Jury Subpoena*, 190 F.3d 375, 385 (5th Cir. 1999) (rejecting *Perlman*'s application where the attorneys in possession of the documents were the target of the underlying action). Similarly, we have recognized that *Perlman* would not permit an appeal where the custodian "asserts its own interests in the work product," because it then has "the requisite incentives . . . to risk contempt." *Flat Glass*, 288 F.3d at 90 n.9 (quoting *In re Sealed Case*, 141 F.3d at 340); *see also Naranjo*, 768 F.3d at 345 (holding that *Perlman* did not apply

4

where attorney-custodians argued that the documents were protected work product because they "put their own interests in play, so it is reasonable to expect the [attorney-custodians] to defend them").

Here, Eckert is a defendant in the underlying lawsuit alleging that it, on behalf of Parx, improperly advocated to government actors for measures contrary to POM's interests. The documents at issue in the discovery dispute were responsive to a discovery request from POM relating to "Eckert's . . . impermissible actions against POM." ECF No. 5 at 4. Thus, if these documents are disclosed, Eckert may be exposed to increased liability in the litigation and potentially disciplinary consequences for violating the Rules of Professional Conduct. *See* Pa. R. P. C. 1.7 (prohibiting attorneys from representing clients presenting concurrent conflicts of interest). Eckert also asserted federal and state work-product privilege over the documents at issue. By raising its own work-product privilege, Eckert is not considered disinterested, and Parx may not appeal the discovery order under the *Perlman* doctrine.

Parx also contends that the collateral order doctrine permits this appeal because the discovery ruling implicates the privilege of a non-party, Parx. Under the collateral order doctrine, appellate jurisdiction extends to non-final orders that: (1) "conclusively determine the disputed question"; (2) "resolve an important issue completely separate from the merits of the action"; and (3) are "effectively unreviewable on appeal from a final judgment." *Saint-Jean v. Palisades Interstate Park Comm'n*, 49 F.4th 830, 835 (3d Cir. 2022). In *Mohawk Industries v. Carpenter*, the Supreme Court made clear that adverse attorney-client privilege rulings are not appealable under the collateral order doctrine. 558

5

U.S. 100, 103 (2009). Parx argues, however, that *Mohawk* does not "foreclose a non-party appeal of an adverse privilege ruling under the collateral-order doctrine." Reply Br. 18. But Parx provides no authority supporting the position that *Mohawk* distinguishes between appeals brought by parties and appeals brought by non-parties.

We are not compelled by Parx's argument that *Mohawk* does not apply to non-party appeals, and we find nothing in *Mohawk* to indicate this. In fact, our case law suggests otherwise, as we have applied *Mohawk* to bar third parties from immediately appealing privilege orders under the collateral order doctrine. *See United States v. Nocito*, 64 F.4th 76, 83 n.4. (3d Cir. 2023) (declining jurisdiction over interlocutory appeal brought by intervenors relating to return of privileged documents and noting that "the Supreme Court has held 'orders adverse to the attorney-client privilege' do not warrant immediate appeal under the collateral order doctrine'" (quoting *Mohawk*, 558 U.S. at 108–09)). We conclude that neither the *Perlman* doctrine nor the collateral order doctrine permit this appeal.

### III.

For the above reasons, we will dismiss this appeal for lack of subject matter jurisdiction. We also grant POM's motion to supplement the appendix and Eckert's motion to seal the supplemental appendix. 3d Cir. L.A.R. 30.3(b) (2011).

6

**U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT**

No. 24-1984

PACE-O-MATIC, INC.

v.

ECKERT, SEAMANS CHERIN & MELLOTT LLC; MARK S. STEWART;
KEVIN M. SKJOLDAL

*GREENWOOD GAMING AND ENTERTAINMENT, INC.,
d/b/a Parx Casino,
Appellant

*(Pursuant to Fed. R. App. P. Rule 12(a))
_____

Appeal from
U.S. District Court for the Middle District of Pennsylvania
Judge Jennifer P. Wilson
No. 1:20-cv-00292

Submitted Under Third Circuit L.A.R. 34.1(a)
November 10, 2025

Before: RESTREPO, McKEE and AMBRO, *Circuit Judges*

_____

JUDGMENT

_____

This cause came to be considered on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted on November 10, 2025. On

consideration whereof, it is now **ORDERED** and **ADJUDGED** that the appeal is

dismissed. Costs shall be taxed against the Appellant. All of the above in accordance with

the Opinion of this Court.

ATTEST:

<u>s/ Patricia S. Dodszuweit</u>
Clerk

Dated: February 12, 2026

2

## CERTIFICATIONS

<u>Word Count</u>. In accordance with F.R.A.P. 40(d)(3)(A), the attached contains 3,890 words (excluding exempt content) as calculated by the word-count feature of Microsoft Word.

<u>Electronic Version</u>. The text of the electronic brief and hard copies provided to the Court (if any) are identical.

<u>Virus Scan</u>. The electronic brief has been checked for viruses using Apple MacOS XProtect.

<u>Bar Admission</u>. The undersigned counsel is a member of the bar of this Court.

<u>Statement of Counsel</u>. Pursuant to L.A.R. 35.1, I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to decisions of the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States and decisions of other Circuit Courts, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this court and other circuit courts, *i.e.*, the panel's decision is contrary to the decision of at least three prior decisions of this Court in *In re Grand Jury Subpoena (Corporation and Attorney)*, 745 F.3d 681, 686-87 (3d Cir.

2014); *In re Grand Jury Proceedings (FMC Corp.)*, 604 F.2d 798, 801 (3d Cir. 1979); and *In re Grand Jury Subpoena (ABC Company)*, 696 F. App'x 66, 69 (3d Cir. 2017); widens a split among cases from the First, Second, Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuit Courts of Appeal as identified in Section III.A of the petition; and that this appeal also involves a question of exceptional importance, *i.e.*, the appellate rights of non-parties to challenge orders of district courts compelling the disclosure of a non-party's attorney-client privileged materials.

Service. On February 25, 2026, I caused a copy of the foregoing to be served via ECF on the following counsel of record:

Robert S. Tintner, Esq.
Peter C. Buckley, Esq.
Fox Rothschild LLP
2001 Market St., Suite 1700
Philadelphia, PA 19103
rtintner@foxrothschild.com
pbuckley@foxrothschild.com
*Counsel for Eckert Defendants*

George W. Westervelt, Jr., Esq.
706 Monroe St
P.O. Box 549
Stroudsburg, PA 18360-0549
geowwest@ptd.net
*Counsel for Pace-O-Matic, Inc.*

Omobolanle A. Adeniran, Esq.
Michael Nolan, Esq.
Husch Blackwell LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
bola.adeniran@huschblackwell.com
michael.nolan@huschblackwell.com
*Counsel for Pace-O-Matic, Inc.*

Michael Martinich-Sauter, Esq.
James Otis Law Group LLC
530 Maryville Centre Dr., Suite 230
St. Louis, Missouri 63141
(314) 949-3018
Michael.martinich-sauter@james-otis.com
*Counsel for Pace-O-Matic, Inc.*

Jeffrey Jensen
TORRIDON LAW PLLC
801 17th Street NW, Suite 1100
Washington, DC 20006
(202) 249-6900 (Telephone)
jjensen@torridonlaw.com

/s George A. Bibikos
George A. Bibikos